GREGORY A. KASPER
kasperg@sec.gov
ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | **17-cv-4179-DLC**<br><br>**RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>**ECF CASE** |

Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Alpine Securities Corporation ("Alpine") (collectively, the "parties"), by and through counsel, hereby give notice that the parties participated in a telephonic conference call on August 17, 2017, as required by Fed. R. Civ. P. 26(f)(2) and the Court's Order for Initial Pretrial Conference (Doc. 10). The parties provide the following Rule 26(f) Report and Discovery Plan:

### A.     Initial Disclosures – Rule 26(f)(3)(A)

The parties agreed to exchange disclosures of individuals likely to have discoverable information, a description of documents each party may use to support their claims and defenses, and any relevant information required by Rule 26(a)(1)(A)(iii) and (iv) by September 22, 2017.

The parties also agree that neither party should exchange documents under Rule 26(a)(1)(A)(ii) until a confidentiality protective order is entered in this case.

The Commission has prepared a draft protective order to address the unique confidentiality concerns arising from the Bank Secrecy Act ("BSA") and its implementing regulations and shared the draft with Alpine. The Commission believes the parties should submit a proposed protective order for the Court's review so that the parties can exchange documents and begin discovery as soon as practicable. The Commission also believes that Alpine's pending motion to dismiss on jurisdiction and venue grounds has no bearing on the timing of a protective order and is willing to stipulate that a protective order does not constitute consent to jurisdiction or venue. Submission of a protective order to this Court will not result in a waiver of any defenses raised in the motion to dismiss and is the most efficient path forward in the event the motion is denied. In the event of transfer, the parties and court can easily revise the order to accommodate any complications caused by the transfer. In either event, there is no reason to delay the Court's review of a protective order that stands in the way of discovery. However, as a courtesy and to cooperate, the Commission will not submit a proposed protective order until the Court either resolves the motion to dismiss or asks the parties to submit a proposed protective order.

Alpine agrees that a protective order is appropriate in this case, and believes that the parties will be able come to an agreement upon the language of proposed protective order to be submitted to the Court.   Alpine also appreciates the Commission's professional courtesy in not submitting a proposed protective order until after the Court has ruled on Alpine's pending motion to dismiss and/or transfer, or until requested by the Court.  Alpine disagrees that the entry of a protective order will have no impact on the parties in light of the pending motion, however.

Alpine is concerned that the entry of a protective order would require Alpine and any other persons subject to the protective order to submit to the jurisdiction and/or venue of this Court for purposes of enforcement.  Further, in the event the Court were to dismiss or transfer the case after entry of the protective order, the parties may have to come back to this Court to resolve any issues that arise under the protective order, which is both impractical and unreasonable. Delaying consideration and entry of a protective order until after the forum is determined also better promotes efficiency and economy for the Court and the parties.  Alpine does not have any specific objection to submitting the protective order for review upon request from the Court, based on the Commission's representation that it would not cause a waiver of any defenses, although Alpine believes that judicial efficiency would best be served by delaying any submission of the protective order until the forum is determined.

**B.      Discovery Plan and Proposed Schedule – Rule 26(f)(3)(B)**

The parties anticipate that discovery will cover two primary subjects. *First*, the parties anticipate factual and expert discovery to analyze the numerous records put at issue in the Commission's Complaint. The vast majority of these records are likely in the possession of both parties, although Alpine does not yet know which records the SEC is relying upon to support its allegations. This area of discovery will identify the records at issue, how they were analyzed by the parties, and how and whether those records support each claim and defense.

*Second*, the parties anticipate factual and expert discovery about Alpine's BSA compliance program, including Alpine's general practices with respect to its BSA compliance program, and regulatory review of the BSA compliance program. The parties anticipate that the discovery on this subject will include written discovery, depositions of fact witnesses, including

of former and current Alpine employees as well as other potential third party persons who have

relevant information, and expert reports and depositions.

The parties jointly request the following deadlines in this proposed discovery plan:

- Initial disclosures:                              **September 22, 2017:**
- Initial document production:                 **14 days** after entry of
  protective order

- Deadline to amend pleadings and join parties:   **November 15, 2017**
- Fact discovery cutoff:                          **September 14, 2018**
- Expert disclosures
  - Claiming party's disclosure:    **October 31, 2018**
  - Response reports:                **December 31, 2018**
  - Rebuttal reports:                **January 30, 2019**
- Expert discovery cutoff:                        **March 18, 2019**
- Dispositive motions:                            **April 18, 2019**

Other than as stated above, the parties do not request any further changes in the

limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule at

this time. Lead counsel for each of the parties will be present at the Initial Pretrial Conference on

September 15, 2017 and will be prepared to discuss settlement, contemplated motions, fixing a

discovery schedule, whether it will be possible to stipulate to any facts or narrowing of issues,

and setting a date for trial, in the event the Court denies Alpine's motion to dismiss or transfer.

4

Dated: September 1, 2017

/s/ *Terry R. Miller*
Gregory A. Kasper
Zachary T. Carlyle (pro hac)
Terry R. Miller (pro hac)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

/s/ *Aaron D. Lebenta*
Brent R. Baker
Aaron D. Lebenta (*Pro Hac*)
Jonathan D. Bletzacker (*Pro Hac*)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email: brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

*Counsel for Alpine Securities Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

_s/ Scott Wesley_ _____