UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

ALPINE SECURITIES CORPORATION,

      Defendant.

Civil No. 1:17-CV-04179-DLC

Honorable Judge Denise L. Cote
Magistrate Judge Ronald L. Ellis

**SUPPLEMENTAL DECLARATION OF NATHAN D. SIMMONS IN SUPPORT OF
ALPINE SECURITIES CORPORATION'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE**

I, Nathan D. Simmons, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury

under the laws of the United States of America that the following statements are true and correct:

1.      My name is Nathan Simmons and I am a resident of Davis County, Utah, am over

18 years of age, and make the statements herein based on my personal knowledge.

2.      I am the General Counsel of Alpine Securities Corporation ("**Alpine**"), the

Defendant in the above-entitled matter, and I work at Alpine's headquarters.

3.      This declaration supplements my prior Declaration filed in support of Alpine's

Motion to Dismiss and/or transfer on August 3, 2017 [Dkt. No. 17].

4.      Alpine is a Utah corporation with its headquarters in Salt Lake City, Utah.

5.      Utah is Alpine's principal place of business.

6.      Alpine does not have an office or employees in New York.

7.      Alpine does not operate any other business in New York.

8.      Alpine does not have, and is not required to have, a registered agent in New York.

1

9.      In the course of my duties as General Counsel, I became personally familiar with the facts, parties, and claim in the above-entitled matter.

10.     I have reviewed The United States Securities and Exchange Commission's ("**SEC's**") Complaint and Opposition Memorandum to Alpine's Motion to Dismiss filed in the above-entitled matter.

11.     Based on the allegations in the SEC's Complaint, and my personal knowledge of the facts and events associated to the allegations in the SEC's Complaint, the following individuals, with their current residency, may be called as witnesses for Alpine in its Defense in the above-entitled matter. Alpine expects that they will provide testimony on the following relevant subject areas (with the understanding that individuals with positions as in-house counsel may be precluded from disclosing or testifying as to privileged communications or materials):

   a.      Robert L. Tew, President at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding his overall responsibilities in connection with Alpine's business and operations, including how various AML matters were addressed and resolved in the context of Alpine's policies and procedures.

   b.      Nathan D. Simmons, General Counsel at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding the due diligence and review procedures for deposits of securities by Alpine customers, his assistance and supervision of legal staff in connection with resolving various legal and procedural issues, and interactions with personnel involved in AML procedures, including assistance and oversight as to what transactions were referred for further consideration by AML.

   c.      Erin Zipprich, AML Officer at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding various aspects of Alpine's

compliance and AML procedures, including staffing and resources available during the relevant time period, efforts to improve AML procedures, and procedures for AML referrals, and the preparation of SARs.

        d.     Joshua Boyer, Director of Operations at Alpine, resides in Utah, and is expected to provide testimony regarding Alpine's operations and procedures through which information was identified and assessed (which in turn was used for further consideration of AML issues and preparation of SARs).

        e.     Christopher L. Frankel, CEO and CCO at Alpine, resides in Utah and Florida, and, if called as a witness, is expected to provide testimony (for the period of time after he joined Alpine in July 2015) concerning his responsibilities in the foregoing positions and efforts to improve and effectively administer Alpine's AML procedures.

        f.     Randy Jones, Sales and Trading Manager at Alpine (formerly AML Officer), resides in Maine and commutes to work in Utah.  If Mr. Jones is called as a witness, he is expected to provide testimony regarding Alpine's AML program and his actions during the period of time, in 2012, when he was AML officer, along with his understanding, oversight and the nature of the procedures underlying respective transactions and/or SARs identified in this matter.

        g.     Ginnie Griffith (Baldwin), Registered Representative at Alpine, resides in Utah.  In this position she regularly assisted in acquiring documentation and information concerning particular customers and stock deposits, as well as performing other duties in connection with effecting securities trades.  If called as a witness, she is expected to provide testimony regarding the procedures and required documentation for deposits of

securities by Alpine's customers, including documentation and information relating to AML issues.

      h.      Erin Lui, Registered Representative at Alpine, resides in Utah.  In this position she regularly assisted in acquiring documentation and information concerning particular customers and stock deposits, as well as performing other duties in connection with effecting securities trades.  If called as a witness, is expected to provide testimony regarding the procedures and required documentation for deposits of securities by Alpine's customers, including documentation and information relating to AML issues.

      i.      Travis Standiford, former Sales Representative at Alpine, resides in Utah. In this position he regularly assisted in acquiring the required documentation and information concerning particular customers and stock deposits, including documentation and information relating to AML issues.

      j.      Todd Groskreutz, former CFO, AML Officer, and FINOP at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding Alpine's AML program, his responsibilities and actions as CCO, CFO, FINOP and AML Officer, his supervision of AML procedures, and his understanding and assessment of the procedures and resources utilized in the respective transactions and/or SARs identified in this matter.

