

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

DIVISION OF
ENFORCEMENT

(303) 844-1084
CarlyleZ@sec.gov

September 22, 2017

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

    Re:    *SEC v. Alpine Securities Corporation*, 1:17-CV-04179-DLC

Dear Judge Cote:

    Pursuant to Fed. R. Civ. P. 26(c) and the Court's direction during the initial pretrial conference held in this matter on September 15, 2017, the Securities and Exchange Commission ("SEC") and Defendant Alpine Securities Corporation ("Alpine") jointly submit the enclosed protective order for the Court's consideration.

    The parties have conferred about the proposed order and, except for two related provisions, have stipulated to its contents.  The disputed provisions appear in paragraphs 5(d) and 6, where the disputed provisions are emphasized in bold and underline typeface.  These provisions permit the use of certain Discovery Material in connection with "any parallel criminal case" and disclosure of Discovery Material to "government personnel in connection with any parallel criminal case."  The SEC requests that the order include the emphasized provisions and Alpine requests that the Court strike the emphasized provisions.  The parties' respective positions on this dispute are set forth below.

    The SEC requests that the Court include the emphasized provisions in paragraphs 5(d) and 6 because there is no reason that this protective order, which is designed to protect the confidentiality of Suspicious Activity Reports ("SARs"), should prohibit the SEC from sharing evidence gathered through discovery with criminal authorities.  Cooperating with criminal authorities is an important component of the SEC's enforcement mission.  The federal securities laws expressly permit the SEC to share information with other government agencies and to provide information to the Department of Justice for it to determine whether to institute criminal proceedings.  *See* Securities Exchange Act of 1934, Section 21(d); 17 C.F.R. § 240.24.c-1.  The Defendant asserts that it would be improper for the SEC to conduct a "de facto criminal investigation using nominally civil means" but does not even suggest that this is taking place in

this case. It is not. The SEC is conducting this litigation independently of any other governmental agency and will use discovery to advance its own litigation purposes. In the event that the SEC receives evidence in discovery that is potentially relevant to criminal violations, this protective order should not restrict its ability to share the evidence with the criminal authorities. Further, the purpose of this protective order is to protect the confidentiality of SARs—it is not to shield information from government agencies. Preventing the SEC from sharing SAR material with government agencies who agree to be bound by the order does not serve the purpose of the order.

Alpine will not stipulate to the SEC sharing information in a parallel criminal case because such a stipulation may result as a waiver of criminal defenses and rights, including 5th Amendment protections for Alpine and its employees, who may give testimony in this matter without knowing how it could affect their rights in a yet unknown criminal proceeding. Furthermore, even if the SEC does have a general right to share information with other governmental agencies, this right is not absolute, particularly where a civil action has been commenced in connection with a criminal investigation or proceeding. Simply put, the government generally cannot use civil discovery procedures to act as a stalking horse to acquire information for criminal proceedings. *See generally Sterling Nat. Bank v. A-1 Hotels Intern., Inc.,* 175 F.Supp.2d 573, 578-79 (S.D.N.Y. 2001) (observing that where "the government itself has an opportunity to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls . . . there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means."). Because the "right" to share information is not absolute, it is inappropriate to have the Court issue a ruling at this time that sharing information is acceptable. Alpine is understandably apprehensive of the use of the civil discovery process to gather information for the primary benefit of the criminal investigation, and the prejudice that could result, including possible waiver of rights. Alpine disagrees that SEC Forms 1661 and 1662 are applicable here, as they appear to apply only in the investigative phase, not once the SEC has commenced an enforcement proceeding in Court.

Accordingly, the parties request that the Court enter the enclosed protective order after resolving the dispute described above.

                Sincerely,

                *s/ Zachary T. Carlyle*
                Gregory A. Kasper
                Zachary T. Carlyle (*pro hac vice*)
                Terry R. Miller (*pro hac vice*)
                Attorneys for Plaintiff
                UNITED STATES SECURITIES AND
                EXCHANGE COMMISSION
                1961 Stout Street, 17th Floor
                Denver, Colorado 80294
                (303) 844-1000

*s/ Brent R. Baker*
Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email: brb@clydesnow.com
       adl@clydesnow.com
       jdb@clydesnow.com
