UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                                              Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>                                              Defendant. | 17-cv-04179-DLC<br><br>**PROPOSED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**<br><br>ECF CASE |

    IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff United States Securities and Exchange Commission ("SEC") and Defendant Alpine Securities Corporation ("Alpine") (together the "Parties"), subject to the approval of the Court and pursuant to Fed. R. Civ. P. 26(c) and except where noted below in paragraphs 5(d) and 6 with language emphasized in bold and underline typeface, that the following protective order shall govern confidential and proprietary information produced in this action.

    1.    This Protective Order shall apply to all information, documents, testimony, and other things produced in this action that contain non-public, confidential, proprietary, or sensitive information, whether personal or business-related, and any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material"). This Protective Order covers Discovery Material produced at any time during this action, including Discovery Material produced before entry of this Protective Order.

    2.    As used herein, the term "Producing Party" shall refer to the Party producing Discovery Material in this action. The term "Receiving Party" shall refer to the Party or Parties in this action who receive Discovery Material.

## SARs DISCOVERY MATERIAL

**A.     Designation of SARs.**

3.      A Producing Party may designate Discovery Material a SAR if it comprises, includes or reflects the existence or non-existence of a Suspicious Activity Report ("SAR") filed with the U.S. Treasury Department's Financial Crimes Enforcement Network pursuant to the Bank Secrecy Act ("BSA") and its implementing regulations, including all documents or records upon which a financial institution relied in making the determination that certain activity required a SAR filing, and any document that specifically states that a SAR was or was not filed, including: (a) the SAR itself; (b) communications pertaining to the SAR or its contents; (c) communications that follow the filing of the SAR and are explanations or follow-up; (d) communications preceding the filing of the SAR or preparatory to it; (e) communications concerning possible violations that did not result in a filing; (f) documents representing drafts of SARs or other work product or privileged communications that relate to the SAR itself because they would disclose whether a SAR has been prepared or filed; and (g) SAR production letters from financial institution to law enforcement agency or regulators.

4.      A Producing Party may designate documents or other tangible Discovery Material by placing the following legend on the document or media containing documents: "SAR"

(a)     Written discovery may be designated by placing a legend on every page of the written material prior to production or on a label or cover page to the materials stating "SAR".

(b)     Parties to this agreement or testifying persons may designate depositions and other testimony as a SAR by indicating on the record at the time the testimony is given or by sending written notice that the testimony is so designated within thirty

(30) days of receipt of the final hard copy transcript of the testimony.

(c) Notwithstanding any other language of this Paragraph 4 to the contrary, a Producing Party may, within thirty days after entry of this Protective Order, designate any previously-produced Discovery Material as a SAR by identifying that Discovery Material as such, in writing, to counsel for each other Party.

**B. Limitations on the Use of SARs.**

5. Any Party receiving Discovery Material designated as a SAR shall:

(a) allow no person other than those listed below in paragraph 6 to view the material unless a Party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to different treatment;

(b) not disclose the contents of the material to any other person, except in court during a hearing or trial;

(c) return the material to the Producing Party after this case has concluded; and

(d) use such Discovery Material only for purposes of this litigation **or any parallel criminal case** and not for any other purpose whatsoever unless otherwise required by law.

6. Discovery Material designated as a SAR may be disclosed only to: (i) the Parties and their principals, officers, and/or employees; (ii) counsel of record for the Parties and supporting personnel; (iii) the Court and its personnel in hearings (except court filings shall be completed pursuant to paragraph 10 below) and jurors during trial of this matter; (iv) stenographic reporters, videographers, litigation support vendors, photocopying vendors, and

other clerical personnel retained for services related to this litigation; (v) experts or consultants of the Parties who execute Exhibit A to this Order; (vi) actual fact witnesses whom counsel for the Receiving Party believes in good faith are likely to have knowledge pertaining to the content of the Discovery Material to be disclosed; (vii) any person expressly named and agreed to in writing by the Parties or further Order of the Court; **and (vii) government personnel in connection with any parallel criminal case.**

7. All persons receiving SAR Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any SAR Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance and compliance with, or violation of this Protective Order.

