UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>Honorable Judge Denise L. Cote<br>Magistrate Judge Ronald L. Ellis<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

Defendant Alpine Securities Corporation ("**Alpine**"), by and through undersigned counsel, hereby answers Plaintiff's United States Securities and Exchange Commission's ("**SEC**" or "**Plaintiff**") Complaint and Jury Demand as follows:

### Response to Summary

1. Alpine admits that it acts as a clearing firm for many microcap over-the-counter securities transactions, and that in its many years of operations it has cleared thousands of microcap securities transactions. Alpine denies the remaining allegations in Paragraph 1 to the extent they are inconsistent with this allegation. Alpine further affirmatively states that Plaintiff's allegation that Alpine has contributed to purported "stock manipulation and other schemes" is false and irrelevant to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent there are any well-pled factual allegations in Paragraph 2 to which a response is required, Alpine denies the allegations.

3. Alpine admits that it has a Bank Secrecy Act ("**BSA**") compliance program that

includes, among other things, written supervisory procedures ("**WSPs**"), as well as formal and informal training.  Alpine denies the remaining allegations in Paragraph 3.

4. Alpine denies the allegations in Paragraph 4 of the Complaint.  Alpine further affirmatively states that Plaintiff's allegation that Alpine "facilitated illicit actors' evasion of scrutiny by U.S. Regulators and law enforcement, and provided them with access to the markets they might otherwise have been denied," is false and irrelevant to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint.

5. Alpine denies the allegations in Paragraph 5 of the Complaint.

### Response to Nature of Proceedings and Requested Relief

6. No response is required to Paragraph 6 because the allegations describe Plaintiff's characterization of the case and/or contain conclusions of law.  To the extent there are any well-pled factual allegations in Paragraph 6 to which a response is required, Alpine denies the allegations.

7. No response is required to Paragraph 7 because the allegations contain conclusions of law.  To the extent there are any well-pled factual allegations in Paragraph 7 to which a response is required, Alpine denies the allegations.

8. No response is required to Paragraph 8 because the allegations contain conclusions of law and are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations.  To the extent there are any well-pled factual allegations in Paragraph 8 to which a response is required, Alpine denies the allegations.

9. Alpine admits the allegations in the first, second and fourth sentences of Paragraph 9. The third sentence of Paragraph 9 contains a legal conclusion to which no response is required. To the extent there are any well-pled factual allegations in the third sentence of Paragraph 9 to which a response is required, Alpine denies those allegations. Alpine also denies all of the remaining allegations in Paragraph 9. Alpine further affirmatively states that Plaintiff's allegations that "Alpine has a history of disciplinary actions brought against it by the Financial Industry Regulatory Authority ("**FINRA**") for various violations . . . ." is vague, false, and irrelevant to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint.

### Response to Other Relevant Entity

10. Alpine admits the allegations in the first two sentences in Paragraph 10. Alpine further admits that Scottsdale Capital Advisors Corporation ("**Scottsdale**") has introduced customers to Alpine for which Alpine is a clearing broker and that, upon information and belief, Scottsdale's business focuses on microcap securities transactions. No response is required to the Plaintiff's allegations that Scottsdale introduced customers to Alpine "who conducted the majority of transactions that are the subject of this matter," because they are vague and conclusory. To the extent any of the remaining allegations in Paragraph 10 are well-pled factual allegations that require a response, Alpine denies the remaining allegations.

### Response to Facts

11. No response is required to Paragraph 11 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements imposed by certain laws or regulations. To the extent there are any well-pled factual allegations in Paragraph 11 to which a response is required, Alpine denies the allegations.

12. No response is required to Paragraph 12 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements under certain laws or regulations. To the extent there are any well-pled factual allegations in Paragraph 12 to which a response is required, Alpine denies the allegations.

13. No response is required to Paragraph 13 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements under certain laws or regulations. To the extent there are any well-pled factual allegations in Paragraph 13 to which a response is required, Alpine denies the allegations.

