THOMPSON HINE

ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
CINCINNATI   COLUMBUS   NEW YORK

October 19, 2017

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *SEC v. Alpine Securities Corp.,* Civil No. 1:17-cv-04176-DLC-RLE

Dear Judge Cote:

      Defendant Alpine Securities Corporation ("Alpine") submits this letter-motion to request an informal discovery conference with the Court concerning Plaintiff Securities & Exchange Commission's ("SEC") failure to abide by its agreement to provide, on or before September 29, 2017, "schedules" that identify the alleged deficiencies in the suspicious activity reports ("SARs") at issue in the SEC's Complaint.[1]

## Background

      This issue was specifically addressed by the Court at the Rule 26(f) conference on September 15, 2017, after Alpine's counsel expressed concern about the discovery schedule proposed by the Court. Counsel explained that the defense needed a lengthier discovery schedule because the SEC had put forth allegations regarding more than 5,000 SARs, but had failed to identify any SAR at issue or any of the claimed deficiencies in any SAR. (*See* Trans., 9/15/2017, 26:6-20, attached as Ex. E.) The Court responded that the issue should be discussed and resolved as between the parties, and called a recess to allow the parties to discuss how "to get those transactions identified." (*Id.*, 26:21-27:5.) Following the recess, Alpine's counsel reported that the SEC stated that it could have "*a schedule prepared of what they claim is wrong with each SAR by the end of October*." (*Id.*, 27:25-28:7 (emphasis added).) The SEC's counsel confirmed: "[t]hat's the gist of the agreement we just got to." (*Id.*, 28:15-18.) Asked by the Court whether the SEC already had that information, the SEC counsel confirmed that it had "a big schedule" and only had to complete a "big housekeeping project" to prepare a document for the defense. (*Id.*, 28:23-29:9.) The Court directed the SEC to produce the schedule of violations within "two weeks," or by September 29, 2017. (*Id.*, 29:10-30:8.)

      The SEC counsel did not advise the Court or counsel that there was any privilege issue associated with providing that information.

## The Disputes

      On September 29, 2017, the SEC produced five tables which separated the SARs into certain categories corresponding to the claimed deficiency. While the deficiency was thereby identified as to a portion of the SARs, the tables do not identify the claimed deficiency with respect to approximately 2000 SARs. Most importantly, the SEC represented that its Table A

---

[1] Alpine has not filed copies of the Tables because they contain information that may reveal the existence of a SAR, and are thus generally prohibited from disclosure. *See* 31 U.S.C. § 5318(g); 31 C.F.R. § 1023.320(e); *Gregory v. Bank One Corp., Inc.,* 200 F. Supp. 2d 1000, 1003 (S.D. Ind., 2002).

THOMPSON HINE LLP    335 Madison Avenue    www.ThompsonHine.com
ATTORNEYS AT LAW    12th Floor    Phone 212.344.5680
    New York, New York 10017-4611    Fax 212.344.6101



"identifies the alleged violations described in paragraphs 28-33 of the Complaint," – i.e., "that Alpine filed SARs that failed to describe material red flags of which Alpine was aware." (Ex. A.) But Table A does nothing more than list thousands of SARs; it does not identify or describe the alleged deficiency or violation; it does not even describe the particular "material red flag" that Alpine supposedly omitted from the SAR.

After receipt of those schedules, Alpine counsel discussed the issue with the SEC. By letter dated October 6, 2017, the SEC refused to provide information concerning the alleged deficiency as to the SARs on Table A, now claiming for the first time that information as to the alleged deficiency is protected by the "work product" privilege. (*See* Ex. D.)[2]

No privilege applies to this information, however. Alpine does not seek the mental impressions or process of the SEC, only an adequate iteration of the claim itself. The SEC put these red flags at issue in its Complaint and cannot now refuse to disclose the actual claimed violation. *See Granite Partners v. Bear Stearns & Co.*, 184 F.R.D. 49, 54-55 (S.D.N.Y. 1999). The SEC agreed to provide the information as part of the discussion regarding the length of the discovery schedule. It did not raise any privilege issue with the Court when it agreed to provide the schedules, nor did it assert the privilege when it produced Table A or provide a privilege log as required by Local Rule 26.2. Given those circumstances, the SEC appears to have waived privilege. *See SEC v. Yorkville Adv.*, LLC, 300 F.R.D. 152, 166-68 (2014). Moreover, Alpine has a "substantial need" for this information because it cannot obtain the factual basis for this allegation from any source besides the SEC, taking it outside of any potential work product protections. *See* FRCP 26(3); *In re Savitt/Adler Litigation*, 176 F.R.D. 44, 48 (N.D.N.Y. 1997).

Table B also fails to provide adequate information. Table B purportedly identifies the alleged violations described in paragraphs 34-38 of the Complaint," – i.e., that Alpine failed to file a SAR for transactions involving the liquidation of securities despite filing a SAR on deposit transactions. Table B lists only liquidation transactions; it fails to identify the original deposits of securities to which those transactions relate. After Alpine raised this concern, the SEC provided a new Table, "Table F," which purports to identify 1,946 SARs filed by Alpine on deposits of securities but it does not link any SAR identified on Table F to any transaction identified in Table B. (*See* Ex. D.)

Counsel for Alpine certifies that they have conferred with the SEC's counsel in good faith by telephone and letter to attempt to resolve these disputes prior to involving the Court, but were unsuccessful. Copies of written meet-and-confer correspondence are attached as Exs. B-D.

Respectfully,

Maranda Fritz

Maranda Fritz

cc:  Counsel of Record (via CM/ECF)

---

[2] The SEC also argues that the request is premature because the allegedly omitted "material red flags" will be identified through expert testimony. (*See* Ex. D.). That claim is inconsistent with its "work product" argument, and with the efficient preparation and resolution of this case.