# Exhibit A



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**DENVER REGIONAL OFFICE**
**BYRON G. ROGERS FEDERAL BUILDING**
**1961 STOUT STREET, SUITE 1700**
**DENVER, COLORADO 80294-1961**

DIVISION OF
ENFORCEMENT

(303) 844-1084
CarlyleZ@sec.gov

September 29, 2017

# SAR Discovery Material

<u>**Via Email**</u>
Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

    Re: *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC*

Messrs. Baker, Lebenta, and Bletzacker:

    Pursuant to our discussion with you and the Court during the initial pretrial conference held in this matter on September 15, 2017, the Securities and Exchange Commission ("SEC") prepared and is now providing the enclosed tables of Suspicious Activity Reports ("SARs") to help Alpine Securities Corporation ("Alpine") better understand the allegations in the SEC's Complaint and to expedite discovery. The SEC is submitting this information to Alpine expressly subject to the terms of this letter and the protective order in this case.

    The SEC is producing this information to Alpine in an extremely compressed timeframe and in the absence of any discovery request. Alpine declined our suggestion that the SEC prepare these lists in response to an interrogatory, which would have, among other things, afforded the SEC the time allowed by Rule 33 to respond. These lists also do not fall within the ambit of disclosures required by Rule 26(a)(1)(A)(ii). Finally, further elaboration on the bases of the SEC's claims will likely be the subject of expert testimony and any demand to provide that information is premature at this time. Accordingly, these tables are not governed by any discovery rule or obligation, including any ongoing obligations under Rule 26(e). Nevertheless,

the SEC has made a good faith effort to quickly provide the enclosed information to help Alpine identify SARs and related documents described in the Complaint.

These lists are also prepared at an early stage of this litigation and at considerable effort. The work to finalize these lists into a product that could be shared with Alpine required organization of a large volume of data by several staff members and a corresponding quality check during the short time period since the pretrial conference. Accordingly, the SEC may voluntarily supplement and modify these tables as discovery proceeds and to correct any errors that often occur when this type of work is conducted in a compressed time frame.

Because the SEC agreed to provide these lists to make more efficient use of time allowed for discovery and in connection with our discussion with the Court, the SEC does not believe the disclosure of these tables constitutes any waiver of the attorney client privilege or attorney work product doctrine. In any event, the SEC expressly disclaims any intent to waive any applicable privilege or protection by disclosing these tables.

We are providing these tables to you subject to the terms of the Protective Order entered by the Court on September 25, 2017. The enclosed tables constitute "SAR" Discovery Material as described in paragraph 3 of the order. Given the nature of the data, which is voluminous and presumably more useful to you in native format, we are providing these tables to you as "Excel" files, rather than as hard copies. Because these are native Excel files, we cannot easily place a legend on every page of the spreadsheets. Therefore, hereby designate these tables as "SAR" material in accordance with paragraph 4(a) of the order by and through the SAR designation on the first page of this cover letter.

The enclosed tables identify specific violations alleged in the Complaint, as follows:

1. The list in Table A identifies the alleged violations described in paragraphs 28-33 of the Complaint. These paragraphs allege that Alpine filed SARs that failed to describe material red flags of which Alpine was aware. For each violation alleged in paragraphs 28-33, the SARs listed in Table A are either deficient on their face and/or deficient when compared to supporting SAR files that contain the red flags omitted from the SARs. The list in Table A identifies each SAR underlying each separate violation and, where applicable, records in Alpine's possession that contain omitted red flags.

2. The list in Table B identifies the alleged violations described in paragraphs 34-38 of the Complaint. These paragraphs allege that Alpine failed to file a required SAR for certain transactions. For each violation alleged in paragraphs 34-38, the list in Table B identifies each transaction for which Alpine failed to file a SAR.

3. The lists in Tables C and D identify the alleged violations described in paragraphs 39-41 of the Complaint. These paragraphs allege that Alpine filed untimely SARs. For each violation alleged in paragraphs 39-41, the lists in Tables C and D identify the untimely SARs. The list in table C identifies untimely SARs that also contained misleading information about the date of the underlying transaction, as described in paragraph 41 of the Complaint.

4. The list in Table E identifies the alleged violations described in paragraphs 42-43 of the Complaint. These paragraphs allege that Alpine failed to maintain support files for SARs. For each violation alleged in paragraphs 42-43, the list in Table E identifies SARs for which Alpine was unable to provide supporting files.

The documents identified in the enclosed tables were previously produced to the SEC by Alpine. The SEC has provided information including bates numbers to allow Alpine to locate these documents in its own records and immediately begin its review. As discussed, we are also working on voluntarily producing these Alpine documents back to Alpine. We believe that we will be in a position to produce these documents by the end of next week.

Please let us know if there is anything you would like to discuss.

                                              Sincerely,

                                              *s/ Zachary T. Carlyle*
                                              Zachary T. Carlyle
                                              Terry R. Miller
                                              Attorneys for Plaintiff
                                              UNITED STATES SECURITIES AND
                                              EXCHANGE COMMISSION
                                              1961 Stout Street, 17th Floor
                                              Denver, Colorado 80294
                                              (303) 844-1000

Enclosures:    Table A (Excel File)
                        Table B (Excel File)
                        Table C (Excel File)
                        Table D (Excel File)
                        Table E (Excel File)