# Exhibit B



**ClydeSnow**
ATTORNEYS AT LAW
CLYDE SNOW & SESSIONS
A PROFESSIONAL CORPORATION

ONE UTAH CENTER • THIRTEENTH FLOOR
201 SOUTH MAIN STREET
SALT LAKE CITY, UTAH 84111-2216
TEL 801.322.2516 • FAX 801.521.6280
www.clydesnow.com

CLARK W. SESSIONS ‡
RODNEY G. SNOW
STEVEN E. CLYDE
EDWIN C. BARNES
NEIL A. KAPLAN *
D. BRENT ROSE
J. SCOTT HUNTER
PERRIN R. LOVE
DEAN C. ANDREASEN
ANNELI R. SMITH
WALTER A. ROMNEY, JR.
MATTHEW A. STEWARD
T. MICKELL JIMENEZ
CHRISTOPHER B. SNOW *
BRENT R. BAKER ○
AARON D. LEBENTA
WAYNE Z. BENNETT
BRIAN A. LEBRECHT □
ROBERT D. ANDREASEN
KATHERINE E. JUDD
TIMOTHY R. PACK
JAMES W. ANDERSON
DIANA L. TELFER
SHANNON K. ZOLLINGER

JONATHAN S. CLYDE ▲
NICOLE SALAZAR-HALL
VICTORIA B. FINLINSON
EMILY E. LEWIS •
JONATHAN D. BLETZACKER
JOHN S. PENNINGTON
PARKER B. MORRILL μ
TRENTON L. LOWE

OF COUNSEL:
CHARLES R. BROWN
REAGAN L.B. DESMOND □ ▲
LISA A. MARCY

EDWARD W. CLYDE (1917-1991)

‡ SENIOR COUNSEL
* ALSO ADMITTED IN DISTRICT OF COLUMBIA
○ ALSO ADMITTED IN NEW YORK
□ ALSO ADMITTED IN CALIFORNIA
▲ ALSO ADMITTED IN OREGON
• ALSO ADMITTED IN WYOMING
μ ADMITTED IN OREGON AND DISTRICT OF COLUMBIA (NOT ADMITTED IN UTAH)

October 3, 2017

<u>Via email</u>

Zachary T. Carlyle
Terry R. Miller
United States Security & Exchange Commission
1961 Stout Street, 17th Fl.
Denver, CO 80294

   Re: *SEC v. Alpine Securities Corp.*, 1:17-cv-04179-DLC

Dear Messrs. Carlyle and Miller:

  This letter is in response to your letter dated September 29, 2017, and is being sent in an effort to meet and confer pursuant to S.D.N.Y. Local Civil Rule 37.2 and Judge Cote's Individual Practices, and in anticipation of our telephone call scheduled for tomorrow, October 4, 2017.

  As an initial matter, we dispute your contentions that the September 29, 2017 letter and Tables A through E are "not governed by any discovery rule or obligation," and that we declined your request to provide the information in an interrogatory. You produced these Tables on September 29, 2017 because, at the September 15, 2017 Rule 26(f) pretrial conference, the Court ordered you to provide information by September 29, 2017 that identified: (a) each individual SAR decision or filing at issue in the Complaint and (b) for each SAR so identified, the basis for the SEC's contention that it is deficient. It is my recollection that you offered to provide this information, and that the Court merely shortened the time frame for its production.

Of greater concern, at the present time we also do not believe that the information you provided on September 29, 2017 complies with the Court's order with respect to the information provided in at least Tables A and B.

### Table A

With respect to Table A, the information you provided is helpful to identify the SAR filings at issue in Paragraphs 28-33 of the Complaint. However, Table A does not provide sufficient information for us to determine why the SEC claims that each of these SAR filings are deficient. For example, in the cover letter accompanying Table A, you state that the "SARs listed in Table A are either deficient on their face and/or deficient when compared to supporting SAR files that contain the red flags omitted from the SARs." (*See* September 29, 2017 letter, at 2.) Alpine disputes these allegations.

