# Exhibit C

## Aaron Lebenta

**From:** Miller, Terry <millerte@SEC.GOV>
**Sent:** Thursday, October 05, 2017 12:24 PM
**To:** Aaron Lebenta
**Cc:** Carlyle, Zachary T.; Jonathan D. Bletzacker; Brent R. Baker
**Subject:** RE: SEC v. Alpine

Aaron,

Thanks for the email. We are working on a letter that will respond to most of this. Your understanding in item number 4 is not correct. We're not going to supplement Table B. I'm checking on feasibility of separating work product from the factual data to see if we can provide a list of deposits and associated SARs that can be used together with Table B to identify deposits associated with the transactions listed in Table B.

Thanks,

Terry R. Miller
303-844-1041
millerte@sec.gov

---

**From:** Aaron Lebenta [mailto:ADL@ClydeSnow.com]
**Sent:** Wednesday, October 04, 2017 6:42 PM
**To:** Miller, Terry
**Cc:** Carlyle, Zachary T.; Jonathan D. Bletzacker; Brent R. Baker
**Subject:** SEC v. Alpine

Terry,

This email follows up our October 3, 2017 letter and memorializes our conversation this morning during our meet-and-confer telephonic conference regarding the SEC's production on September 29, 2017. Based on our conversation, it is our understanding:

1. With respect to the SARs identified on Table A, which you indicated in the September 29, 2017 letter relates to allegations in Paragraphs 28-33 of the Complaint, you have confirmed the following: For any SAR listed on Table A that does not also have a "supporting file" identified, the SEC is solely alleging that the SAR narrative is "deficient on its face." However, you have not identified the basis for your contention that the SAR narrative is "facially deficient." Can you provide additional detail as to what is meant by the phrase "deficient on its face"? We are also happy to have a further discussion on this issue.

2. For the remaining SARs identified on Table A, i.e. those SARs for which supporting files *are* listed on Table A, the SEC is alleging that those SARs are deficient on the basis that Alpine failed to identify "red flags" in the SAR that were located in the referenced supporting file for that particular SAR.

3. With respect to item No. 2 above, we also discussed this morning that Table A does not identify any alleged "red flags" of which Alpine was purportedly aware that were allegedly omitted from the SARs at issue. Accordingly, we explained that we would be left to guess at what information in Alpine's files the SEC is alleging constitutes a "red flag" for each specific transaction, and thus what information the SEC claims was omitted from each SAR that allegedly caused it be deficient. Stated otherwise, without knowing what information the SEC believes is a red flag for each transaction, we cannot tell why the SEC claims that a

1

particular SAR listed on Table A is deficient, or whether that information is even in Alpine's files. As discussed this morning, and as set forth in our October 3, 2017 letter, we believe that you stipulated during the September 15, 2017 Rule 26(f) conference to provide this information to us. In addition, although we believe it is unnecessary based on the stipulation, under our reading of Local Civil Rule 33.3, we cannot, without leave of Court, serve an interrogatory seeking this information at this time. Also, the prospects of conducting a Rule 30(b)(6) deposition to acquire this information would not only be unnecessary due to the stipulation, but would also be daunting in length and scope as there are over 1,500 SARs identified in Table A with supporting files listed. We understand that you will get back to us in the next 2 days to provide the SEC's position on this issue.

4. With respect to the SARs identified on Table B, we understand that you will supplement Table B by adding a column that identifies each SAR filed on the deposit of securities at issue, and links that SAR to the alleged "liquidation" or other transactions that are currently identified in Table B. We also understand that you will get back to us in the next 2 days to provide the SEC's proposed timeline to provide this information.

As we discussed, we believe the SEC currently has or should have access to all of the above information in its records, including in its investigative files, given that the SEC filed its Complaint at the beginning of June of 2017 based, at least in part, on these allegations, after investigating the case for several years. Please let us know if you believe that we have mischaracterized anything during our discussion. If you want to discuss anything further, please feel free to contact us.

Regards,

Aaron D. Lebenta

# ClydeSnow
ATTORNEYS AT LAW
201 South Main Street, Suite 1300
Salt Lake City, UT 84111
P: 801.322.2516
F: 801.521.6280
www.clydesnow.com
adl@clydesnow.com

**CONFIDENTIALITY NOTICE**

This electronic mail transmission, and any documents, files, or previous e-mail messages attached to it, is intended only for the use of the person or entity to whom it is addressed and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution, use of any of the information, or the taking of action in reliance on the contents of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner.

Please consider the environment before printing this e-mail.