# Exhibit D



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

**DIVISION OF
ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

October 6, 2017

# SAR Discovery Material

<u>**Via Email**</u>
Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

      Re:    *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC*

Messrs. Baker, Lebenta, and Bletzacker:

      This letter responds to Alpine's letter dated October 3, 2017, our telephone call on October 4, 2017, and your email dated October 4 about the phone call.

      Alpine raised a number of questions about "Table A", which the SEC produced on September 29, 2017. That table lists each SAR described in paragraphs 28-33 of the Complaint. Table A also lists the documents the SEC would use to prove that the associated SAR was deficient. You now have readily available the factual bases for each alleged violation, which is what we agreed to provide in order to give Alpine a better understanding of allegations in the Complaint.

      For SARs without associated supporting files listed in Table A, I am confirming that, subject to further discovery and investigation as noted in our September 29 letter, the SEC would point to the face of the SAR only to prove a violation—this is what is meant by the phrase "deficient on its face." The narratives in these SARs lack some or all of the *"who, what, when, where, and why"* of the suspicious activity being reported. *See* Complaint ¶ 29. On the other

hand, the SARs with associated supporting files could be both facially deficient and deficient when compared to the supporting files.

Alpine has demanded that the SEC identify each red flag that the SEC believes was omitted from each SAR by the end of this week. The request seeks the SEC's work product – the information does not exist in the format that Alpine demands and could only be gleaned from the mental impressions, conclusions, opinions, and legal theories of the SEC attorneys who prepared this case for litigation. In an effort to cooperate, we marshaled and organized the evidence the SEC would use to prove each violation at a very early stage of this litigation and in a way that allows Alpine to understand each allegation when analyzed together with the description in the Complaint of the types of red flags omitted from the SARs (e.g. criminal history, issuer status as a shell company, customer status as foreign financial institution). Complaint ¶¶ 30, 33. Now Alpine demands the legal conclusions that SEC attorneys drew from these records. We cannot comply with this demand because it crosses the line into the SEC's core attorney work product. *See* Fed. R. Civ. P. 26(b)(3)(B).

We understand that Alpine believes the Court's case management plan is unreasonable, but the remedy for inadequate time is a request for additional time if and when it is actually needed. The SEC will cooperate with reasonable requests for additional time to prepare for trial. But in no event is the SEC's core work product a valid remedy for Alpine's objection to the Court's case management plan. We also disagree that Alpine's access to the SEC's work product would shorten the time needed for discovery.

The request also is unnecessary and, at best, premature. The SEC intends to retain an expert to offer testimony about the adequacy of the SARs described in the Complaint. The expert, rather than the SEC attorneys, will testify about the conclusions drawn from the same materials we have identified. Under this common practice the mental impressions of SEC attorneys are not relevant or necessary for Alpine to prepare its defense because the SEC attorneys who prepared this information will not testify at trial. Alpine will have an ample opportunity to understand and test the SEC's expert's opinions under the rules governing expert discovery. Even if the mental impressions forming the contentions of the SEC were discoverable and relevant (they're not), the request is still premature and unduly burdensome given the early stages of this case.

You have also requested additional information concerning Table B, which lists transactions for which Alpine did not file a SAR. You requested that we identify the original deposits of securities to which the transactions identified in Table B relate. We were able to create a report that lists the original deposits, which is enclosed with this letter and titled "Table F."[1] Using the Excel filtering function, Alpine can use the specific dates, customers, and ticker symbols in Table B to isolate the related deposits in Table F. Note that some deposits in

---

[1] We are providing this table to you subject to the terms of the Protective Order entered by the Court on September 25, 2017. The enclosed table constitutes "SAR" Discovery Material as described in paragraph 3 of the order. Given the nature of the data, which is voluminous and presumably more useful to you in native format, we are providing this table to you on an "Excel" file, rather than on paper. Because these are native Excel files, we cannot easily place a legend on every page of the spreadsheets. Therefore, we hereby designate the table as "SAR" material in accordance with paragraph 4(a) of the order by and through the SAR designation on the first page of this cover letter.

Table F relate to multiple liquidations in Table B. Table F is the best tool we have in our possession that can be used to link deposits with SARs (Table F) to subsequent liquidations without SARs (Table B). The burden on Alpine to create a better tool is the same as it would be on the SEC.

We have provided more than what is necessary to give Alpine an understanding of the factual bases for the SEC's allegations. Please send further requests for information in the form of traditional discovery requests.

                Sincerely,

                *s/ Terry R. Miller*
                Zachary T. Carlyle
                Terry R. Miller
                Attorneys for Plaintiff
                UNITED STATES SECURITIES AND
                EXCHANGE COMMISSION
                1961 Stout Street, 17th Floor
                Denver, Colorado 80294
                (303) 844-1000

Enclosure:  Table F (Excel File)