

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961

**DIVISION OF
ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

October 23, 2017

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC-RLE*

Dear Judge Cote:

Pursuant to the Court's Individual Practice 2.C, Plaintiff United States Securities and Exchange Commission ("Commission") submits this letter in response to Defendant Alpine Securities Corporation's ("Alpine") letter dated October 19, 2017 requesting an informal discovery conference.

The dispute involves no discovery request. The Commission volunteered to prepare a set of tables to accommodate Alpine's objections to the Court's discovery schedule. The tables identify by bates control number every SAR underlying a violation alleged in the complaint and also categorize Alpine's records according to each type of violation alleged in the Complaint: (a) SARs that omitted necessary information ("Table A"); (b) transactions for which Alpine failed to file SARs ("Tables B and F"); (c) untimely SARs ("Tables C and D"); and (d) SARs without supporting files ("Table E"). With respect to Table A, the Commission also identified the records the Commission would use to show that Alpine was aware of information omitted from each particular SAR. The information in these tables satisfies the Commission's agreement to show what is wrong with each SAR because it identifies deficient SARs and provides the factual basis to show each deficiency.

A brief review of the Commission's analysis of Alpine's records is helpful to understand why the Commission refused Alpine's demand that the SEC identify each particular red flag the SEC believes was omitted from each SAR in Table A. The Commission's attorneys and staff working at their direction reviewed thousands of SARs and supporting files produced by Alpine in digital form. The attorneys recorded their mental impressions of the records with digital software, and the data stored by the software was then used to generate the categories of violations alleged in the Complaint and was the basis for Tables A-F. The recorded data only

categorizes the records—no database or document contains a recitation of the precise information that the Commission's attorneys believe was wrongfully omitted from each SAR.

*First*, there are at least three problems with Alpine's demand. *First*, there is no document that lists the words that the Commission contends should have been included in each SAR listed in Table A. The Commission has never created one and is under no current obligation to marshal its intangible mental impressions into a format of Alpine's preference. *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (Defendant is not entitled "to ascertain how the SEC intends to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated."). It would also be costly and wasteful for the Commission to do so on Alpine's timeframe. The Commission has retained an expert to perform a thorough analysis of whether the SARs listed in the Commission's schedules are defective. The deadline for expert disclosures is April 20, 2018, and the rules governing the timing and content of expert disclosures will ensure that Alpine has "an adequate iteration" of the Commission's claims in due course.

*Second*, to the extent Alpine demands the mental impressions of the Commission's attorneys who conducted the investigation, Alpine already has the facts underlying the attorneys' legal conclusions. Any other information available from the attorneys' electronic database is core work product that is not discoverable even if there were a waiver (there is not) or substantial need (there is none).[1] Fed. R. Civ. P. 26(b)(3)(B); *SEC v. Ahmed,* No. 3:15CV675 (JBA), 2017 WL 1347668, at *2 (D. Conn. Apr. 7, 2017) ("[T]he touchstone of the work-product inquiry is whether the discovery demand is made with the precise goal of learning what the opposing attorney's thinking or strategy may be.") (quotation omitted).

*Third*, Alpine's claim of prejudice is speculative. Alpine has not been able to describe what different fact discovery it would pursue if it had early access to expert disclosures and/or access to the Commission's work product. Expert discovery routinely follows fact discovery. If expert disclosures reveal an actual injury that could be cured by additional targeted fact discovery, the proper time for Alpine to seek relief is when that injury ripens into an actual dispute. The Commission will continue to cooperate with reasonable requests. But Alpine's current speculation of future harm is not a basis to accelerate expert discovery, require production of the Commission's core work product, or accelerate the appropriate time for contention interrogatories. *See* Local Rule 33.3(c).

Sincerely,

/s/ Terry R. Miller
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc: Counsel of Record

---

[1] Alpine's argument that the Commission waived the work product protection because it accommodated Alpine's objection to the Court's discovery schedule without a privilege log is wrong for many reasons. The mental impressions now demanded by Alpine were never responsive to a discovery request or obligation and thus were not "otherwise discoverable." Fed. R. Civ. P. 26(b)(5)(A). There is no substantial need for an attorney's legal conclusion. The contentions of the Commission will be disclosed under the more fulsome demands of Rule 26(a)(2).