

October 26, 2017

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    *SEC v. Alpine Securities Corp.,* Civil No.:  1:17-cv-04179-DLC-RLE

Dear Judge Cote:

    I write in response to the letter, dated October 23, 2017, from the Plaintiff Securities and Exchange Commission ("SEC"), and the Court's endorsement of that letter, to clarify two points.

    First, the SEC asserts that this dispute does not involve a "discovery request" because the SEC "volunteered" to provide certain information to the Defendant.  We do not agree with that characterization.  Rather, this was an agreement reached between the parties, at the urging of the Court, by which the SEC agreed to provide a schedule setting forth "what they claim is wrong with each SAR" (Tr. at 27) -- an agreement on which the defense relied by *inter alia* not filing a motion for more definite statement.  We should also note that the defense, in an abundance of caution, included the request for the same information in its interrogatories[1] after the SEC, during meet and confer discussions, appeared to be balking at providing this critical information.  Given the position taken by the SEC in relation to Table A, we anticipate that the SEC will also refuse to answer that interrogatory and so this issue needs to be resolved.

    Turning to the SEC's failure to identify in Table A the information allegedly omitted from those SARs, the SEC takes the position that its claims in the Complaint are based on its own assessment that a particular violation existed, but that its assessment was not memorialized and, they maintain, constitutes work-product.  The SEC then goes a step farther, actually telling the Court that the position it intends to take in this case as to the nature of the claimed violation is still very much a work in progress, *i.e.*, it will be developed in the future by an expert and that the information will not be available until after the close of fact discovery.[2]  In other words, whatever may have been the reason for the SEC's inclusion of a SAR in the case, the SEC insists that it cannot and will not provide that information, and that it is instead having an expert come

---

[1]  The information sought by that interrogatory would fall squarely within Local Rule 33.3(b) permitting interrogatories that "are a more practical method of obtaining the information sought than a request for production or a deposition."

[2]  Such a delay in the proceedings would not only impair defendant's ability to pursue discovery but also would prejudice the defendant's ability to have meaningful analysis conducted by its own expert, since there are only 21 days between the defendant's receipt of the SEC's expert report and the date to submit its counter-expert report.

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966         baf  4830-0022-8946.1

THOMPSON HINE LLP
ATTORNEYS AT LAW

335 Madison Avenue
12th Floor
New York, New York 10017-4611

www.ThompsonHine.com
O: 212.344.5680
F: 212.344.6101



Honorable Denise L. Cote
October 26, 2017
Page 2

up with new and perhaps entirely different theories regarding the alleged deficiencies. Thus, the expert is not providing support for the allegations, the expert is apparently inventing the allegations on the fly.  It is as if the SEC filed a complaint asserting that a public filing, a 10K or 10Q, omitted material information, and then told the defense that it would not particularize its allegations because it was still trying to figure out what was wrong with the filing.

The SEC also argues that counsel was not able to describe the fact discovery that it would pursue if it had access to the information as the alleged deficiency.  But counsel felt that it had explained to the SEC with specificity why the information was needed.  Merely by way of example, during a deposition of an individual who participated in the preparation of a SAR, counsel would inquire of the witness why the allegedly omitted information, whatever it was, had not been included in the SAR.  That question cannot be asked if the defense has nothing but the SEC's laundry list of supposed red flags and is left guessing regarding which of those red flags, or perhaps something else entirely, is the basis for the claimed deficiency in a particular SAR.

Contrary to the position of the SEC, the defense maintains that it is entitled to specification of the allegation *of the Complaint itself*, as opposed to a theory which is currently being devised by the SEC's expert.  We again ask, therefore, that the SEC be directed to provide to the defense a description of the deficiency that was the basis for the Complaint.  In the alternative, if the SEC is going to be permitted to have a witness develop its theory of alleged deficiencies, then we ask that the information be provided within two weeks, so that the defense can properly proceed with fact discovery.

Finally, we note that the Court has directed that Table A be provided, and we understand that, given the confidentiality attendant to a SAR filing, the SEC will provide that information under seal.  We ask that the Court also consider those confidentiality provisions of the Bank Secrecy Act, in resolving the issue of whether there is any constraint on even the Court's ability to receive that information.  *See* 31 U.S.C. § 5318(g); 31 C.F.R. § 1023.320(e); *Gregory v. Bank One Corp., Inc.,* 200 F.Supp.2d 1000, 1003 (S.D. Ind., 2002) (held that confidentiality provisions deprived the court of authority to review or order disclosure of SAR material even under seal).

We remain available for a conference with the Court to discuss this issue further.

Respectfully,

/s/ Maranda E. Fritz

Maranda E. Fritz