THOMPSON HINE    ATLANTA    CLEVELAND    DAYTON    WASHINGTON, D.C.
                CINCINNATI    COLUMBUS    NEW YORK



MEMO ENDORSED



November 1, 2017

*Via ECF, Hand Delivery and Email*

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *SEC v. Alpine Securities Corp.,*
       Civil No.: 1:17-cv-04179-DLC-RLE

Dear Judge Cote:

     This letter is being jointly filed by the Plaintiff Securities and Exchange Commission ("SEC") and Defendant Alpine Securities Corporation ("Alpine"), in response to the Court's October 27, 2017 Order (Dkt. No. 49) and to seek leave to file all suspicious activity reports ("SARs") and supporting SARs files and information at issue in this matter under seal.

     On October 27, 2017, in connection with the defendant's request for information concerning the claimed deficiency of certain SARs, the Court ordered the parties to provide to the Court "three suspicious activity reports (SARs) identified in Table A, as well as the pages from Table A addressing the SARs," by November 1, 2017 at noon." (*See* Dkt. No. 49.) The parties met and conferred telephonically on October 31, 2017 and agreed to submit the following three SARs and relevant supporting documents, identified by the alleged "violation number" on Table A:

1. Alleged Violation No. 48 and supporting pages (Ex. 1).
2. Alleged Violation No. 199 and supporting pages (Ex. 2).
3. Alleged Violation No. 287 and supporting pages (Ex. 3).

     The parties seek leave to file those documents under seal pursuant to Rule 4(A) of the Court's Individual Practices in Civil Cases, and Paragraphs 4, 6 and 10 of the Protective Order entered by the Court on September 25, 2017 (Dkt. No. 36). In the interests of efficiency, the parties further request the Court enter a standing order allowing the parties to file all SAR material under seal without further motion.

     We request the sealing of these documents, and any SAR Discovery Material to be filed going forward, based on the provisions of the protective order and the Bank Secrecy Act. First, the SEC has labelled the documents identified above as "SAR Discovery Material." Pursuant to Paragraph 3 of the Protective Order, those materials must be filed under seal. (*See* Protective

---

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966           baf

THOMPSON HINE LLP     335 Madison Avenue     www.ThompsonHine.com
ATTORNEYS AT LAW       12th Floor                O: 212.344.5680
                               New York, New York 10017-4611   F: 212.344.6101

THOMPSON
HINE

Honorable Denise L. Cote
November 1, 2017
Page 2

Order, at ¶¶ 6(iii), 10.) SAR Discovery Material is also subject to the confidentiality provisions under the Bank Secrecy Act ("**BSA**"), 31 U.S.C. §§ 5311-5330, and its implementing regulations. Specifically, 31 C.F.R. § 1023.320(e), states that "[a] SAR, and any information that would reveal the existence of a SAR, are confidential . . . " and generally prohibits both "broker-dealers" and governmental entities from disclosing a SAR or any information that would reveal the existence of a SAR. 31 C.F.R. § 1023.320. In addition, 31 U.S.C. § 5318(g)(2) of the BSA generally precludes both "financial institutions," including broker dealers such as Alpine, and governmental entities from disclosing "to any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(i)-(ii).

Courts interpreting the BSA confidentiality provisions have held that "'SARs are confidential and subject to an unqualified discovery and evidentiary privilege that courts have held cannot be waived.'" *S.E.C. v. Yorville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014) (further quotations omitted) (citations omitted). Additionally, as indicated in Alpine's October 19, 2017 and October 26, 2017 letters to the Court, at least one court has held that the BSA confidentiality provisions deprived the court of authority to review or order disclosure of SAR material, even under seal. *See Gregory v. Bank One Corp., Inc.*, 200 F. Supp. 2d 1000, 1003 (S.D. Ind. 2002). In accordance with these authorities, Alpine reserves further argument as to the submission of SAR Discovery Material into evidence at trial in this matter.

Accordingly, the parties seek leave to file Exhibits 1 through 3 to this letter, and all SAR Discovery Material to be filed in the future, under seal.

Respectfully,

/s/Maranda E. Fritz

Granted.
*Denise Cote*
11/1/17

Maranda E. Fritz
*Attorneys for Defendant Alpine Securities Corp.*

/s/Terry R. Miller
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)
*Attorneys for Plaintiff*
*United States Securities and Exchange Commission*