ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | **17-cv-4179-DLC**<br><br>**ECF CASE** |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE**

Plaintiff United States Securities and Exchange Commission (the "Commission") submits this Memorandum of Law in Support of its Motion to Strike ("Motion"). The Motion asks the Court to Strike the "Sixteenth Defense" and "Nineteenth Defense" asserted by Defendant Alpine Securities Corporation ("Alpine") in its Amended Answer (Doc. 48, "Am. Answer"). These two defenses assert equitable defenses that are invalid as a matter of law and their inclusion in this action would prejudice the Commission.

## INTRODUCTION

The Complaint in this enforcement action concerns the inadequacy of Alpine's records. In response to the Complaint, however, Alpine attempts to convert the action into a dispute weighing Alpine's records violations against the Commission's conduct by asserting equitable affirmative defenses against the Commission. Courts routinely strike equitable defenses asserted against a government agency protecting the public interest like those asserted by Alpine. This enforcement action is not the proper vehicle to litigate Alpine's grievances, even if genuine.[1] Accordingly, these defenses are legally invalid and should be stricken.

The Commission acknowledges that motions to strike are generally disfavored and, accordingly, the Commission does not seek an order striking many of Alpine's other frivolous defenses, such as lack of personal jurisdiction, improper venue, and "affirmative" defenses that the Commission cannot prove unnecessary elements like scienter. Am. Answer at 14-16. Unlike the equitable defenses, the other frivolous defenses do not materially change the scope of discovery. They will not unduly delay this enforcement action because they can be handled summarily at a later stage.

In contrast, courts use Rule 12(f) to strike equitable defenses like the Sixteenth and Nineteenth Defenses because they would cause unnecessary delay and impermissible discovery into the Commission's investigative process and privileged work product and communications. The Court should strike the Sixteenth and Nineteenth Defenses for the same reasons.

[1] While not relevant to the Motion, the Commission denies Alpine's allegations.

**ARGUMENT**

Alpine's equitable defenses should be stricken if (1) there is no question of fact which might allow the defenses to succeed, (2) there is no question of law which might allow the defenses to succeed, and (3) the Commission would be prejudiced by inclusion of the defenses. *SEC v. KPMG LLP*, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003). Defenses that are insufficient as a matter of law should be stricken to eliminate delay and unnecessary expenses from litigating invalid claims. *Id.*

**I. ALPINE'S EQUITABLE DEFENSES FAIL AS A MATTER OF LAW.**

Alpine asserts the equitable defenses of estoppel, waiver, and unclean hands in the Sixteenth and Nineteenth Affirmative Defenses. These equitable defenses are legally invalid because (1) Alpine fails to allege egregious misconduct causing prejudiced to Alpine that rises to a constitutional level; and (2) Alpine fails to allege necessary elements of each defense.

Equitable defenses generally are not available against a government agency attempting to enforce a congressional mandate in the public interest. *SEC v. American Growth Funding II, LLC*, 2016 WL 8314623, at *3-4 (S.D.N.Y. Dec. 30, 2016), *report and recommendation adopted*, 2017 WL 728701 (S.D.N.Y. Feb. 22, 2017). To prevail on an equitable affirmative defense, Alpine must allege that the Commission engaged in outrageous or unconstitutional activity. *Id.* at *3-4. Further, to prevail on these defenses, the alleged misconduct must have occurred during the investigation leading to this action and must have prejudiced Alpine's ability to defend the action. *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd sub nom*. *SEC v. Calvo*, 891 F.2d 457 (2d Cir. 1989) ("Conduct which occurs during the litigation of a lawsuit, rather than during the accrual of the action, cannot form the basis of an

equitable defense."). Claims of prejudice regarding Alpine's business or relationship with its customers are "not the kind of 'prejudice' which may be pleaded as an equitable defense to a SEC injunctive action." *Id.*

**A. The Sixteenth Defense: The estoppel and waiver defenses fail as a matter of law.**

Stripped of the vague, repetitive, and conclusory allegations, the Sixteenth Defense alleges that Alpine relied on the Commission's conduct when designing and implementing its AML compliance program and did not identify deficiencies in Alpine's SAR filings during regulatory examinations. These defenses should be stricken because Alpine fails to allege prejudice to its ability to defend this case caused by a constitutional violation or the necessary elements for estoppel and waiver defenses.

First, Alpine has failed to plead elements of estoppel and waiver. The defense of estoppel requires proof that the Commission made a misrepresentation of fact to Alpine with reason to believe Alpine would rely upon it, that Alpine reasonably relied upon the misrepresentation, and that Alpine was harmed by the reliance. *KPMG LLP*, 2003 WL 21976733, at *2. Alpine alleges no misrepresentation and certainly no detrimental act that Alpine took in reliance on a misrepresentation. This defense fails even if the facts alleged in the Amended Answer were true.

Waiver requires proof that the Commission intentionally relinquished a known right. *KPMG LLP*, 2003 WL 21976733, at *3. There is no allegation that the Commission relinquished a right connected to this litigation – intentionally or otherwise. This defense fails even if the facts alleged in the Answer were true.

