

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

DIVISION OF
ENFORCEMENT

(303) 844-1041
millerte@sec.gov

November 30, 2017

Honorable Denise Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-1-17

Re:   *SEC v. Alpine Securities Corporation*
      Case No.: 1:17-CV-04179-DLC

**MEMO ENDORSED**

Dear Judge Cote:

Pursuant to the Court's Individual Practices 4.A and 3.D, Plaintiff the Securities and Exchange Commission ("Commission") submits this request to file redacted papers and sealed exhibits in support of its Motion for Partial Summary Judgment ("Motion"). The Commission has conferred with counsel for Defendant to collaborate on a method to submit summary judgment papers in a way that balances the need for confidentiality and the public's access to these proceedings. Counsel for Defendant agrees to the proposal in this letter.

The Commission plans to file the Motion on December 4, 2017. The Motion concerns Defendant's compliance with the Bank Secrecy Act's requirements to file suspicious activity reports ("SARs"). The Commission's Memorandum of Law in Support of the Motion ("Memorandum") and Rule 56.1 Statement will therefore discuss many SARs and supporting files that are deemed confidential under the Bank Secrecy Act and the Protective Order in this case (Doc. No. 38). The Commission also intends to attach SARs and supporting files as exhibits, which are the same type of materials submitted under seal with the Court's permission on November 1, 2017 (Doc. No. 53).

The Commission seeks leave to file the Motion and confidential materials as follows:

- On December 4, the Commission will file its Notice of Motion on the ECF system. This document will not contain confidential material. The Commission

will serve Defendant with a full, un-redacted set of its Motion papers and exhibits by email.

- On December 4, the Commission will submit materials directly to the Court's chambers at CoteNYSDChambers@nysd.uscourts.gov to allow the Court to consider the request to redact and seal information in its filings: (i) digital copies of un-redacted versions of its Memorandum and Rule 56.1 Statement, (ii) digital copies of the Memorandum of Law and Rule 56.1 Statement in highlighted form to show the Court proposed redactions; and (iii) digital copies of proposed exhibits to be filed under seal. The Commission will copy counsel for Defendant with this submission. The Commission will hand-deliver copies of the same materials to the Court the following day and mail the same submission to counsel for Defendant.

- Once the Court renders a decision on the Commission's proposed redactions and exhibits sought to be filed under seal, and Pursuant to the Court's Individual Practices 4.A, the Commission will publicly file and serve (i) copies of the Memorandum and Rule 56.1 Statement with approved redactions, (ii) non-confidential exhibits, and (iii) placeholders to stand for exhibits permitted to be filed under seal. The Commission also will submit a final set of redacted and sealed documents to the Sealed Records Department (with a copy to counsel for Defendant).

Good cause exists to file SARs and supporting files under seal and to redact any information indicating the existence of a SAR, or which could contain identifying information regarding the subject of a SAR, because of the strict confidentiality provisions applicable to SARs under the Bank Secrecy Act and its implementing regulations, which generally precludes both "financial institutions" and governmental entities from disclosing "to any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(i)-(ii); *see also* 31 C.F.R. § 1023.320(e) ("A SAR, and any information that would reveal the existence of a SAR, are confidential . . . ."). Redactions in the Memorandum and Rule 56.1 Statement are necessary to conceal the existence and content of specific SARs.

Accordingly, the Commission requests that the Court approve the above method to submit the Commission's Motion and supporting materials. If approved by the Court, the Commission agrees that Defendant should be permitted to utilize the same method for its filings in this case.

Sincerely,

/s/ Terry R. Miller
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc:   All counsel of record

*[Handwritten note:]* The SEC shall also submit a letter no longer than 2 pages to be publicly filed that describes the categories of information it seeks to redact. /s/ Denise Cote 12/1/17