

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**DENVER REGIONAL OFFICE**
**BYRON G. ROGERS FEDERAL BUILDING**
**1961 STOUT STREET, SUITE 1700**
**DENVER, COLORADO 80294-1961**

**DIVISION OF**
**ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

December 6, 2017

Honorable Denise Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *SEC v. Alpine Securities Corporation*
      Case No.*:* 1:17-CV-04179-DLC

Dear Judge Cote:

   Pursuant to the Court's Individual Practices 4.A and 3.D and the Court's Order dated December 1, 2017 ("Order"), Plaintiff the Securities and Exchange Commission ("Commission") submits this request to file redacted papers and sealed exhibits in support of its Motion for Partial Summary Judgment ("Motion").

   The Commission seeks permission to file redacted documents and sealed exhibits in support of its Motion for Partial Summary Judgment. The redacted documents include the Commission's Memorandum of Law and Rule 56.1 Statement of Material Facts submitted in support of the motion. These papers discuss suspicious activity reports ("SARs") and related information protected by strict confidentiality provisions of the Bank Secrecy Act. 31 U.S.C. § 5318(g)(2)(i)-(ii); *see also* 31 C.F.R. § 1023.320(e). To protect the confidential nature of this information, the Commission proposes redacting information that could be used to discern the existence or content of a SAR, including the following information related to a SAR: customer names, identifying information about customers such a country of origin or criminal or regulatory history, the value of transactions, the volume of transactions, the identity of issuers, and the dates of filings and transactions described in SARs.

   The Commission also requests permission to submit exhibits under seal, specifically exhibits numbered 4-6, 14-22, 24-35, and 37-67. The Commission requests permission to submit exhibits numbered 4-5 under seal because Defendant Alpine Securities Corporation designated

these documents confidential when it produced them to the Commission. The Commission requests permission to submit exhibits 6 under seal because the document is designated confidential by FINRA. The Commission requests to submit exhibits 14-22, 24-35, 37-42, 44-48, 50-54, and 56-67 under seal because these exhibits are SARs or SAR supporting files designated as SAR Material under the Protective Order issued in this case. The BSA regulations prohibit disclosure of these materials. 31 U.S.C. § 5318(g)(2)(i)-(ii); *see also* 31 C.F.R. § 1023.320(e). Finally, the Commission requests to submit exhibits 43, 49, and 55 under seal because they contain unique information about customer transactions that could be used to discern the existence of SARs filed on related transactions.

The Commission will submit digital copies of clean versions of these materials as well as highlighted versions of the requested redactions in the Commission's Memorandum of Law and Rule 56.1 Statement of Material Facts via email and deliver hard copies of the same materials directly to the Court's chambers.

Accordingly, the Commission requests that the Court permit the Commission to submit the redacted documents and sealed exhibits described above and submitted to the Court's chambers.

                                                Sincerely,

                                                */s/ Terry R. Miller*
                                                Zachary T. Carlyle (*pro hac vice*)
                                                Terry R. Miller (*pro hac vice*)

cc:     All counsel of record