**EXHIBIT 9**



Financial Crimes Enforcement Network

# FinCEN Suspicious Activity Report (FinCEN SAR) Electronic Filing Instructions

Release Date October 2012 – Version 1.2

# FinCEN SAR Electronic Filing Instructions

**Safe Harbor:** Federal law (31 U.S.C. 5318(g)(3)) provides financial institutions complete protection from civil liability for all reports of suspicious transactions made to appropriate authorities, including supporting documentation, regardless of whether such reports are filed pursuant to a regulatory requirement or on a voluntary basis. Specifically, the law provides that a financial institution, and its directors, officers, employees, and agents, that make a disclosure of any possible violation of law or regulation, including in connection with the preparation of suspicious activity reports, "shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such disclosure or any other person identified in the disclosure."

**Confidentiality of SARs:**

A FinCEN Suspicious Activity Report (FinCEN SAR), and any information that would reveal the existence of the FinCEN SAR (collectively, "SAR information"), are confidential, and may not be disclosed except as specified in 31 U.S.C. 5318(g)(2) and in FinCEN's regulations (31 CFR Chapter X).

**SAR Sharing:**

FinCEN has concluded that a depository institution that has filed a SAR may share the SAR, or any information that would reveal the existence of the SAR, with an affiliate, as defined in FinCEN Guidance FIN-2010-G006 issued January 3, 2011, provided the affiliate is subject to a SAR regulation. The sharing of SARs with such affiliates facilitates the identification of suspicious transactions taking place through the depository institution's affiliates that are subject to a SAR rule. Therefore, such sharing within the depository institution's corporate organizational structure is consistent with the purposes of Title II of the BSA.

**Prohibition on Disclosures by Financial Institutions:**

Federal law (31 U.S.C. 5318(g)(2)) provides that a financial institution, and its directors, officers, employees, and agents who, pursuant to any statutory or regulatory authority or on a voluntary basis, report suspicious transactions to the government, may not notify any person involved in the transaction that the transaction has been reported. Provided that no person involved in the suspicious activity is notified, 31 CFR Chapter X clarifies that the following activity does not constitute a prohibited disclosure:

- Disclosure of SAR information to certain governmental authorities or other examining authorities that are otherwise entitled by law to receive SAR information or to examine for or investigate suspicious activity;
- Disclosure of the underlying facts, transactions, and documents upon which a FinCEN SAR is based; and
- For those institutions regulated by a Federal functional regulator (Federal bank regulatory agencies, the Securities and Exchange Commission (SEC), and the Commodity Futures Trading Commission (CFTC)), the sharing of SAR information within an institution's corporate organizational structure, for purposes that are consistent with the Bank Secrecy Act, as determined by regulation or guidance.

**Prohibition on Disclosures by Government Authorities:**

Federal law (31 U.S.C. 5318(g)(2)) also provides that an officer or employee of any Federal, state, local, tribal, or territorial government within the United States who has knowledge that such report was made, may not disclose to any person involved in the transaction that the transaction has been reported, other than as necessary to fulfill the official duties of such officer of employee. FinCEN's regulations clarify that "official duties" must be consistent with Title II of the Bank Secrecy Act and shall not include the disclosure of a SAR, or any information that would reveal the existence of a SAR, in response to a request for disclosure of non-public information or a request for use in a private legal proceeding, including a request pursuant to 31 CFR § 1.11.

**FinCEN SAR Filing Instructions:**

**1. Who Must File:** Certain financial intuitions operating in the United States shall file with FinCEN, to the extent and in the manner required by 31 CFR Chapter X and 12 CFR §§ 21.11, 163.180, 208.62, 353.3, and 748.1, a report of any suspicious transaction relevant to a possible violation of law or regulation. The following financial institutions are required to file a FinCEN SAR: Banks (31 CFR §1020.320) including Bank and Financial Holding Companies (12 CFR § 225.4); Casinos and Card Clubs (31 CFR § 1021.320); Money Services Businesses (31 CFR § 1022.320); Brokers or Dealers in Securities (31 CFR § 1023.320); Mutual Funds (31 CFR § 1024.320); Insurance Companies (31 CFR § 1025.320); Futures Commission Merchants and Introducing Brokers in Commodities (31 CFR § 1026.320); and Residential Mortgage Lenders and Originators (31 CFR § 1029.320).

**2. Filing Deadlines:** A FinCEN SAR shall be filed no later than 30 calendar days after the date of the initial detection by the reporting financial institution of facts that may constitute a basis for filing a report. If no suspect is identified on the date of such initial detection, a financial institution may delay filing a FinCEN SAR for an additional 30 calendar days to identify a suspect, but in no case shall reporting be delayed more than 60 calendar days after the date of such initial detection. In situations involving violations that require immediate attention, such as terrorist financing or ongoing money laundering schemes, the financial institution shall

immediately notify by telephone an appropriate law enforcement authority in addition to filing timely a FinCEN SAR. Financial institutions wishing voluntarily to report suspicious transactions that may relate to terrorist activity may call FinCEN's Financial Institutions Hotline at 1-866-556-3974 in addition to filing timely a FinCEN SAR.

**3. Filing Requirements for Financial Institutions:**  A financial institution must report any transaction that requires reporting under the terms of 31 CFR Chapter X if the transaction is conducted or attempted by, at, or through the financial institution and involves or aggregates at least $5,000 ($2,000 for money services businesses, except as provided in Section 6 of this document) and the financial institution knows, suspects, or has reason to suspect that the transaction or pattern of transactions of which the transaction is a part:

- Involves funds derived from illegal activity or is intended or conducted in order to hide or disguise funds or assets derived from illegal activity (including, without limitation, the ownership, nature, source, location, or control of such funds or assets) as part of a plan to violate or evade any Federal law or regulation or to avoid any transaction reporting requirement under Federal law or regulation;

- Is designed, whether through structuring or other means, to evade any requirement of 31 CFR Chapter X or any other regulation promulgated under the Bank Secrecy Act, Public Law 91-508, as amended, codified at 12 U.S.C 1829b, 12 U.S.C. 1951-1959, and 31 U.S.C. 5311-5332;

- Has no business or apparent lawful purpose or is not the sort in which the particular customer would normally be expected to engage, and the financial institution knows of no reasonable explanation for the transaction after examining the available facts, including the background and possible purpose of the transaction, or

- Involves the use of the financial institution to facilitate criminal activity.

**4. Additional Filing Instructions for Banks:** In addition to the above requirements, a bank (as defined in 31 CFR § 1010.100) must file a FinCEN SAR for activity (as required by 31 CFR § 1020.320 and 12 CFR §§ 21.11, 163.180, 208.62, 353.3, and 748.1) involving:

- **Insider abuse involving any amount.** Whenever the bank detects any known or suspected Federal criminal violations, or pattern of criminal violations, committed or attempted against the financial institution or involving a transaction or transactions conducted through the financial institution, where the bank believes that it was either an actual or potential victim of a criminal violation, or series of criminal violations, or that the bank was used to facilitate a criminal transaction, and the bank has a substantial basis for identifying one of its directors, officers, employees, agents or other institution-affiliated parties as having committed or aided in the commission of a criminal act regardless of the amount involved in the violation.

- **Violations aggregating $5,000 or more where a suspect can be identified.** Whenever the bank detects any known or suspected Federal criminal violation, or pattern of criminal violations, committed or attempted against the bank or involving a transaction or transactions conducted through the bank and involving or aggregating $5,000 or more in funds or other assets, where the bank believes that it was either an actual or potential victim of a criminal violation, or series of criminal violations, or that the bank was used to facilitate a criminal transaction, and the bank has a substantial basis for identifying a possible suspect or group of suspects. If it is determined prior to filing this report that the identified suspect or group of suspects has used an "alias," then information regarding the true identity of the suspect or group of suspects, as well as alias identifiers, such as drivers' licenses or social security numbers, addresses and telephone numbers, must be reported.

- **Violations aggregating $25,000 or more regardless of a potential suspect.** Whenever the bank detects any known or suspected Federal criminal violation, or pattern of criminal violations, committed or attempted against the bank or involving a transaction or transactions conducted through the bank and involving or aggregating $25,000 or more in funds or other assets, where the bank believes that it was either an actual or potential victim of a criminal violation, or series of criminal violations, or that the bank was used to facilitate a criminal transaction, even though there is no substantial basis for identifying a possible suspect or group of suspects.

**5. Voluntary FinCEN SAR Filings:** Financial institutions may also file with FinCEN a report of any suspicious transaction that it believes is relevant to the possible violation of any law or regulation but whose reporting is not required by 31 CFR Chapter X. A voluntary filing does not relieve a financial institution from the responsibility of complying with any other reporting requirements imposed by the SEC, the CFTC, a self-regulatory organization (SRO) (as defined in section 3(a)(26) of the Securities Exchange Act of 1934, 15 U.S.C. 78c (a)(26)), or any Registered Futures Association (RFA) or Registered Entity (RE) (as these terms are defined in the Commodity Exchange Act, 7 U.S.C. 21 and 7 U.S.C. 1a(29)).

