```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :    17cv4179(DLC)
UNITED STATES SECURITIES AND EXCHANGE  :
COMMISSION,                            :       ORDER
                                       :
                         Plaintiff,    :
                                       :
              -v-                      :
                                       :
ALPINE SECURITIES CORPORATION,         :
                                       :
                         Defendant.    :
                                       :
-------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-12-2018

DENISE COTE, District Judge:

On November 13, 2017, plaintiff United States Securities and Exchange Commission ("SEC") filed a motion to strike the sixteenth and nineteenth affirmative defenses pleaded by defendant Alpine Securities Corporation ("Alpine") in its answer to the SEC's complaint. The defenses are estoppel, waiver and unclean hands. The SEC argues that there is no question of fact or law that could allow Alpine to prevail on these defenses and that the SEC would be prejudiced if Alpine pursues these defenses. The motion to strike became fully submitted on December 22 and is now granted.

Rule 12(f), Fed. R. Civ. P., states that "[t]he court may strike from a pleading an insufficient defense . . . ." To prevail on a motion to strike, the plaintiff must show that:

> (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law

> which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.

SEC v. KPMG LLP, No. 03 Civ. 671 (DLC), 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003) (citation omitted).

The SEC challenges Alpine's assertions of estoppel, waiver and unclean hands. A party may be estopped from pursuing a claim if it made "a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it," the other party "reasonably relies" on the misrepresentation, and that reliance is to the party's detriment. Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 725 (2d Cir. 2001). When the government acts as plaintiff, however, "[t]he doctrine of equitable estoppel is not available . . . except in the most serious of circumstances," and "will only be applied upon a showing of affirmative misconduct by the government." Rojas-Reyes v. INS, 235 F.3d 115, 126 (2d Cir. 2000) (citation omitted). Generally, "estoppel cannot be asserted against the Government on the basis of oral advice." KPMG, 2003 WL 21976733, at *4 (citation and alterations omitted).

"Waiver is the voluntary and intentional abandonment of a known right . . . ." Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 111 (2d Cir. 2014). Lastly, the doctrine of unclean hands generally may not be asserted as an affirmative defense against a government agency unless "the agency's

2

misconduct was egregious and the resulting prejudice to the defendant rose to a constitutional level." KPMG, 2003 WL 21976733, at *3 (citation and alterations omitted).

Alpine's estoppel defense fails as a matter of law because Alpine has failed to allege that the SEC made a sufficiently serious misrepresentation to Alpine. Alpine alleges generally that it relied on guidance provided by the SEC and the Financial Industry Regulatory Authority ("FINRA") and that the SEC is bringing this case under a novel and legally unsupported theory. This allegation may support an argument that Alpine did not violate the law. It is not, however, a ground that estops the SEC from bringing this action.

The only misrepresentation that Alpine alleges was made to it directly is as follows: "Alpine was informed during prior regulatory examinations by [the SEC's Office of Compliance Inspections and Examinations] and/or FINRA that Alpine was filing 'too many [Suspicious Activity Reports ("SARs")].'" Construing this allegation in the light most favorable to Alpine, the estoppel defense must be stricken because it relies on an oral statement from the government, and in any event, the SEC's pursuit of this litigation following such an utterance does not constitute grave misconduct on the part of the SEC.

Alpine's waiver argument fails because Alpine has not alleged any conduct that could be construed as a voluntary and

3

intentional relinquishment of the SEC's right to pursue enforcement of this nation's securities laws against Alpine. Alpine's allegations in support of its waiver defense are that the SEC "failed to notify Alpine of the alleged deficiencies in its SAR filings and/or in the design and implementation of Alpine's [anti-money laundering] compliance program, including but not limited to, during regulatory examinations, or give Alpine an opportunity to correct any such deficiencies, prior to commencing this action." Again assuming these allegations to be true, the SEC's silence cannot constitute the abandonment of its right to sue Alpine for allegedly violating the securities laws.

The doctrine of unclean hands likewise fails because the prejudice alleged by Alpine is the usual sort of business harm that could occur to any defendant sued by the SEC. The harms alleged by Alpine certainly do not reach "a constitutional level" and therefore Alpine cannot pursue its unclean hands defense. KPMG, 2003 WL 21976733, at *3 (citation omitted).

Finally, the SEC has shown that it would be prejudiced if Alpine is allowed to investigate through discovery its three equitable defenses. Specifically, the SEC claims that Alpine would force the SEC to reveal its investigative process and would implicate a variety of privileged materials.

4

CONCLUSION

The SEC's November 13, 2017 motion to strike Alpine's affirmative defenses of estoppel, waiver and unclean hands is granted.

Dated:   New York, New York
         January 12, 2018

                                    _____
                                           DENISE COTE
                                    United States District Judge