UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

ALPINE SECURITIES CORPORATION,

       Defendant.

Civil No. 1:17-CV-04179-DLC

Honorable Judge Denise L. Cote
Magistrate Judge Ronald L. Ellis

**ALPINE SECURITIES CORPORATION'S RULE 56.1 STATEMENT OF MATERIAL
FACTS IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

THOMPSON
HINE

335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680



One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
(801) 322-2516

*Attorneys for Alpine Securities Corp.*

**Index of Exhibits**

1.     SEC's Response to Alpine's First Set of Requests for Production of Documents

2.     SEC Letter, dated December 22, 2017

3.     FinCEN Feasibility of a Cross-Border Electronic Funds Transfer Reporting System under the Bank Secrecy Act, App. A – Financial Crimes Enforcement Network Program

4.     Bank Regulation, Banking & Fin. Services Pol'y Rep., Dec. 2016

5.     FinCEN 2011 Annual Report

6.     Remarks by Peter Alvarado, Dep. Dir. of FinCEN, Sep. 25, 2012

7.     Prepared Remarks of James H. Freis, Jr., Director of FinCEN, "The Objectives and Conduct of Bank Secrecy Act Enforcement," delivered at the ABA Money Laundering Enforcement Conference, Wash. D.C., Oct. 20, 2008

8.     Written Testimony of Samuel W. Bodman, Deputy Sec'y U.S. Dep't of the Treasury Before the House Fin. Servs. Subcomm. On Oversight & Investigations, Tres. JS-1728 (June 16, 2004)

9.     Statement of William J. Fox, Director Financial Crimes Enforcement United States Department of Treasury Before the House of Representatives, June 16, 2004

10.    Declaration of Counsel

Defendant Alpine Securities Corporation ("**Alpine**"), by and through undersigned counsel, pursuant to Local Rule 56.1, hereby submits this Statement of Material Facts in support of its Cross-Motion for Summary Judgment against Plaintiff Securities and Exchange Commission ("**SEC**").  This Statement of Material Facts applies ***only*** to Alpine's Cross-Motion for Summary Judgment and not to Alpine's Motion for Judgment on the Pleadings.  *See Arista Records LLC v. Lime Grp. LLC*, No. 06CV5936 (KMV), 2011 WL 1793310, at *1 (S.D.N.Y. Mar. 14, 2011) (citation omitted) ("'As with Rule 12(b)(6) motions, Rule 12(c) motions generally are limited to the facts alleged in the complaint . . . .'").

1.     Alpine's Request for Production No. 26, states: "Produce all documents reflecting any grants of authority to you from FinCEN, the United States Department of the Treasury, or other governmental authority to pursue an enforcement action including but not limited to seeking penalties or other remedies, for violations of the BSA against broker dealers or other financial institutions, including but not limited to the instant Action against Alpine."  The SEC responded to the foregoing request by stating: "The Commission objects to the premise of this request that the Commission needs or solicits authority from other governmental agencies to enforce Section 17(a) of the Securities Exchange Act and Rule 17a-8 thereunder.  Subject to the foregoing, ***the Commission states that it possess no 'documents reflecting any grants of authority to you from FinCEN***, the United States Department of the Treasury, or other governmental authority to pursue an enforcement action including but not limited to seeking penalties or other remedies, for violations of the BSA against broker dealers or other financial institutions, including but not limited to the instant Action against Alpine' aside from the Securities Exchange Act and Rules promulgated thereunder."  *See* SEC's Response to Alpine's First Set of Requests for Production of Documents, No. 26, at p. 18, Ex. 1, (emphasis added).

2.     The SEC in a correspondence dated December 22, 2017, admitted it did not consult or even communicate with FinCEN in relation to the substantive allegations in this case, confirming it "did not discuss any specific SARs or their content, and did not discuss interpretation of FinCEN guidance with individuals at FinCEN in connection with this case at any time." *See* SEC Letter, December 22, 2017, at 5, Ex. 2.

