# Exhibit 14



**DIVISION OF
ENFORCEMENT**

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961

(303) 844-1084
carlylez@sec.gov

December 22, 2017

<u>Via Email</u>

Maranda E. Fritz
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

  Re: *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC*

Dear Alpine Counsel:

  We are writing to follow up on our telephone call of December 12, 2017, in which we discussed your letter dated November 22, 2017, and our responsive letter dated December 11, 2017, related to certain of the Securities and Exchange Commission's ("SEC" or "Commission") interrogatory responses in this matter.

  In your letter and in our telephone conversations, you have repeatedly claimed that Alpine has insufficient information to understand the basis for the Commission's allegations. In fact, Alpine already has a great deal of information regarding the bases for the Commission's allegations in its Complaint. For example, the SEC has provided tables listing and categorizing thousands of specific SARs and associated documents that the Commission contends constitute violations and produced hundreds of thousands of associated documents to Alpine. In addition, Alpine now has the detailed legal and factual analysis set forth in the Commission's motion for partial summary judgment. In sum, Alpine actually has a tremendous amount of detailed information regarding the specific facts, as well as the legal analysis, that the SEC contends supports its allegations in the Complaint.

  Nonetheless, Alpine has propounded interrogatories that call for the Commission to "identify all persons," including its attorneys and other staff members, "with knowledge or information" "concerning the allegations of deficiencies in SARs filed by Alpine...", the Commission's "analysis of the SARs filed by Alpine that formed the basis for the allegations..."

ALPINE_LIT167433

and various other internal analyses prepared by Commission staff in anticipation of this litigation. Alpine Interrogatory Nos. 1, 2; *see also* Alpine Interrogatory Nos. 5, 6, 10, 11.

Based on your November 22, 2017 letter and our conversations, it appears that Alpine requested this information because it wants to depose the Commission's attorneys regarding their work in the investigation and their legal analysis leading up to the filing of the Complaint and/or conduct a Rule 30(b)(6) deposition on these same topics. *See, e.g.*, November 22, 2017 Letter at 2 ("we are seeking the identity of those who concluded, as a factual matter, that the SARs at issue in this case were 'deficient'"…"please identify the individuals that conducted the process, even if you claim work product, so that we can seek appropriate relief."), ("If, as you say, you relied only on yourselves in the compilation and interpretation of relevant rules and regulations and the application of it to Alpine's files, then we are entitled at least to take a Rule 30(b)(6) deposition to better understand the components of that analysis.")

It should be obvious that it would be improper for Alpine to seek to depose Commission attorneys or others working at their direction regarding the staff's investigation and interpretation of the facts and law leading up to the filing of this lawsuit. Your claim in your letter that you want to depose these witnesses regarding "factual" issues does not make depositions of the Commission's attorneys or other staff who worked on this matter any less objectionable. These individuals are not "fact" witnesses with direct knowledge that would make any fact at issue in this case more or less likely. Alpine already has the facts and legal authorities staff used to complete its analysis. The facts are in Alpine's own records which have been identified by the Commission during discovery, and the authorities are publicly available and cited in the Commission's motion for partial summary judgment. Any questions asked of such witnesses related to this case would necessarily call for their analyses of these facts and law, which is information that is protected by any number of combinations of various protections and privileges, including work product protection, attorney-client privilege, law enforcement privilege, and deliberative process privilege. *See, e.g., SEC v. Monterosso*, 2009 WL 8708868, *1 (S.D. Fla. June 2, 2009) ("The SEC is an enforcement agency that has no independent knowledge of the facts underlying this action. The sole source of the SEC's knowledge is derived from the investigations its attorneys undertook in anticipation of litigation. Thus, the SEC argues, any question on the "factual basis" for an allegation implicates attorney work product. The Court agrees.") Any attempt by Alpine to depose members of the Commission staff would be a transparent ploy to improperly seek privileged and protected information and, in the event Alpine seeks such discovery, the Commission will seek all available relief from the Court.

