# Exhibit 23



**Department of the Treasury**
**Financial Crimes Enforcement Network**

Guidance

FIN-2007-G003
Issued:   June 13, 2007
Subject: Suspicious Activity Report Supporting Documentation

The Financial Crimes Enforcement Network (FinCEN)[1] is issuing this guidance to clarify:

> (1) The Bank Secrecy Act (BSA) requirement that financial institutions provide Suspicious Activity Report (SAR) supporting documentation in response to requests by FinCEN and appropriate law enforcement or supervisory agencies;[2]
>
> (2) What constitutes "supporting documentation" under SAR regulations;[3] and
>
> (3) When legal process is required for disclosure of supporting documentation.

**(1) Disclosure of Supporting Documentation to FinCEN and Appropriate Law Enforcement or Supervisory Agencies**

When a financial institution files a SAR, it is required to maintain a copy of the SAR and the original or business record equivalent of any supporting documentation for a period of five years from the date of filing the SAR.[4] Financial institutions must provide all documentation supporting the filing of a SAR upon request by FinCEN or an appropriate law enforcement[5] or supervisory agency.[6]

When requested to provide supporting documentation, financial institutions should take special care to verify that a requestor of information is, in fact, a representative of

---

[1] FinCEN consulted with staffs of the Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service's Criminal Investigation Division, the United States Secret Service, the Department of Homeland Security's Immigration and Customs Enforcement, the Drug Enforcement Administration, the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision, the National Credit Union Administration, the Commodity Futures Trading Commission, and the Securities and Exchange Commission prior to issuing this guidance.
[2] *See* 31 C.F.R. § 103.15(c); 31 C.F.R. § 103.16(e); 31 C.F.R. § 103.17(d); 31 C.F.R. § 103.18(d); 31 C.F.R. § 103.19(d); 31 C.F.R. § 103.20(c); and 31 C.F.R. § 103.21(d).
[3] *Id.*
[4] *Id.*
[5] *See* "*Providing Suspicious Activity Reports to Appropriate Law Enforcement,*" SAR Activity Review:  Trends, Tips & Issues, Issue 9 (Oct. 2005),  p.43, http://www.fincen.gov/sarreviewissue9.pdf.
[6] Supervisory agencies have independent statutory authority to examine all books and records of the financial institutions for which they are the appropriate regulator.

FinCEN or an appropriate law enforcement or supervisory agency. A financial institution should incorporate procedures for such verification into its BSA compliance or anti-money laundering program. These procedures may include, for example, independent employment verification with the requestor's field office or face-to-face review of the requestor's credentials.

Disclosure of SARs to appropriate law enforcement and supervisory agencies is protected by the safe harbor provisions applicable to both voluntary and mandatory suspicious activity reporting by financial institutions.[7]

### (2) What Constitutes Supporting Documentation

"Supporting documentation" refers to all documents or records that assisted a financial institution in making the determination that certain activity required a SAR filing. A financial institution must identify supporting documentation at the time the SAR is filed,[8] and this documentation must be maintained by the institution as such. The manner in which a financial institution maintains supporting documentation may vary from institution to institution, but each institution should prescribe its own method in its anti-money laundering program written procedures. For instance, a financial institution's procedures may require that all supporting documentation for a particular SAR be segregated in a single file folder or scanned and maintained in a data file.

What qualifies as supporting documentation depends on the facts and circumstances of each filing. As indicated in each of the SAR forms, financial institutions should identify in the SAR narrative the supporting documentation, which may include, for example, transaction records, new account information, tape recordings, e-mail messages, and correspondence. While items identified in the narrative of the SAR generally constitute supporting documentation, a document or record may qualify as supporting documentation even if not identified in the narrative.

### (3) No Legal Process is Required for Disclosure of Supporting Documentation

The Right to Financial Privacy Act (RFPA) generally prohibits financial institutions from disclosing a customer's financial records to a Government agency without service of legal process, notice to the customer and an opportunity to challenge the disclosure.[9]

---

[7] The BSA provides protection from civil liability for all reports of suspicious transactions made to appropriate authorities, including supporting documentation, regardless of whether such reports are mandatory. Specifically, the BSA provides that a financial institution, or a director, officer, employee, or agent of a financial institution, that makes a "voluntary disclosure of any possible violation of law or regulation to a government agency" shall not be liable to any person under "any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such disclosure or any other person identified in the disclosure." 31 U.S.C. § 5318(g)(3).

[8] Suspicious Transactions Reporting Requirements, 61 Fed. Reg. 4326, 4330 (February 5, 1996). Supporting documentation should **not** be attached to the SAR filing.

[9] This guidance is only applicable to financial records or information that constitute supporting documentation pursuant to provisions in the Bank Secrecy Act that govern the reporting of suspicious transactions. Consequently, nothing in this guidance is intended to alter or modify the duties or obligations of financial institutions subject to the Right to Financial Privacy Act (12 U.S.C. § 3401, et seq.), 18 U.S.C. § 1510, or similar provisions of law. When responding to

However, no such requirement applies when the financial institution provides the financial records or information to FinCEN or a supervisory agency in the exercise of its "supervisory, regulatory or monetary functions."[10] In addition, no such requirement applies when FinCEN or an appropriate law enforcement or supervisory agency requests either a copy of a SAR or supporting documentation underlying the SAR.

With respect to supporting documentation, rules under the BSA state explicitly that financial institutions must retain copies of supporting documentation, that supporting documentation is "deemed to have been filed with" the SAR, and that financial institutions must provide supporting documentation upon request.[11] FinCEN has interpreted these regulations under the BSA as requiring a financial institution to provide supporting documentation even in the absence of legal process. FinCEN understands that this is in accord with the RFPA, which states that nothing in the act "authorize(s) the withholding of financial records or information required to be reported in accordance with any Federal statute or rule promulgated thereunder."[12]

---

law enforcement requests for customer financial records or information other than SAR supporting documentation, financial institutions subject to the RFPA must still comply with that statute's notice and challenge provisions in the absence of an applicable exception, e.g. service of a grand jury subpoena or a national security letter.
[10] *See* 12 U.S.C. § 3413(b).
[11] *See* 31 C.F.R. § 103.15(c); 31 C.F.R. § 103.16(e); 31 C.F.R. § 103.17(d); 31 C.F.R. § 103.18(d); 31 C.F.R. § 103.19(d); 31 C.F.R. § 103.20(c); and 31 C.F.R. § 103.21(d).
[12] *See* 12 U.S.C. 3413(d).