# Exhibit 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>    Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>Honorable Judge Denise L. Cote<br>Magistrate Judge Ronald L. Ellis |

### RULE 56(d) DECLARATION OF MARANDA FRITZ

I, Maranda Fritz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1.  My name is Maranda Fritz and I am a resident of the State of New York, am over 18 years of age, and make the statements herein based on my personal knowledge.

2.  I am legal counsel for Alpine Securities Corporation ("**Alpine**"), the above-named Defendant in its action against Plaintiff United States Securities and Exchange Commission ("**SEC**").

3.  The SEC alleges in its Complaint against Alpine that Alpine filed deficient SARs, failed to file SARs on liquidations of securities after filing a SAR on the deposits, and filed untimely SARs.

4.  Each of the exemplary SARs submitted by the SEC in its Motion for Partial Summary Judgment involved a transaction introduced to Alpine by an introducing broker. Thus, Alpine was acting as the clearing firm in each transaction at issue in the SEC's Motion for Partial Summary Judgment.

1

5.	31 C.F.R. § 1023.320(a)(3) provides that "[t]he obligation to identify and properly and timely to report a suspicious transaction rests with each broker-dealer involved in the transaction, *provided that no more than one report is required to be filed by the broker-dealers involved in a particular transaction* (so long as the report filed contains all relevant facts)." This provision expressly relates to "introducing" broker" and "clearing broker" relationship and allows "to broker-dealers who have participated in the same transaction to only file one SAR-BD." 31 C.F.R. § 1023.320(a)(3); 67 Fed. Reg. 44048, 44051-52 (July 1, 2002).

6.	Due to the confidentiality provisions with respect to SARs under the BSA, Alpine cannot obtain SARs directly from other broker-dealers. There is no such limitation on the SEC, however.

7.	Alpine requested that the SEC "produce any and all SARs filed by any broker dealer, or any financial institution, with respect to the transactions that are the subject of the SARs at issue in the Complaint or which are the subject of this Action." *See* SEC's Response to Alpine's Requests for Production, at No. 19, p. 14, Ex. 25 to Alpine's Statement of Additional Material Facts.

8.	The SEC's answer was nonresponsive to the key issue of other SARs filed by other broker-dealers by stating that "it has produced responsive documents, specifically the documents referenced in Tables A-F." *Id.*

9.	The SEC has not, to date, produced any SARs filed by other broker-dealers, including introducing broker-dealers, on the transactions at issue in this case.

10.	Alpine needs this information to prepare and support an available defense in the allegations in this case.

2

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of January, 2018.

                                           /s / Maranda Fritz
                                           Maranda Fritz
                                           *[electronically signed with permission]*