ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>        - against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>                              Defendant. | 17-cv-4179-DLC<br><br><br>**ECF CASE** |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ALPINE SECURITIES CORPORATION'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(b), Plaintiff United States Securities and Exchange Commission (the "Commission") submits this response to Alpine Securities Corporation's ("Alpine") Rule 56.1 Statement of Material Facts in support of its Cross-Motion for Summary Judgment of the Commission's Motion for Partial Summary Judgment (Doc. No. 85, "Alpine's Rule 56.1 Statement").

1. The Commission admits the facts set forth in paragraph 1 of Alpine's Rule 56.1 Statement.

2. The Commission disputes the characterization of its letter set forth in paragraph 2 of Alpine's Rule 56.1 Statement. The Commission admits that Exhibit 2 to the statement is a copy of a letter prepared by the Commission.

3. The Commission admits that the partial quotation set forth in paragraph 3 of Alpine's Rule 56.1 Statement appears in the excerpt of a document attached as Exhibit 3 to the statement.

4. The Commission admits that the quotation set forth in paragraph 4 of Alpine's Rule 56.1 Statement appears in the document attached as Exhibit 4 to the statement.

5. The Commission admits that the quotations set forth in paragraph 5 of Alpine's Rule 56.1 Statement appear in the excerpt of a document attached as Exhibit 5 to the statement.

6. The Commission admits that the quotation set forth in paragraph 6 of Alpine's Rule 56.1 Statement is one part of the remarks contained in Exhibit 6 to the statement.

7. The Commission admits that the quotation set forth in paragraph 7 of Alpine's Rule 56.1 Statement is one part of the remarks contained in Exhibit 7 to the statement.

8. The Commission admits that the quotation set forth in paragraph 8 of Alpine's Rule 56.1 Statement is one part of the remarks contained in Exhibit 8 to the statement.

9. The Commission disputes Alpine's characterization of the quotation set forth in paragraph 9 Rule 56.1 Statement. The Commission does not dispute that the quoted remark was made by William J. Fox, Director of FinCEN.

10. The Commission admits that the Complaint does not contain a legal citation to a statutory or regulatory provision that imposes a standard of willfulness or negligence. The Commission disputes the assertion that it did not allege facts showing that Alpine acted willfully and negligently. For example, the Commission alleges that Alpine committed systematic and widespread SAR failures resulting in its filing of nearly 2,000 insufficient SARs, and failure to file SARs on suspicious liquidation transactions related to over 1,000 suspicious deposits. *See, e.g.*, Complaint, at ¶ 3. The sheer volume of the violations is sufficient to show that they were no accident. Additionally, the Commission alleges that Alpine committed these violations despite publicly available guidance that was incorporated into its own BSA compliance program and that Alpine continued its violations even after regulators repeatedly cited it for its SAR filing deficiencies. *See, e.g*., Complaint at ¶¶ 3-5, 22-27. Even though the Commission was not

required to plead "willfulness" or "negligence" these alleged facts more than meet these standards.

Respectfully submitted this 9th day of February, 2018.

/s/ Terry R. Miller
Zachary T. Carlyle (*pro hac*)
Terry R. Miller (*pro hac*)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

3

## CERTIFICATE OF SERVICE

I certify that on February 9, 2018, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

                                                */s/ Marla J. Pinkston*
                                                Marla J. Pinkston