

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

**DIVISION OF
ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

March 23, 2018

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *SEC v. Alpine Securities Corporation*, 1:17-CV-04179-DLC-RLE

Dear Judge Cote:

Pursuant to the Court's Individual Practice 2.C, Plaintiff United States Securities and Exchange Commission ("Commission") requests an informal conference about the Commission's request for a protective order quashing the enclosed notice of a Rule 30(b)(6) deposition of the Commission ("Notice") served by Defendant Alpine Securities Corporation ("Alpine"). The parties have conferred about the propriety of a Rule 30(b)(6) notice over the course of discovery in this action, including phone calls, in person meetings, and letters. The parties have agreed to adjourn the deposition of the Commission until the Court has addressed the Commission's request for a protective order.

The Notice is an improper attempt to probe the Commission's protected work product and privileged information. The bulk of the twenty topics listed in the Notice would compel the Commission to testify about the processes used to identify and analyze SARs at issue in this case (Topics 6-7, 10-12, and 17-20), the dates of the work done to prepare the Complaint (Topics 4, 8, and 13), and the identity of Commission staff who completed this work (Topic 5). The Notice also seeks information about the Commission's thought processes during this litigation, including the bases for the remedies it will seek (Topic 16) and the Commission's discovery responses (Topic 19). The Notice also seeks testimony from the Commission about statements made by Alpine's current and former employees who are available for depositions and testimony at trial (Topic 1).

None of these topics can be explored without intruding into the thought processes and legal theories used to develop this action. In fact, while the Commission could designate someone other than its trial counsel to testify, the Notice would, in effect, require trial counsel to be deposed because any designee would necessarily have to be educated by trial counsel about

their analysis of the evidence and trial strategy in order to provide testimony about the Commission's contentions and the underlying evidence.

Courts routinely quash depositions like those sought in the Notice where the designated witness "would have to be prepared by those who conducted the investigation and … preparation of the witnesses would include disclosures of the SEC attorneys' legal and factual theories…." *SEC v. Rosenfeld*, No. 97 CIV. 1467 (RPP), 1997 WL 57602, *2-3 (S.D.N.Y. Sept. 16, 1997); *see also SEC v. NIR Group, LLC*, No. CV 11-4723(JFB)(GRB), 2013 WL 5288962 (E.D.N.Y. Mar. 24, 2013); *SEC v. Morelli,* 143 F.R.D. 42 (S.D.N.Y. 1992); *SEC v. Ahmed,* No. 3:15CV675 (JBA), 2017 WL 1347668, at *2 (D. Conn. Apr. 7, 2017); *SEC v. Buntrock*, 2004 WL 1470278, *3 (N.D. Ill. June 29, 2004). The Notice should be quashed because it "is intended to ascertain how the SEC intends to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated." *Morelli,* 143 F.R.D. at 46-47.

Moreover, the Commission has no firsthand knowledge of the facts in dispute—Alpine has possession of all facts underlying the Complaint because the Complaint concerns Alpine's books and records. The Commission has thoroughly explained its application of legal theories to Alpine's records in the Complaint, discovery, and particularly in the Commission's Motion for Partial Summary Judgment. Alpine has no particular need for the Notice to understand the Commission's legal and factual theories. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (motion to quash appropriate where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *see also NIR Group, LLC*, 2013 WL 5288962 (granting motion to quash Rule 30(b)(6) deposition of Commission where Defendants already had obtained "substantial detail" of facts at issue). The only use of the Notice would be to explore the mental impressions, conclusions, opinions, and legal theories of attorneys used to develop the positions advanced in the Commissions pleadings and briefs, all of which are afforded absolute protection under Rule 26(b)(3)(B).

The Notice also seeks irrelevant and privileged information about "determinations" made by the Commission and FINRA in prior examinations, none of which bear on the adequacy of Alpine's SAR filings or its failures to file (Topics 14-15). In any event, Alpine already has access to the final determinations made after the examinations in the form of written reports and letters, and the legal theories and mental impressions of attorneys who developed these determinations are protected by the deliberative process privilege.

Alpine should not be allowed to depose the Commission's attorneys about their work product. The Commission therefore requests an informal conference to seek a protective order quashing the Notice.

Sincerely,

*/s/ Terry R. Miller*
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc: Counsel of Record