UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>      Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>**NOTICE OF RULE 30(b)(6) DEPOSITION OF UNITED STATES SECURITIES AND EXCHANGE COMMISSION** |

PLEASE TAKE NOTICE that Defendant Alpine Securities Corporation, pursuant to Rule 30 of the Federal Rules of Civil Procedure, hereby notices the following deposition on the topics listed on "Exhibit A."

| | |
|---|---|
| Deponent: | United States Securities and Exchange Commission |
| Topics: | Pursuant to Rule 30(b)(6), the matters for examination are listed on "Exhibit A" to this Notice |
| Date: | March 30, 2018 |
| Location: | Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, Colorado 80203 |

The deposition will be taken before a certified shorthand recorder, and may be taken before a videographer.

DATED: March 13, 2018.

          /s/ *Brent R. Baker*
          Brent R. Baker (BB 8285)
          Aaron D. Lebenta (*Pro Hac Vice*)
          Jonathan D. Bletzacker (*Pro Hac Vice*)
          **CLYDE SNOW & SESSIONS**
          One Utah Center
          201 South Main Street, Suite 1300
          Salt Lake City, Utah 84111-2216
          Telephone 801.322.2516
          Facsimile 801.521.6280
          Email: brb@clydesnow.com
                  adl@clydesnow.com
                  jdb@clydesnow.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 13th day of March 2018, I caused a true and correct copy of the **NOTICE OF RULE 30(b)(6) DEPOSITION OF UNITED STATES SECURITIES AND EXCHANGE COMMISSION** to be served via email on the following:

Zachary T. Carlyle
Terry R. Miller
United States Securities And
Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
*Attorneys for Plaintiff*

Mark Lee Smith
Smith Correll, LLP

Maranda E. Fritz
Thompson Hine LLP (NYC)

               /s/ *Brent R. Baker*
               *Attorneys for Defendant Alpine*

3

## "EXHIBIT A"

## DEFINITIONS

1. The term "SEC", "you", "your" or "Plaintiff" refers to The United States Securities and Exchange Commission, and any of its departments, employees, agents, or directors.

2. The term "Alpine", or "Defendant" refers to Alpine Securities Corporation, and any of its officers, employees or agents.

3. The term this "Action" refers to the above-captioned action.

4. The term "Complaint" refers to your Complaint filed in this Action.

5. The term "FinCEN" refers to The Financial Crimes Enforcement Network, and any of its employees, agents, or directors.

6. The term "FINRA" refers to the Financial Industry Regulatory Authority.

7. The term BSA refers to the Bank Secrecy Act, 31 U.S.C. §§ 5311-5330, as amended by the USA Patriot Act.

8. The term "SAR" or "SARs" refers to suspicious activity reports under the BSA and its implementing regulations.

9. The term "Complaint" refers to your Complaint filed in the above-entitled matter.

10. The term "this Action" refers to the above-captioned action.

11. The term "Interviewee" refers to any person interviewed by any agents of the SEC, Department of Justice, Homeland Security, Federal Bureau of Investigations, FinCEN or similar agency or regulatory authority, prior to or after the filing of this Action, regarding or pertaining to the subject matter of the Action and/or the allegations in the Complaint.

12.     All other terms used herein are to be construed as used or defined in your Complaint in this Action, or if not used or defined therein, in ordinary usage.

## MATTERS FOR EXAMINATION

Pursuant to Rule 30(b)(6), the SEC is requested to designate one or more witnesses who are knowledgeable and prepared to testify fully on behalf of the SEC regarding the following matters:

1.     All matters and issues discussed and asserted in the SEC's "Declaration of L. James Lyman in Support of Opposition to Motion to Dismiss," filed in this Action as Dkt No. 30-1, attached hereto as "Exhibit B," including, but not limited to, the following:

   a.     Mr. Lyman's testimony regarding "HSI agents" as fact witnesses in this Action.  *See* Decl. L. James Lyman, ¶ 4, Ex. B.

   b.     Mr. Lyman's testimony regarding statements made by Leia Farmer during her interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 6(a)-(e), Ex. B.

   c.     Mr. Lyman's testimony regarding statements made by Todd Groskreutz during his interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 7, Ex. B.

   d.     Mr. Lyman's testimony regarding statements made by Betsy Voter during her interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 8, Ex. B.

   e.     Mr. Lyman's testimony regarding statements made by Randall Jones during his interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 9, Ex. B.

   f.     Mr. Lyman's testimony regarding statements made by Doug Wawrzynski during her interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 10, Ex. B.

   g.     Mr. Lyman's testimony regarding statements made by Erin Zipprich during her interview with Mr. Lyman.  *See* Decl. L. James Lyman, ¶ 11, Ex. B.

