

March 27, 2018                                                                    MARANDA.FRITZ@THOMPSONHINE.COM
                                                                                                       PHONE: 212.908.3966
                                                                                                       FAX: 212.344.6101

*Via ECF*

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:      *SEC v. Alpine Securities Corp.,* Civil No.:  1:17-cv-04176-DLC-RLE

Dear Judge Cote:

I write in response to the Plaintiff's letter dated March 23, 2018 regarding Defendant's Rule 30(b)(6) deposition notice.  As the SEC noted in its letter, the parties have discussed this issue and have agreed that, if the Rule 30(b)(6) deposition proceeds, the Plaintiff would designate James Lyman, who has already submitted a declaration in this case, as the witness.  As demonstrated below, Defendant maintains that this Plaintiff is not immune from the requirement that it produce a 30(b)(6) witness and that the Rule 30(b)(6) deposition should proceed.

The SEC "is not immune from discovery pursuant to Rule 30(b)(6)."  *SEC v. McGinnis*,  2015 WL 13505396, at *6 (D. Vt. Jan. 13, 2015) (confirming that "a Rule 30(b)(6) deposition may be appropriate to discover facts known to a governmental agency").  Rather, that Rule "expressly applies to a government agency" and such an agency is not entitled to "special consideration concerning the scope of discovery, especially when [the agency] voluntarily initiates an action." *SEC v. McCabe*, 2015 U.S. Dist. LEXIS 67253 (D. Utah 2015) (allowing Rule 30(b)(6) of the SEC in accordance with the maxim that "'discovery is not a one-way proposition" which "would be like a boxing match in which only one boxer is allowed to throw punches").  Where the SEC has sought to prevent a 30(b)(6) deposition based on claims of work product and other privileges, courts have routinely held that "just like any party litigating in federal court, [defendant] has a right to take a 30(b)(6) deposition from the SEC" subject to applicable privileges, and holding that defendant was permitted to pursue a deposition concerning "the facts supporting the SEC's claims."  *McGinnis*, 2015 WL 13505396, at *6.  *See also Traveler's Prop. Cas. Co. v. Daimler Trucks,* 2015 U.S. Dist. LEXIS 48760 (S.D.N.Y. Apr. 14, 2015) (permitting 30(b)(6) of insurance company pursuing a subrogation claim as to "the underlying facts in support of Traveler's claims" even though carrier had no personal knowledge or involvement); *SEC v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011).  This Plaintiff, like any other litigant, is obligated to designate a 30(b)(6) witness to respond to proper inquiries relating to the "crux of the underlying dispute."



Honorable Denise L. Cote
March 27, 2018
Page 2

The decision in *SEC v. Merkin*, 283 F.R.D. 689 (S.D. Fla. 2012), has a particularly comprehensive discussion of the SEC's persistent efforts to avoid the obligations inherent in Rule 30(b)(6), and the unwillingness of many courts to accede to the SEC's position. Clear from *Merkin* is that the SEC and other governmental agencies are not above the requirements generally imposed on litigants, and that the permissibility of a Rule 30(b)(6) deposition ultimately turns on whether the specific identified topics are designed to elicit *facts* relating to or underlying the SEC's claims:

> The concern that a 30(b)(6) deposition would risk disclosure of privileged information is not unique to cases involving the Government. To the contrary, private litigants routinely confront identical hazards and raise similar objections …
>
> The mere fact that it might be an SEC attorney preparing a government investigator as the designee instead of a private attorney preparing the client's current or former employees is not a meaningful distinction. The privilege argument is identical – and if the argument is rejected in cases where private litigants seek to avoid a 30(b)(6) deposition (and it is) then there seems to be no reason to adopt a different result simply because the litigant happens to be a government agency.

*Id*. at 696-97.

The cases cited by the Plaintiff do not and could not support a claim that the SEC need not comply with Rule 30(b)(6). In *Morelli*, for example, the SEC argued that Rule 30(b)(6) "is only intended to apply 'to actions in which a governmental agency or someone in its employ has participated in the transactions or events in controversy or has actual knowledge of facts or information relevant to the action.'" That claim was rejected by the court, citing a series of cases which "have not construed Rule 30(b)(6) so narrowly." The court then considered, and likewise rejected, the SEC's argument that the deposition was prohibited because the defendant was effectively seeking to depose the plaintiff's counsel, finding that "the SEC has failed to demonstrate that the specific categories of information sought by defendant are privileged" and instead "relies on the generalized assertion that the proposed deposition would necessarily involve revealing 'discussions with counsel.'" Eventually, because the defendant was actually seeking to depose the SEC's trial counsel, and because of the SEC's "stated willingness to respond to interrogatories" on the same issues, the court granted a motion relating to the Rule 30(b)(6). *See also SEC v. Ahmed*, 2017 U.S. Dist. LEXIS 54030 (D. Conn. Apr. 7, 2017) (discussing cases that have, in some instances, prohibited a Rule 30(b)(6) of the SEC and other cases that have allowed a Rule 30(b)(6)).



