UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>        Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>Honorable Judge Denise L. Cote<br>Magistrate Judge Ronald L. Ellis<br><br>**ECF CASE** |

**DEFENDANT'S NOTICE OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 30, 2018 OPINION AND ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

PLEASE TAKE NOTICE that, pursuant to Local Rule 6.3, Defendant Alpine Securities Corporation ("Alpine"), by and through undersigned counsel, moves this Court for reconsideration of the rulings in the Court's March 30, 2018 Opinion and Order ("Opinion") granting, in part, the United States Securities and Exchange Commission's ("SEC") Motion for Partial Summary Judgment based on the following grounds:

1.      The Court erred in ruling that Summary Judgment was appropriate on the issue of Alpine's omission of certain "red flags."

2.      The Court's approach, ruling on the content of a Suspicious Activity Report ("SAR") without information regarding the reason for the SAR filing, inverts the proper analysis and ignored disputed material facts.

3.      The Court erred in its treatment and interpretation of guidance and the SAR-BD Forms in its holding that "red flags" must be included in a SAR narrative.

4.      The Court erred in its application of the SAR Form Checklists and guidance to the evidence presented by the SEC.

5.      Predicating Judgment on the SEC's red flag theory would deprive Alpine of its Constitutional right to "fair notice."

6.      Questions of law and issues of material fact preclude the Court's ruling that SARs were required on the liquidation transactions.

7.      The Court's ruling that certain of Alpine's SARs were filed late as a matter of law was error because it misinterpreted regulations and  ignored material issues of fact.

8.      The Court's ruling on the SAR support files misconstrues the SEC's claim.

Based on the foregoing, and for the reasons stated in the accompanying memorandum of law, Alpine respectfully requests that the Court reconsider its rulings in its Order granting, in part, the SEC's Motion for Partial Summary Judgment.

DATED this 20th day of April, 2018.

/s/ *Maranda E. Fritz*
Maranda E. Fritz
**THOMPSON HINE**
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. 212.344.5680
Fax 212.344.6101
Email:  Maranda.Fritz@thompsonhine.com

Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280

Email: brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

*Attorneys for Defendant*
*Alpine Securities Corporation*