UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>　　　Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>Honorable Judge Denise L. Cote<br>Magistrate Judge Ronald L. Ellis<br><br>ECF CASE |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
REQUEST FOR LEAVE TO SUBMIT FACTUAL EXHIBITS IN SUPPORT
OF ITS MOTIONS FOR RECONSIDERATION**



335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680



One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
(801) 322-2516

*Attorneys for Alpine Securities Corp.*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1
ARGUMENT .................................................................................................................................... 3
    1.   Expert Declaration ................................................................................................... 4
    2.   Deposition Testimony .............................................................................................. 5
    3.   Additional Sample SARs ......................................................................................... 8
    4.   Response to SEC Examination Findings ................................................................. 9
CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)......................................................................................3

*Emerson Enters., LLC v. Kenneth Crosby - New York, Inc.,*
    2007 WL 655761 (W.D.N.Y. Feb. 26, 2007) .........................................................................3

*Sinrich v. Fernwood Enters., Inc.*,
    2009 WL 3109824 (S.D.N.Y. Sept. 28, 2009).......................................................................3

**Statutes**

31 C.F.R. § 1023.320(a)(2).............................................................................................................6

Bank Secrecy Act, 31 U.S.C. 5311, *et seq.*..............................................................................1, 2, 3

Defendant Alpine Securities Corporation ("Alpine"), requests leave of Court to submit the Expert Declaration of Beverly E. Loew, sample Suspicious Activity Reports ("SARs"), deposition testimony, and Alpine's May 20, 2015 response letter to the Securities and Exchange Commission ("SEC") examination letter in conjunction with its Motions for Reconsideration of this Court's March 30, 2018 Opinion and Order ("Opinion").

## INTRODUCTION

At the direction of the Court in November of 2018, the parties submitted cross-motions for summary judgment in the midst of fact discovery, before any depositions were taken, and prior to the commencement of expert discovery.  When the Court first raised the concept of the early summary judgment motion practice, Alpine expressed concern that any motion by the SEC was "premature" because the nature of a broker-dealer's decision-making with respect to SARs under the Bank Secrecy Act (the "BSA"), 31 U.S.C. 5311, *et seq.,* is fact-intensive, dependent on the facts and circumstances of a particular transaction and particular industry which would be developed through both lay and expert testimony discovery.  (*See* Hr'g Tr. 26:10-29:10, 30:14-22, 31:10-15, 32:11-13 Nov. 2, 2017.) The Court nonetheless set an expedited briefing schedule and then, on the same day that the Opinion issued, advised counsel that it would be issuing a preliminary decision "laying out what I understand the law is and was at the relevant period." (*See* Hr'g Tr. 11:20-21 Mar. 30, 2018).  Notably, the Court added that "to the extent that [the parties] have further authority to provide to [the Court] on those issues, they'll feel free to do so."  (Hr'g Tr. 11:18-24 Mar. 30, 2018.)

The Opinion that was then issued by the Court expressly acknowledged the lack of relevant evidence and information, including expert testimony.  First, the Court acknowledged that the Plaintiff had failed to demonstrate that the sample SARs were required SAR filings but, instead of denying its motion, the Court *assumed* that the SARs were required and continued on

1

to address the claims concerning the requisite content of SAR narratives.  (Opinion, at 46.)[1] Second, the Court noted the lack of "lay and/or expert testimony" on  subjects including "the penny stock market, and manipulation of that market, as well as various other market practices," and stated that the parties would be required to present such foundational evidence in future summary judgment submissions or at trial. (*Id.* at 46 n.21.)  As to expert testimony, the Court specifically acknowledged that the parties' failure to provide expert testimony was likely due to the Court's scheduling of the motions months before the period of expert discovery.  (*Id.*) Notwithstanding these evidentiary shortcomings, the Opinion of the Court establishes unprecedented and strict requirements that would have significant impact in the securities industry.

