

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961

**DIVISION OF
ENFORCEMENT**

(303) 844-1084
carlylez@sec.gov

June 13, 2018

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

    Re:    *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC-RLE*

Dear Judge Cote:

    Pursuant to the Court's Individual Practices 1.A, 1.E, and 3.J, Plaintiff United States Securities and Exchange Commission ("Commission") requests an informal conference to address the SEC's requests, set forth below, regarding setting a due date for the Commission to submit a reply to Alpine Securities Corporation's ("Alpine") rebuttal expert report and setting a date for completion of expert discovery. The parties met and conferred by phone on June 4, 2018, but could not reach agreement.

    Pursuant to the Court's order [ECF No. 96] the parties adjusted the following relevant interim scheduling dates on consent: (1) extensions of the date for the Commission's expert disclosures from April 20, 2018 to May 25, 2018; (2) extensions of the date for Alpine's rebuttal expert disclosures from May 11, 2018 to June 29, 2018. The deadline to file motions for summary judgment or a proposed pretrial order is July 13, 2018.

*Requested Relief*

    1.  *Setting due date for the Commission to submit a reply to expert rebuttal*. As set forth above, the Commission submitted its expert disclosures on May 25, 2018, and Alpine's rebuttal disclosures are due June 29, 2018. The Commission's expert will likely have opinions regarding Alpine's rebuttal disclosures that the Commission's expert should be permitted to testify about at trial. In fairness to Alpine, these opinions about the rebuttal disclosures should be disclosed to Alpine in the form of a reply in advance of deposition and trial. Accordingly, the Commission requests the opportunity to submit a reply to Alpine's rebuttal expert disclosures. Alpine's position is that the Commission should not be permitted to serve an expert report replying to Alpine's expert disclosures.

Given the scheduling conflicts of the Commission's expert, the July 13, 2018, deadline for summary judgment,[1] and the fact that one of the Commission's two attorneys on this case will be in trial during July, the Commission requests a <u>July 27, 2018</u> deadline for any reply to Alpine's expert rebuttal disclosures.

2.  **Setting date for completion of expert discovery**. The parties agreed on dates for expert and rebuttal expert disclosure as set forth above, but given the dispute over whether the Commission should have the opportunity to serve an expert report replying to Alpine's expert disclosures, have not agreed on a date for expert discovery to be complete. The Commission requests that the deadline for completion of all expert discovery be set for <u>August 27, 2018</u>. This is a reasonable amount of time to complete expert discovery and will ensure that discovery is complete well before trial. Because the Commission does not believe that expert discovery is necessary to prepare or respond to motions for summary judgment, this requested relief should not impact the July 13 deadline for motions for summary judgment. Alpine has stated that it does not object to expert depositions occurring after the summary judgment deadline, however Alpine has not stated a position on a specific date for expert discovery cut-off.

Sincerely,

*/s/ Zachary T. Carlyle*
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc: Counsel of Record

---

[1] The Commission recognizes that the Court has ordered that the parties may adjust interim scheduling dates on consent so long as the July 13, 2018, date for summary judgment or a pretrial order is treated as firm. [ECF No. 96]. The Commission does not believe that its request for its expert to submit a reply, or expert discovery otherwise extending past July 13, requires any change to this deadline.