

June 14, 2018

*Via ECF*

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *SEC v. Alpine Securities Corp.,* Civil No. 1:17-cv-04179-DLC-RLE

Dear Judge Cote:

      This letter is submitted on behalf of Defendant Alpine Securities Corporation ("Alpine") in response to Plaintiff Securities and Exchange Commission's ("SEC") Letter Motion, dated June 13, 2018 seeking (a) leave to submit a reply to Alpine's expert rebuttal disclosures ("Reply Report") and a full month in which to submit it; and (b) a six week extension of the completion of expert discovery. Notably, the SEC seeks those extensions while also confirming that it intends to file its dispositive motion on the date previously set by the Court, July 13, 2018, in the midst of that continued discovery. For the reasons detailed below, Alpine opposes the SEC's request and asks that the Court maintain the existing schedule which does not include a period for a rebuttal report and sets a July 13, 2018 date for completion of expert discovery.

      As indicated by the SEC, pursuant to the Court's Order [Dkt. No. 96], the parties agreed to extend by two weeks certain relevant deadlines for expert discovery as follows: (1) the SEC's expert disclosure and deadline was extended until May 25, 2018, to give the SEC an additional two weeks to prepare and serve its expert report; and (2) Alpine's rebuttal expert disclosure and report deadline was extended until June 29, 2018, to give Alpine an equivalent additional two weeks. This stipulated schedule also contemplated a two week extension for the completion of expert discovery, including the completion of expert depositions, to July 13, 2018 – the same day as the dispositive motion deadline. Through that agreement, the parties were able to accommodate the SEC's need for additional time while also complying with the Court's directive that the dispositive motion deadline remain July 13, 2018.

      At no time had the SEC requested an opportunity to file another expert report, and neither the Court's original schedule, nor the parties' stipulated amended schedule, provided for the filing of a Reply Report. Further, given the SEC's request for an extension of time, coupled with the Court's confirmation of the July 13 date for the filing, there is no time for the filing of such a report. Now, however, the SEC seeks nearly 30 days to prepare and serve a Reply Report (almost as much time as Alpine had to prepare its entire original submission), and an additional 30 days beyond that to complete expert depositions. The SEC has not proffered any valid reason why it needs to file a Reply Report at all – before it has even seen Alpine's rebuttal report – let alone why it needs so much time to do so and to complete expert depositions. In fact, the SEC has already had the unusual and

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966      mf  4845-1006-7817.1

THOMPSON HINE LLP
ATTORNEYS AT LAW
335 Madison Avenue
12th Floor
New York, New York 10017-4611
www.ThompsonHine.com
O: 212.344.5680
F: 212.344.6101



Honorable Denise L. Cote
June 14, 2018
Page 2

unexpected benefit of having seen the extensive declaration from Alpine's expert, Beverly Loew, filed in connection with Alpine's Motion for Reconsideration filed on April 20, 2018, and so has already had the opportunity to respond to the positions taken by Alpine's expert.

Under the SEC's proposed schedule, it would be able to submit a report or declaration from its expert, and have Alpine respond to its motion, without Alpine having an opportunity to depose that expert.[1]  The SEC has represented that it intends to file a summary judgment motion on July 13, 2018 and it will undoubtedly file a submission from its expert in support of that motion.  Alpine's response to that motion, per the Court's schedule, is due August 3, 2018.  Only if we adhere to the current schedule, with expert discovery completed by July 13, 2018, will Alpine be afforded that essential opportunity to question the SEC's expert and incorporate that information into its summary judgment opposition.  *See* F.R.C.P. 26(b)(4)(A) (allowing a deposition of any expert who may testify at trial). Alpine therefore asks that the Court not inject a delay for preparation and submission of a Reply Report, and instead maintain the present schedule including the July 13, 2018 deadline for the completion of expert discovery.

Alternatively, if the Court were inclined to grant the SEC's request to file a Reply Report and extend expert discovery by approximately 60 days, Alpine would still require at least three weeks after completion of expert discovery to finalize its summary judgment opposition.  Therefore, in the event the Court grants the SEC's request to file a Reply Report and extend the expert discovery deadline, to avoid unfair prejudice to Alpine, Alpine requests that the Court extend its date to respond to any summary judgment motion filed by the SEC until three weeks after the completion of expert discovery.[2]

                                                                                        Respectfully,

                                                                                        s/Maranda E. Fritz

                                                                                        Maranda E. Fritz

cc:  Counsel of Record (via CM/ECF)

---

[1]  That sequence runs counter to the basic purpose of scheduling dispositive motions after the close of discovery, i.e., to ensure that the motion is not premature and that the Court would not have to deny the motion based simply on the fact that the opponent of the motion needs and is entitled to additional discovery.  Alpine would not have agreed to the SEC's request for an extension relating to its expert disclosures had it known that the SEC intended to try to push expert discovery past the summary judgment motion briefing schedule.

[2]  Given the SEC's peculiar assertion that it does not consider expert discovery to be necessary to the summary judgment briefing process, it is possible that the SEC does not intend to submit an expert report in support of its motion.  If that is the case, or if the Court precludes the SEC from submitting a declaration from, or any materials developed by, its expert in support of its summary judgment motion (or any reply memorandum the SEC files in support thereof), then Alpine would have no objection to the extensions and other relief sought by the SEC in its Letter Motion.