**THOMPSON HINE**  ATLANTA  CLEVELAND  DAYTON  WASHINGTON, D.C.
CINCINNATI  COLUMBUS  NEW YORK

June 14, 2018                                                                                          Maranda.Fritz@ThompsonHine.com
                                                                                                        Fax: 212.344.6101
                                                                                                        Phone: 212.908.3966

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *SEC v. Alpine Securities Corp.,* Civil No. 1:17-cv-04179-DLC-RLE

Dear Judge Cote:

Defendant Alpine Securities Corporation ("Alpine") requests a conference with the Court to address Plaintiff Securities and Exchange Commission's ("SEC") failure to produce the documents/ information identified below. Counsel for Alpine certifies that they have conferred with the SEC's counsel in good faith to attempt to resolve these disputes but were unsuccessful. Alpine also welcomes an opportunity to provide additional briefing on these issues to aid the Court in its consideration thereof.

    *Issue 1: Interview Notes*

The SEC and agents from Homeland Security Investigations ("HSI") jointly conducted extensive interviews of current and former Alpine employees during the investigative phase of this case. The SEC affirmatively used the claimed content of those interviews in the Declaration from L. James Lyman [Dkt. 30-1].[1] The SEC also, in depositions, sought to impeach witnesses based on statements supposedly made in those interviews, and has represented to this Court that it may call those HSI agents at trial regarding those interviews. *Id*. at ¶ 4. Alpine requested copies of documents reflecting and/or relating to those witness interviews. (Alpine RFP 7.) The SEC refused to produce the documents claiming, first, that the contemporaneous notes were made by HSI and are not in the SEC's possession. Because this was a joint investigation, however, the SEC is considered to have custody and control of those documents. The SEC also claims, in relation to their own records of those interviews, that those are privileged, but the SEC waived or forfeited any such privilege by relying on the statements for impeachment and purporting to describe the interviews in the Lyman Declaration.[2] The Court should order the SEC to produce these documents.

    *Issue No. 2: Examination Modules, Manuals and Training or Educational Materials*

Alpine requested current and former iterations of the SEC's anti-money laundering examination modules or manuals and related training materials. (Alpine's RFP 29.) The SEC objected to this request, again claiming a law enforcement privilege. This objection fails because the Freedom of Information Act ("FOIA") expressly requires "[e]ach agency" to "make available for public inspection in an electronic format . . . administrative staff manuals and instructions to staff that affect members of the public." 5 U.S.C. § 552(a)(2)(C). The SEC claimed also that the documents are not relevant. In fact, the requested information clearly meets the standard of relevance applicable to discovery: the examination and training materials are relevant to the issues of whether the SARs were "required" filings, the requisite content of a

---

[1] The witnesses include Robert Tew, Erin Zipperich (now Erin Green), Randall Jones, Todd Groskreutz, Elisha Werner, Leia Famer, Holly Peck, Betsy Voter, and Doug Wawrzynski.

[2] *See e.g. John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) (requiring disclosure of interview notes taken by attorney over claim of privilege because "it would be unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions.").



Honorable Denise L. Cote
June 14, 2018
Page 2

SAR narrative, Alpine's defense that the SEC's red-flag theory in this case deprives Alpine of its constitutional right to fair notice, and whether Alpine's conduct was willful.

### Issue No. 3: Civil Monetary Penalties

Alpine has asked the SEC identify all civil "monetary penalties" sought against Alpine and the "means and methodology by which the amount was calculated." (Alpine's Interrogatory No.13; RFP 22.) The SEC claims this request is premature. This objection should be overruled because Alpine is entitled to know whether the SEC is seeking a strict-liability or an enhanced penalty based on willfulness, and whether the SEC seeks a books-and-records penalty based on its single claim, which would support a penalty of far less than $ 1 million, or whether it is seeking penalties on a per-SAR or per-transaction basis that could total in excess of $400 million. This information is also essential to the ability of Alpine, and the mediator, to engage in a productive continued mediation, set to occur on June 26, 2018.

### Issue No. 4:  Additional SAR Filings

Alpine asked the SEC to produce SARs filed by "any broker dealer, or any financial institution, with respect to the transactions that are the subject of the SARs at issue." (Alpine RFP 19.) The SEC has refused, claiming that this Court rejected Alpine's argument in its March 30, 2018 Opinion and Order (at p. 44) that those SARs would be a defense to liability under the BSA. The SEC mischaracterizes the Court's ruling. The Court actually ruled that Alpine is "correct that it may rely on such SARs [filed by other broker dealers]," but that "Alpine carries the burden of showing that an introducing broker filed SARs and that the SARs were complete." *Id.* The Court should order the SEC to produce the SARs filed by other broker-dealers on the transactions at issue so that it can prepare and present this defense.

### Issue No. 5:  MOU Between SEC and FinCEN

Critical to the issue of the SEC's authority to pursue an enforcement action for alleged violations of the SAR provisions of the BSA is the underlying agreement between the SEC and FinCEN, the Memorandum of Understanding ("MOU"). Alpine requested a copy of the MOU and the SEC refused, asserting that the MOU is a nonpublic document. Alpine then received the SEC's expert report which also discusses, and purports to describe portions of that MOU, and again pressed this request with the SEC. The SEC then stated that it did not provide the MOU even to its expert, and that the expert relied on a *press release* regarding the MOU. The Court should order the SEC to immediately produce a complete copy of the actual MOU because (1) it is directly relevant to the SEC's assertion of enforcement authority and it is nonsensical for the parties, witnesses, and the Court to be addressing the issue without being permitted to see it; (2) the fact that the SEC issued a press release purporting to discuss portions of the MOU undermines its argument that the MOU is a nonpublic document; (3) there is a protective order in place in this case; and (4) it is improper for the SEC to refuse to produce the actual MOU after its expert cited purported portions of the MOU in support of her opinion. *See* FRCP 26(a)(2)(b); *see also In re Methyl.*, 2009 WL 2003382, at *2 (S.D.N.Y. June 30, 2009); *see also* F.R.E. 106 and 1002; *cf. John Doe Corp.,* 350 F.3d at 302 (discussed *supra, fn. 2.*) Before any further ruling concerning the extent of the SEC's authority in relation to SAR violations, the Court should order the production of that MOU.

Respectfully,

/s/Maranda E. Fritz

Maranda E. Fritz

cc:  Counsel of Record (via CM/ECF)