

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**DENVER REGIONAL OFFICE**
**BYRON G. ROGERS FEDERAL BUILDING**
**1961 STOUT STREET, SUITE 1700**
**DENVER, COLORADO 80294-1961**

**DIVISION OF**  (303) 844-1041
**ENFORCEMENT**  millerte@sec.gov

June 15, 2018

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

    Re:    *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC-RLE*

Dear Judge Cote:

    This letter responds to Alpine's letter dated June 14, 2018 (Doc. No. 126, "Letter") pursuant to the Court's Individual Practices § 2(C). The requests for five categories of information addressed in the Letter should be denied for the following reasons.

    *1. Interview Notes.* Alpine seeks two sets of records related to interviews conducted in a parallel investigation: (1) notes of interviews prepared by and in the possession of Homeland Security Investigations ("HSI Notes"); and (2) memoranda prepared by Commission counsel based on HSI Notes made available to the Commission staff. Alpine's demand that the Commission produce the HSI Notes should be denied because these notes are the property of HSI and not within the possession, custody, or control of the Commission. Alpine's demand for the Commission's memoranda should be denied because these records are attorney-work product. The memoranda were prepared by an attorney in anticipation of this litigation and contain mental impressions of the Commission's counsel. Moreover, Alpine has made no showing that it has a substantial need for the records or that it has been unable to obtain their substantial equivalent by other means, including by asking its own current and former employees what they told law enforcement. Fed. R. Civ. P. 26(b)(3)(A). In fact, three of the witnesses listed in footnote 1 of the Letter were deposed in this case and Alpine did not ask any of them what they talked about during their interviews, and Alpine has taken only one deposition in this case.

    *2. Nonpublic examination materials.* The broad request for the Commission's internal examination modules and training materials should be denied for reasons already expressed by the Court. As a matter of law the Commission's internal records cannot be used to establish what the law requires: the law gives notice to a broker-dealer of what it is required to do. In any event, Alpine already understands the Commission's view of the law without the examination

materials. To the extent the Commission's view of the law can be a source to interpret statutes or regulations, the Commission's view of the law is contained in the Court's order on the Commission's motion for partial summary judgment (Doc. No. 101) and if necessary the Commission can prepare a response to a contention interrogatory to that effect. Further, as a practical matter, the content of records that Alpine never saw cannot be relevant to Alpine's notice, reliance, or culpability.

*3. Calculation of penalties.* The request for the methodology used by the Commission to calculate civil penalties should be denied because, as its practice, the Commission has not completed the calculation envisioned by Alpine and will do so after liability is established. Accordingly, there is no "means and methodology" to disclose. Instead, the Commission's current thinking on civil penalties it will seek in this action is contained in its initial disclosures, which explain that the Commission seeks "civil penalties against Alpine pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] based on each of Alpine's violations." Alpine's reference to mediation does not help because the type of penalties the Commission will seek in this action do not define potential settlement terms, and disclosure of a calculation of civil penalties in discovery is not necessary for a full and complete settlement negotiation under the confidentiality rules applicable to mediation.

*4. SARs filed by other firms.* Alpine's request for SARs filed by other broker-dealers misconstrues 31 C.F.R. 1023.320(a)(3) and the Court's ruling on partial summary judgment. The only way Alpine can take advantage of Section 1023.320(a)(3) is if another firm filed a joint report on Alpine's behalf. Alpine would have records of a joint report, if it existed, and it is Alpine's burden to prove that a joint report exists. Alpine's request that the Commission search for fortuitous filings by other firms should be denied because Alpine's SAR obligations cannot be discharged by fortuitous filings made without Alpine's knowledge.

*5. Nonpublic MOU between SEC and FinCEN.* Alpine's request for the MOU between the Commission and FinCEN should be denied for at least two reasons. *First*, Alpine argues that the MOU is relevant to the Commission's authority to pursue the relief requested in this action, but the Court has already ruled on this issue. *Second*, the citation in the Commission's expert report to a press release did not waive the confidentiality of a document referenced in the press release. As explained to Alpine and as is apparent in the expert report, the Commission did not provide a copy of the MOU to its expert, and the expert did not consider or rely on the content of the MOU. Contrary to Alpine's argument in the Letter, the public disclosure of the *existence* of a document does not waive a claim of privilege over the *content* of a document.

For the reasons above, the requests for relief in the Letter should be denied.

Sincerely,

*/s/ Terry R. Miller*
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc: Counsel of Record

2