# Exhibit 2

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 18-1875

**Caption [use short title]**

**Motion for:** Emergency Stay of District Court Proceedings or Expedited Review and Determination of the Petition for a Writ of Mandamus (the "Petition").

In re Alpine Securities Corp.

**Set forth below precise, complete statement of relief sought:**

Petitioner Alpine Securities Corporation has petitioned this Court to issue a writ of mandamus directing the Hon. Denise J. Cote to dismiss the complaint filed by the SEC in the District Court for the Southern District of New York (No. 17-cv-4179 (DLC)). The District Court has ordered dispositive motions be filed by July 13, 2018. Petitioner now moves this Court to stay the proceedings below or expedite resolution of the Petition.

**MOVING PARTY:** Alpine Securities Corporation
☐ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**OPPOSING PARTY:** United States Securities and Exchange Commission

**MOVING ATTORNEY:** Maranda E. Fritz
**OPPOSING ATTORNEY:** Rachel M. McKenzie
[name of attorney, with firm, address, phone number and e-mail]

Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017

U.S. Securities and Exchange Commission
100 F Street NE
Washington DC 20549

**Court-Judge/Agency appealed from:** United States District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?  ☐ Yes ☑ No
Has this relief been previously sought in this Court?  ☐ Yes ☑ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☑ Yes ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/Maranda E. Fritz  **Date:** June 29, 2018  **Service by:** ☑ CM/ECF  ☑ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# No. 18-1875

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

In Re ALPINE SECURITIES CORPORATION

                                                                                Petitioner.
_____

**DECLARATION OF MARANDA E. FRITZ IN SUPPORT OF
EMERGENCY MOTION FOR STAY OF PROCEEDINGS**
_____

      I, Maranda E. Fritz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

      1.     I am a member of the Bar of this State and of this Court and a Partner with Thompson Hine LLP, counsel for the petitioner, Alpine Securities Corporation ("Alpine"), in *United States Securities and Exchange Commission v. Alpine Securities Corporation*, 17-cv-4179, currently pending in the United States District Court for the Southern District of New York before the Honorable Denise J. Cote. I submit this declaration in support of Alpine's Emergency Motion for a Stay of Proceedings pending consideration of Alpine's Petition for Writ of Mandamus ("Petition") or, in the alternative, for expedited consideration of the Petition.

2.  The Petition presents substantial issues of first impression regarding whether the Securities and Exchange Commission can pursue claims of alleged violations of the Suspicious Activity Reporting ("SAR") requirements of the Bank Secrecy Act ("BSA") notwithstanding the facts that (i) Congress expressly delegated enforcement authority under the BSA to the Department of Treasury, which vested that authority in its bureau, FinCEN; and (ii) the SEC failed to comply with the Administrative Procedure Act ("APA") in relation to the rule that purportedly imbues it with authority to prosecute violations of the SAR provisions of the BSA. Because, on either or both grounds, the SEC is proceeding without authority, Petitioner seeks dismissal of the SEC's claim in the action below, *United States Securities and Exchange Commission v. Alpine Securities Corporation*, 17-cv-4179.

3.  This emergency or expedited relief is needed and warranted not only because of the importance and the clarity of the issue of the SEC's lack of authority but also because, if this action proceeds without this review, it is likely that a decision will issue that will have a debilitating effect on Alpine and on securities firms generally, and even on the various categories of other financial institutions that are subject to the BSA. Certainly the result effectively preordained by the District Court will decimate Alpine, to the point where it may be unable even to pursue an appeal. At the same time, the SEC will deploy the District

2

Court's decision to pursue similar actions and seek massive penalties against other financial firms on a theory that has never been deployed or endorsed by FinCEN and that would wreak havoc with the SAR reporting regime that has been overseen by FinCEN for decades.

4. As demonstrated in the Petition, the fact that the SEC does not possess authority to pursue claims for violation of the BSA appears self-evident from any objective analysis of the legislative background and decisional authority but has never been addressed and resolved by any court, in this or any other jurisdiction. The relevant authorities were not even addressed by the court below, which failed to acknowledge either the clear Congressional mandate or the controlling precedent of this Court confirming that authority vested by Congress in one agency cannot be usurped by another.

5. Nor has any court, including the court below, addressed the fact that the SEC claims to possess the authority to enforce the SAR provisions of the BSA pursuant to Exchange Act Rule 17a-8, but never engaged in even a pretense of compliance with the APA concerning its purported absorption of those SAR provisions.

