# Exhibit 5

Case 2:18-cv-00504-CW Document 13-5 Filed 07/20/18 Page 2 of 6

Amy J. Oliver (8785)
olivera@sec.gov
Attorney for Defendant
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel. 801-524-5796
Fax: 801-524-3558

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALPINE SECURITIES CORPORATION, a Utah corporation, and SCOTTSDALE CAPITAL ADVISORS, an Arizona corporation,<br><br>PLAINTIFFS,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>DEFENDANT. | **UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No.: 2:18cv00504-CW<br><br>Judge: Clark Waddoups |

Defendant Securities and Exchange Commission (the "Commission"), by and through its counsel of record, respectfully submits this unopposed motion for a 7-day extension of time, to July 13, 2018, to respond to plaintiffs' Motion for Preliminary Injunction (Docket No. 6). This is the Commission's first request for an extension of time to respond to the Motion for Preliminary Injunction.

Plaintiffs Alpine Securities Corporation ("Alpine") and Scottsdale Capital Advisors ("Scottsdale") filed their Motion for Preliminary Injunction on June 22, 2018. Pursuant to Local Rule 7-1(b)(3)(B), the Commission's response is currently due on July 6, 2018. Counsel for the

plaintiffs informed the Commission that they do not oppose the Commission's request for a 7-day extension of that deadline.

This case arises in the context of ongoing litigation between the parties before the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit on the same issues raised by the plaintiffs in their Complaint (Docket No. 2) and Motion for Preliminary Injunction. *See SEC v. Alpine Securities Corp.*, No. 17-cv-4179 (S.D.N.Y. filed June 5, 2017) ("SDNY Action"); *In re Alpine Securities Corp.*, No. 18-1875 (2d Cir. mandamus petition filed June 22, 2018) ("Second Circuit Action"). On June 5, 2017, the Commission filed a civil enforcement action against Alpine, a registered broker-dealer, in the Southern District of New York. Complaint & Jury Demand, SDNY Action, Dkt. No. 1. The Commission alleged that Alpine had violated Section 17(a) of the Securities Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8, by failing to file suspicious activity reports (SARs) required by Treasury Department regulations implementing the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311, *et seq.*; filing deficient SARs; and failing to maintain or retain required SAR documentation. *Id*. at 18-19, ¶¶ 44-47. The Commission identified Scottsdale, another registered broker-dealer, as a related relevant entity under common ownership with Alpine. *Id*. at 5-6, ¶¶ 9-10. The Commission is seeking relief against Alpine in the form of an injunction against further violations of the relevant securities laws, civil monetary penalties, and any other relief the district court deems appropriate. *Id*. at 19-20.

On August 3, 2017, Alpine moved to dismiss the SDNY Action for lack of personal jurisdiction and improper venue, or to transfer venue to this Court. *SEC v. Alpine Securities Corp.*, __ F. Supp. 3d __, No. 17-cv-4179, 2018 WL 1633818, at *7 (S.D.N.Y. Mar. 30, 2018).

2

The district court denied the motion on September 15, 2017 and issued a discovery schedule that is ongoing. *Id*.

On December 6, 2017, the Commission moved for partial summary judgment as to liability on a subset of the alleged violations. *Id*. Alpine cross-moved for summary judgment or judgment on the pleadings, arguing—as it now claims before this Court—that the Commission lacks the statutory authority to bring an action regarding the alleged SARs violations, that Rule 17a-8 is an impermissible interpretation of the Exchange Act, and that the Commission violated the Administrative Procedure Act, 5 U.S.C. § 553, with regard to Rule 17a-8. *Id*. at *7, *13-16. On March 30, 2018, the district court granted the Commission's motion in part and denied Alpine's motion. In a 77-page opinion, the court held that the Commission had the authority to pursue SARs violations under the Exchange Act, that Rule 17a-8 is a permissible interpretation of that Act, and that the Commission was not required to engage in notice-and-comment proceedings before enforcing Rule 17a-8 against Alpine. *Id*. at *14-16. Alpine subsequently moved for reconsideration or certification for interlocutory review by the Second Circuit, which the district court denied on June 18, 2018. Mem. Op. & Order, SDNY Action, Dkt. No. 129.

A few days later, on June 22, 2018—the same day it filed the instant action—Alpine petitioned the Second Circuit for a writ of mandamus "compelling the dismissal of the SEC's use of Rule 17a-8 to pursue alleged violations of the SARs provisions of the BSA." Pet. for Writ of Mandamus at 29, Second Circuit Action, Dkt. No. 1-1. Today, it filed a motion in the Second Circuit for a stay of the SDNY proceedings or for expedited treatment of its mandamus petition. Emergency Mot. for Stay of Proceedings, Second Circuit Action, Dkt. No. 16-2. That motion, and the mandamus petition, remain pending.

3

The proceedings in the Southern District of New York are also ongoing. The parties are currently engaging in expert discovery, which will be completed on August 10, 2018. Order, SDNY Action, Dkt. No. 127. The district court also has set a briefing schedule for any additional motions for summary judgment as to liability, which will be completed on August 31, 2018. *Id*. Neither the parties nor the court have addressed remedies yet. A final judgment in that action—even if entered at summary judgment rather than after a trial—is accordingly months away at a minimum.

In light of the upcoming Fourth of July holiday, a 7-day extension is warranted to allow the Commission to prepare an adequate response to plaintiffs' Motion for Preliminary Injunction and to prepare any other filings that may be necessary to allow the relevant courts to consider whether all of these actions should proceed concurrently. Because neither Alpine nor Scottsdale are currently subject to a monetary judgment or at imminent risk of being subject to such a judgment, the Commission respectfully requests that the Court extend the deadline for the Commission to respond to plaintiffs' Motion for Preliminary Injunction for 7 days, until July 13, 2018.

Respectfully submitted this 29th day of June, 2018.

_____
Amy J. Oliver
Attorney for Defendant
Securities and Exchange Commission

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2018, I caused the **UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** to be served to the following parties entitled to service by the means indicated below:

VIA EMAIL

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
**Clyde Snow & Sessions**
brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com
Attorneys for Plaintiffs

Maranda E. Fritz
**Thompson Hine**
Maranda.Fritz@thompsonhine.com
Attorney for Plaintiffs

_____
Securities and Exchange Commission

5