ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURIITES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>  - against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>         Defendant. | 17-cv-4179-DLC<br><br>ECF CASE |

**PLAINTIFF UNITED STATES SECURITIES AND
EXCHANGE COMMISSION'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO ENJOIN PROSECUTION**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.    The First-Filed Rule Applies. ...................................................................................... 1

    A.    The Utah Action and this action involve "substantially similar" parties and issues ................................................................................................. 1

    B.    Alpine has failed to show that a recognized exception to the first-filed rule is present here ................................................................. 7

II.    The Court should also enjoin Scottsdale Capital from prosecuting the Utah Action. ........................................................................ 9

CONCLUSION ................................................................................................................... 10

# INTRODUCTION

Unhappy with this Court's ruling on the APA issues raised as a defense to the Commission's enforcement action, Alpine and Scottsdale initiated an action in Utah for the purpose of halting these proceedings. Indeed, Alpine admits that it "raised the issue of APA compliance defensively in this case" and only went to Utah once it "became clear" this Court disagreed with its APA arguments. Resp. 2. The first-filed rule exists to prevent such gamesmanship, and the inefficiencies and confusion it causes. The Court should grant the Commission's motion and enjoin prosecution of the Utah proceeding, because Alpine has offered no compelling reason why that rule should not prevent it and Scottsdale Capital from using the Utah Action to interfere with the efficient resolution of this case.

# ARGUMENT

## I. The First-Filed Rule Applies.

### A. The Utah Action and this action involve "substantially similar" parties and issues.

Alpine agrees that the first-filed rule applies when "'two competing but related disputes'" are brought in two "'different fora,'" Resp. 8 (quoting *Lloyd v. J.P. Morgan Chase & Co.*, No. 11-cv-9305, 2012 WL 3339045, at *1 (S.D.N.Y. Aug. 14, 2012)), and that "[t]wo cases compete when identical or substantially similar parties and claims are present in both courts." *Id.* (quotation and citation omitted). Alpine also does not dispute that it "raised the issue of APA compliance defensively in this case." Resp. 2. Nor could it: comparing Alpine's summary judgment motion, reconsideration motion, and this Court's decisions denying those motions with the Utah Complaint reveals that the APA arguments regarding Rule 17a-8 in both cases are "substantially similar" if not identical. *Compare* Mem. of Law in Supp. of Cross-Mot. for S.J. and Mot. for J. on the Pleadings at 1-4, 5-22, Dkt. No. 84; Mem. of Law in Supp. of Mot. for

Recons. etc. at 4-18, 22, Dkt. No. 111; Opinion & Order at 34-40, Dkt. No. 101; and Mem. Op. & Order, Dkt. No. 129, *with* Utah Complaint at 26-36.

Alpine's primary argument is that it should not be enjoined from collaterally pursuing those "substantially similar" arguments in Utah because, there, its arguments are presented as affirmative claims for relief, whereas they were presented in this case as arguments in support of a motion for summary judgment. That distinction finds no support in precedent.

While cases in this Circuit commonly discuss the similarity of "claims" in deciding whether the first-filed rule applies, Alpine cites no authority for the proposition that the word "claim" is exclusive shorthand for "affirmative claim for relief." And that is unsurprising, because such an "overly formalistic approach * * * would undercut the conservation of judicial resources and the efficient disposition of litigation"—the very purposes that the first-filed rule serves. *See Cestra v. Cephalon, Inc.*, 2014 WL 1087960, *4 (S.D.N.Y. March 19, 2014) (noting that the "classic context" for application of the first-filed rule is "mirror-image lawsuits between the same parties * * * filed in different venues," but that "limiting the rule to that context would disserve judicial economy by promoting litigation that is substantially duplicative but formally discrepant") (quotation omitted). Instead, "the core question" in deciding whether the first-filed rule applies is simply "whether there are common violations of law alleged" in the two actions. *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 392-393 (S.D.N.Y. 2014) (quotation omitted); *see Toy Boz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 332 (S.D.N.Y. 1998) (first-filed rule applied where claims in second action were asserted as "affirmative defenses and counterclaims in" first action).

