

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

**DIVISION OF
ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

July 12, 2018

Honorable Denise Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

      Re:    *SEC v. Alpine Securities Corporation*
              Case No.*:* **1:17-CV-04179-DLC**

Dear Judge Cote:

      Pursuant to the Court's Individual Practices 4.A and 3.D, Plaintiff the Securities and Exchange Commission ("Commission") submits this request to file sealed exhibits in support of its Motion for Summary Judgment ("Motion"). This request is similar to one made by the Commission in connection with its Motion for Partial Summary Judgment, which proposed a process to submit confidential materials agreed to by the parties. Although Defendant agreed to a similar process in the past, Defendant has not stated a position as to this particular request.

      The Commission plans to file the Motion on July 13, 2018. The Motion concerns Defendant's compliance with the Bank Secrecy Act's requirements to file suspicious activity reports ("SARs"). The Commission intends to submit exhibits in support of the Motion that describe the content of SARs, which are deemed confidential under the Bank Secrecy Act and the Protective Order in this case (Doc. No. 38).

      To present the Motion while complying with the Bank Secrecy Act and the Protective Order, the Commission seeks leave to file confidential materials as follows:

- On July 13, the Commission will file its Notice of Motion, Memorandum of Law in Support, and Rule 56.1 Statement on the ECF system. These documents will not contain confidential material.

- On July 13, the Commission will submit digital copies of proposed exhibits to be filed under seal directly to the Court's chambers at CoteNYSDChambers@nysd.uscourts.gov to allow the Court to consider the request to seal information in its filings. The Commission will copy counsel for Defendant with this submission. The Commission will hand-deliver copies of the same materials to the Court the following business day and mail the same submission to counsel for Defendant.

- Once the Court renders a decision on the Commission's proposed redactions and exhibits sought to be filed under seal, and Pursuant to the Court's Individual Practices 4.A, the Commission will publicly file placeholders to stand for exhibits permitted to be filed under seal. The Commission also will submit a final set of sealed exhibits to the Sealed Records Department (with a copy to counsel for Defendant).

Good cause exists to file SARs and supporting files under seal and to redact any information indicating the existence of a SAR, or which could contain identifying information regarding the subject of a SAR, because of the strict confidentiality provisions applicable to SARs under the Bank Secrecy Act and its implementing regulations, which generally precludes both "financial institutions" and governmental entities from disclosing "to any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(i)-(ii); *see also* 31 C.F.R. § 1023.320(e) ("A SAR, and any information that would reveal the existence of a SAR, are confidential . . . .").

Accordingly, the Commission requests that the Court approve the above method to submit the Commission's Motion and supporting materials. If approved by the Court, the Commission agrees that Defendant should be permitted to utilize the same method for its filings in this case.

Sincerely,

*/s/ Terry R. Miller*
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)


cc:     All counsel of record