      k.      Elisha L. Werner, former AML Officer and legal counsel at Alpine, resides in Illinois, and, if called as a witness, is expected to provide testimony regarding Alpine's AML program, and her actions during the period of time when she was AML officer, and her understanding, oversight and the nature of the procedures underlying respective transactions and/or SARs identified in this matter.

l.      Leia Farmer, former CCO and AML Officer at Alpine, resides in Iowa, and, if called as a witness, is expected to provide testimony regarding Alpine's AML program, her responsibilities and actions as both CCO and, for a more limited period of time, AML officer, her supervision of AML procedures, and her understanding and the nature the procedures underlying respective transactions and/or SARs identified in this matter.

m.      Holly Peck (Halpin), former legal counsel and AML Officer at Alpine, resides in Utah, and, and, if called as a witness, is expected to provide testimony regarding Alpine's AML program, due diligence and review procedures for deposits of securities by Alpine's customer, and her responsibilities when she worked in the compliance and AML department and when she was AML officer, and her understanding and the nature, oversight and procedures underlying respective transactions and/or SARs identified in this matter.

n.      Betsy Voter, former General Counsel at Alpine, resides in Utah, and is expected to provide testimony regarding her responsibilities with respect to due diligence and review of deposits of securities by Alpine's customers, including her actions regarding Alpine's AML program and the procedures and resources.

o.      Mike Bennett, former Associate Counsel at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding due diligence and review procedures for deposits of securities by Alpine's customers and certain facts and issues which were referred to AML for further consideration and possible preparation of SARs.

p.      Russell Jones, former Associate Counsel at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding due diligence and review

procedures for deposits of securities by Alpine's customers and certain facts and issues which were referred to AML for further consideration and possible preparation of SARs.

q.      Kyle Hampton, former Associate Counsel at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding due diligence and review procedures for deposits of securities by Alpine's customers and certain facts and issues which were referred to AML for further consideration and possible preparation of SARs.

r.      Doug Wawrzynski, former legal counsel at Alpine, including AML Officer from September 2012 to July 2013, resides in Utah, and, if called as a witness, is expected to provide testimony regarding Alpine's AML program, his actions during the period of time when he was AML officer, and his understanding and oversight of the procedures underlying respective transactions and/or SARs identified in this matter.

s.      Heather Noble, former Compliance Analyst at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding Alpine's procedures and policies with respect to responding to various regulatory requests for information and otherwise assisting with compliance and AML matters.

t.      David Cazier, Controller and FINOP at Alpine, resides in Utah, and, if called as a witness, is expected to provide testimony regarding certain aspects of Alpine's AML procedures, principally regarding over sight and review of wire transfers.

12.    Based on my personal knowledge as General Counsel for Alpine, all but three of the foregoing 20 witnesses reside in Utah, in or near the Salt Lake City metropolitan area. Moreover, one of the three individuals residing outside Utah remains employed at Alpine and regularly travels to and works at Alpine's headquarters.  Given this, it would be significantly

more convenient and effective for all of the 20 named witnesses, including those who reside

outside of Utah, to be involved in discovery and have this matter tried in Utah, considering that:

- these witnesses either reside in Utah or spend a substantial amount of their workdays in Utah; and

- all of Alpine's books and records that form the basis of the SEC's Complaint are in and most easily available in Utah.

13.    Besides the lost time and travel expenses, which would disproportionately fall upon Alpine and its witnesses, Alpine's documents which may be disclosed in the above-entitled matter are almost all generated or located in, and are most easily accessible in Utah, including documents pertaining to particular accounts or account activity, other account records, records of stock deposits, positions held, and trading, money movements, wire transfers, and related due diligence, order ticket and confirmations, trade blotters, and email records.

14.    All drafting and filing of Suspicious Activity Reports ("**SARs**"), along with assembly and preparation of underlying documents, occurred at Alpine in Utah, and Alpine maintains hard copies of the SARs and the SARs' inquiry files.

15.    I have further reviewed the descriptions of expected witness testimonies for Alpine's current and former employees provided by the SEC in its Opposition Memorandum and in the Declaration of James Lyman.  Alpine has also shared and reviewed the SEC's descriptions of expected witness testimonies with Alpine's current employees who were cited in Mr. Lyman's Declaration.  Based on Alpine's review of the Declaration with those employees, Alpine understands that no transcript of the statements exists, and the SEC's one-sided descriptions of anticipated testimony for current Alpine employees is both inaccurate and incomplete.  Alpine has concluded that those witnesses identified in Mr. Lyman's Declaration will not testify as

represented by the SEC.

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of September, 2017.

/s / Nathan D. Simmons
Nathan D. Simmons
*[electronically signed with permission]*