8. Counsel who makes SAR Discovery Material available to persons set forth in paragraph 6 above shall make their best efforts with respect to limiting distribution thereof to the persons authorized under this Protective Order. Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall: (i) destroy all such Discovery Material; (ii) return all such Discovery Material to the Producing Party's counsel of record, as soon as practicably possible thereafter, but in no event longer than thirty (30) days after the termination or conclusion of the participation; or (iii) maintain such Discovery Material in a safe and secure location until such time as permitted to destroy or return such Discovery Material under applicable rules and/or regulations.

9. To the extent that any SAR Discovery Material is used in a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.

10. SAR Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in any applicable local rule about filing materials under seal, including without limitation Section 4(A) of the Court's Individual Practices in Civil Cases.

11. By entering into this Stipulated Protective Order, Alpine does not waive its defenses of lack of personal jurisdiction and improper venue in this matter.

## CHALLENGE TO DESIGNATIONS

12. If a Receiving Party disagrees with the designation of any Discovery Material, the Receiving Party will so notify the designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement, the Receiving Party may move the Court to alter or remove the designation or redaction, with such motion to be presented in accordance with any applicable local rule. The burden to prove a SAR designation shall be on the Producing Party. In the event that such a motion is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as SAR until the motion has been decided by the Court. In the event that such a motion is granted, the Producing Party shall cause the legend or redaction to be altered or removed from such documents within ten (10) business days following entry of the Court's order, unless the Producing Party has sought reconsideration or appeal.

## MISCELLANEOUS PROVISIONS

13. In the event of a disclosure of any Discovery Material designated pursuant to the Protective Order to a person or persons not authorized to receive such disclosure under this

Protective Order, the Party responsible for having made such disclosure ("Disclosing Party"), and each Party with knowledge thereof, shall immediately notify counsel for the Party whose Discovery Material has been disclosed and provide to such counsel with known relevant information concerning the nature and circumstances of the disclosure. The Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof are made.

14. Not later than ninety (90) days after the final disposition of this litigation (including after appeals, if any), each Party shall: (i) return all Discovery Material designated SAR of a Producing Party to the respective outside counsel of the Producing Party; (ii) destroy such Discovery Material; or (iii) maintain such Discovery Material in a safe and secure location until such time as permitted to destroy or return such Discovery Material under applicable rules and/or regulations. Notwithstanding the provisions for return or destruction of Discovery Materials, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes. Nothing in this paragraph shall require any Party to search for and destroy any electronic mail that contains or reflects SAR information, including attachments, provided that the Party has taken precautions to protect the confidentiality and security of its electronic mail system.

15. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

SO STIPULATED (except where noted with emphasized language):

Dated: September 22, 2017

    *s/ Zachary T. Carlyle*
    Gregory A. Kasper
    Zachary T. Carlyle (*pro hac vice*)
    Terry R. Miller (*pro hac vice*)
    Attorneys for Plaintiff
    UNITED STATES SECURITIES AND EXCHANGE COMMISSION
    1961 Stout Street, 17th Floor
    Denver, Colorado 80294
    (303) 844-1000


    *s/ Brent R. Baker*
    Brent R. Baker (BB 8285)
    Aaron D. Lebenta (*Pro Hac Vice*)
    Jonathan D. Bletzacker (*Pro Hac Vice*)
    **CLYDE SNOW & SESSIONS**
    One Utah Center, 13th Floor
    201 South Main Street
    Salt Lake City, Utah 84111-2216
    Telephone 801.322.2516
    Facsimile 801.521.6280
    Email: brb@clydesnow.com
          adl@clydesnow.com
          jdb@clydesnow.com

**SO ORDERED**, this _____ day of September, 2017.

    _____
    United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>  Defendants. | 17-cv-04179-DLC<br><br>**EXHIBIT A**<br><br>**ECF CASE** |

**ACKNOWLEDGEMENT**

I,_____, declare as follows:

1. I understand that Materials deemed confidential will be or have been provided to me pursuant to the terms and restrictions of the foregoing Protective Order, dated by the Court on _____, 2017, in the case captioned <u>SEC v. Alpine Securities Corporation</u>. (hereinafter, the "Action").

2. I have read the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the Materials disclosed to me in connection with the Action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

- 9 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___, day of _____, 201__.


Signature: _____

Printed name: _____

Address: _____

_____