14. No response is required to the allegations in the first sentence in Paragraph 14 because they are vague and conclusory in that Alpine does not know what is meant by the term "source." To the extent a response is required to the first sentence, Alpine denies the allegations in the first sentence of Paragraph 14. No response is required to the remaining allegations in Paragraph 14 because they contain conclusions of law and/or Plaintiff's characterization of a disciplinary action in another matter against Scottsdale an Order which speaks for itself. Alpine further affirmatively states that Plaintiff's reference to an alleged disciplinary action against Scottsdale is also irrelevant to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint. To the extent any of the remaining allegations in Paragraph 14 are well-pled factual allegations that require a response, Alpine lacks sufficient knowledge or information to respond to the allegations in Paragraph 14 and therefore denies the same.

15. No response is required to Paragraph 15 because the allegations are vague and conclusory in that Plaintiff does not identify any of the "customers" alleged. Alpine further affirmatively states that the allegations in Paragraph 15 are irrelevant to any of the issues in this

books-and-records case and therefore do not warrant a response and should be stricken from the Complaint. To the extent there are any well-plead factual allegations in Paragraph 15 to which a response is required, Alpine lacks sufficient knowledge or information to respond to the allegations in Paragraph 15 and therefore denies the same.

16. Alpine admits that it files SARs in compliance with its duties under the BSA, but denies the remaining allegations in Paragraph 16.

17. No response is required to the allegations in Paragraph 17 because they contain Plaintiff's characterization of documents that speak for themselves as to their legal meaning, if any. To the extent a response is required to the allegations in Paragraph 17, Alpine admits that its WSPs, during the relevant period, contained some of the language quoted in Paragraph 17, but denies Plaintiff's characterization of the documents and, to the extent that Plaintiff has not quoted fully and fairly from Alpine's WSPs, denies the same.

18. Alpine admits that its BSA Compliance Program included WSPs, as well as formal and informal training that integrated FinCEN guidance and states that any referenced law or regulation contained in Paragraph 18 speaks for itself as to its legal meaning and force, if any. To the extent any of the remaining allegations in Paragraph 18 are well-pled factual allegations that require a response, Alpine denies the remaining allegations.

19. No response is required to Paragraph 19 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 19 for which a response is required, Alpine denies the allegations.

20. No response is required to the allegations in Paragraph 20 because they contain Plaintiff's characterization of documents that speak for themselves as to their legal meaning, if any. To the extent a response is required to the allegations in Paragraph 20, Alpine admits that, during 2011 and most of 2012, Alpine's "Standard Operating Procedures" contained the language block-quoted in Paragraph 20, but denies Plaintiff's characterization of the documents and all remaining allegations in Paragraph 20.

21. No response is required to Paragraph 21 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 21 for which a response is required, Alpine denies the allegations.

22. No response is required to Paragraph 22 because the allegations contain conclusions of law and/or Plaintiff's characterization of documents that speak for themselves as to their legal meaning and force, if any. Alpine further affirmatively states that the allegations in Paragraph 22 referencing FINRA's purported findings in 2012 are also irrelevant and immaterial to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint. To the extent there are any well-pled factual allegations in Paragraph 22 for which a response is required, Alpine admits that FINRA conducted an examination of Alpine beginning in about May of 2012 and that FINRA provided an Examination Disposition Letter to Alpine on September 28, 2012, but denies that Plaintiff's allegations fully, fairly and accurately quoted from this letter. Alpine lacks sufficient knowledge or information to respond to remaining allegations in Paragraph 22 and therefore denies the

same.

23.     No response is required to Paragraph 23 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations.  To the extent there are any well-pled factual allegations in Paragraph 23 for which a response is required, Alpine denies the allegations.

24.     No response is required to Paragraph 24 because the allegations contain conclusions of law and/or Plaintiff's characterization of documents that speak for themselves as to their legal meaning, if any.  Alpine further affirmatively states that the allegations in Paragraph 22 regarding the SEC's Office of Compliance Inspections and Examinations ("**OCIE**") are also immaterial to any of the issues in this books-and-records case, and therefore does not warrant a response and should be stricken from the Complaint.  To the extent there are any well-pled factual allegations in Paragraph 24 for which a response is required, Alpine admits that OCIE issued Alpine a letter but denies that Plaintiff's allegations fully, fairly and accurately quote from or characterize this letter.  Alpine denies all of the remaining allegations in Paragraph 21.

25.     No response is required to Paragraph 25 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations.  To the extent there are any well-pled factual allegations in Paragraph 25 for which a response is required, Alpine denies the allegations.