The description you provided and the information on Table A are inadequate because they do not provide sufficient information for us to determine (a) which SARs the SEC claims are deficient "on their face"; (b) which SARs the SEC claim are deficient when "compared to supporting SARs files"; or (c) what information in the "SARs files" the SEC contends constitutes a "red flag" for that particular transaction.

Although we presume that the SEC contends that those SAR filings identified on Table A for which no supporting documents are identified are defective on their face, we remain uncertain, particularly because you used the ambiguous conjunction "and/or" (which could mean either or both) when describing the alleged deficiencies at issue in Table A. Furthermore, because Table A also fails to identify what information the SEC contends constitutes a "red flag" in Alpine's "SAR files," we are left to guess at the SEC's theory of why each of the SARs on Table A is deficient. We attempted to locate and pull files for several of the SARs identified on Table A to see if we could discern the SEC's theory from the SAR itself or the supporting files, but the effort was unsuccessful because we do not know what the SEC claims is wrong with each SAR from the information provided.

This information should not be difficult for you to provide, and should be in your possession, as it forms the basis in part for the SEC's complaint against Alpine. Notably, the SEC provided the very detail we are seeking in the "example" transactions identified in Paragraphs 31 and 32 of the Complaint. But, from the information provided in Table A, we could not even determine the SARs and "SAR files" to which those example relate.

Therefore, with respect to Table A, we respectfully request that you provide the following information by the end of the week: (a) clarify whether the SEC contends that the SARs identified on Table A for which there are *no* supporting files referenced constitute only facially deficient SARs; (b) clarify whether the SEC contends that the SARs identified in Table A for which there is a supporting file referenced are deficient only "when compared to supporting SAR files that contain the red flags omitted from the SARs"; and (c) identify what information in the "SARs files" the SEC contends constitutes a "red flag" for that particular transaction – similar to what was provided in Paragraphs 31 and 32 of the Complaint.

### Table B

In the cover letter accompanying Table B, you state that, "[f]or each violation alleged in paragraphs 34-38 [of the Complaint], the list in Table B identifies each transaction for which Alpine failed to file a SAR." (September 29, 2017 Letter, at 2.) In Paragraphs 34-38, the SEC alleges that Alpine filed a SAR on certain deposits of securities, but did not file a subsequent SAR when the deposits were liquidated or the proceeds from the liquidated deposits were transferred. Alpine disputes these contentions and any allegation that it had a legal obligation to file SARs in these circumstances.

However, once again, the information you provided in the cover letter and Table B is inadequate because it fails to provide sufficient information for Alpine to identify the original deposits of securities to which the transactions identified in Table B relate. As far as we can tell, Table B only identifies transactions for which the SEC claims Alpine failed to file a SAR, presumably (from the cross-reference to Paragraphs 34-38 of the Complaint) on the liquidation of a deposit of securities, without identifying the initial deposit at issue. The omission of this information makes tracking the transactions referenced in Table B to the deposit impossible because it requires us to either guess or make assumptions as to the identity of the initial deposit.

Once again, this information should not be difficult for you to provide, and should be in your possession, as it forms the basis in part for the SEC's complaint against Alpine. In fact, we believe that you have ready access to this information because the Complaint alleges in Paragraph 35 that "Alpine filed a SAR on approximately 1,900 deposits of a security," in connection with the allegations at issue in Table B.

Therefore, with respect to Table B, we respectfully request that by the end of the week you identify the alleged original deposits of securities to which the transactions identified in Table B relate.

The requested information with respect to Tables A and B is necessary for Alpine to understand the allegations in the SEC's Complaint in a timely fashion and to respond to and defend against these allegations. We are still in the process of reviewing the information provided in Tables C through E, and thus reserve any further objections to the completeness of those productions. We also reserve the right to seek any additional relief from the Court for the delay caused by the incomplete production of information in a timely fashion.

Sincerely,

CLYDE SNOW & SESSIONS

Aaron D. Lebenta
Brent R. Baker
Jonathan D. Bletzacker