Second, Alpine's claim that the Commission induced the violations alleged in the Complaint because Alpine allegedly relied upon Commission conduct to create its compliance

program fails as a matter of law because it misreads the Complaint. The Commission's case is that Alpine did not actually follow its own compliance program, so any reliance that Alpine placed on Commission conduct to create its compliance program cannot be detrimental reliance that resulted in this action. Complaint ¶ 19 ("Alpine's BSA Compliance Program did not accurately reflect what the firm did in practice."). In fact, the Complaint alleges that Alpine did not remedy deficiencies identified by the Commission. The Complaint therefore contains no alleged violation that was induced or encouraged by the Commission.

Third, the allegation that the Commission did not identify deficiencies, even if true,[2] cannot be the basis of a constitutional violation supporting equitable defenses. Alpine has a duty to comply with applicable regulations independent of examinations and investigations and the Commission must be able to conduct reasonable reviews and investigations without the risk that its activity would create a bar to the Commission's pursuit of claims. *KPMG LLP*, 2003 WL 21976733, at *4 ("In order to fulfill its own obligation to enforce the securities laws, the SEC must be able to conduct reasonable investigations without the risk that oral communications such as those alleged here will create a bar to the agency's pursuit of claims.").

Finally, Alpine's allegation that the Commission's conduct injured Alpine's relationship with customers is not sufficient to support equitable defenses because it has nothing to do with Alpine's ability to defend this action. *Elecs. Warehouse, Inc.*, 689 F. Supp. at 73 (Alleged loss of good will is "not the kind of 'prejudice' which may be pleaded as an equitable defense to a SEC injunctive action."). Alpine's conclusory allegation that the Commission's conduct prejudiced

[2] Alpine was told that its filings were deficient. Complaint ¶ 27 ("Despite these repeated warnings, Alpine has failed to adequately remedy the defects in the implementation of its BSA Compliance Program.").

Alpine's ability to defend itself is merely an invocation of the relevant pleading standard. Alpine points to no evidence or argument that the Commission's alleged misconduct made more difficult to advance in its defense because of the Commission's alleged misconduct.

Accordingly, Alpine has failed to allege facts supporting estoppel or waiver defenses against the Commission in this enforcement action.

**B. The Nineteenth Defense: The unclean hands defense fails as a matter of law.**

The Nineteenth Defense alleges that the Commission investigated Alpine's BSA compliance program in a parallel investigation with the Department of Justice and that during this action the Commission made allegedly false allegations, seeks excessive penalties, and filed this case in an improper venue. All other allegations in the Nineteenth Defense consist of inferences and argument often based on one or more layers of Alpine's "information and belief." Am. Answer at 21-22. The defense should be stricken because the factual allegations do not show prejudice to Alpine's ability to defend this case caused by a constitutional violation or the necessary elements for unclean hands.

First, Alpine failed to allege facts to support a selective enforcement claim. A claim of selective application of Section 17(a) requires a showing that (1) Alpine "compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992). Alpine fails on both elements. There is no description or identification of firms Alpine alleges are similarly

situated but treated differently.[3] Further, Alpine does not—and could not—allege that selective treatment was motivated by race, religion, or protected speech and therefore must allege a malicious or bad faith intent to injure. *Id.* Courts "rarely have found a constitutional violation" under this standard. *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005). "If the motivation to punish is to secure compliance with agency objectives, then by definition the motivation is not spite, or malice, or a desire to 'get' [someone] for reasons wholly unrelated to any legitimate state objective." *Id.* at 87. Setting aside Alpine's conclusory allegations, the Nineteenth Defense only alleges that the Commission pursued an investigation and this enforcement action for legitimate purposes in parallel with criminal authorities. There is no fact alleged showing that the Commission was motivated by any purpose other than to secure compliance with agency objections. *See id.* And Alpine alleges no specific act by the Commission during its investigation that improperly assisted with a criminal investigation. The speculative and conclusory statements to the contrary are not supported by any fact alleged in the Amended Answer.

Second, even if the allegations of selective enforcement had merit (they do not), an affirmative defense in an enforcement action is not the proper vehicle to litigate the claim. The claim is one for affirmative relief, *e.g.*, *FSK Drug*, 960 F.2d at 10, which cannot be asserted in this lawsuit. 15 U.S.C. § 78u(g) (no other actions may be consolidated with an action for equitable relief instituted by the Commission without the Commission's consent).