**6. Exceptions:** The following are exceptions to the FinCEN SAR reporting requirements:

- A bank, casino, broker or dealer in securities (BD), futures commission merchant (FCM), or introducing broker in commodities (IB-C) is not required to file a FinCEN SAR for a robbery or burglary committed or attempted against the financial institution when the robbery or burglary is reported to appropriate law enforcement authorities.

- A FinCEN SAR is not required to be filed for lost, missing, counterfeit, or stolen securities that are reported pursuant to the requirements of 17 CFR § 240.17f-1.

- A BD is not required to file a FinCEN SAR on violations of any of the Federal securities laws or the rules of a SRO by the BD or any of its officers, directors, employees or other registered representatives, other than a violation of 17 CFR § 240.17a-8 or 17 CFR § 405.4, so long as such violation is appropriately reported to the SEC or an SRO.

- An FCM or an IB-C, or any of its officers, directors, employees or associated persons, is not required to file a FinCEN SAR for a violation of the Commodity Exchange Act (7 U.S.C. 1 *et seq.)*, the regulations of the CFTC (17 CFR Chapter 1), or the rules of any RFA or RE (as those terms are defined in the Commodity Exchange Act, 7 U.S.C. 21 and 7 U.S.C. 1a(29)), as long as such violation is appropriately reported to the CFTC, an RFA, or RE. This exception does not apply to violations of 17 CFR § 42.2.

- An insurance company is not required to report the submission to it of false or fraudulent information to obtain a policy or make a claim, unless the company has reason to believe that that the false or fraudulent submission relates to money laundering or terrorist financing.

- An issuer of money orders or traveler's checks is not required to report a transaction or pattern of transactions when the transactions were identified through a review of clearance records or other similar records and the transaction amount or aggregated transaction amount involves funds or other assets of less than $5,000.

**7. Additional Reporting:** The Bank Secrecy Act requires financial institutions to file a Currency Transaction Report (CTR) in accordance with the Department of the Treasury's implementing regulations (31 CFR § 1010.310) whenever a currency transaction exceeds $10,000. If a currency transaction exceeds $10,000 and is otherwise reportable as suspicious activity, the institution must file both a CTR (reporting the currency transaction) and a FinCEN SAR (reporting the suspicious activity). If a currency transaction is $10,000 or less and is otherwise reportable as a suspicious activity, the institution should only file a FinCEN SAR. Appropriate records must be maintained in each case. Residential Mortgage Lenders and Originators are required to file Form 8300, Report of Cash Payments Over $10,000 Received in a Trade or Business, instead of a CTR.

**FinCEN SAR Electronic Filing Instructions**

**General Instructions:**

**1. Filing Reports:** This report should be E-filed through the Financial Crime Enforcement Network (FinCEN) BSA E-Filing System. Go to http://bsaefiling.fincen.treas.gov to register if not already registered. Financial institutions that file reports individually will use FinCEN's discrete FinCEN Suspicious Activity Report (FinCEN SAR) to file their reports. Financial institutions that use batch filing or system-to-system filing to transmit multiple reports must transmit files that conform to the requirements of FinCEN's "General Specifications for

Electronic Filing of Bank Secrecy Act (BSA) Reports" (General Specifications) and "FinCEN Suspicious Activity Report (FinCEN SAR) Electronic Filing Requirements."

**2. Recording Information:** Complete each FinCEN SAR by providing as much information as possible. Although all items should be completed fully and accurately, items marked with an asterisk (*) must be completed even when the required data are unknown.  Filers must follow the electronic filing instructions for these items by providing the required data or, if instructions permit, by checking the box "Unknown" to indicate that the required data was unknown. Items that do not begin with an asterisk must be completed if the data are known and will be left blank if the data are unknown. If an item's instructions differ from this general instruction, the item instructions must be followed. These instructions supersede all prior SAR instructions and FinCEN guidance on use of special responses in SAR items when the data are unknown or not available in an electronic filing. Therefore, the use of special responses such as "UNKNOWN," "NONE," "NOT APPLICABLE," or "XX" and their variants is prohibited in the FinCEN SAR.

NOTE:  Throughout these instructions the phrase "check box" and similar wording is used to denote checking an appropriate box in certain data items on the discrete FinCEN SAR. This is deemed equivalent to instructions in the Electronic Filing Requirements to enter appropriate codes in the same data items in transmission files. For example, the requirement to check box 1 "Initial report" in the discrete FinCEN SAR is the equivalent of entering code "A" in "Type of Filing" in the Electronic Filing Requirements Suspicious Activity Information (3A) Record. In some discrete FinCEN SAR data items check boxes have been replaced by drop-down lists.

NOTE:  Throughout these instructions there are requirements to complete items multiple times in a discrete FinCEN SAR if the filer has multiple entries for that item. This is deemed equivalent to completing multiple records for that item in the Electronic Filing Requirements. For example, these instructions direct filers to complete multiple Item 6 "Alternate name" fields if the filer has knowledge of multiple alternate names for a subject. This is equivalent to a batch filer completing multiple Subject Alternative Name (4D) Records for the same subject.

**3. Corrected/Amended Reports:**  A corrected report on a previously-filed FinCEN SAR or prior SAR versions must be filed whenever errors are discovered in the data reported in that FinCEN SAR. An amended report must be filed on a previously-filed FinCEN SAR or prior SAR versions whenever new data about a reported suspicious activity is discovered and circumstances will not justify filing a continuing report (see General Instruction 4). Both corrected and amended reports must be completed in their entirety, with the necessary corrections or amendments made to the data. In both cases box 1b "Correct/Amend prior report" must be checked. If known, the prior report's Document Control Number (DCN) or BSA Identifier (BSA ID) must be entered in field 1e. If the prior report's DCN or BSA ID is unknown, field 1e should be zero-filled. All corrections or amendments must be described completely at the beginning of the Part V Suspicious Activity Information – Narrative section. If a FinCEN SAR is filed to correct or amend a prior SAR version, the FinCEN SAR must be completed in its entirety. This includes FinCEN SAR items that apply to the suspicious activity but were not

present on the prior SAR version. FinCEN SAR items not on the prior SAR version need not be described in the narrative.  BSA IDs, which replaced DCNs, are provided in acknowledgement records sent to member financial institutions by the BSA E-Filing System.

**4. Continuing Reports:**  A continuing report should be filed on suspicious activity that continues after an initial FinCEN SAR is filed. Financial institutions with SAR requirements may file SARs for continuing activity after a 90 day review with the filing deadline being 120 days after the date of the previously related SAR filing. Financial institutions may also file SARs on continuing activity earlier than the 120 day deadline if the institution believes the activity warrants earlier review by law enforcement. Continuing reports must be completed in their entirety, including the information about all subjects involved in the suspicious activity and all financial institutions where the activity occurred. The continuing report Part V narrative should include all details of the suspicious activity for the 90-day period encompassed by the report, and only such data from prior reports as is necessary to understand the activity. Do not reproduce the narratives from prior reports in the continuing report. Provide both the dollar amount involved in the suspicious activity for the 90-day period in Item 26 and the cumulative dollar amount for the current and all prior related reports in Item 28. If continuing losses are involved for any financial institution recorded in Part III, record the 90-day loss in Item 63 and the cumulative loss in Part V.

**5. Joint Report:**  A FinCEN SAR may be jointly filed when two or more distinct financial institutions collaborate in filing a single FinCEN SAR on suspicious activity involving all of the collaborating financial institutions. Financial institutions are "distinct" for this purpose when they are different legal entities; a financial institution is not distinct from its own branches. Joint filing of a single FinCEN SAR is prohibited when any of the Part I "Subject Information" subjects of the would-be jointly filed FinCEN SAR have a box in Item 21 checked that identifies the subject as a director, employee, officer, or owner/controlling shareholder of the filing institution or a would-be joint filer. In that case separate FinCEN SARs must be filed by each institution. To be a jointly-filed FinCEN SAR, box 1d "Joint report" must be checked. In addition, the filing institution listed in Part IV "Filing Institution Contact Information" must identify in Part V "Suspicious Activity Information – Narrative" which Part III "Information about Financial Institution Where Activity Occurred" institutions are joint filers. The filing institution must include joint filer contact information in Part V, along with a description of the information provided by each joint filer. Record joint filer information in Part III Items 47 through 63 and joint filer branch information in Part III Items 64 through 77. Filing a joint FinCEN SAR does not relieve joint filers of the responsibility to report information about the suspicious activity that was not included in the joint filing. A filing institution cannot designate another institution as a joint filer unless the designated joint filer is aware of and approves the FinCEN SAR filing in its entirety. A filer that designates another institution as a joint filer without gaining that institution's agreement to the joint filing and approval of the contents of the joint filing may have committed a willful violation of the Bank Secrecy Act, if the improper designation leads to the disclosure of the SAR filing to a person not entitled to information

about the filing. Both filers and joint filers are required to keep copies of the FinCEN SAR and their own supporting documentation for five (5) years after the date of filing.