3.     The Treasury Department and FinCEN prepared a manual entitled, "Feasibility of a Cross-Border Electronic Funds Transfer Reporting System under the Bank Secrecy Act," wherein the following is stated under the Section entitled, "Financial Crimes Enforcement Network Programs":  "While FinCEN is responsible for ensuring compliance with the Bank Secrecy Act and implementing regulations, FinCEN does not itself examine financial institutions for compliance.  Instead, FinCEN has delegated its authority to examine financial institutions for BSA compliance to the primary federal regulators of those financial institutions.  FinCEN thereby can leverage the resources and expertise of other Federal agencies and self-regulatory organizations by relying on these agencies to conduct compliance exams.  FinCEN has delegated its examination responsibility to the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision, the National Credit Union Administration, Securities and Exchange Commission, the Commodity Futures Trading Commission, and the Internal Revenue Service (Small Business / Self-Employed Division). . . . *FinCEN has retained the authority to pursue civil enforcement actions against financial institutions for non-compliance with the Bank Secrecy Act and the implementing regulations.*  Under the Bank Secrecy Act, FinCEN is empowered to assess civil monetary penalties against, or require corrective action by a financial institution committing negligent or willful violations of the Bank Secrecy Act.  Generally,

4

FinCEN identifies potential enforcement cases through: (1) referrals from the agencies examining for Bank Secrecy Act compliance; (2) self-disclosures by financial institutions; and , (3) FinCEN's own inquiry to the extent it becomes aware of possible violations." *See* FinCEN Feasibility of a Cross-Border Electronic Funds Transfer Reporting System under the Bank Secrecy Act, App. A – Financial Crimes Enforcement Network Programs, at 39-40, Ex. 3, (only Appendix A attached) (emphasis added).

4.      The following statement regarding FinCEN's enforcement of the BSA was published in a Banking and Financial Services Policy Report in December of 2016:  "FinCEN is responsible for the overall administration and enforcement of the BSA.  Although it delegates BSA compliance examination authority to other federal regulators, FinCEN retains enforcement authority, including the authority to impose CMPs [civil monetary penalties] for violations. FinCEN investigates potential BSA violations or deficiencies referred by federal and state regulators, as well as those referred by its own Enforcement Division.  After investigating a BSA case referral, FinCEN determines which enforcement action to pursue, if any.  FinCEN typically resolves a case in one of three ways: (1) sending a warning letter to the violator; (2) assessing a CMP; or (3) taking no action."  *See Bank Regulation*, Banking & Fin. Services Pol'y Rep., Dec. 2016, at 36, 39-40, Ex. 4.

5.      In FinCEN's 2011 Annual Report, it states that "[r]esponsibility for ***conducting examinations*** for compliance with FinCEN's regulations has been delegated to the following Federal regulatory agencies with respect to the financial institutions they supervise: U.S. Securities and Exchange Commission [listed among others]."  *See* FinCEN 2011 Annual Report, at 85, Ex. 5 (excerpts only) (emphasis added).  Furthermore, "FinCEN assists and supports all of these agencies to promote effective and uniform application of its regulations, and they [Federal

regulatory agencies] refer to FinCEN cases of significant non-complaint.  ***FinCEN retains responsibility for enforcement actions for violations of the BSA*** and FinCEN's implementing regulations."  *Id*. (emphasis added).

6.     Peter Alvarado, as Deputy Director of FinCEN, gave the following remarks regarding enforcement of the BSA at a Federal Financial Institutions Examination Council Advanced BSA/AML Specialist Conference on September 25, 2012: "FinCEN retains authority to take enforcement actions for violations of the BSA found by the regulatory agencies acting under delegated authority."  See Remarks by Peter Alvarado, Dep. Dir. of FinCEN, Sep. 25, 2012, Ex. 6.