The analysis is the same if Alpine seeks a Rule 30(b)(6) deposition of the Commission. You claim in your November 22, 2017 Letter that Alpine is "entitled" to take a Rule 30(b)(6) deposition of the Commission "to better understand the components of the [Commission's] analysis" and its "compilation and interpretation of relevant rules and regulations and the application of it to Alpine's files…" This is wrong. What you describe is quintessential protected work-product and privileged information, and any attempt to obtain this information, including purportedly "factual" information, through a Rule 30(b)(6) deposition is just as objectionable as trying to directly depose the Commission's attorneys. *See, e.g., SEC v. Rosenfeld*, 1997 WL 576021, *3 (S.D.N.Y. Sept. 16, 1997) ("Rather than using interrogatories … and Requests to Produce Documents … and then taking the necessary oral discovery from the witnesses with knowledge of the facts alleged in the complaint, [the defendant] seeks to explore the extent of the

ALPINE_LIT167434

SEC's knowledge (how much it knows and how much it does not know) as a result of the investigative efforts of its attorneys. This Rule 30(b)(6) discovery is obviously aimed at finding the nature of the SEC's attorney work product, and is denied for that reason."); *SEC v. NIR Group, LLC*, 2013 WL 5288962, *5 (E.D.N.Y. 2013) (quashing Rule 30(b)(6) deposition of SEC; "Even assuming that the SEC's analyses of the investigation and impending litigation ... were relevant, such documents and determinations would be subject to protections under, *inter alia*, the attorney work-product privilege ...."); *SEC v. Buntrock*, 2004 WL 1470278, *3 (N.D. Ill. June 29, 2004) (quashing Rule 30(b)(6) notice of SEC; "[T]hrough its attorneys, the SEC conducted an investigation ... prior to filing the complaint in this matter, and in the discovery phase of this case, the SEC has produced to defendants the facts collected during that investigation. No one at the SEC has any firsthand knowledge of the facts at issue in this case.... [O]ther courts presented with 30(b)(6) notices similar to [defendant's] have reached the same conclusion.").

In its November 22, 2017, Letter Alpine asked the Commission to identify individuals that "conducted the [analysis of deficient SARs], even if you claim work product, so that [Alpine] can seek appropriate relief." *See* November 22, 2017 Letter at 2. Based on our telephone conversation, we understand that Alpine has limited the relevant interrogatories to a request for the identity of an individual at the Commission who analyzed facts and law and conducted analyses prior to the filing of the Complaint. In an effort to resolve the present discovery dispute regarding the Commission's interrogatory responses, and without waiving our numerous objections in our interrogatory responses and to any attempt by Alpine to depose Commission employees or obtain other discovery, the Commission identifies James Lyman, Senior Counsel, Division of Enforcement. To be clear, if Alpine seeks to depose Mr. Lyman or any other of the Commission's attorneys and staff members regarding their work on this case, the Commission will vigorously oppose the improper discovery request and seek all available remedies from the Court.

As noted in the SEC's objections to Alpine's interrogatories and our letter of December 11, 2017, many of the interrogatories are overbroad in that they call for the Commission to "identify all persons" who reviewed or analyzed SARs filed by Alpine. *See, e.g.*, Alpine Interrogatory Nos. 7, 8, 9. Even just focusing on "all persons" at the Commission, these interrogatories collectively appear to call for the Commission to identify any staff member who ever reviewed SARs filed by Alpine, even if the review was years before the time period at issue in this case, of SARs completely unrelated to this case, and by persons working in areas such as market surveillance or examinations.

Based on our telephone call of December 12, 2017, we understand that what you want at this point from these discovery requests is for the Commission to identify a staff member with knowledge of an April 2015 "Deficiency Letter" from the Commission's Office of Compliance Inspections and Examinations ("OCIE") to Alpine noting deficiencies in its SAR filings based on OCIE's examination of Alpine. Presumably, you want this information because to seek to depose a Commission staff member regarding the letter and underlying examination of Alpine. This would be improper.