2.     The SEC's communications with FinCEN, FINRA or any other third parties, including former employees of Alpine or their counsel, regarding the allegations in and the filing of the Complaint.

3.     The process, manner and methods available to a regulatory or law enforcement agency, including the SEC, to search for a specific SAR, or specific information in a SAR, that has been filed by a financial institution with FinCEN.

4.     The timeframe during which the SEC reviewed any of the SARs at issue in this Action, including *when* the SEC determined that the SARs at issue in this Action were deficient.

5.     The employees of the SEC who reviewed any SARs at issue in this Action.

6.     The process by which the SEC identified and reviewed Alpine's SARs and other transactions at issue as allegedly violating the BSA or its implementing regulations.

7.     The process by which the SEC identified or selected which SARs, from among all those filed by Alpine between May 17, 2011 and June 5, 2017, to put at issue in this action, including the guidance upon which the SEC relied in the selection process and the persons involved.

8.     The SEC representatives who contributed to or assisted in the identification of the guidance used to make the allegation that Alpine's SARs violated the BSA or its implementing regulations.

9.     The training and instruction, including both oral and written, provided to all representatives of the SEC and FINRA relating to their examinations of broker dealers for compliance with the BSA or its implementing rules during the period 2002 through 2015.

10. The training and instruction, including both oral and written, provided to all individuals who participated in the process of identifying allegedly violative SARS at issue in this proceeding.

11. The process by which the SEC identified all of the "red flags" that it contends must be included in every SAR filed by a broker-dealer.

12. The process by which the SEC identified the allegedly omitted "red flags" from each of the SARs on Table A.

13. The dates or approximate dates on which and the means by which the SEC and/or FINRA first notified Alpine that it was required to include all "red flags" of suspicious activity in a SAR narrative.

14. The determinations made by the SEC, and any communications with Alpine, during any regulatory examination involving anti-money laundering or SAR compliance, including but not limited to during the regulatory examination occurring during 2014-2015, SEC File No. 008-31464, DRO Exam No. BD2014DRO00025, including any in-person communications during the on-site review from July 14-July 18, 2014, and the exit interview on March 27, 2015.

15. The determinations made by FINRA during the 2012 Cycle Examination of Alpine, Examination Number 20120302014, and any actions taken by the SEC in response to FINRA's determinations.

16. Penalties sought against Alpine in this Action, including but not necessarily limited to the amounts of penalties sought, methodology of calculation of amounts of penalties sought, and the basis therefor.

17. The SEC's review, including the date(s) of such review, of SARs filed by other broker-dealers or financial institutions with respect to the transactions at issue in your Complaint.

18. Facts and evidence relevant to all of the allegations in the SEC's Complaint, including but not limited to:

   a. The allegations in Paragraph 4 of the Complaint that Alpine's conduct "deprived U.S. regulators of key financial intelligence" and prevented or impeded "U.S. regulators and law enforcement" in their scrutiny of "illicit actors."

   b. The allegations in Paragraph 1 of the Complaint that "many" of the deposits of microcap securities cleared by Alpine since 2011 "were used as part of various stock manipulation and other schemes."

   c. The allegations in Paragraph 15 of the Complaint that "[m]any Scottsdale and Alpine customers have been charged with violations of the federal securities laws, including violations relating to transactions cleared through Alpine," and in Paragraph 26 of the Complaint that "[m]any of Scottsdale customers . . . have been charged by the Commission for improper conduct relating to transactions that cleared through Alpine."

   d. Facts and evidence underlying your allegations in Paragraph 27 of the Complaint that Alpine "facilitates and enables illicit financial activity."

19. The SEC discovery responses in this action.

20. The nature of the records and other documents produced by the SEC to Alpine in this action