Honorable Denise L. Cote
March 27, 2018
Page 3

Those cases hold no more than that there are certain topics that are not appropriate, and certain circumstances that may support the SEC's attempt to avoid the obligation to provide a Rule 30(b)(6) witness.  But there are obvious and critical distinctions between those circumstances that existed in *Morelli* and other cases cited by the Plaintiff, and this one.  First, we understand here that the designated witness would be James Lyman, *not trial counsel.*  The SEC already caused Mr. Lyman to submit an extensive declaration in this case in support of its Opposition to Defendant's Motion to Dismiss which contains extensive factual claims on a number of topics.  (*See* Dkt. No. 30-1.) The SEC's affirmative use of James Lyman to press factual assertions in the litigation constitutes a waiver of any privilege as to those areas about which he testified.  *Cf. SEC v. Buntrock*, 217 F.R.D. 441 (N.D. Ill. 2003) (where government's affirmations were couched only in "general terms," held that no work product waiver had occurred); *Reed v. Duree,* 2018 WL 582442, at *1 (N.D. Cal. Jan. 26, 2018) ("If a party elects to use its attorney as a witness . . . it 'waive[s] the [work product] privilege with respect to matters covered in his testimony.'" (alterations in original) (quoting *U.S. v. Nobles,* 422 U.S. 225, 239 and n.14 (1975) (holding party waived work product privilege for by "electing to present the investigator as a witness" and holding a party cannot "advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials")).  Second, the SEC has *not* agreed to provide other equivalent discovery; to the contrary, it has refused to provide any responses to fairly common requests for information concerning the allegations of the complaint, draping everything under the purported cloak of privilege.[1]  Finally, and perhaps most importantly, in this case we included in the list of topics only specific factual inquiries that are material to the plaintiff's claims and that are, in many instances, known only to the plaintiff.

The SEC, in its submission, quotes for the Court not one of those topics identified in the 30(b)(6) notice, failing to demonstrate that the areas of inquiry are privileged and instead relying on the same "generalized assertions" of privilege that were unsuccessful in *Morelli.* According to the SEC, the Defendant is seeking impermissibly to probe "the Commission's thought processes" or work product.  That is not the case.  The Defendant is not interested in exploring the mental processes of Plaintiff's trial counsel.  The Defendant is interested in, and entitled to discover, the facts pertaining to certain of the SEC's allegations, and the factual basis for the charges that have been leveled against it.  Here, the listed topics consist of specific and appropriate areas of inquiry, many of which have been expressly held to be permissible in the cases cited by Defendant. By way of example, because Mr. Lyman provided a declaration concerning *inter alia* his purported discussions with various current and former employees of Alpine, those facts

---

[1]  For example, the SEC refused to produce any records related to the interviews it conducted, or that are related to the Declaration of James Lyman on the basis that they are all "privileged," and that it "has no non-privileged records responsive to this request."  (*See* Plaintiff's Response to Defendant's RFP's 7 and 25.)  The SEC also refused to provide any responsive information to Defendant's interrogatories regarding factual basis for certain allegations in Plaintiff's Complaint, or to identify persons with knowledge regarding such allegations, on the basis of, *inter alia,* privilege.  (*See, e.g.,* Plaintiff's Response to Defendant's Interrogatories 1-2, 4-5, 16-18.)



Honorable Denise L. Cote
March 27, 2018
Page 4

relating to his assertions are identified in Topic 1.  Because the statements and communications involving FinCEN and, to a lesser extent, FINRA, are relevant to this case, we have identified that as Topic 2.  The SEC's receipt and its handling of SARs, identified in Topics 3 and 4, is information that only the SEC possesses and that has been injected into this case by the SEC in its claims that the SARs filed by Alpine "prevented or impeded the ability of regulators in their scrutiny of illicit actors."  Complaint ¶ 4.  Topics 5 through 8 seek information regarding the process employed by the SEC to deem SARs "deficient" including those items of guidance that form the basis for the allegations in the complaint concerning purported regulatory requirements.  Topics 9 and 10 again involve critical information that only the SEC possesses: the instructions that were given to those who conducted the examinations of broker-dealers including the extent to which those instructions included or were consistent with the propositions that are advanced in this case.  Also critical to issues of notice and willfulness are Topics 13 through 15 which address the plaintiff's claim that Alpine was aware or advised by the regulators of purported "red flag" requirements.  The Rule 30(b)(6) notice includes also a number of standard requests for the facts supporting a series of the particular claims in the Complaint.  (Topic 18).

The SEC possesses no blanket immunity from the requirements of Rule 30(b)(6), and is entitled to avoid having that obligation only if it demonstrates that the actual and specific topics do not seek discoverable information, and that any concerns of privilege cannot be addressed in the ordinary course of a deposition.  In this case, the SEC skims over the actual topics identified by Defendant, ignoring the fact that the particular topics constitute the critical inquiry.  Here, the topics consist of significant and permissible areas of inquiry, many injected by Plaintiff itself through its filings, and Defendant should not be denied a fair opportunity to obtain discovery on those issues.

Thank you for your consideration in this matter.

Respectfully,

/s/ Maranda E. Fritz

Maranda E. Fritz

cc:     All Counsel of Record (via ECF)