As detailed in Alpine's concurrently filed Motion to Reconsider the Court's Opinion, Alpine contends that the Opinion is predicated on conclusions and assumptions that constitute error, and that the Court would have benefitted from a full factual record prior to considering the SEC's Summary Judgment Motion. Through the discovery process, Alpine has developed testimony and other evidence that is relevant to, and should be considered by the Court in connection with, Alpine's Motions for Reconsideration.  This evidence includes a declaration from Alpine's industry expert witness, Beverly E. Loew, and deposition testimony from current and former Alpine employees.  In addition, Alpine is providing additional sample SARs that were filed by Alpine during the relevant period, and referenced on the SEC's Tables, to illustrate the process and the detail that appeared on Alpine's SARs when Alpine actually viewed the

---

[1] The SEC claimed that it was entitled to summary judgment on the basis that each of the sample SARs violated 31 C.F.R. § 1023.320.  The Court concluded that it was the SEC's burden to prove that these SARs were required filing, and held that the SEC did not meet this burden.  The Court should have, at that point, denied summary judgment, not proceeded to grant summary judgment for the SEC, even provisionally, and particularly not on a record the Court itself acknowledged was inadequate.

circumstances surrounding the transaction as suspicious within the meaning of the BSA.[2] As invited by the Court, Alpine seeks leave to present this evidence to aid the Court in its consideration of the Motions for Reconsideration.

## ARGUMENT

Pursuant to Local Rule 6.3, "[n]o affidavits shall be filed by any party unless directed by the Court" for a Motion for Reconsideration. As detailed below, Alpine seeks to submit additional evidence to aid the Court in its reconsideration of its Opinion. *See Capitol Records, LLC v. Vimeo*, LLC, 972 F. Supp. 2d 537, 543 (S.D.N.Y. 2013) ("Courts may also grant reconsideration because of an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (citation omitted); *Sinrich v. Fernwood Enters., Inc.*, 2009 WL 3109824, at *3 (S.D.N.Y. Sept. 28, 2009) (leave granted to submit additional evidence in support of a motion for reconsideration where "it was not obvious before the Court rendered its decision that these additional materials were potentially material."). *See also Emerson Enters., LLC v. Kenneth Crosby - New York, Inc.,* 2007 WL 655761, at *7-8 (W.D.N.Y. Feb. 26, 2007) (staying its decision on the plaintiff's application for reconsideration and granting plaintiff additional time to conduct discovery in support of its motion for reconsideration where the new evidence "is potentially significant.").

Consideration of Alpine's additional evidence is warranted here. As indicated above, this additional factual evidence is particularly relevant and necessary here because of the early submission of dispositive motions. Based on the timing of dispositive motions, fact discovery occurred after the briefing, and the period for expert discovery has not even commenced. This unusual procedural posture is combined with the Court's own acknowledgment that it lacked a

---

[2] Alpine also anticipates that additional evidence relevant to the issues before the Court in this case will be developed before the close of discovery.

3

sufficient record on many critical foundational facts underpinning its ruling – "the penny stock market, and manipulation of that market, as well as various other market practices." (Opinion, at 26, n. 21). Given those circumstances, the instant case provides a more compelling argument for consideration of Alpine's additional evidence than either the *Sinrich* or *Emerson.* Moreover, the Court should go the further step of staying or holding in abeyance its underlying decision provisionally granting the SEC's motion until after *all* discovery is completed, including expert discovery, given the potential impact of the Court's ruling in the securities industry.

Based on these considerations, Alpine requests leave to submit the following exhibits which are attached to and authenticated by the declaration of counsel, Maranda Fritz ("Fritz Declaration").

    1.    **<u>Expert Declaration.</u>**  Attached as Exhibit A to the Fritz Declaration is a declaration from Alpine's expert, Beverly E. Loew ("Loew Declaration"), presenting testimony on, *inter alia,* the following relevant subjects:

    a.    The SEC's improper assertion of jurisdiction to maintain an enforcement action with respect to the SAR requirements of the BSA, and policy concerns raised by the allowing the SEC to maintain a claim for violation of the SAR requirements under a strict liability standard. (Loew Decl. ¶¶ 28-43, 103-107.)

    b.    The distinct nature of the AML obligations of clearing firms and introducing brokers, including the distinct monitoring obligations of clearing firms and introducing brokers for introduced accounts. (Loew Decl. ¶¶ 45-48.)

    c.    The subjectivity standard of the SAR decision-making process, and the policy reasons for this standard. (Loew Decl. ¶¶ 49-56.)

    d. Materials and industry/regulatory standards and practices with respect to a broker-dealers duties in preparing SARs, which the Court overlooked or misinterpreted in its analysis and ruling adopting the SEC's claim that Alpine's SARs have fatally deficient narratives as a matter of law for, *inter alia,* omitting "red flags" listed in guidance from the narratives of the sample SARs presented by the SEC. (Loew Decl. ¶¶ 57-88.)

    e. Materials and industry/regulatory standards and practices regarding a broker-dealers duties and decision-making in determining whether to file a SAR, which the Court overlooked or misinterpreted in ruling that Alpine, as a matter of law, failed to file SARs when required with respect to the liquidation of securities in the sample transactions provided by the SEC. (Loew Decl. ¶¶ 89-94.)

    f. Materials and industry/regulatory standards and practices regarding the timing of SAR filings, which the Court overlooked or misinterpreted in ruling that Alpine, as a matter of law, failed to timely file the sample SARs provided by the SEC. (Loew Decl. ¶¶ 95-102.)

    g. The consequences and impact to the securities industry and financial institutions from the Court's Opinion. (Loew Decl. ¶¶ 108-111.)