6. That the SEC is pursuing these BSA claims without authority is a concerning and critical threshold issue, but the need for immediate appellate review exists also because the SEC is using this case to put forth unprecedented

3

and unsound interpretations of those SAR provisions that are potentially destructive to any financial firm that is subject to the BSA. With a focus that is confined to specific issues that arise in the securities markets – as opposed to the BSA's emphasis on money laundering issues common to various kinds of financial firms – the SEC seeks to impose rigid SAR filing and content requirements that are at odds with decades of guidance from the designated Administrator of the BSA, FinCEN. For more than 20 years, FinCEN has interpreted, implemented and enforced the SAR provisions in a manner designed to further its mission of combatting money laundering while also ensuring that the provisions can be and are rationally applied to banking facilities, money services businesses, casinos, and a range of other disparate financial institutions.

7. The SEC combines its effort to impose narrowly focused hard-and-fast rules as to the contents of a SAR with an insistence that it can obtain summary judgment on an alleged violation, *without* consideration of the underlying facts and circumstances relating to the firm's review process, the transaction at issue, or the relevant market, in stark contrast to the provisions and analytical "facts and circumstances" approach consistently described and applied by FinCEN. According to the SEC, failure to adhere to its newly-minted automatic and particularized content requirements constitutes an actual violation of the BSA's

filing requirement, enabling the SEC to obtain massive penalties under a *strict liability* provision, contrary to the scienter and penalty provisions of the BSA.

8. The District Court has twice declined to consider the clear legislative history, consistent FinCEN pronouncements, and controlling decisional authority relating to the foundational issue of whether the SEC has authority to pursue these BSA claims, much less graft onto those provisions its rigid and punitive enforcement and penalty regime. The District Court, from the outset, pressed the matter forward in a manner that had the effect if not the purpose of avoiding discovery regarding or consideration of the defining characteristic of a SAR filing, *i.e*, that it is a subjective determination by a firm as to whether a particular transaction, under all of the circumstances of that transaction and the relevant market, actually appeared to facilitate criminal activity or otherwise fall within the filing requisites of the BSA. The District Court *sua sponte* directed the SEC to file a motion for summary judgment even as discovery was just beginning, over the objections of Alpine, and then began issuing a series of rulings that endorsed the unprecedented positions espoused by the SEC while failing to acknowledge the abundant authority presented by Alpine regarding jurisdiction and the SEC's failure to comply with the APA.

9. The District Court's decisions, at the same time, presaged the ruling that will come next: the Court intends to grant summary judgment to the SEC once

5

the briefing on its next motion, due to be filed July 13, 2018, is complete.[1] The SEC has made clear that it is entitled to then seek per-violation penalties of at least $80,000, which would total literally in the hundreds of millions.

10.    If this matter continues down that track, with the entry of a judgment against Alpine without a review by this Court of the SEC's lack of authority to pursue these claims, Alpine will likely not be able to continue in business nor will it have the ability to bond or pursue an appeal.  Entry of a judgment in this case will literally drive Alpine out of business:  it is subject to strict net capital requirements that could not be met if an enormous liability suddenly accrued; it would be virtually impossible to bond any appeal if the District Court accepts the SEC's per-SAR penalty approach; and Alpine's counterparties would likely cease to do business with it.  *See* Declaration of Christopher Frankel ¶¶ 7-8.  If this action continues without this appellate review, Alpine may be forced out of business in a case in which it appears legally indisputable that the SEC lacks the authority to pursue it.  *See id.* ¶ 8.  This Petition likely constitutes the *only* opportunity to obtain a legal analysis of these threshold issues and a review of an unprecedented decision that is contrary to clear and controlling authority *and*

---

[1] That the District Court intends to grant that motion is clear from statements in the March 30, 2018 decision, advising that the SEC's burden on that motion will not be "onerous," and her denial of Alpine's motion for certification of these issues for appeal.

6

would dramatically alter the landscape of enforcement and interpretation of the BSA.

11. For these reasons, Alpine respectfully moves for a stay of the proceedings in the District Court to ensure that this Court has a meaningful opportunity to consider the Petition or that this Court expedite review of the Petition as follows: (1) set July 6, 2018 as the deadline for Respondents to submit any response to this Motion; (2) set July 20 as the deadline for Respondents or the District Court to submit any response to the Petition; (3) review the Petition and issue a writ of mandamus on an emergency basis; and (4) otherwise adjust the schedule so that the Petition can be adjudicated before any further summary judgment or other resolution occurs in the court below.