Alpine acknowledges that it is alleging the same APA violations in the Utah Action that it asserted in its cross-motion for summary judgment, but asserts that because it could not have

raised those arguments as counterclaims in this proceeding, the first-filed rule does not apply. But it makes no difference (*contra* Resp. 7) that Section 21(g) of the Exchange Act (15 U.S.C. § 78u(g)) bars Alpine from asserting counterclaims against the Commission in an enforcement proceeding, because Alpine was able to—and did—raise its APA challenges in a dispositive motion, which this Court has now twice considered and rejected in thorough opinions.  No law prohibits a party from asserting in a dispositive motion, or even raising as an affirmative defense, the argument that a regulation cannot be the basis for an enforcement action because it violates the APA.  *See, e.g.*, *Wong v. Doar*, 571 F.3d 247, 263 (2d Cir. 2009); *NLRB Union v. FLRA*, 834 F.2d 191, 195 (D.C. Cir. 1987); *SEC v. Feminella*, 947 F. Supp. 722, 724-728 (S.D.N.Y. 1996) (all recognizing that an APA claim can be asserted as a defense to an enforcement proceeding).[1]

In arguing otherwise, Alpine erroneously asserts that under Second Circuit law, the first-filed rule applies "only" if the claims in the second action should have been interposed as compulsory counterclaims in the first.  Resp. 12, citing *Computer Associates Int'l v. Altai, Inc.*, 893 F.2d 26 (2d Cir. 1990).  But the Court in *Computer Associates* wrote that a district court "may," in the exercise of its discretion, enjoin the second suit in that circumstance.  839 F.2d at 29.  The Court was simply describing one situation where the first-filed rule applies—not the only one, as indicated by the numerous other cases cited by the Commission in which a court enjoined a second action because of a substantial overlap with the first.  *See* Mot. to Enjoin at 6-7, Dkt. No. 133; *see also Sequa Capital Corp. v. Miller & Miller Assocs., Inc.*, No. 92-cv-3761, 1992 WL 204372, *4 (S.D.N.Y. Aug. 11, 1992) (given concerns about duplicative litigation and

---

[1] Alpine's assertion that it was unable to raise its APA arguments in this case also cannot be squared with its pending mandamus petition, which asks the Second Circuit to issue an extraordinary writ directing the dismissal of this action based on the same alleged violations of the APA that it asserted before this Court.  *See* Pet. for Writ of Mandamus at 22-28, *In re Alpine Securities Corp.*, No. 18-1875 (2d Cir. filed June 22, 2018).

3

judicial efficiency, first-filed rule applies even if duplicative claims "could be brought as permissive rather than compulsory counterclaims in the first action").

Alpine also incorrectly asserts that this Court precluded it from raising APA defenses it clearly did raise. Resp. 3. While the Court granted the Commission's motion to strike two groups of equitable defenses, including laches and unclean hands, Dkt. No. 80, it left untouched Alpine's myriad other constitutional and statutory defenses. To the extent Alpine contends that the Utah case raises additional APA arguments it neglected to assert earlier, neither Section 21(g) nor any other law precluded Alpine from asserting them as additional affirmative defenses, raising them in a motion to dismiss, or including them as arguments in summary judgment briefing.

The substantial overlap between the two suits is confirmed by juxtaposing the relief Alpine would have obtained had it won on summary judgment and the relief sought in Utah. If this Court had granted Alpine's cross-motion for summary judgment, Alpine would have obtained an order finding that the Commission's enforcement of the SAR regulations through Rule 17a-8 violated the APA and that the Commission could not enforce those regulations against Alpine—the relief it currently seeks in Utah. Moreover, Alpine's APA claims are currently being presented to the Second Circuit in a mandamus petition and are preserved for appellate review after this Court's final judgment. Thus, Alpine's assertion that the Commission is attempting to "insulate" itself from review is false. Resp. 1. The Commission seeks only to avoid the waste, confusion, and inefficiencies that would result from relitigating Alpine's APA challenges to the scope of Rule 17a-8 in a different court while this action is ongoing.