26. No response is required to the Paragraph 26 because the allegations contain conclusions of law and are vague and conclusory in that Plaintiff does not identify any of the "customers" referenced and fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. Alpine further affirmatively alleges that Plaintiff's allegation that "[m]any of Scottsdale's customers . . . have been charged by the Commission for improper conduct relating to transactions cleared through Alpine," does not warrant a response and should be stricken from the Complaint because it is irrelevant to any of the issues in this books-and-records case, and is false based upon information and belief from the vague information alleged. To the extent there are any well-pled factual allegations in Paragraph 26 for which a response is required, Alpine denies the allegations.

27. No response is required to Paragraph 27 because the allegations contain are vague and conclusory insomuch as Plaintiff fails to provide identify the alleged "warnings" or "defects" referenced therein to enable Alpine to understand and respond to the allegations. Alpine further affirmatively alleges that Plaintiff's allegation that Alpine "facilitates and enables illicit financial activity" does not warrant a response and should be stricken from the Complaint because it is false and irrelevant to any of the issues in this books-and-records case. To the extent there are any well-pled factual allegations in Paragraph 27 for which a response is required, Alpine denies the allegations.

28. No response is required to the Paragraph 28 because the allegations contain conclusions of law and are vague and conclusory in that Plaintiff does not identify any of the "customers" referenced and fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to

the allegations. To the extent there are any well-pled factual allegations in Paragraph 28 for which a response is required, Alpine denies the allegations.

29. No response is required to Paragraph 29 because the allegations contain conclusions of law and/or Plaintiff's characterization of documents that speak for themselves as to their legal meaning and force, if any. To the extent there are any well-pled factual allegations in Paragraph 29 for which a response is required, Alpine admits that it has incorporated guidance from FinCEN into its BSA compliance program, but denies the remaining allegations.

30. No response is required to Paragraph 30 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 30 for which a response is required, Alpine denies the allegations.

31. No response is required to Paragraph 31 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. Alpine further affirmatively alleges that Paragraph 31 contains alleged references to alleged communications that are protected by the Alpine's attorney client privilege, which Alpine has not waived, and which must be stricken from the Complaint. To the extent there are any well-pled factual allegations in Paragraph 31 for which a response is required, Alpine denies the allegations.

32. No response is required to Paragraph 32 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide

identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 32 for which a response is required, Alpine denies the allegations.

33. No response is required to Paragraph 33 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 33 for which a response is required, Alpine denies the allegations.

34. No response is required to Paragraph 34 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements of certain laws, regulations or other documents that speak for themselves as to their legal force and meaning, if any. To the extent there are any well-pled factual allegations in Paragraph 34 to which a response is required, Alpine denies the allegations to the extent Plaintiff has mischaracterized and/or failed to fully, fairly and accurately quote from the referenced rule or regulation.

35. No response is required to Paragraph 35 because the allegations are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 35 for which a response is required, Alpine denies the allegations.

36. No response is required to Paragraph 36 because the allegations are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged

securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 36 for which a response is required, Alpine denies the allegations.

37.  No response is required to Paragraph 37 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 37 to which a response is required, Alpine denies the allegations.

38.  No response is required to Paragraph 38 because the allegations are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 38 for which a response is required, Alpine denies the allegations.

39.  No response is required to Paragraph 39 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements of certain laws, regulations or other documents that speak for themselves as to their legal force and meaning, if any. To the extent there are any well-pled factual allegations in Paragraph 39 to which a response is required, Alpine denies the allegations to the extent Plaintiff has mischaracterized and/or failed to fully, fairly and accurately quote from the referenced rule or regulation.

40.  Alpine admits that it filed no SARs between approximately August 16, 2011 and December 13, 2011. No response is required to the remaining allegations in Paragraph 40 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as

Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent any of the remaining allegations in Paragraph 40 are well-pled factual allegations for which a response is required, Alpine denies the remaining allegations.

41. No response is required to Paragraph 41 because the allegations contain conclusions of law and/or are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in Paragraph 41 for which a response is required, Alpine denies the allegations.

42. No response is required to Paragraph 42 because the allegations contain conclusions of law and/or Plaintiff's characterization of the requirements of certain laws, regulations or other documents that speak for themselves as to their legal force and meaning, if any. To the extent there are any well-pled factual allegations in Paragraph 42 to which a response is required, Alpine denies the allegations to the extent Plaintiff has mischaracterized and/or failed to fully, fairly and accurately quote from the referenced rule or regulation.