Third, Alpine cannot overcome the rule against equitable defenses with conduct that occurred during this action, including the allegations that (a) the Commission alleged that Alpine facilitated fraud in the Complaint filed *in this action*; (b) Alpine believes the Commission is

[3] In fact, the Commission has filed other enforcement actions based on SARs under Section 17(a).

seeking excessive penalties *in this action*; and (c) the Commission selected venue in this district for *this action*. Even if these allegations were true (they are not),litigation misconduct does not support equitable defense as a matter of law. *Elecs. Warehouse, Inc.*, 689 F. Supp. at 73. Moreover, these allegations do not describe improper conduct: (a) the allegations in the Complaint of Alpine's systemic failures and the fraud perpetrated by Alpine's customers are not gratuitous or made in bad faith (or even false)—they are relevant to show why Alpine will likely continue to violate the law without injunctive relief and to show the amount of penalties that should be assessed; (b) the Commission's pursuit of penalties in an amount expressly permitted by Congress cannot be wrongful; and (c) this Court already ruled that venue is proper in this action and, in doing so, ruled that the Commission had a legitimate reason to file in this district. Ex. A, Hearing Tr. at 16 ("Here, it is appropriate to grant the SEC's choice of forum – that is, the Southern District of New York – deference. It is not chosen for an improper purpose.").

Fourth, Alpine's allegation of prejudice in the Nineteenth Defenses fails for the same reason it failed to support the Sixteenth Defense: Alpine alleges no specific harm to its ability to defend this action caused by the alleged wrongdoing. The best Alpine can do on this point is recite the general pleading standard in the Amended Answer.

Finally, Alpine has failed to allege elements necessary for unclean hands. To allege a viable defense of unclean hands Alpine must allege that the Commission engaged in outrageous or unconstitutional activity that caused Alpine to suffer prejudice rising to a constitutional level. *American Growth*, 2016 WL 8314623, at *6; *KPMG LLP*, 2003 WL 21976733, at *2. As described above, Alpine alleges only that the Commission has pursued remedies made available by Congress in a venue made available by Congress and deemed appropriate by the Court.

Alpine cannot save the defense with speculation based on "information and belief" that "additional facts supporting this defense will be uncovered during discovery." Am. Answer at 22; *see American Growth*, 2016 WL 8314623, at *7 ("[I]n an enforcement action like this one, a defendant's pure speculation about potential prejudice is not enough to permit an equitable defense against the SEC to go forward, even at the pleading stage.").

In short, no question of fact or law would allow the defenses asserted in the Sixteenth Defense and Nineteenth Defense to succeed, and those defenses should be stricken. *KPMG LLP*, 2003 WL 21976733, at *2.

## II. INCLUSION OF ALPINE'S EQUITABLE DEFENSES WOULD CAUSE PREJUDICE AND DELAY.

The equitable defenses contained in the Sixteenth and Nineteenth Defenses will cause the type of prejudice and delay sufficient to satisfy Rule 12(f). *KPMG LLP*, 2003 WL 21976733, at *2 (Defenses that are insufficient as a matter of law should be stricken to eliminate delay and unnecessary expenses from litigating invalid claims.).

The defenses will necessarily cause additional discovery. Without the defenses, discovery will focus on Alpine's records (to the extent necessary following the SEC's motion for summary judgment). The Commission's conduct is not relevant. However, inclusion of the Sixteenth and Nineteenth Defenses would expand discovery to encompass the Commission's investigation and conduct, and Alpine has indicated its intent to pursue that discovery by speculating in its Answer that facts supporting its unclean hands defense will be uncovered during discovery. "This type of discovery, which would force the SEC to give attention to matters collateral to its securities claims against [Alpine], has been held sufficient to satisfy the Rule 12(f) requirement" that the Commission show prejudice. *American Growth*, 2016 WL 8314623, at *7.

Moreover, the discovery implicated by Alpine's allegations of wrongdoing will intrude into the Commission's investigative process and be fraught with disputes over privileged communications and attorney work product. Alpine has already propounded numerous improper interrogatories aimed at the Commission's investigative process and material protected by the work product doctrine, including demands for a recitation of Commission attorneys' findings and observations made during the investigation, all Commission attorneys and staff with knowledge of interviews or discussions with interviewees during the investigation, and all written memoranda reflecting witness interviews. None of this material is relevant to the adequacy of Alpine's records. Alpine has alleged no misconduct or injury that comes close to the kind sufficient to warrant the delay and cost this type of discovery entails. Mechanisms exist to address any (genuine) grievances Alpine has with the Commission's conduct; but this enforcement action is not one of them. *American Growth*, 2016 WL 8314623, at *5-6; *cf.* 15 U.S.C. § 78u(g).

## III.    LEAVE TO AMEND SHOULD BE DENIED.

Alpine should not be granted leave to amend the Amended Answer. Alpine already attempted to do so after the Commission conferred with Alpine about its plan to file a motion to strike equitable defenses asserted in the original answer. The allegations in the original answer were deficient as are the allegations in the Amended Answer. There is no reason to believe that Alpine has the ability to assert sufficient factual allegations if given a third opportunity.

## CONCLUSION

For the reasons above, the Court should strike Alpine's Sixteenth Defense and Nineteenth Defense without leave to amend.

Respectfully submitted this 13th day of November, 2017.

*/s/ Terry R. Miller*
Zachary T. Carlyle (*pro hac*)
Terry R. Miller (*pro hac*)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2017, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Mark Lee Smith
Smith Correll, LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

*/s/ Marla J. Pinkston*
Marla J. Pinkston