**6. Supporting Documentation:** Filers can include a single Microsoft Excel compatible comma separated values (CSV) file with no more than one megabyte of data as an attachment to the FinCEN SAR. The contents of this file must be described in Part V. This file would be most suitable for documenting transaction records that are too numerous to record in Part V. Do not include any other supporting documentation with the FinCEN SAR. Instead, describe in Part V other supporting documentation not included in the file. Filers must retain all supporting documentation or a business record equivalent for five (5) years from the date of the report (31 CFR § 1010.430). All supporting documentation (such as copies of instruments; receipts; sale, transaction or clearing records; photographs; and surveillance audio or video recordings) must be made available to appropriate authorities upon request. See Attachment D for information on attaching comma separated (.CSV) files to a FinCEN SAR filing.

**7. Addresses:** For addresses in the U.S., Canada, or Mexico enter the permanent street address, city, two or three letter state/territory/province code, ZIP Code or foreign postal code, and two letter country code for the individual or entity recorded in Part I, Part III, or Part IV. Provide the apartment number or suite number, if known, following the street address. A non-location address such as a post office box or rural route number should be used only if no other street address information is available. ZIP Codes must be five or nine digits. ZIP Codes and foreign postal codes must be entered without formatting or special characters such as spaces or hyphens. For example, the ZIP Code 12354-6120 would be entered as 123546120. The foreign postal code HKW 702 would be entered HKW702. For other foreign addresses enter the street address, city, postal code, and two letter country code or address equivalent. If a foreign address contains other address information that does not conform to the FinCEN SAR address format, record equivalent address information in the FinCEN SAR address items and the full address in Part V. Complete any address item that is known, even if the complete address is unknown. No abbreviations are permitted in city names, which must be completely spelled out. A U.S. city name must match the city name used by the U.S. Postal Service for the associated state and ZIP Code. For U.S. address use only the authorized U.S. Postal Service state, territory, or military address abbreviations found at https://www.usps.com/ship/official-abbreviations.htm. For Canadian provinces and territories use the Canada Post Corporation codes found at http://www.canadapost.ca/tools/pg/manual/PGaddress-e.asp#1380608. For Mexican states and territories use the ISO 3166-2 three-letter codes found at http://www.commondatahub.com/live/geography/state_province_region/iso_3166_2_state_codes. For all countries use the ISO 3166-1 two-letter country codes found at http://www.iso.org/iso/country_names_and_code_elements. Note: The ISO 3166-1 country list includes entries for all U.S. territories. Do not use these U.S. territory entries, which match the U.S. Postal Service abbreviations required in state fields, in any country field.

**8. Telephone Numbers:** Record all telephone numbers, both foreign and domestic, as a single number string without formatting or special characters such as parentheses or hyphens. For

example, a number in the format (NNN) NNN-NNNN would be recorded as NNNNNNNNNN. Indicate the type of telephone number provided (home, work, mobile, or fax) by checking the appropriate box. Provide the telephone extension number if known. Telephone numbers that are part of the North American Numbering Plan used by the U.S., Canada, many Caribbean countries, and current/former U.S. Pacific island protectorates must consist of an area code and seven-digit telephone number. Other foreign telephone numbers should include the country number code. If only a partial telephone number is known record that number in the phone number item and explain in Part V that the entry is a partial number.

**9. Identifying Numbers:** Enter all identifying numbers as a single text string without formatting or special characters such as hyphens or periods. An identifying number in the format NNN-NN-NNNN would be entered as NNNNNNNNN. Such numbers include alien registration, CRD, CUSIP®, driver's license, state identification, EIN, IARD, ITIN, passport, RSSD, SEC ID, and SSN.

**10. Monetary Amounts:** Record all monetary amounts in U.S. Dollars rounded up to the next whole dollar. The amount $5,265.25 would be recorded as $5,266. If the amount involves a foreign currency, record the currency name, amount, and country of origin in Part V. When converting a foreign currency to U.S. Dollars use an exchange rate for the date or dates the foreign currency was involved in the suspicious activity.

**11. Prohibited Words and Phrases:** Do not use the following words or variations of these words in text fields, other than in Part V:

- a. AKA
- b. COMPUTER GENERATED
- c. CUSTOMER
- d. DBA
- e. NON CUSTOMER
- f. NONE
- g. NOT APPLICABLE
- h. OTHER
- i. SAME
- j. SAME AS ABOVE
- k. SEE ABOVE
- l. SEE NARRATIVE
- m. SIGNATURE CARD
- n. T/A
- o. UNKNOWN
- p. VARIOUS
- q. XX

**12. Name Editing Instructions:** Because many names do not consist of a single first name, middle name, and last name, care must be taken to ensure these names are entered properly in the BSA SAR. This is especially important when there are separate fields for the last name, first name, and middle name. Some names have multiple surnames (family names) or multiple given names that do not include a middle name. Others may not be written in [first name] [middle name] [last name] order. Multiple surnames must be entered in the last name field. For example, Hispanic names may be written in the order of given name, father's last name, and mother's last name, e.g., "Juan Vega Santiago." Thus the surname "VEGA SANTIAGO" would be entered in the last name field with "JUAN" entered in the first name field. Some Hispanic surnames consist of three names (e.g., father's last name, mother's last name, and husband's father's last name in the case of a married woman).  In that case all three would be entered in a last name field. Hispanic names do not have middle names, so a multiple Hispanic given name such as "Rosa Maria" would be recorded in the first name field. In some cultures names consist of multiple first names and a single family name, not necessarily in (first name) (last name) order. For example, the Korean name "Kim, Chun Nam" consists of the family name "Kim" and the first name "Chun Nam" separated by a comma and space. There is no middle name. In this case "KIM" would be entered in the last name field and "CHUN NAM" would be entered in the first name field. Nothing is entered in the middle name field. When an individual name is entered in a single name field it should be entered in [first name] [middle name] [last name] order regardless of any foreign naming conventions. Thus, "Kim, Chun Nam" would be entered as "CHUN NAM KIM" in a single name field. Punctuation and special characters should be used in names only when they are part of the name.  For example, the period in "Expedia.Com" should be included because it is part of the name.  Placing a period after a middle initial would be prohibited because the period is not part of the middle name. Abbreviations in names are prohibited unless an abbreviation is part of a legal name.  Entry of middle initials is permitted when a middle name is unknown.  A name suffix may be abbreviated, i.e. Junior can be JR, Senior can be SR, the Third can be III, etc.

**Item Instructions**

NOTE: Critical fields are identified with the **\*** symbol in front of the data element number.

-------------------------------------------------- Type of Filing --------------------------------------------------
**\* 1.** Check all that apply:
    a. Initial report
    b. Correct/Amend prior report
    c. Continuing activity report
    d. Joint report
    e. Prior report Document Control Number/BSA Identifier if items 1b or 1c are checked

Item \*1 Type of Filing: Check box 1a "Initial report" if this is the first report filed on the suspicious activity. FinCEN SARs filed as a result of a historical or other review of past transactional activity, either directed by a regulating authority or conducted as a financial

institution initiative, must always be initial reports. Check box 1b "Correct/Amend prior report" if the report corrects or amends a previously-filed report. Check box 1c "Continuing activity report" if this report involves suspicious activity reported on one or more previous reports. Continuing reports should be filed at least every 90 days on continuing suspicious activity. If this report is being jointly filed with another financial institution, check the appropriate box 1a, 1b, or 1c and box 1d "Joint report." Filers must clearly identify in Part V which Part III financial institutions are the joint filers on the FinCEN SAR. If box 1b or 1c is checked, enter in field 1e the Document Control Number (DCN) or the BSA Identifier (BSA ID) assigned to the previous SAR by FinCEN. If the DCN or BSA ID is unknown, enter zeros in place of the unknown number. See General Instructions 3 through 5 for additional information on Type of Filing.

-------------------------------------------- Part I: Subject Information --------------------------------------------

Part I Subject Information: Complete a Part I section on each known subject involved in the suspicious activity. Persons who are victims of the suspicious activity are not subjects and should not be recorded in a Part I section. Victim information, if necessary for a complete description of the suspicious activity, should be recorded in Part V. If the subject is or all subjects are unknown, complete a single Part I record with box 2b checked to show that all subject information was unavailable for critical Items 3, 4, 8, 9, 10, 11, 12, 13, 15, and 16. These critical items (denoted with an asterisk "*") except Item 24 must be blank. Record the nature of the unknown subject(s) in Part V.  If the suspicious activity involves known and unknown subjects, complete a Part I section on each known subject and record the nature of the unknown subject(s) in Part V. Do not complete Part I records on the unknown subjects when there are known subjects.

2. Check:
    a. if entity
    b. if all critical* subject information is unavailable (does not include item 24)

Item 2a Check if entity: Check box 2a if the person described in Part I is an entity and not an individual.
Item 2b Check if all critical subject information is unavailable: Check box 2b if the information in Part I is unavailable for all critical subject items except Item 24. These critical items (3, 4, 8, 9, 10, 11, 12, 13, 15, and 16) and their associated "Unknown" fields must be left blank.

* 3. Individual's last name or entity's legal name
    a. *(check if)* unknown

Item *3 Individual's last name or entity's legal name: Enter the individual's last name or the entity's legal name. The legal name is the name on the articles of incorporation or other document that established the entity. Do not abbreviate names unless an abbreviation is part of the legal name. Item 3 and box 3 "Unknown" must be blank if box 2b is checked. Leave item 3

blank and check box 3 "Unknown" if the individual's last name or the entity's legal name is unknown and box 2b is not checked.