7.     James H. Freis, Jr., as Director of FinCEN, stated the following at an ABA Conference regarding enforcement authority of the BSA:  "FinCEN retains authority to take enforcement actions for violations of the BSA found by the regulatory agencies acting under delegated authority. The FBAs [federal banking agencies] retain separate authority to conduct enforcement actions, such as cease and desist proceedings for unsafe or unsound practices or violations of law, rule or regulation. While FinCEN and the FBAs operate under distinct jurisdictional authorities, we have built an infrastructure that fosters close collaboration on BSA enforcement matters. As a result, we are normally able to proceed jointly and concurrently, as warranted, to better ensure a consistent and uniform approach to BSA enforcement.  Since January 1, 2005, 68 percent of civil money penalty cases undertaken at FinCEN have involved joint or concurrent penalty actions with other stakeholder federal or state agencies, including the U.S. Department of Justice. A vast majority of the penalty actions not concluded jointly involved non-bank financial institutions, particularly casinos and money services businesses, for which FinCEN retains exclusive regulatory penalty authority."  Prepared Remarks of James H. Freis,

Jr., Director of FinCEN, "The Objectives and Conduct of Bank Secrecy Act Enforcement," delivered at the ABA Money Laundering Enforcement Conference, Wash. D.C., Oct. 20, 2008, at p. 9-10, Ex. 7.

8.     Samuel W. Bodman, as Deputy Secretary of the U.S. Treasury Department, gave the following testimony before the House Financial Services Subcommittee on Oversight and Investigations regarding FinCEN's retention of authority to pursue civil enforcement actions for noncompliance with the BSA: "According to Treasury regulations and orders, the Secretary has delegated the overall authority for enforcement and compliance of this system to one of Treasury's bureaus, the Financial Crimes Enforcement Network (FinCEN). ***The Director of FinCEN retains the authority from the Secretary to pursue civil enforcement actions against financial institutions for non-compliance with the BSA and the implementing regulations.*** FinCEN has been empowered to assess civil monetary penalties against, or require corrective action by, a financial institution committing negligent or willful violations." *See* Written Testimony of Samuel W. Bodman, Deputy Sec'y U.S. Dep't of the Treasury Before the House Fin. Servs. Subcomm. On Oversight & Investigations, Tres. JS-1728 (June 16, 2004), Ex. 8, (emphasis added).

9.     William J. Fox, Director of FinCEN, before the House of Representatives regarding FinCEN's approach to compliance under the BSA, emphasized that it is FinCEN that is charged with responsibility for administration of the BSA which "means exercising oversight, coordination *and ensuring consistency of application*" a goal that would be defeated by colliding interpretations of the requisites of the BSA and the elements of a violation. *Id*. (emphasis added).

10.     In the SEC's Complaint filed in this Action, the SEC never cites to a standard of willfulness or negligence or alleges that Alpine acted with willfulness or negligence in any manner.  *See* SEC's Compl., Dkt. No. 1.

Dated: New York, New York                    Respectfully submitted,
          January 19, 2018

                                       By:   /s/ *Maranda E. Fritz*
                                             _____
                                             Maranda E. Fritz
                                             THOMPSON HINE LLP
                                             335 Madison Avenue, 12th Floor
                                             New York, New York 10017-4611
                                             Tel. (212) 344-5680
                                             Fax (212) 344-6101
                                             Maranda.Fritz@thompsonhine.com

                                             Brent R. Baker (BB 8285)
                                             Aaron D. Lebenta (*Pro Hac Vice*)
                                             Jonathan D. Bletzacker (*Pro Hac Vice*)
                                             CLYDE SNOW & SESSIONS
                                             One Utah Center
                                             201 South Main Street, Suite 1300
                                             Salt Lake City, Utah 84111-2216
                                             Telephone 801.322.2516
                                             Facsimile 801.521.6280
                                             brb@clydesnow.com
                                             adl@clydesnow.com
                                             jdb@clydesnow.com

                                             *Attorneys for Defendant Alpine Securities*
                                             *Corporation*