The Commission staff's knowledge regarding the examination and analyses underlying the information in the letter is irrelevant to this case. As is evident from the Complaint itself, the

ALPINE_LIT167435

letter is referred to in the Complaint to show that Alpine received notice from regulators stating that Alpine's SAR filings were deficient, not that any SAR filings were deficient. *See* Complaint, para. 24 (in section titled "Although Regulators Have Repeatedly Cited Alpine for SAR Failures, Alpine Has Not Meaningfully Improved the Implementation of its BSA Compliance Program"). In other words, the SEC will use this letter for the non-hearsay purpose of showing that Alpine received notice from OCIE of its findings that Alpine's SAR filings were insufficient and Alpine's resulting state of mind— not for the truth or accuracy of the findings described in the letter. *See* Amended Answer at 24 (Alpine admits it received the letter). Because the Commission is not introducing the letter as evidence that Alpine's SARs were deficient, and Alpine's state of mind could not be impacted by information regarding the Commission's examination and internal analysis beyond what is provided in the letter, deposition testimony from Commission staff with knowledge of the letter could not make any fact at issue in this case more or less likely.

In an effort to resolve the present discovery dispute regarding the Commission's interrogatory responses, and without waiving our numerous objections in our interrogatory responses and to any attempt by Alpine to depose Commission employees or obtain other discovery, the Commission identifies Denise Saxon, Assistant Regional Director, Broker-Dealer/Transfer Agent Examinations as a Commission employee with knowledge of the Deficiency Letter. Any attempt to depose Ms. Saxon would be improper because her knowledge of the facts and analyses underlying the Deficiency Letter are not only irrelevant, but privileged and protected, including by the deliberative process privilege and law enforcement privilege. To be clear, if Alpine seeks to depose Ms. Saxon or any other of the Commission's staff members regarding their work on OCIE's examination of Alpine, the Commission will vigorously oppose the improper discovery request and seek all available remedies from the Court.

Finally, in its letter dated November 22, 2017 and on our telephone call, Alpine requested that the Commission identify all individuals from FinCEN who communicated with the Commission about substantive issues in this case. As we noted in our letter dated December 11, 2017, this is well beyond the scope of Alpine's Interrogatory No. 3, which is limited to FinCEN individuals who actually reviewed the SARs "at issue" and identified deficiencies. *See* Alpine Interrogatory No. 3 (requesting that the Commission "[i]dentify any individual employed or acting on behalf of FinCen who has reviewed the SARs at issue and identified any deficiencies."). We construe the request in the letter as a new and separate interrogatory. Our response is below:

> Response to Interrogatory No. 19: The Commission incorporates the "General Objections" set forth in the Commission's Response to Alpine Securities Corporation's First Set of Interrogatories dated November 6, 2017. In addition, the Commission objects to this request to the extent it seeks information not relevant to the sufficiency of Alpine's records and that is protected by the law enforcement privilege, work product doctrine, common interest doctrine, and Exchange Act Sections 24(d) and (f). The Commission objects to this request to the extent it seeks non-substantive communications, which could not be relevant and the burden to identify and list each non-relevant procedural communications vastly outweighs any benefit. Finally, the Commission objects to any effort to depose or obtain other discovery from FinCEN or its staff regarding this case.

ALPINE_LIT167436

Subject to these objections, the Commission states that Commission staff had substantive communications about this case with the following individuals at FinCEN: Kate Zernes, Section Chief, Non-Bank Financial Institutions; Kristen Conway, Enforcement Officer; Al Zarate, Attorney-Advisor, Office of Chief Counsel. The communications occurred between May 11, 2016 and present. The subjects of these communications included the following: general description of the SEC's case, the ability to use and disclose SARs in this litigation in compliance with BSA rules and regulations regarding the confidentiality of SARs, the manner in which filers physically submit SARs to FinCEN, and Alpine's discovery request in the Letter dated November 22, 2017. The Commission did not discuss any specific SARs or their content, and did not discuss interpretation of FinCEN guidance with individuals at FinCEN in connection with this case at any time.

Sincerely,

*s/ Zachary T. Carlyle*
Zachary T. Carlyle
Terry R. Miller
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

5

ALPINE_LIT167437