  2. **<u>Deposition Testimony.</u>** After briefing was complete on the dispositive motions, the following pertinent deposition testimony was obtained which supports multiple factual assertions and positions in Alpine's underlying Opposition Memorandum to the SEC's Summary Judgment Motion and Alpine's Motion for Reconsideration of the grant of the SEC's Motion. Relevant portions of these deposition excerpts are attached to the Fritz Declaration as Exhibit B (Deposition of Chris L. Frankel, on behalf of Alpine pursuant to Rule 30(b)(6), March 13, 2018); Exhibit C (Deposition of Leia Farmer (rough), April 19, 2018)); Exhibit D (Randall Jones,

March 20, 2018); Exhibit E (Deposition of Erin Green, March 14, 2018).  The depositions are being offered on the following topics:

    a.    <u>Alpine's AML Process</u>:  The following deposition excerpts are relevant to Alpine's AML process:

        i.    Alpine 30(b)(6) Dep., at pp. 36-38, 42-43, Ex. B.

        ii.    Farmer Dep., at pp. 18-19, 28, 31, 35, 84, 87-88, Ex. C.

        iii.    Jones Dep., at pp. 13-14, 16-17, 54-55, 57, 62-66, Ex. D.

        iv.    Green Dep., at p. 128, Ex. E.

    b.    <u>Analysis of Red Flags and their Relevance to SAR Narratives</u>:  The following deposition excerpts are relevant to Alpine's analysis of "red flags," the purpose for which Alpine reviewed red flags, the relevance of a "red flag" to Alpine's decision to prepare and file a SAR and to what it included in a SAR narrative.

        i.    Alpine 30(b)(6) Dep., at 37, 68-70, 75-76, 137-38, Ex. B.

        ii.    Farmer Dep., at pp.  55-57, 62, 66, 79-81, 85-86, 104-105, Ex. C.

        iii.    Green Dep., at pp. 117-119, 128-130, Ex. E.

        iv.    Jones Dep., at pp. 75-76, Ex. D.

    c.    <u>Specific "red flag" categories identified by the SEC</u>.  The following deposition excerpts are relevant to Alpine's analysis and practice relating to the specific allegedly omitted "red flag" categories identified by the SEC and addressed in the Court's Opinion, including criminal or regulatory history, stock promotions, foreign residencies or addresses, use of a shell company, and ability to access a customer's website.

        i.    Farmer Dep., at pp. 67-69, 76-79, 97-98, 101-104, Ex. C.

        ii.    Jones Dep., at pp. 72-73, Ex. D.

    d.  <u>Alpine's filing of Voluntary SARs</u>.  The following deposition excerpts are relevant to Alpine's filing of voluntary SARs on large deposits of low-priced securities even though the transaction was not determined to fall within one of the four categories of suspicious activity under 31 C.F.R. § 1023.320(a)(2).  In discussing Alpine's policy to file voluntary SARs under those circumstances, the deponents also discussed the reasons for those filings, including information obtained from regulators.

      i.  Alpine 30(b)(6) Dep., at pp. 43-46, 87-95, 97, Ex. B.

      ii.  Farmer Dep., at pp. 26, 34-35, 45-54, 73-75, Ex. C.

      iii.  Jones Dep., at pp. 72-73, Ex. D.

      iv.  Green Dep., at pp. 85-86, Ex. E.

    e.  <u>Deposit and Liquidation Transactions are Routine in The Microcap Market, and Under Alpine's Business model.</u>  The following deposition excerpts contain information on Alpine's business model, specifically as a clearing firm focusing on the microcap securities industry, and the fact that selling a stock, even shortly after deposit, is routine for Alpine's customers and not viewed as suspicious by Alpine.

      i.  Alpine 30(b)(6) Dep., at pp. 41, 175, Ex. B.

      ii.  Farmer Dep., at pp. 82-84, Ex. C.