Dated: June 29, 2018
      New York, New York

                                            */s/ Maranda E. Fritz*
                                               Maranda E. Fritz

# No. 18-1875

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In Re ALPINE SECURITIES CORPORATION

Petitioner.

**DECLARATION OF CHRISTOPHER L. FRANKEL IN SUPPORT OF EMERGENCY MOTION FOR STAY OF PROCEEDINGS**

I, Christopher L. Frankel, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. My name is Christopher L. Frankel. I am currently employed as the Chief Executive Officer and Chief Compliance Officer at Alpine Securities Corporation ("Alpine"), a broker-dealer located in Salt Lake City, Utah. I am over 18 years of age, and make the statements herein based on my personal knowledge.

2. I am familiar with the action filed by the Securities and Exchange Commission ("SEC") against Alpine in the United States District Court for the Southern District of New York, *S.E.C. v. Alpine Securities Corp.*, Case No. 17-cv-4179-DLC (the "New York Action").

1

3.  In the New York Action, the SEC's alleges that Alpine violated the suspicious activity reporting ("SAR") requirements of the Bank Secrecy Act, 31 U.S.C. §§ 5311-5330 (the "BSA"), provisions that are actually administered by the United States Department of Treasury ("Treasury"), but posits its claims as a violation of Securities Exchange Act Rule 17a-8 (17 C.F.R. § 240.17a-8) ("Rule 17a-8").

4.  The Exchange Act allows for civil monetary penalties starting at $80,000 per violation on a strict liability basis, including for alleged books-and-records violations of Section 17(a) or Rule 17a-8.

5.  In the New York Action, the SEC claims that there are thousands of SAR violations under the BSA and insists that it is entitled to recover a separate penalty for each SAR or transaction at issue under Rule 17a-8, which could result in the imposition of a penalty in the hundreds of millions of dollars.

6.  While Alpine disputes that it has committed any violations and that the SEC's effort to calculate penalties on a per-SAR basis to receive such an excessively large penalty would ever be appropriate, particularly in a non-scienter books and records action, in the event that the District Court were to enter such a penalty it would immediately result in irreparable harm and the likely closure of Alpine's business. In fact, even a much lower penalty, in the tens of millions of dollars, would likely result in the closure of Alpine's business.

7.      Alpine, along with every broker-dealer, is subject to the net capital requirements under Securities Exchange Act Rule 15c3-1 (17 C.F.R. § 240.15c3-1) ("Rule 15c3-1"). Rule 15c3-1 requires that Alpine have sufficient net capital at all times, defined and calculated in the Rule, and prohibits Alpine from being insolvent, also defined in the Rule. While Alpine currently complies with the net capital requirements of Rule 15c3-1, a substantial judgment against it would dramatically alter that net capital computation.

8.      Alpine is a relatively small regional clearing firm with annual gross revenues of less than $20 million and its net capital requirements are commensurate with its size. If it were suddenly faced with a massive liability it would likely not be able to satisfy the regulators that it could achieve compliance with net capital. At that point, Alpine would be prohibited from trading and could not continue in business.

9.      Alpine would also not likely be able to obtain a stay of judgment in the New York Action by posting a bond for purposes of appeal because of its lack of ability to pay for such a bond and because even the effort to bond an appeal would impact its net capital requirements as a broker-dealer.

3

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of June, 2018.

_____
Christopher L. Frankel

# No. 18-1875

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In Re ALPINE SECURITIES CORPORATION,

Petitioners.

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2018, I caused a true and correct copy of the **Emergency Motion for Stay of Proceedings, Declaration of Maranda E. Fritz in support of Emergency Motion for Stay of Proceedings and Declaration of Christopher L. Frankel in support of Emergency Motion for Stay of Proceedings** to be served by first class mail delivery upon:

Zachary T. Carlyle, Esq.
Securities and Exchange Commission
Denver Regional Office
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, CO 80294-1961

Terry R. Miller, Esq.
Securities and Exchange Commission
Denver Regional Office
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, CO 80294-1961

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Dwayne Lunde

Dated: New York, New York
June 29, 2018

2