None of the cases on which Alpine relies suggests that the Commission's request is unreasonable or contrary to law. *See* Resp. 8-12. In *Curtis v. Citibank, N.A.*, 226 F.3d 133

4

(2000), the Second Circuit held that a district court abused its discretion in dismissing a second suit filed in the same court to the extent the second suit alleged misconduct that had occurred after the first suit was filed. *Id.* at 141. If anything, that case supports the Commission's request. Alpine's only assertion is that the Commission violated the APA in instituting this proceeding against it; it does not allege subsequent, distinct misconduct that could justify another suit in another court.

Similarly, neither *Lloyd v. J.P. Morgan Chase & Co.*, 2012 WL 3339045, at *1-2 (S.D.N.Y. Aug. 14, 2012), nor *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539-540 (S.D.N.Y. 2013), involved an attempt to use an APA action to halt governmental enforcement proceeding in which APA defenses were raised. In both cases, the courts declined to transfer putative class actions asserting various federal- and state-law claims to other courts considering suits against similar parties but arising under other states' laws. And in *Catalano v. BMW of North America, LLC*, 167 F. Supp. 3d 540 (S.D.N.Y. 2016), the court similarly refused to apply the first-filed rule because the "named plaintiffs in the two actions [were] not the same," *id.* at 552, and the two suits involved claims arising exclusively "under the laws of different states." *Id.* Those cases say nothing about whether the first-filed rule should apply here, where Alpine alleges the same APA violations in both actions.

Alpine's reliance on *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765 (9th Cir. 1997), and *UnitedHealthCare Ins. Co. v. Price*, 255 F. Supp. 3d 208 (D.D.C. 2017), for the proposition that APA claims are somehow different (Resp. 10-12) is also misplaced, because those cases say no such thing. In *Cedars-Sinai*, where a *qui tam* relator alleged in a prior action that a hospital had violated the False Claims Act by submitting fraudulent Medicare reimbursement claims, the Ninth Circuit held that the hospital's second-filed APA challenge to a regulation was not barred

5

by the first-filed rule because the "issues [in the two cases] [were] different," and "[e]ven if the Hospital[] succeed[ed] in having the rule declared invalid, * * * that [would] be no defense to the Relator's claims." 125 F.3d at 769. Likewise, in *UnitedHealthCare Insurance*, the district court declined to stay an APA challenge to an HHS rule in light of previously filed False Claims Act cases involving many of the same parties because the allegedly fraudulent conduct "predate[d]" the challenged rule, "[a]ll parties agree[d] * * * that the Rule [was] not at issue in either FCA case," and resolution "of the FCA cases * * * could take a number of different forms, including [one] without any reference to questions potentially common to" the APA suit. 255 F. Supp. 3d at 210, 211.

That is not the case here. This Court has already rejected Alpine's APA arguments and ruled that the Commission's enforcement of Rule 17a-8 may proceed. But if the Utah court finds that the Commission's enforcement of Rule 17a-8 runs afoul of the APA and grants Alpine's motion to enjoin the Commission from enforcing its rule, the Commission's prosecution of this case and the Court's previous rulings will necessarily be disrupted. Indeed, that is why Alpine filed the Utah Action in the first place: it seeks to enjoin the Commission *in this case* from "implementing, applying, enforcing, or taking any action whatsoever under the expanded Rule 17a-8" (Utah Complaint at 35-36) because, in its view, "the SEC's current enforcement action against Alpine in the Southern District of New York violates the requirements of the Administrative Procedure Act." PI Motion at 1. The fact that Alpine's challenges to the Commission's actions arise under the APA is irrelevant to whether the first-filed rule should prevent Alpine from using another court to disrupt this case.