43. No response is required to Paragraph 43 because the allegations are vague and conclusory insomuch as Plaintiff fails to provide identifying information for any of the alleged securities or other transactions referenced therein to enable Alpine to understand and respond to the allegations. To the extent there are any well-pled factual allegations in paragraph 43 for which a response is required, Alpine denies the allegations.

**Response to Claim For Relief**

**Violations of Exchange Act Section 17(a) and Rule 17a-8 Thereunder**

44. Alpine re-alleges and incorporates by reference its response to paragraphs 1-43.

45. Alpine denies the allegations in paragraph 45.

46. Alpine denies the allegations in paragraph 46.

47. Alpine denies the allegations in paragraph 47.

48. Alpine denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

**FIRST DEFENSE**

Plaintiff's claim and any remedies sought are barred, in whole or in part, because its Complaint is defectively vague and conclusory, including but not limited to because the Complaint fails to identify any of the relevant transactions, circumstances or events that form the basis of its Complaint or the penalties sought. For example, in Paragraph 25 of the Complaint, Plaintiff alleges, as the basis of its claim, that Alpine "systematically omitted from at least 1,950 SARs material red flag or other information of which it was aware." (Plaintiff's Complaint, ¶ 25 (emphasis added).) Plaintiff utilizes a similar vague, conclusory and generalized pleading style throughout its Complaint. Plaintiff's Complaint thus creates an undue and unjust burden for Alpine by failing to provide Alpine with fair notice of the nature and basis of Plaintiff's claim to enable Alpine to fully and fairly respond to allegations in the Complaint or prepare a defense, as is required by the pleading requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2) and the Due Process Clauses in the 5th and 14th Amendments of the U.S. Constitution. Despite answering the Complaint to the best of its ability, Alpine preserves this defense for future proceedings.

**SECOND DEFENSE**

Plaintiff's claim and any remedies sought are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claim and any remedies sought are barred, in whole or in part, because this Court lacks personal jurisdiction over Alpine in this District.

**FOURTH DEFENSE**

Plaintiff's claim and any remedies sought are barred, in whole or in part, because venue is improper in this district and/or because venue should have been transferred, pursuant to 28 U.S.C. § 1404(a) and/or § 1406, to a more convenient forum, including to the United States District Court for the District of Utah.

**FIFTH DEFENSE**

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because Plaintiff lacks standing and/or authority to bring an enforcement action for alleged violations of the BSA and/or its implementing regulations, including for any of the alleged violations that may be at issue in this case, and/or to seek penalties or other relief for alleged violations of the BSA and/or its implementing regulations.

**SIXTH DEFENSE**

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, by the provisions 31 C.F.R. § 1023.320(a)(3) because, upon information and belief, SARs were filed with respect to transactions at issue by other broker-dealers involved in the transaction.

**SEVENTH DEFENSE**

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part,

14

because Alpine has completely or substantially complied in good faith, and/or made good faith efforts to comply with all of the requirements at law to establish, maintain and implement adequate AML and BSA compliance programs, including but not necessarily limited to, Section 17(a) of the Securities and Exchange Act and Rule 17a-8 thereunder, the requirements of the BSA and/or any implementing regulations, including but not limited to 31 C.F.R § 1023.210, and/or the requirements of any rules promulgated by FINRA.

### EIGHTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, by Plaintiff's failure to join one or more indispensable parties.

### NINTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because Alpine did not act willfully or negligently, and/or with any other requisite mental state, and is not alleged to have so acted, with respect to any of the alleged violations at issue.

### TENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because, upon information and belief, the civil penalties sought by Plaintiff on its claim in this action are excessive in amount and/or are otherwise not authorized by or are outside the scope of Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)), and/or applicable authority interpreting and applying this provision.

### ELEVENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because, upon information and belief, the civil penalties sought by Plaintiff on its claim in this action are unduly penalizing in violation of established authority interpreting and applying

Section 21(d)(3) of the Exchange Act, the 8th Amendment of the U.S. Constitution's prohibition on excessive fines, and the rights to Due Process under the Fifth and/or Fourteenth Amendments of the U.S. Constitution. Additionally, the standards for determining penalties are unduly and unconstitutionally vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

### TWELFTH DEFENSE

Plaintiff's request for a permanent injunction fails because Plaintiff cannot meet the relevant factors to demonstrate entitlement to that relief.

### THIRTEENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because the conduct of other persons or parties proximately caused the alleged violation, and such third-party acts constitute intervening or superseding causes of any alleged violation of law.

### FOURTEENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because it contravenes Alpine's right to Due Process as to fair notice and as provided in the Fifth and/or Fourteenth Amendments to the U.S. Constitution because Plaintiff seeks to enforce subjective, vague, and/or overbroad laws, rules and regulations.

### FIFTEENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because the allegations in the Complaint concern events and circumstances that occurred as much as six years ago. As such, the filing of Complaint at this time violates fundamental notions of fairness and Due Process under the Fifth and/or Fourteenth Amendments to the U.S. Constitution in that the Plaintiff has unjustifiably delayed filing of the Complaint until such a

significant amount of time has elapsed that Alpine's ability to summon witnesses and produce relevant testimony is significantly and adversely affected.

## SIXTEENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, by the doctrines of waiver, estoppel and laches.

## SEVENTEENTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because the applicable statutes of limitations or statutes of repose have run.

## EIGHTEENTH DEFENSE

Upon information and belief, Plaintiff is seeking civil penalties for each and every alleged SAR that Plaintiff claims violates the BSA, and/or its implementing regulations. Plaintiff is precluded from maintaining a claim to seek civil penalties based on each individual alleged SAR violation because Plaintiff has failed to allege all of the necessary elements to seek or recover such penalties.

## NINTEETH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because Plaintiff has acted in bad faith, with an ulterior purpose and/or with an improper motive, and/or with unclean hands, in initiating and conducting its investigation of Alpine and in bringing this enforcement action. Upon information and belief, Plaintiff has commenced its investigation and this enforcement action against Alpine (a) because of, or in retaliation for, Alpine's participation as a clearing firm in the microcap over-the-counter ("OTC") stock market, which is looked upon with disfavor by the SEC even though OTC stock transactions are a legal segment of the market, with the purpose of trying to make an example of Alpine to send a

message to other participants in the OTC stock market through enforcement rather than regulation; (b) to try to put Alpine out of business through excessive regulatory inquiries in general and through this action and by seeking excessive penalties in this non-scienter based books and records case, thereby restricting the public's access to the OTC market segment; and/or (c) for the sole and improper purpose of trying to gather evidence for a parallel criminal proceeding.

Although no discovery has yet been conducted, upon information and belief, the Plaintiff's improper motives are indicated by, but not limited to: (a) Plaintiff's inclusion of false and irrelevant allegations in its Complaint that Alpine facilitates fraud and criminal behavior by third parties; (b) the excessive penalties that Alpine believes the Plaintiff is seeking in this action; and (c) Plaintiff's effort to bring this action in a forum that is inconvenient and highly costly and prejudicial to Alpine for the stated the purpose of making the biggest media splash in the industry by making an example of Alpine.  Additional facts supporting this defense will be uncovered during discovery.

## **TWENTIETH**

Alpine presently has insufficient knowledge or information regarding whether it may have additional, as yet un-asserted defenses, and reserves the right to assert further defenses as may become necessary as this case develops.

## **PRAYER FOR RELIEF**

WHEREFORE Defendant, having fully answered the Complaint, prays as follows:

1. For dismissal of the Complaint with prejudice as to each and every claim alleged against Defendant.

2.  For an award of attorneys' fees and costs incurred by Defendant in defending this action.

3.  For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Alpine demands a trial by jury on all claims so triable.

Respectfully submitted this 29th day of September, 2017.

>  /s/ *Brent R. Baker*
>  Brent R. Baker (BB 8285)
>  Aaron D. Lebenta (*Pro Hac Vice*)
>  Jonathan D. Bletzacker (*Pro Hac Vice*)
>  **CLYDE SNOW & SESSIONS**
>  One Utah Center
>  201 South Main Street, Suite 1300
>  Salt Lake City, Utah 84111-2216
>  Telephone 801.322.2516
>  Facsimile 801.521.6280
>  Email: brb@clydesnow.com
>         adl@clydesnow.com
>         jdb@clydesnow.com