**\* 4. First name**
    a. *(check if)* unknown

Item \*4 First name: Enter the individual's first name. If the first name is unknown leave item 4 blank and check box 4 "Unknown."  Leave Item 4 and box 4 "Unknown" blank if box 2a or 2b is checked.

**5. Middle name/initial**

Item 5 Middle name/initial: Enter the individual's middle name or initial. Leave this item blank if the middle name or initial is unknown or box 2a is checked.

**5. Suffix name**

Item 5 Suffix name: Enter the individual's suffix such as JR, SR, III, etc. Leave this item blank if the suffix is unknown or the individual's legal name does not include a suffix.

**5. Gender**
    a. *(Check if)* Male
    b. *(Check if)* Female
    c. *(Check if)* Unknown

Item 5 Gender: Select options 5a Male or 5b Female if individual's gender is known. Select option 5c "Unknown" if the individual's gender is unknown. Leave Item 5 blank if the subject is an entity. Item 5 (Gender) does not create an obligation for a financial institution to collect this data when such collection would be in conflict with the financial institution's obligations under any other federal law.

**6. Alternate name, e.g. AKA - Individual or DBA - Entity**

Item 6 Alternate name: Enter the individual's also known as (AKA) name or the entity's doing business as (DBA) name if different from the name entered in Items 3-5. Do not include the acronyms AKA or DBA with the name. Multiple Item 6 fields may be completed if multiple subject alternate names are known.

**7. Occupation or type of business**
    a. NAICS Code

Item 7 Occupation or type of business: Record the occupation, profession, or type of business of the individual or entity recorded in Part I. Use specific descriptions such as doctor, carpenter,

attorney, used car dealership, plumber, truck driver, hardware store, etc. Do not use non-descriptive items such as businessman, merchant, retailer, retired, or self-employed. If words like self-employed, unemployed, or retired are used, add the current or former profession if known (e.g. self-employed building contractor, retired teacher, or unemployed carpenter). If the occupation or business activity can be described in more detail, include the additional information in Part V.

Item 7a NAICS Code:  Select from the FinCEN-approved list the North American Industry Classification System (NAICS) code for the occupation or type of business entered in Item 7. Access the NAICS Code list from the BSA E-Filing Web Site (http://bsaefiling.fincen.treas.gov/main.html).

* 8. Address
    a. *(check if)* unknown

Items *8 - *12 Subject address items: Enter the subject's permanent street address, city, two or three letter state/territory/province code (U.S./Canada/Mexico only), ZIP Code or foreign postal code, and two letter country code. Complete any address item that is known, even if the complete address is unknown. If an address item is unknown, leave that item blank and check box 8 "Unknown."  If box 2b is checked all address items and check boxes must be blank. See General Instruction 7 for additional information on entering addresses. Multiple sets of address fields may be completed if multiple present and past subject addresses are known.

* 9. City
    a. *(check if)* unknown

* 10. State
    a. *(check if)* unknown

* 11. ZIP/Postal Code
    a. *(check if)* unknown

* 12. Country Code
    a. *(check if)* unknown

* 13. TIN *(enter number in space provided and check appropriate type below)*
    a. *(check if)* unknown

Item *13 TIN: Enter the subject's U.S. taxpayer identification number (TIN) or foreign equivalent without formatting or punctuation. If the number is unknown, check box 13 "Unknown" and leave Item 13 blank. Leave item 13 and box 13 "Unknown" blank if box 2b is checked. See General Instruction 9 for information on entering identifying numbers.

14. TIN type
    a. EIN
    b. SSN-ITIN
    c. Foreign

Item 14 TIN type: Identify the type of TIN recorded in Item 13. Select option 14a "EIN" if the subject has a U.S. Employer Identification Number (EIN). Box 2a "If entity" must be checked because an EIN is assigned only to an entity. Select option 14b"SSN-ITIN" if the subject has a U.S. Social Security Number (SSN) or Individual Taxpayer Identification Number (ITIN). Select option 14c "Foreign" if the subject has a foreign TIN of any type. Box 2a must be checked if the foreign subject is an entity. If 14c is checked, record in Part V the name of the country that issued the foreign TIN. Enter the subject's TIN type if known even if the actual TIN is unknown and Item 13 "Unknown" is checked. If a 9-digit TIN is entered in Item 13 but the TIN type is unknown, select option 14a "EIN" if the subject is an entity and option 14b "SSN-ITIN" if the subject is an individual. TINs that are not 9 digits are presumed to be foreign, so option 14c "Foreign" would be selected.

* 15. Form of identification for subject:
    a. *(check if)* Unknown
    b. *(check if)* Driver's license/state ID
    c. *(check if)* Passport
    d. *(check if)* Alien registration
    e. Number
    f. Issuing State
    g. Issuing Country
    z. *(check if)* Other *(and specify type in space provided)*

Item *15 Form of identification: Enter in Item 15 the information used to identify the individual or entity. Select option 15b if the identification was a driver's license or state ID, 15c if the identification was a passport or 15c if the identification was an alien registration. Select option 15z if a different identification was provided and describe that identification in the "Other" text field. "Other" identification could include such things as an entity's business license or incorporation documents, corporate ID cards, local government ID cards, etc. Enter the identification number in field 15e "Number."  Do not include formatting such as hyphens or periods. Select the appropriate state option in field 15f "Issuing state" if the identification issuer was a U.S., Canadian, or Mexican state, territory, or province. Select the appropriate country option in field 15f "Country" if the issuer was a country. If field 15f "Issuing state" contains an entry, then 15g "Country" must contain "US," "CA," or "MX" as appropriate. See General Instruction 7 for information about the codes to enter in state and country items.  If the identification issuer does not have a code, select the option for the issuer's country in field 15g. For example, if the issuer was the London Police Department United Kingdom would be selected in 15g. Record the name and nature of the issuer in Part V. Enter all identification data that is available. Check box 15a "Unknown" only if all identification information is unknown

but the subject is known. Leave all fields in Item 15 blank if box 2b has been checked. Multiple sets of Item 15 fields may be completed if multiple types of identification for a subject are known. See General Instruction 9 for information on entering identifying numbers.

\* 16. Date of birth
   a. *(check if)* unknown

Item \*16 Date of birth: If the subject is an individual enter the subject's data of birth in Item 16. Filers of FinCEN's discrete FinCEN SAR must use the format MM/DD/CCYY where MM = month, DD = day, CC = century, and YY = year.  Batch filers must use the format MMDDCCYY. If the birth day and or month is unknown, enter "00" for the unknown day or month. For example, a date of birth with an unknown day in February 1978 would be entered as 02/00/1978 in a discrete FinCEN SAR and 02001978 in a batch filed FinCEN SAR. Do not enter zeros for the year if the year is unknown. If the year of birth or the complete date of birth is unknown, check box 16 "Unknown" and leave Item 16 blank. If box 2a or 2b is checked, Item 16 and box 16 "Unknown" must be blank.

17. Phone number – type
   a. *(check if)* Home
   b. *(check if)* Work
   c. *(check if)* Mobile
   d. *(check if)* Fax

Item 17 Phone number - type: Enter the type of telephone number recorded in Item 18 by selecting the appropriate option. Leave Item 17 blank if no telephone number is recorded in Item 18 or the type of telephone number is unknown. Multiple sets of Item 17 and Item 18 fields may be completed if multiple telephone numbers for the subject are known.

18. Phone number
   a. Extension (if any)

Item 18 Phone number: Enter the subject's U.S. or foreign telephone number with no formatting such as parentheses, spaces, or hyphens. If the telephone number is unknown, leave item 18 blank. See General Instruction 8 for information on entering telephone numbers. Multiple sets of Item 17 and Item 18 fields may be completed if multiple telephone numbers for the subject are known.

Item 18a Ext. (if any): Enter the telephone extension associated with the subject's telephone number. Leave Item 18a blank if there is no extension or the extension is unknown.

19. E-mail address (if available)

Item 19 E-mail address: Enter the subject's e-mail address if known. Include all formatting, punctuation, and special characters in the e-mail address. Leave Item 19 blank if the e-mail address is unknown. If additional e-mail addresses are known for a subject, complete additional Item 19 fields. An e-mail address must contain the "@" sign and a period in the text following the "@" sign. Examples: johndoe@business.com or richardroephd@college.edu.

19a. Website (URL) address (if available)*)*

Item 19a Website (URL) address: Enter the subject's website URL (Uniform Resource Locator) known. Include all punctuation and special characters present in the URL. If additional URLs are known for a subject, complete an additional Item 19a for each URL. Leave Item 19a blank if the URL is unknown.

20. Corroborative statement to filer?
    a. *(check if)* Yes
    b. *(check if)* No

Item 20 Corroborative statement: Select "Yes" if the subject has made a statement to the filer admitting to involvement in or otherwise substantiating the suspicious activity. Record in Part V the nature of the corroborative statement and how it was recorded, i.e. written confession, verbal statement, etc. Select "No" if no corroborative statement was made to the filer.