    f.  <u>Alpine's Review of Trading Activity</u>.  The following deposition excerpts contain information regarding Alpine's review of trading activity, including the use of a surveillance analyst who looked for improper conduct, unusual movements, or manipulations in the market.

      i.  Alpine 30(b)(6) Dep., at p. 179, Ex. B.

      ii.  Jones Dep., at pp. 74-77, Ex. D.

          iii.    Farmer Dep., at pp. 82-84, Ex. C.

    g.    <u>The failure to disclose the SEC's omitted "red flag" theory during regulatory exams</u>. The following deposition excerpts contain information regarding the regulator's failure to notify Alpine that it had to include all possible red flags listed in guidance in the SAR narratives.

          i.    Farmer Dep., at pp. 55-56, Ex. C.

    3.    **Additional Sample SARs.** Attached as Exs. F through M to the Fritz Declaration are additional sample SARs filed by Alpine during the relevant period in relation to transactions that Alpine truly found indicative of illegal activity, as discussed at fn. 8 of Alpine's Memorandum in Support of Motion for Reconsideration of the Court's Opinion Granting, in part, the SEC's Summary Judgment Motion. Alpine is filing these sample SARs under seal in accordance with the Court's standing order, set forth in the Endorsed Letter dated November 1, 2017, Dkt. No. 53. Alpine has included slip sheets for the SARs in this filing. Each of these sample SARs is taken from the SEC's "Table E," which the SEC has not alleged are deficient:

    a.    <u>Sample SAR 1 (Ex. F)</u>: Narrative states, among other things, that Alpine was monitoring trade volume, outlined details and percentages of daily volumes, and stated that the client may be attempting to dominate the market.

    b.    <u>Sample SAR 2 (Ex. G)</u>: Narrative states, among other things, that Alpine was monitoring trade volume, outlined details and percentages of daily volumes, and stated that it was filing a SAR because the client may be attempting to dominate/manipulate the market.

    c.    <u>Sample SAR 3 (Ex. H)</u>: Narrative states, among other things, that Alpine was monitoring trade volume, outlined details and percentages of daily trade volumes, and stated that it was filing a SAR due to the ostensible market domination of the client, which in turn

appears to have affected the price of the security, both of which appear to be potentially suspicious.

    d. <u>Sample SAR 4 (Ex. I)</u>: Narrative states, among other things, that Alpine is filing the SAR because the approximate worth of the shares represents a potential exponential increase in return on the underlying investment, and over the past two weeks the stock has experienced a large increase in price and volume and this increase corresponds with some light promotional activity and therefore is suspicious in nature.

    e. <u>Sample SAR 5 (Ex. J)</u>: Narrative states, among other things, that Alpine, on a periodic basis, will perform reviews of foreign broker-dealers, including a review of their deposits, transmittal or trading activity and presents details of such activities on this client.

    f. <u>Sample SAR 6 (Ex. K)</u>: Narrative states, among other things, details regarding the transaction, concern over potential of high percentage of return, and that the client is affiliated with another foreign broker-dealer.

    g. <u>Sample SAR 7 (Ex. L)</u>: Narrative states, among other things, details regarding the transaction, trading volume, recent PR and promotional activity, and a family relationship between parties.

    h. <u>Sample SAR 8 (Ex. M)</u>: Narrative states, among other things, details regarding the transaction, details of other accounts held by the client, trading volume, and that there is a significant percentage of the trading volume/issued and outstanding shares over a relatively short time period.

  4. **Response to SEC Examination Findings.** For the benefit of the Court, Alpine seeks leave to provide a copy of the letter dated May 20, 2015 setting forth Alpine's response to Report of Examination, issued April 9, 2015, by the SEC's Office of Compliance Inspections

and Examinations (OCIE). This letter was prepared by Leia Farmer and is discussed throughout her deposition excerpts. This letter is attached as Exhibit N to the Fritz Declaration.

## CONCLUSION

For the foregoing reasons, and those more specifically set forth in Alpine's Motions for Reconsideration, the Court should grant Alpine's Request for Leave to Submit Factual Exhibits in Support of its Motions for Reconsideration.

DATED this 20th day of April, 2018.

/s/ *Maranda E. Fritz*
Maranda E. Fritz
**THOMPSON HINE**
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. 212.344.5680
Fax 212.344.6101
Email: Maranda.Fritz@thompsonhine.com

Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email: brb@clydesnow.com
        adl@clydesnow.com
        jdb@clydesnow.com
*Attorneys for Defendant*
*Alpine Securities Corporation*