### B.     Alpine has failed to show that a recognized exception to the first-filed rule is present here.

As the Commission explained (Mot. to Enjoin 8), the Second Circuit recognizes "only two exceptions to the first-filed rule: (1) where the balance of convenience favors the second-filed action," and "(2) where special circumstances warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). The first weighs the same "factors as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)," *id.*; the second exists where the first suit is an "improper anticipatory declaratory action," *id.* at 275-276, or "where forum shopping *alone* motivated the choice of the situs for the first suit," *id.* at 276 (quotation omitted, emphasis in original).[2]

Alpine argues that both exceptions are "arguably" present here (Resp. 15) and thus that the Court should not "interfere" (*id.* at 13) with the Utah action—which is ironic since Alpine filed the Utah case to "interfere" with this Court's continued exercise of jurisdiction over this case. Alpine seeks to use the Commission's injunction motion as a do-over for its long-since-resolved venue and transfer motions, but Alpine's position is factually unsupportable and incompatible with this Court's prior rulings. First, and as previously noted (Mot. to Enjoin 9), this Court already rejected the notion that the "balance of convenience" favors Utah when it denied Alpine's motion to transfer. *See* Tr. 15-18, Dkt. No. 50. Alpine did not seek

---

[2] Alpine suggests a variety of "other traditional factors" that the Court should consider in deciding whether to apply the first-filed rule (Resp. 15-16), but it never explains how those factors are materially different from, or would lead to a different result than, the "balance of convenience" factors this Court considered in denying Alpine's motion to transfer venue. And its suggestion that the Court inquire whether the Commission has made out a "clear case of hardship or inequity in being required to go forward," *id.* at 15 (quotation omitted), is incompatible with the settled principle that "[t]he party opposing application of the first-filed doctrine has the burden to show that special circumstances justify an exception" to its application. *Reliance Ins. Co.*, 155 F. Supp. 2d at 54.

7

reconsideration or appellate review of that ruling, and points to nothing now to suggest that a second look—even if permissible—would yield a different result. Indeed, it does not even attempt to explain how the "balance of convenience" now tilts in its favor. Second, while Alpine asserts that "there was plainly forum shopping here" and that "ties to this jurisdiction are *de minimis*" (Resp. 15), this Court has already concluded otherwise. And in any event, Alpine nowhere claims—because it cannot—that "forum shopping *alone* motivated the choice of situs for the first suit." *Employers Ins. of Wausau*, 522 F.3d at 276 (emphasis in original). Rather, the Commission pursued this enforcement action in New York, under Section 27 of the Exchange Act, because the thousands of suspicious transactions at its epicenter occurred on exchanges in New York. *See* SEC Mem. of Law in Opp. to Def. Mot. to Dism., Dkt. No. 30 (explaining Commission's decision to file suit in this Court); Tr. 15, Dkt. No. 50.[3]

The context and timing of the Utah action highlight the absence of any special circumstances that would justify departing from the first-filed rule. The Utah filings make clear that it is not some independent or coincidental effort to challenge a Commission rule. Rather, the stated purpose of the Utah Action is to halt proceedings in this Court because Alpine dislikes the rulings this Court rendered. Indeed, the entire basis of the Utah suit is that a potential judgment in this case, which is still at least months away, will cause Alpine and Scottsdale harm.

The strongest indictment of Alpine's tactics, however, is its timing. Alpine did not commence the Utah action shortly after the Commission began its enforcement action. Rather, it

---

[3] Alpine argues (Resp. 16-17) that a transfer of "one or the other of these actions" is the "only possible relief" to which the Commission is entitled. But transferring this case to the District of Utah after more than a year of (ongoing) proceedings, a summary judgment ruling, and a pending mandamus petition would waste judicial resources and deprive the Commission of its choice of forum for this action, which this Court has already endorsed. *See* Tr. 14-18, Dkt. No. 50. And attempting to transfer the Utah Action to this Court (which Alpine declares it would oppose, Resp. 18), would give credence to an improperly filed suit that, in light of the nature of its claims and this Court's summary judgment ruling, has no meaningful prospect of success.

tested the waters and proceeded in Utah only after it lost in this Court.  Indeed, Alpine candidly admits that it pursued the Utah action "as soon as it became clear" that this Court would not rule in its favor.  Resp. 2.  What Alpine and Scottsdale request is unprecedented and should concern this Court—they are asking a second federal court to halt an ongoing governmental enforcement proceeding in the federal court of first filing because they disagree with that court's legal rulings.  The Utah court is not a court of review for the Southern District of New York, and this Court should not countenance Alpine's attempt to hijack this proceeding.