21. Relationship of the subject to an institution listed in Part III or IV (check all that apply)
    a. Institution TIN
    b. Accountant
    c. Agent
    d. Appraiser
    e. Attorney
    f. Borrower
    g. Customer
    h. Director
    i. Employee
    j. No relationship to institution
    k. Officer
    l. Owner or Controlling Shareholder
    z. Other *(specify type in space provided)*

Item 21 Relationship of the subject to an institution: If the subject has a relationship with a financial institution or individual listed in Part III or Part IV, enter the financial institution's TIN from Items 55 or 80 in field 21a "Institution EIN." Select all options 21b through 21l that describe the relationship. If the relationship is not covered by any of options 21b through 21l, select option 21z "Other" and enter a brief description of the relationship in the "Other" text field. Avoid descriptions that are too general. For example, the entry "broker" should be made

more specific by indicating the relationship was "real estate broker," "securities broker," or "mortgage broker."  If necessary, describe the relationship more fully in Part V. If the subject has no relationship with the financial institution, check box 21j "No relationship to institution." The FinCEN SAR cannot be a joint FinCEN SAR if any of the options 21h "Director," 21i "Employee," 21k "Officer," or 21l "Owner or Controlling Shareholder" have been selected. If the subject had a relationship with a financial institution recorded in Part III but the financial institution's TIN was unknown, record the relationship but leave field 21a blank. If the subject has relationships with multiple Part III and Part IV financial institutions, complete a separate set of Item 21 fields for each financial institution. If more than one of 21h "Director," 21i "Employee," 21k "Officer," or 21l "Owner or Controlling Shareholder" is selected and/or the status or action date is different for each, an Item 21 for each must be completed.

22. If item 21h, i, k, or l is selected, indicate status of relationship
    a. *(check if)* Relationship continues
    b. *(check if)* Terminated
    c. *(check if)* Suspended/barred
    d. *(check if)* Resigned

Item 22 If item 21h, i, k, or l is selected: If any of boxes 21h, 21i, 21k, or 21l are selected, select the appropriate Item 22 option to indicate the status of the relationship. Select option 22a if the relationship continues. Select option 22b if the subject was terminated, 22c if the subject was suspended or barred, or 22d if the subject resigned. If multiple sets of Item 21 fields are completed on a subject, complete an Item 22 field for each set.

23. Action date if 22 b, c, or d is checked

Item 23 Action date: If any of boxes 22b through 22d have been checked, enter the date the action was taken. The date must be in MM/DD/YYYY format. Leave Item 23 blank if no action was taken. If multiple Item 22 fields were created where box 22b, 22c, or 22d was checked, complete an Item 23 for each Item 22.

* 24. Financial Institution TIN and account number(s) affected that are related to subject, if any.
    a. *(check if)* No known account involved
    b. *(check if)* Non-US Financial Institution
    c. TIN
    d. account number
    e. *(check if)* closed

Item 24 Financial inst. EIN and acct. number(s) affected that are related to the subject, if any: Enter in Item 24 information about any accounts involved in the suspicious activity that are related to the subject recorded in Part I. An account is related to a subject if the subject owns the account, has control over the account, or conducted activity in or through an account the subject does not own or control. Check box 24a "No known acct. involved" if no account related to the

subject is involved in the suspicious activity. Check box 24b "Non-US Financial Institution" if the account is located at a foreign financial institution. Enter in field 24c the TIN, if known, of the financial institution where the account is held. If the TIN is unknown leave the TIN field blank. Enter the account number involved in field 24d. If the account is closed, check the "Yes" box. If multiple account numbers are involved in the suspicious activity, complete an additional set of account number fields for each account number. Record account numbers involved in the suspicious activity that are related to the subject even if the TIN or name of the financial institution is unknown. If the TIN of a financial institution associated with an account number entered in 24d is unknown, record the institution name and associated account number in Part V (example: "The account number 123654987 is held at First Federal Bank."). If the filer is aware that the subject has an account involved in the suspicious activity with a financial institution listed in Part III but the account number is unknown, record the financial institution TIN in Item 24a but leave the associated account number field blank. Explain the missing account number in Part V. The subject's relationship to any account recorded in Item 24 must be clearly defined in Part V unless the subject is the owner of the account (example: "The subject made unauthorized purchases using a stolen debit card for account 3456789 owned by his aunt.").

25. Subject's role in suspicious activity (if applicable)
    a. *(check if)* Purchaser/Sender
    b. *(check if)* Payee/Receiver
    c. *(check if)* Both a & b

Item 25 Subject's role: Record the subject's role in the suspicious activity by selecting the appropriate option. Select option 25a "Purchaser/Sender" if the subject purchased or sent the financial instrument(s) or product(s) involved in the suspicious activity. Select option 25b "Payee/Receiver" if the subject was the payee or receiver of the instrument(s) or product(s). Select option 25c "Both a & b" if the subject was both a purchaser/sender and payee/receiver. Instruments and products are not limited to the instruments and products listed in Item 39 and 40.

-------------------------------------- Part II Suspicious Activity Information ------------------------------

* 26. Amount involved in this report
    a. *(check if)* Amount unknown
    b. *(check if)* No amount involved

Item *26 Amount involved in this report: Enter the total dollar amount involved in the suspicious activity for the time period of this report. If the amount is unknown, leave this item blank and check box 26a "Amount unknown." Explain why the dollar amount is unknown in Part V. If some dollar amounts are known while others are unknown, enter the total of all known amounts and explain the unknown amounts in Part V. If there is no amount involved in the suspicious activity, check box 26b "No amount involved." If the FinCEN SAR is a continuing report with box 1c "Continuing activity report" checked, enter only the amount

involved for the time period covered by this FinCEN SAR. Do not include amounts from prior FinCEN SARs in Item 26.  See General Instruction 10 for information on entering amounts.

* 27. Date or date range of suspicious activity for this report
    a. From: mm/dd/yyyy
    b. To: mm/dd/yyyy

Item *27 Date or date range of suspicious activity for this report: Enter the suspicious activity date or date range for this report. If the suspicious activity occurred on a single day, enter that date in field 27a "From" and leave field 27b "To" blank. If the suspicious activity occurred on multiple days, enter the earliest date of suspicious activity in field 27a and the most-recent date of suspicious activity in field 27b. If the exact date(s) of the suspicious activity is (are) unknown, enter a date range that the filer believes will encompass the date(s) of the suspicious activity. Explain the nature of this date range in Part V. If the FinCEN SAR involves continuing activity with box 1c "Continuing activity report" checked, enter only the date range covered by this FinCEN SAR. Record in Part V the aggregated date range of all FinCEN SARs filed on the continuing suspicious activity. Use the format MM/DD/CCYY for dates in a discrete FinCEN SAR and the format MMDDCCYY for dates in a batch-filed FinCEN SAR.

28. Cumulative amount only if box 1c (continuing activity report) is checked

Item 28 Cumulative amount: Enter the cumulative amount involved in the suspicious activity in Item 28 if box 1c "Continuing activity report" is checked. The cumulative amount represents the total amount involved in all FinCEN SARs filed on the suspicious activity, including the current FinCEN SAR. If box 1c is checked and the cumulative dollar amount is unknown because all dollar amounts are unknown or no dollar amount is involved, enter zero (0) and explain the entry in Part V. If some dollar amounts are known while others are unknown, enter the total of all known amounts in Item 28 and explain the nature of the unknown amounts in Part V. See General Instruction 10 for information on entering amounts.  Leave Item 28 blank if box 1c is not checked.

Items 29-38 Types of suspicious activity:  Use the suspicious activity category Items 29 through 38 to record the type(s) of suspicious activity being reported. Check all boxes that apply to the suspicious activity. If a category applies but none of the options apply, check the category's box "z Other" and briefly describe the type of suspicious activity in the associated text field. If necessary, explain the type of suspicious activity in more detail in Part V.

29. Structuring
    a. Alters transaction to avoid BSA recordkeeping requirement
    b. Alters transaction to avoid CTR requirement
    c. Customer cancels transaction to avoid BSA reporting and recordkeeping requirements
    d. Multiple transactions below BSA recordkeeping threshold
    e. Multiple transactions below CTR threshold

f. Suspicious inquiry by customer regarding BSA reporting or recordkeeping requirements
z. Other *(specify type of suspicious activity in space provided)*

30. Terrorist Financing
    a. Known or suspected terrorist / terrorist organization
    z. Other *(specify type of suspicious activity in space provided)*

31. Fraud
    a. ACH
    b. Business loan
    c. Check
    d. Consumer loan
    e. Credit/Debit card
    f. Healthcare
    g. Mail
    h. Mass-marketing
    i. Pyramid scheme
    j. Wire
    z. Other *(specify type of suspicious activity in space provided)*

32. Casinos
    a. Inquiry about end of business day
    b. Minimal gaming with large transactions
    c. Suspicious intra-casino funds transfers
    d. Suspicious use of counter checks or markers
    z. Other *(specify type of suspicious activity in space provided)*

33. Money laundering
    a. Exchanges small bills for large bills or vice versa
    b. Suspicion concerning the physical condition of funds
    c. Suspicion concerning the source of funds
    d. Suspicious designation of beneficiaries, assignees or joint owners
    e. Suspicious EFT/Wire transfers
    f. Suspicious exchange of currencies
    g. Suspicious receipt of government payments/benefits
    h. Suspicious use of multiple accounts
    i. Suspicious use of noncash monetary instruments
    j. Suspicious use of third-party transactors (straw-man)
    k. Trade Based Money Laundering / Black Market Peso Exchange
    l. Transaction out of pattern for customer(s)
    z. Other *(specify type of suspicious activity in space provided)*