> II.  **The Court should also enjoin Scottsdale Capital from prosecuting the Utah Action.**

The strong presumption in favor of enjoining a subsequent, related lawsuit in another forum applies even where the parties are not identical.  *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205-206 (E.D.N.Y. 2006) (stating that the rule "merely requires substantial overlap" between parties, in a case where the non-party was a "related company") (quotation omitted).  But Alpine nevertheless asserts (Resp. 18) that this Court cannot enjoin Scottsdale because it "is not a party to this action."  Even the cases Alpine cites recognize that any rule against binding non-parties "is subject to exceptions," including where there is a "pre-existing 'substantive legal relationship[] between the person to be bound and a party to the judgment,'" and where the non-party "was 'adequately represented by someone with the same interests who was a party' to the suit.'"  *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008); *accord Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); *Nat'l Spiritual Assembly of Baha'is v. Nat'l Spiritual Assembly of Bahai's of the U.S.*, 628 F.3d 837, 847 (7th Cir. 2010).  Here, Scottsdale is under common ownership with Alpine, is represented by the same counsel, has been identified as a relevant entity in this action, Compl. at ¶¶ 5-6, 9-10, and asserts, in the Utah Action, that it is contractually required to indemnify Alpine against any

9

liability imposed in this action, Utah Complaint at 25; PI Mot. at 24.  Moreover, since Scottsdale injected itself into this proceeding by asking the Utah court to issue injunctive relief that would usurp this Court's authority in a case over which it has presided for more than a year, Scottsdale should not be permitted to claim immunity from this Court's equitable powers.

Alpine questions (Resp. 19) whether "Scottsdale is even subject to personal jurisdiction in New York."  But as this Court has already recognized, Tr. 14-15, Dkt. No. 50, under the federal securities laws, the relevant personal jurisdiction inquiry is whether there are "sufficient minimum contacts with the United States" as a whole, not with New York.  *In re Application to Enforce Admin. Subpoenas Duces Tecum of the SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996) (collecting cases); *see also, e.g.*, *SEC v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990).  Scottsdale, an Arizona corporation that served as the introducing broker for many of the New York-based transactions at the center of this case, has sufficient contacts with the United States.  Utah Complaint ¶¶ 21, 23; Opinion & Order at 3, Dkt. No. 101.

## CONCLUSION

This Court should grant the Commission's motion and enjoin Alpine and Scottsdale Capital from proceeding with the Utah Action.

Respectfully submitted this 11th day of July, 2018.

>*/s/ Terry R. Miller*
>Zachary T. Carlyle (*pro hac*)
>Terry R. Miller (*pro hac*)
>Attorneys for Plaintiff
>UNITED STATES SECURITIES AND
>EXCHANGE COMMISSION
>1961 Stout Street, 17th Floor
>Denver, Colorado 80294
>(303) 844-1000

## **CERTIFICATE OF SERVICE**

I certify that on July 11, 2018, a copy of the foregoing document was served via ECF upon the following:

    Brent R. Baker
    Aaron D. Lebenta
    Jonathan D. Bletzacker
    CLYDE SNOW & SESSIONS
    One Utah Center, 13th Floor
    201 South Main Street
    Salt Lake City, Utah 84111-2216

    Maranda E. Fritz
    Thompson Hine LLP (NYC)
    335 Madison Avenue, 12th Floor
    New York, NY 10017

    *Counsel for Alpine Securities Corporation*

Pursuant to this Court's Order of July 4, 2018 (Dkt. No. 134) and Individual Practice 3.E, two courtesy copies of this document are being supplied to Chambers.

                                          */s/ Marla J. Pinkston*
                                          Marla J. Pinkston