34. Identification / Documentation

a. Changes spelling or arrangement of name
b. Multiple individuals with same or similar identities
c. Provided questionable or false documentation
d. Refused or avoided request for documentation
e. Single individual with multiple identities
z. Other *(specify type of suspicious activity in space provided)*

35.  Other suspicious activities
a. Account takeover
b. Bribery or gratuity
c. Counterfeit instruments
d. Elder financial exploitation
e. Embezzlement/theft/disappearance of funds
f. Forgeries
g. Identity theft
h. Little or no concern for product performance penalties, fees, or tax consequences
i. Misuse of "free look"/cooling off/right of rescission
j. Misuse of position or self-dealing
k. Suspected public/private corruption (domestic)
l. Suspected public/private corruption (foreign)
m. Suspicious use of informal value transfer system
n. Suspicious use of multiple transaction locations
o. Transaction with no apparent economic, business, or lawful purpose
p. Two or more individuals working together
q. Unauthorized electronic intrusion
r. Unlicensed or unregistered MSB
z. Other *(specify type of suspicious activity in space provided)*

36. Insurance
a. Excessive insurance
b. Excessive or unusual cash borrowing against policy/annuity
c. Proceeds sent to or received from unrelated third party
d. Suspicious life settlement sales insurance (e.g. STOLI's, Viaticals)
e. Suspicious termination of policy or contract
f. Unclear or no insurable interest
z. Other *(specify type of suspicious activity in space provided)*

37. Securities / Futures / Options
a. Insider trading
b. Market manipulation/wash trading
c. Misappropriation
d. Unauthorized pooling
z. Other *(specify type of suspicious activity in space provided)*

38. Mortgage fraud
    a. Appraisal fraud
    b. Foreclosure fraud
    c. Loan modification fraud
    d. Reverse mortgage fraud
    z. Other

39. Were any of the following product type(s) involved in the suspicious activity?  Check all that apply:
    a. Bonds/Notes
    b. Commercial mortgage
    c. Commercial paper
    d. Credit card
    e. Debit card
    f. Forex transactions
    g. Futures/Options on futures
    h. Hedge fund
    i. Home equity loan
    j. Home equity line of credit
    k. Insurance/Annuity products
    l. Mutual fund
    m. Options on securities
    n. Penny stocks/Microcap securities
    o. Prepaid access
    p. Residential mortgage
    q. Security futures products
    r. Stocks
    s. Swap, hybrid or other derivative
    z. Other *(specify type in space provided)*

Item 39 Product types involved in suspicious activity: Check all Item 39 boxes that apply to record the product type(s) involved in the suspicious activity. Option 39f 'Forex transactions" includes all foreign exchange transactions both on and off-exchange, including futures and options on foreign exchange. Option 39g "Futures/Options on futures" includes futures and options on any "commodity," as that term is defined in Section 1a(4) of the Commodity Exchange Act, including broad-based security indexes. Option 39s "Swap, hybrid or other derivative" includes all derivatives not included above including those traded over-the-counter and off-exchange. If the product type is not covered by options 39a through 39s, check box 39z "Other (list below)" and enter a brief description in the associated text field. If necessary provide a more detailed product type (such as commodity futures contracts, options on commodity futures contracts, commodity options, and OTC agricultural trade options) in Item 42

"Product/instrument description" or in Part V. If there are multiple product types not covered by Item 39, record one in Item 39 "Other (List below)" and all others in Part V.

40. Were any of the following instrument type(s)/payment mechanism(s) involved in the suspicious activity?  Check all that apply:
    a. Bank/cashier's check
    b. Foreign currency
    c. Funds transfer
    d. Gaming instruments
    e. Government payment
    f. Money orders
    g. Personal/Business check
    h. Travelers checks
    i. U.S. Currency
    z. Other *(specify type in space provided)*

Item 40 Instrument types involved in suspicious activity: Check all Item 40 boxes that apply to record the instrument type(s) involved in the suspicious activity. If the instrument type is not covered by options 40a through 40i, check box 40z "Other (List below)" and enter a brief description in the associated text field. If necessary provide a more-detailed description of the instrument type in Part V. If there are multiple instrument types not covered by Item 40, record one in Item 40 "Other (List below)" and all others in Part V.

41. Commodity type (if applicable)

Item 41 Commodity type: If a commodity is involved in the suspicious activity, record the commodity type in Item 41. Multiple Item 41 fields should be completed if multiple commodity types are involved in the suspicious activity.

42. Product/Instrument description (if needed)

Item 42 Product description: Provide a description of the product recorded in Item 39 or instrument recorded in Item 40 if necessary for a more-complete understanding of the suspicious activity. Multiple Item 42 fields should be completed if multiple products or instruments requiring a description are involved in the suspicious activity.

43. Market where traded *(list of codes will be provided – dropdown menu for electronic filers)*

Item 43 Market where traded: Enter in Item 43 the three to five-letter code for the market where a commodity recorded in Items 39 or 41 was traded. Multiple Item 43 fields should be completed if multiple markets are involved in the suspicious activity. Use only the ISO 10383 Exchange/Market Identifier Codes (MIC) found at http://www.iso15022.org/MIC/homepageMIC.htm.

44. IP Address (if available)

Item 44 IP Address: Enter the Internet Protocol (IP) Address, if known, of a computer involved in the suspicious activity. Enter as many IP addresses as are know up to a maximum of 99. If the IP address is IPv4, use a variation of the format nnn.nnn.nnn.nnn (n = number) with periods between the segments. If the IP address is IPv6, use a variation of the format cccc:cccc:cccc:cccc:cccc:cccc:cccc:cccc (c = character, IPv6 is alphanumeric in some segments) with colons between the segments. Left justify and space-fill the entry. Multiple Item 44 fields should be completed if multiple IP addresses are involved in the suspicious activity.

45. CUSIP number

Item 45 CUSIP® number: Enter in Item 45 the CUSIP® (Committee on Uniform Securities Identification Procedures) number of any securities products such as stocks and bonds involved in the suspicious activity. Multiple Item 45 fields should be completed if there are multiple CUSIP numbers for multiple securities products involved in the suspicious activity.

-------------- Part III Information about Financial Institution Where Activity Occurred -----------

Part III records information about the financial institution(s) where the suspicious activity occurred. Complete a separate Part III record on each financial institution involved in the suspicious activity. If box 1d "Joint report" is checked there must be two or more Part III records in the FinCEN SAR, one for the Part IV filing institution or filer subsidiary and one for each joint filer. If a financial institution recorded in Part III has branches involved in the suspicious activity, record the branch information in Items 64 through 70.  Information on up to 99 branches can be recorded in a single SAR. A branch is a location (such as an office or ATM) owned by the financial institution but located separately from the financial institution's headquarters. If a reporting financial institution has agents where the suspicious activity occurred, a separate Part III must be prepared on each agent. An agent is an independent financial institution (such as a supermarket that sells money orders or an independent insurance agent) that has a contractual relationship with the reporting financial institution to conduct financial transactions. Do not place agent information in branch fields. Generally, a branch operates under the same TIN as the financial institution. An agent has a TIN different from the financial institution. Financial institution as used in Part III includes individuals acting as sole proprietorship financial institutions using their personal Social Security Number (SSN) or Individual Taxpayer Identification Number (ITIN).

* 47. Type of financial institution (check only one)
  a. Casino/Card club
  b. Depository institution
  c. Insurance company
  d. MSB

    e. Securities/Futures
    z. Other *(specify type of institution in space provided)*

Item *47 - Type of financial institution: Select the appropriate type of financial institution that best describes the financial institution recorded in Item 53. If none of those options apply, select "Other" and enter a brief description in the associated text field. If necessary, include a more-detailed description in Part V.

NOTE: If the financial institution is a non-bank residential mortgage lender or originator, select "Other" and enter "NON-BANK RESIDENTIAL MORTGAGE" in the associated text field.  If the financial institution is a dealer in precious metals, stones, or jewels, select option "Other" and enter "DEALER IN PRECIOUS METALS STONES JEWELS" in the associated text field.

* 48. Primary Federal Regulator
    a. Commodities Futures Trading Commission (CFTC)
    b. Federal Reserve Board (FRB)
    c. Federal Deposit Insurance Corporation (FDIC)
    d. Internal Revenue Service (IRS)
    e. National Credit Union Administration (NCUA)
    f. Office of the Comptroller of the Currency (OCC)
    g. Securities and Exchange Commission (SEC)
    z. Not Applicable.

Item *48 Primary federal regulator: Select the appropriate option to identify the primary federal regulator or BSA examiner of the financial institution recorded in Part III. If more than one regulator option could apply, enter the code for the regulator that has primary responsibility for enforcing compliance with the BSA. If Item 47 option "Casino/Card Club," "Insurance Company," or "MSB" was selected, the Item 48 entry must be "Internal Revenue Service (IRS)." If the institution recorded in Part III is subject to U.S. law and none of the other codes apply, select option "Internal Revenue Service (IRS)." If the institution recorded in Part III is not subject to U.S. law, then select option "Not Applicable."

49. If item 47a is checked indicate type (Check only one)
    a. State licensed casino
    b. Tribal authorized casino
    c. Card club
    z. Other (specify) *(specify type in the space provided)*

Item 49 Gaming institution type: If option 47a was selected indicating the financial institution is a gaming institution such as a casino or card club, record the type of gaming institution by checking the appropriate box. If none of the options 49a through 49c are appropriate, check box

49z "Other" and provide a brief description in the associated text field. If necessary, include a more detailed description in Part V.

50. If item 47e is checked, indicate type of Securities and Futures institution or individual where activity occurred—check box(es) for functions that apply to this report
    a. Clearing broker - securities
    b. Futures Commission Merchant
    c. Holding company
    d. Introducing broker - commodities
    e. Introducing broker - securities
    f. Investment Adviser
    g. Investment company
    h. Retail foreign exchange dealer
    i. Subsidiary of financial/bank holding company
    z. Other *(specify type of institution or individual in space provided)*

Item 50 Securities and futures type: If option 47e was checked indicating the financial institution is part of the securities and futures industries, check all boxes that apply to indicate the type of securities and futures institution. If none of options 50a through 50i apply, check box 50z "Other" and record a brief description of the type in the associated text field. Examples of this are commodity pool operator or commodity trading adviser. If necessary, include a more-detailed description in Part V.

51. Financial institution identification number (Check one box to indicate type)
    a. *(check if)* Central Registration Depository (CRD) number
    b. *(check if)* Investment Adviser Registration Depository (IARD) number
    c. *(check if)* National Futures Association (NFA) number
    d. *(check if)* Research Statistics Supervision Discount (RSSD) number
    e. *(check if)* Securities and Exchange Commission (SEC) number
    f.  Identification number

Item 51 Financial institution identification number: Select the appropriate option if the financial institution recorded in Part III has a Central Registration Depository (CRD) number, an Investment Adviser Registration Depository (IARD) number, a National Futures Association (NFA) number, a Research Statistics Supervision Discount (RSSD) number, or a Securities and Exchange Commission (SEC) Reporting File Number (RFN). Do not enter an SEC Central Index Key (CIK) number in place of the RFN. Record the number in field 51f. See General Instruction 9 for information on entering identifying numbers.

52. Financial institution's role in transaction (if applicable)
    a. *(check if)* Selling location
    b. *(check if)* Paying location
    c. *(check if)* Both a & b

Item 52 Financial institution role in transaction: Check the box "Selling location" if the customer purchased at the Part III financial institution the products or instruments recorded in Items 39 or 40.  Check the box "Paying location" if the customer received payment from the Part III financial institution for the products or instruments recorded in Items 39 or 40.  Check the box "Both" if the Part III financial institution was both a paying and selling location for the products or instruments recorded in Items 39 or 40.

\* 53. Legal name of financial institution
    a. *(check if)* unknown

Item 53 Legal name of financial institution: Enter the legal name of the financial institution as recorded on articles of incorporation or other documents establishing the institution. Enter the full name of the filer if the filer is an individual, such as a sole proprietorship, acting as a financial institution. If an individual's name is recorded, enter the name in (first name) (middle name) (last name) or equivalent format, e.g. John Jacob Doe or Richard R. Roe II, etc. Check box 53 "Unknown" if the legal name is unknown and leave Item 53 blank.

 54. Alternate name, e.g., AKA - individual or trade name, DBA - entity

Item 54 Alternate name: If the financial institution recorded in Item 53 has a separate doing business as (DBA) name, enter that name here. If an individual recorded in Item 53 has a separate also known as (AKA) name, enter that name here also. Do not include the acronyms DBA or AKA with the alternate name.

\* 55. TIN
    a. *(check if)* unknown

Item 55 - TIN: Enter the Taxpayer Identification Number (TIN), either U.S. or foreign, of the financial institution or individual recorded in Item 53. See General Instruction 9 for information on entering identifying numbers. Check box 55 "Unknown" if the TIN is unknown and leave Item 55 blank.

56. TIN type (\* if 55 is completed)
    a. EIN
    b. SSN-ITIN
    c. Foreign

Item 56 TIN type: Select the option for the type of TIN entered in Item. If the TIN in Item 55 is unknown and the Item 53 financial institution has a U.S. address, select TIN Type option "EIN" if the financial institution is an entity and "SSN-ITIN" if the financial institution is an individual. If the financial institution has a foreign address and the TIN is unknown, select "Foreign."

\* 57. Address
      a. *(check if)* unknown

Items \*57 - \*61 Financial institution address items: Enter the financial institution's permanent street address, city, two or three letter state/territory/province code (U.S./Canada/Mexico only), ZIP Code or foreign postal code, and two letter country code. If an address item is unknown, leave that item blank and check the item's "Unknown" box. Leave Item 59 State blank if the state is unknown or the country is not the U.S., Canada, or Mexico. See General Instruction 7 for additional information on entering address data.

\* 58. City
      a. *(check if)* unknown

59. State

\* 60. ZIP/Postal Code
      a. *(check if)* unknown

\* 61. Country

62. Internal control/file number

Item 62 Internal control/file number: Enter the internal control number or file number, if applicable, assigned to the FinCEN SAR by the financial institution. This number should be unique to the FinCEN SAR if possible, allowing interested parties such as law enforcement or the financial institution to reference the FinCEN SAR without committing a potentially illegal disclosure of FinCEN SAR data.

63. Loss to financial institution *(if applicable)*

Item 63 Loss to financial institution:  If the financial institution has suffered a loss because of the suspicious activity, record the amount of loss in Item 63. If some losses are known and other losses unknown, enter the total of known losses as of the date of filing. If the FinCEN SAR is a continuing FinCEN SAR because box 1c was checked, enter the loss amount for the current FinCEN SAR in Item 63 and record in Part V the total aggregated losses for all FinCEN SARs filed on the suspicious activity. The amount entered in this field cannot be zero and cannot be greater than the amount in Item 26 "Amount involved in this report." See General Instruction 10 for information on entering amounts.

64. Branch's role in transaction (if applicable)
      a. *(check if)* Selling location
      b. *(check if)* Paying location

c. *(check if)* Both a & b

Item 64 Branch's role:

Check the box "Selling location" if the branch sold the products or instruments recorded in Items 39 or 40 to a customer.  Check the box  "Paying location" if a customer received payment from the branch for the products or instruments recorded in Items 39 or 40.  Check the box "Both" if the Part III financial institution branch was both a paying and selling location for the products or instruments recorded in Items 39 or 40. This item must be blank if no branch is involved in the suspicious activity. If multiple branches are involved in the suspicious activity, a separate Item 64 must be prepared for each branch.

**\* 65.** Address of branch or office where activity occurred
    a. If no branch activity involved, check this box.

Items *65 and 67-70 Branch address items: See the instructions for Items *57 - *61 and General Instruction 7 for information on entering address data. If a branch address item is unknown, leave that item blank. Item 70 "Country" cannot be blank if any other branch address information is recorded. If no branch was involved in the suspicious activity, check box 65a and leave the branch address items blank. If multiple branches are involved in the suspicious activity, complete a set of branch address items for each branch.

66. RSSD number *(of the Branch)*

Item 66 RSSD number:  Enter the RSSD (Research Statistics Supervision Discount) number of the branch, if known. If multiple branches are involved in the suspicious activity, complete Item 66 for each branch for which the RSSD number is known.

67. City

68. State

69. ZIP/Postal Code

70. Country (* if 65a is NOT selected) *(2 letter code – list provided)*

-------------------------------- Part IV Filing Institution Contact Information ----------------------------

Part IV records information about the lead financial institution, holding company, agency, or other entity that is filing the FinCEN SAR. There must be only one Part IV record in a FinCEN SAR. Do not include information about joint filers in a Part IV record. Joint filer information

must be reported in a Part III record. Financial institution as used in Part IV includes individuals acting as sole proprietorship financial institutions using their personal Social Security Number (SSN) or Individual Taxpayer Identification Number (ITIN).

* 78. Primary Federal Regulator *(instructions specify banking agencies, SEC, CFTC, IRS)*
    a. Commodities Futures Trading Commission (CFTC)
    b. Federal Reserve Board (FRB)
    c. Federal Deposit Insurance Corporation (FDIC)
    d. Internal Revenue Service (IRS)
    e. National Credit Union Administration (NCUA)
    f. Office of the Comptroller of the Currency (OCC)
    g. Securities and Exchange Commission (SEC)
    z. Not Applicable.

Item *78 Primary federal regulator: Select the appropriate option from the drop-down list to identify the Primary Federal Regulator or BSA Examiner of the filing institution. If more than one regulator option could apply, select the regulator that has primary responsibility for enforcing compliance with the BSA. If Item 82 option "Casino/Card Club," "Insurance Company," or "MSB" is selected, the Item 78 entry must be "Internal Revenue Service (IRS)." If the financial institution filing the FinCEN SAR is subject to U.S. law and none of the other codes apply, the entry must be "Internal Revenue Service (IRS)." If the FinCEN SAR is being filed by a government agency or if the financial institution filing the FinCEN SAR is not subject to U.S. law, the entry must be "Not Applicable."

* 79. Filer name (Holding company, lead financial institution, or agency, if applicable).

Item *79 Filer name: Enter the legal name of the filing institution as recorded on articles of incorporation or other documents establishing the institution. Enter the full name of the filer if the filer is an individual, such as a sole proprietorship, acting as a financial institution. If an individual's name is recorded, enter the name in (first name) (middle name) (last name) or equivalent format, e.g. John Jacob Doe or Richard R. Roe II, etc.

* 80. TIN

Item *80 - TIN: Enter the Taxpayer Identification Number (TIN), either U.S. or foreign, of the financial institution or individual recorded in Item 79. See General Instruction 9 for information on entering identifying numbers.

* 81. TIN type
    a. EIN
    b. SSN/ITIN
    c. Foreign

Item *81 - TIN type: Record the type of TIN entered in Item 81 by selecting the appropriate option.

*82. Type of financial institution (check only one)
    a. Casino/Card club
    b. Depository institution
    c. Insurance company
    d. MSB
    e. Securities/Futures
    z. Other *(specify type of institution in space provided)*

Item *82 - Type of financial institution: Select the appropriate type of financial institution that best describes the filing institution recorded in Item 79. If none of those options apply, select "Other" and enter a brief description in the associated text field. If necessary, include a more-detailed description in Part V.

NOTE: If the financial institution is a non-bank residential mortgage lender or originator, select "Other" and enter "NON-BANK RESIDENTIAL MORTGAGE" in the associated text field.  If the financial institution is a dealer in precious metals, stones, or jewels, select option "Other" and enter "DEALER IN PRECIOUS METALS STONES JEWELS" in the associated text field.

83. Type of Securities and Futures institution or individual filing this report—check box(es) for functions that apply to this report
    a. Clearing broker - securities
    b. CPO/CTA
    c. Futures Commission Merchant
    d. Holding company
    e. Introducing broker - commodities
    f. Introducing broker - securities
    g. Investment Adviser
    h. Investment company
    i. Retail foreign exchange dealer
    j. SRO Futures
    k. SRO Securities
    l. Subsidiary of financial/bank holding company
    z. Other *(specify type of institution or individual in space provided)*

Item 83 - Securities and futures type: If option 82e "Securities/Futures" was selected, check all boxes that apply to indicate the type of securities and futures institution that is filing the FinCEN SAR. If none of options 83a through 83l apply, check box 83z "Other" and record a brief description of the type in the associated text field. If necessary, include a more-detailed description in Part V.

84. Filing institution identification number (Check one box to indicate type)

    a. *(check if)* Central Registration Depository (CRD) number
    b. *(check if)* Investment Adviser Registration Depository (IARD) number
    c. *(check if)* National Futures Association (NFA) number
    d. *(check if)* Research Statistics Supervision Discount (RSSD) number
    e. *(check if)* Securities and Exchange Commission (SEC) number
    f. Identification number

Item 84 - Filing institution identification number: See instructions for Item 51.

\* 85. Address

Items 85-89 - Address: See instructions for Items 57 through 61.

\* 86. City

87. State

\* 88. ZIP/Postal Code

\* 89. Country

90. Alternate name, e.g., AKA - individual or trade name, DBA – entity

Item 90 - Alternate name: See the instructions for Item 54.

91. Internal control/file number

Item 91 - Internal control/file number: See instructions for Item 62.

92. LE contact agency

Item 92 - LE contact agency: Enter the name of the law enforcement agency, if any, which has been informed of the suspicious activity.

NOTE:  If more than one LE agency has been contacted about the suspicious activity, record the information on one agency in Items 92-95 and the information on additional agencies in Part V.

93. LE contact name

Item 93 - LE contact name:  Enter the name of the person contacted at the law enforcement agency.

94. LE contact phone number

a. Extension *(if any)*

Item 94 - LE contact phone number: Enter the law enforcement contact telephone number. See General Instruction 8 for information on entering telephone numbers.

Item 94a - Extension:  Enter the extension, if any, of the law enforcement contact telephone number.

95. LE contact date

Item 95 – LE contact date:  Enter the most-recent date the law enforcement agency was contacted about the suspicious activity. If the agency was contacted on multiple dates, record the earlier contact dates in Part V.

* 96. Filing institution contact office

Item 96 - Filing institution contact office: Enter the name of the filing institution contact office where additional information about the FinCEN SAR or supporting documentation can be requested. If the FinCEN SAR is jointly filed, enter in Part V the contact office and telephone number information for all Part III joint filers.

* 97. Filing institution contact office phone number including area code
    a. Extension, if any

Item 97 - Filing institution contact office phone number: Enter the contact office telephone number. See General Instruction 8 for additional instructions on entering telephone numbers.

Item 97a - Extension:  Enter the extension, if any, of the contact office telephone number.

* 98. Date filed

Item 98 - Date filed: Enter the date the FinCEN SAR is filed. This date will be entered automatically when a discrete FinCEN SAR is electronically filed.

---------------------------- * Part V Suspicious Activity Information – Narrative -----------------------

The narrative section of the report is critical to understanding the nature and circumstances of the suspicious activity. The care with which the narrative is completed may determine whether the described activity and its possible criminal nature are clearly understood by investigators. Filers must provide a clear, complete, and concise description of the activity, including what was unusual or irregular that caused suspicion. This description should encompass the data provided in Parts I through III, but should include any other information necessary to explain the nature and circumstances of the suspicious activity. Filers should provide any information

the filers believe necessary to better enable investigators to understand the reported suspicious activity. Narratives must be completed in English. Filers should use the following checklist as a guide for preparing the narrative:

- If filers have additional information pertaining to items in Parts I through IV this information should be recorded in the narrative and referenced to the item number.
- If this report is a corrected or amended report, complete the report in its entirety with whatever corrections or amendments were required. Describe the corrections or amendments at the beginning of the narrative.
- If this report is a continuing report, describe the circumstances surrounding the suspicious activity for the 90-day period encompassing the report. Include information from prior FinCEN SAR narratives only when it is necessary for an understanding of the nature and circumstances of the suspicious activity. Never include the entire narratives of the prior FinCEN SARs.
- If any item in the report was insufficient for recording all item data held by the filer, or if an item's instructions require entry of additional data or explanation in the narrative, record the additional data referenced by item number in the narrative.
- Information provided in other sections of the FinCEN SAR need not be repeated in the narrative unless necessary to provide a clear and complete description of the suspicious activity.
- Describe the conduct or transaction(s) that caused suspicion. If appropriate, this description should be chronological when the activity involves multiple instances or encompasses more than one day.
- Explain whether any transaction(s) involved were completed or only attempted.
- Explain who benefited and how they benefited, financially or otherwise, from the activity.
- Describe all supporting documentation and retain the documentation for five years. DO NOT include supporting documentation with the FinCEN SAR. (See General Instruction 6.)
- If the FinCEN SAR is jointly-filed, name all joint filers and describe the nature of supporting document held by the joint filers. Provide the contact office name and telephone number for each joint filer.
- Describe and retain any evidence of cover-up or evidence of an attempt to deceive federal or state examiners or others.
- Describe and retain any admission or explanation of the activity or transaction(s) provided by the subject(s), witness(s), or other person(s), including to whom and when it was given.
- Indicate where the suspicious activity took place, e.g. branch, cage, gaming pit, agent location, etc.
- Indicate whether the suspicious activity is an isolated incident or related to other activity.

- Indicate whether any U.S. or foreign currency or other negotiable instruments were involved. If foreign currency or other foreign instruments, provide the foreign amount, currency name, and country of origin.
- Indicate if there is any litigation related to the activity by specifying the name of the litigation and court where the action is pending.
- Describe the nature of losses and recoveries related to the suspicious activity, including aggregated losses and recoveries in continuing activity.
- Identify the names of financial institutions associated with account numbers when the financial institution TINs were unknown.
- If the subject is a foreign national provide all available information on the subject's passport(s), visa(s), and other identification. Include identifying data such as issuing date, country, document numbers, issuing authority, and nationality.
- If the suspicious activity involves transfers of funds to or from a foreign country or currency exchanges involving foreign currencies, identify the foreign currency, country of issue, and the source or destination of the funds.
- If a subject involved in the suspicious activity has an insider relationship with a financial institution, describe the subject's position with the financial institution and how that position related to the suspicious activity.
- Indicate if any information was excluded from this report and explain the nature of the excluded information and the reason(s) for exclusion.
- Provide information on the victims of the suspicious activity only when it is necessary for a complete understanding of the activity. DO NOT record victim information in a Part I Subject Information record.
- Provide information about the financial institution's business policies and practices only if it is necessary for a complete understanding of the suspicious activity. DO NOT include legal disclaimers in the narrative.

Add Attachment:

Filers can include with a FinCEN SAR an attachment containing tabular data (such as transaction data) that provides additional suspicious activity information not suitable for inclusion in the narrative. This file must be an MS Excel-compatible comma separated value (CSV) file with a maximum size of 1 megabyte.  Discrete FinCEN SAR filers can attach this file by clicking the "Add Attachment" button on the discrete FinCEN SAR header page and following the instructions provided. Batch filers must follow the instructions in Attachment D – Batch Attachments to add CSV files to a batch file.