**EXHIBIT 16**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

ALPINE SECURITIES CORPORATION,

      Defendant.

Civil No. 1:17-CV-04179-DLC

**ALPINE SECURITIES
CORPORATION'S RESPONSE
TO SEC'S FIRST SET OF
WRITTEN DISCOVERY**

Defendant Alpine Securities Corporation ("**Alpine**"), by and through undersigned counsel, hereby responds to Plaintiff United States Securities and Exchange Commission's ("**SEC**") Requests for Admission, Interrogatories, and Requests for Production ("**Discovery Requests**") as hereafter set forth.

Alpine's responses and/or objections do not waive the attorney-client privilege or any immunity arising by way of these disclosures in response to the Discovery Requests. In answering all or a portion of any Discovery Request, Alpine does not acquiesce or concede the relevancy or materiality of any Discovery Request, the responses provided, or the subject matter to which any Discovery Request or response may refer. Alpine's responses are subject to, without waiving or intending to waive, the following:

(a)     objections as to competency, relevancy, proportionality, materiality, privilege, work product or admissibility of responses for any purpose, including any documents which may be referenced in the answers given, or the subject matter thereof, in any subsequent motion, proceeding or trial of this action or any other action;

1

(b)     the right to object to other discovery proceedings involving or relating to the subject matter of the Discovery Requests responded to herein; and

(c)     the right, at any time, to revise, correct, add to, or clarify any responses or objections set forth herein or documents referred to consistent with the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Alpine makes the following general objections to each Discovery Request.

(a)     Alpine objects to any definition, instructions or comments of counsel made with regard to the Discovery Requests that would purport or attempt to place a greater burden upon Alpine in responding to the Discovery Requests than is otherwise placed upon Alpine by the Federal Rules of Civil Procedure, the Local Rules of this Court, Judge Cote's Individual Practices in Civil Cases, or rulings and orders entered in this case;

(b)     Alpine objects to the Discovery Requests to the extent that they seek information that is unreasonably cumulative, overly burdensome, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive, or disproportionate to the SEC's need in this case;

(c)     Alpine objects to the Discovery Requests to the extent that they seek information and/or documents already provided to the SEC, made available to the SEC for inspection, or are already in the SEC's custody or control, including, but not limited to, documents Alpine produced to the SEC in response to the SEC's investigative subpoenas or otherwise during the SEC's investigation in this case;

(d)     Alpine objects to the Discovery Requests to the extent that they seek confidential business, financial or proprietary information with no evidentiary significance;

2

(e)     Alpine objects to the Discovery Requests to the extent that they contravene the applicable confidentiality and non-disclosure provisions of the BSA, including but not limited to 31 U.S.C. § 5318(g)(2), and its implementing regulations, including but not limited to, 31 C.F.R. § 1023.320(e).  These confidentiality and non-disclosure provisions create an unqualified and unwaivable discovery and evidentiary privilege against disclosure that precludes, *inter alia,* the presentation of evidence relating to a SAR and a review or consideration of the contents of a SAR in a court proceeding;

(f)     Alpine objects to the Discovery Requests to the extent that they seek information not in harmony with Local Civil Rule 33.3 which restricts what information can be sought through interrogatories at the commencement of discovery; and

(g)     Alpine further objects to the Discovery Requests to the extent that counsel for the SEC has admitted to the court that written discovery is not necessary to resolve its claim in this matter thereby rendering the Discovery Requests not "proportional to the needs of the case" as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## RESPONSE TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  For each SAR listed in Table A, admit that Alpine had access to the supporting files listed in Table A when it prepared the associated SAR listed in Table A.

**RESPONSE:**  Alpine denies this request as phrased and objects to this request on the basis that it is vague and ambiguous as to the SEC's use of the term "supporting files" to refer to documents that were compiled by the SEC. Alpine does not admit that the SEC's compilation of documents relating to all of the 2,013 SARs listed on Table A, which the SEC refers to as the "supporting files," is accurate or complete.  Alpine further objects to and denies this request on

3

the basis that it is overbroad, unduly burdensome and not proportional, including because the SEC has equal access to information sought in this request and can independently use this access to determine the answer to this request through means that are less burdensome upon Alpine and that are more proportional to the needs of this case.  To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

**REQUEST FOR ADMISSION NO. 2:**  For each transaction listed in Table B, admit that Alpine did not file a SAR for each transaction.

**RESPONSE:**  Alpine denies that it improperly failed to file SARs relating to the 3,607 transactions listed on Table B.  Alpine also objects to this request on the basis that it is vague in terms of the meaning of "each transaction."  In many instances, a SAR was filed that related to a deposit of stock and a series of sales transactions.  Alpine has not yet compiled a record of all of the 3,607 transactions listed on Table B and so does not and cannot admit that the SEC has properly identified all related transactions nor does Alpine admit that a SAR was not filed in relation to a series of transactions that are associated with the 3,607 transactions contained on Table B. Furthermore, Alpine objects to and denies this request on the basis that it is vague and ambiguous in that Table B purports to list only liquidation transactions but fails to identify the original deposits of securities to which those transaction related.  Accordingly, Table B is missing critical and needed information in order for Alpine to respond to this request.  Alpine further objects to and denies this request on the basis that it is overbroad, unduly burdensome and not proportional, including because the SEC has equal access to information sought in this request and can independently use this access to determine the answer to this request through means that are less burdensome upon Alpine and that are more proportional to the needs of this

case.  To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

**REQUEST FOR ADMISSION NO. 3:**  For each SAR listed in Table C, admit that Alpine failed to file each SAR within 30 calendar days of the initial detection by Alpine of facts that may constitute a basis for filing.

**RESPONSE:**  Alpine denies that it failed to file the SARs listed on Table C within 30 days of identifying the basis for filing.  Alpine also objects to this request on the basis that it is vague and ambiguous, including in its reference to "detection by Alpine of facts that may constitute a basis for filing." Alpine further states that this request misstates and/or omits the applicable analysis associated with the filing of a SAR and the timing that applies to such a filing.  Alpine is obligated to file a SAR only if, on analysis, it knows, suspects or has reason to suspect that the transaction will facilitate criminal activity, which also impacts the timing of a SAR filing. Furthermore, Alpine objects to and denies this request on the basis that it calls for an admission on an ultimate legal conclusion or ultimate issue in the case, and/or legal analysis as to defining when an "initial detection" of criminal activity occurred which triggered the filing of a SAR. Additionally, Alpine objects to and denies this request on the basis that Table C was prepared by the SEC and Alpine cannot assess the accuracy of the information therein.  To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

**REQUEST FOR ADMISSION NO. 4:**  For each SAR listed in Table C, admit that each SAR included inaccurate and/or misleading information regarding when the suspicious activity occurred.

**RESPONSE:**   Alpine denies that it knowingly included inaccurate or misleading information in the more than 30 SARs listed on Table C.   Alpine also objects to this request on the basis that it is vague and ambiguous as to at least the phrase "inaccurate or misleading information."  Furthermore, Alpine objects to and denies this request on the basis that it calls for an admission on an ultimate legal conclusion or ultimate issue in the case, and/or legal analysis as to "inaccurate and/or misleading information." Additionally, Alpine objects to and denies this request on the basis that Table C was prepared by the SEC and Alpine cannot assess the accuracy of the information therein.   To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

**REQUEST FOR ADMISSION NO. 5:**  For each SAR listed in Table D, admit that Alpine failed to file each SAR within 30 calendar days of the initial detection by Alpine of facts that may constitute a basis for filing.

**RESPONSE:**  Alpine denies that it failed to file the more than 200 SARs listed on Table D within 30 days of its detection of information that triggered an analysis of whether the transaction facilitated a criminal transaction and therefore warranted a SAR filing.  Alpine also objects to and denies this request on the basis that it is vague and ambiguous, and misstates and/or omits the applicable analysis associated with the filing of a SAR and the timing that applies to such a filing.  Alpine is obligated to file a SAR only if, on analysis, it knows, suspects or has reason to suspect that the transaction will facilitate criminal activity, which also impacts the timing of a SAR filing.  Furthermore, Alpine objects to and denies this request on the basis that it calls for an admission on an ultimate legal conclusion or ultimate issue in the case, and/or legal analysis as to defining "initial detection" of fact that may trigger the filing of a SAR. Alpine further objects to and denies this request on the basis that Table D was prepared by the

SEC and Alpine cannot assess the accuracy of the information therein.  To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

**REQUEST FOR ADMISSION NO. 6:**  For each SAR listed in Table E, admit that Alpine does not maintain a copy of the original or business record equivalent of any supporting documentation.

**RESPONSE:**  Alpine denies this request.  Alpine also objects to and denies this request on the basis that it is vague and ambiguous as to its meaning and definition of the phrases "original and business record equivalent" and "any supporting documentation."  Furthermore, Alpine objects to and denies this request on the basis that it calls for an admission on an ultimate legal conclusion or ultimate issue in the case, and/or legal analysis as to defining "original or business record equivalent of any supporting documentation."  Alpine further objects to and denies this request on the basis that Table E was prepared by the SEC and Alpine cannot assess the accuracy of the information therein.  Alpine further objects to and denies this request on the basis that it is overbroad, unduly burdensome and not proportional, including because the SEC has equal access to information sought in this request from documents already provided by Alpine and thus the SEC can independently use this access to determine the answer to this request through means that are less burdensome upon Alpine and that are more proportional to the needs of this case.  To the extent a further response is required, and based on all objections set forth above, Alpine denies this request.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify the persons responsible for the content of the SARs listed in Table A.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous as to the meaning of the terms "responsible" and "content." Furthermore, Alpine objects to this interrogatory on the basis that it is overly broad, unduly burdensome and not proportional in that it requests that Alpine identify the persons "responsible" for the "content" of each of the 2,013 SARs listed in Table A.  Additionally, Alpine objects to this interrogatory on the basis that Table A was prepared by the SEC and Alpine cannot assess the accuracy of the information therein.  Without waiving and subject to its objections, Alpine responds to this interrogatory as follows:  Please refer to those persons identified in Alpine's Initial Disclosures, and more specifically to the following: Leia Farmer, Betsy Voter, Todd Groskreutz, Tom Parkin, Randy Jones, Amada Jacob, Erin Zipprich, Travis Standiford, Elisha Werner, Makenna Wilde, and Doug Wawrzynski. In addition, given the vagueness of the terms "responsible" and "content," there could be other individuals not yet known to Alpine who are responsive to this interrogatory.

**INTERROGATORY NO. 2:**  Identify the persons responsible for the decision of whether to file SARs for the transactions listed in Table B.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous as to the meaning of the term "responsible." Furthermore, Alpine objects to this interrogatory on the basis that it is overly broad, unduly burdensome and not proportional in that it requests that Alpine identify the persons responsible for the decision of whether to file SARs for the 3,607 transactions listed in Table B.  Furthermore, Alpine objects to this interrogatory on the basis that Table B was prepared by the SEC and Alpine cannot assess the accuracy of the information therein. Without waiving and subject to its objections, Alpine responds that the persons with responsibility for the decision of whether to file SARs for the transactions listed on

Table B during the relevant period in the Complaint are present or former AML Officers who are identified on Alpine's Initial Disclosures, and more specifically includes the following:  Erin Zipprich, Randy Jones, Todd Groskreutz, Elisha Werner, Leia Farmer, Holly Peck, and Doug Wawrzynski. In addition, given the vagueness of the term "responsible," there could be other individuals not yet known to Alpine who are responsive to this interrogatory.

      **INTERROGATORY NO. 3:**  Identify the persons who know about the reasons why Alpine filed the SARs listed in Tables C and D at the time they were filed.

      **RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous as to the phrase "know about the reasons why." Furthermore, Alpine objects to this interrogatory on the basis that it is overly broad, unduly burdensome and not proportional in that it requests that Alpine identify all of the persons who know the reasons why Alpine filed the SARs listed in Tables C and D, which consists of 37 and 215 separate SARs respectively, and which could be read to include the subjects of the SARs themselves and regulators and law enforcement agencies.  Furthermore, Alpine objects to this interrogatory on the basis that Tables C and D were prepared by the SEC and Alpine cannot assess the accuracy of the information therein. Without waiving and subject to its objections, Alpine responds to this interrogatory as follows:  Please refer to those persons identified in Alpine's Initial Disclosures, and more specifically to the following: Leia Farmer, Betsy Voter, Todd Groskreutz, Tom Parkin, Randy Jones, Amada Jacob, Erin Zipprich, Travis Standiford, Elisha Werner, Makenna Wilde, and Doug Wawrzynski. In addition, given the vagueness of the phrase "know about the reasons why Alpine filed the SARs . . . at the time they were filed," there may be other persons not yet known to Alpine who are responsive to this interrogatory.

**INTERROGATORY NO. 4:**  Identify all documents maintained by Alpine that Alpine claims form all or part of the supporting documentation for the SARs listed in Table E.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous as to the meaning and definition of "supporting documentation."  Alpine also objects to this interrogatory on the basis that Table E was prepared by the SEC and Alpine cannot assess the accuracy of the information therein.  Alpine further objects that the SEC has equal access to information sought in this interrogatory, including because Alpine has already provided such information to the SEC, and thus the SEC can independently use this access to determine the answer to this request through means that are less burdensome upon Alpine and that are more proportional to the needs of this case.  Alpine further objects that this interrogatory exceeds the scope of Local Civil Rule 33.3, which restricts what information can be sought through interrogatories at the commencement of discovery.  Without waiving and subject to its objections, Alpine is continuing to review its documents, as well as the documents referenced by Plaintiff in Table E, to confirm that entire contents of the thousands of SAR files that are the subject of this interrogatory, have been produced. *See also* Alpine's Response to Request for Production No. 2.

**INTERROGATORY NO. 5:**  Identify all individuals and/or entities who are indispensable parties to this action as you alleged in your Eighth Defense in Alpine's Answer (Doc. No. 39).

**RESPONSE:**  Alpine has removed this defense from its Amended Answer making the information sought in this interrogatory moot and or not relevant to the issues in this case.

**INTERROGATORY NO. 6:**  Identify all persons with knowledge about "the conduct of other persons or parties that proximately caused the alleged violation, and such third-party acts

constitute intervening or superseding causes of any alleged violation of law" as alleged in your

Thirteenth Defense in Alpine's Answer (Doc. No. 39).

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous in that it requests that Alpine identify "all persons with knowledge" regarding conduct of other persons or parties. Furthermore, Alpine objects to this interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3 which restricts what information can be sought through interrogatories at the commencement of discovery.  Alpine also objects to this interrogatory to the extent it seeks information that is already in the SEC's possession or control, and/or to which the SEC has equal or greater access.  Without waiving and subject to its objections, Alpine directs the SEC to the persons listed on Alpine's Initial Disclosures, and federal regulators, including but not limited to the SEC, FINRA and/or FinCEN who failed to provide sufficient and/or consistent guidance regarding SAR filing requirements.  In addition, given the vagueness of the phrase "all persons with knowledge," there may be other persons not yet known to Alpine who are responsive to this interrogatory.

**INTERROGATORY NO. 7:**  Identify all persons with knowledge (or "information and belief") about the allegations in your Sixth Defense in Alpine's Answer (Doc. No. 39).

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is vague and ambiguous in that it requests that Alpine identify "all persons with knowledge" regarding conduct of other persons or parties. Alpine further objects to this interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3 which restricts what information can be sought through interrogatories at the commencement of discovery. Alpine also objects to this interrogatory to the extent it seeks information that is already in the SEC's possession or control, and/or to which the SEC has equal or greater access.  Without waiving its objections, Alpine

responds to this interrogatory by directing the SEC to the persons listed on Alpine's Initial Disclosures and to introducing or correspondent brokers for the transactions at issue, who are identified on the SARs or SAR supporting files provided to the SEC or FINRA prior to commencement of this action, and/or which are at issue in this action.  In addition, given the vagueness of the phrase "all persons with knowledge," there may be other persons not yet known to Alpine who are responsive to this interrogatory.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents referenced or used to develop your responses to Requests for Admission and Interrogatories above.

**RESPONSE:**  Alpine objects to the foregoing request on the basis that it is vague, ambiguous, and unduly burdensome as the Requests for Admission and Interrogatories requested herein reference or address the Tables provided by the SEC to Alpine which cite thousands of SARs and/or transaction.  Furthermore, Alpine objects to the foregoing request on the basis that it is disproportionate in that it requests documents in the SEC's custody, possession, or control and therefore a further request is unreasonably cumulative, duplicative, and unduly burdensome and expensive to reproduce. Without waiving its objections, in response to the foregoing request, Alpine directs the SEC to documents that are already in the SEC's possession or control, including to Alpine's Initial Disclosures; to the Tables and documents produced by the SEC in this action; and, with respect to Request for Admission No. 6 and Interrogatory No. 4, to communications between counsel for Alpine and staff for the SEC during the SEC's investigation of this case and to documents produced by Alpine to the SEC in response to the SEC's investigative subpoenas or during the SEC's investigation in this case.

**REQUEST FOR PRODUCTION NO. 2:**  To the extent not already produced, produce all documents maintained by Alpine that Alpine claims form all or part of the supporting documents for the SARs listed in Table E.

**RESPONSE:**  Alpine objects to the foregoing request on the basis that it is vague, ambiguous as to the meaning of the term "supporting documents.  Alpine further incorporates it objections to Request for Admission No. 6 and Interrogatory No. 4 in responding to this Request for Production.  Alpine further objects to this request on the basis that Alpine believes it has already produced responsive documents to the foregoing request in response to the SEC's investigative subpoenas or otherwise during the SEC's investigation in this case, and thus the request that Alpine reproduce these documents is unreasonably cumulative, duplicative, and unduly burdensome, and disproportional to the needs of this case.  Without waiving and subject to its objections, Alpine is continuing to review its documents, as well as the documents referenced by Plaintiff in Table E, to confirm that entire contents of the thousands of SAR files that are the subject of this request, have been produced.  To the extent it is necessary to reproduce these documents in response to this Request, Alpine will provide such documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all documents reflecting or supporting the assertion in your Sixth Defense contained in Alpine's Answer (Doc. No. 39) that "SARs were filed with respect to transactions at issue by other broker-dealers involved in the transactions."

**RESPONSE:**  Alpine objects to the foregoing request on the basis that it is disproportionate in that it requests documents which the SEC could obtain from some other source that is more convenient, less burdensome, or less expensive.  The SEC knows, or has the

greater ability and access than Alpine to determine which other broker-dealers may have filed SARs with respect to the transactions at issue in this case, and to acquire any such documents. Alpine further states that the SEC has had ample opportunity to obtain, and could have and should have obtained, information regarding the SAR filings by other broker-dealers on the transactions at issue during its investigation into this matter which has lasted over two years. Without waiving its objections, Alpine response to the foregoing request as follows:  Documents responsive to the foregoing request are not currently in Alpine's possession, custody, or control. If, or when, responsive documents are obtained, Alpine will produce such documents in response to the foregoing request.

DATED this 17th day of November, 2017.

/s/ Brent R. Baker
Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
CLYDE SNOW & SESSIONS
One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email:  brb@clydesnow.com
        adl@clydesnow.com
        jdb@clydesnow.com

Maranda E. Fritz
THOMPSON HINE
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. 212.344.5680
Fax 212.344.6101
Email:  Maranda.Fritz@thompsonhine.com

*Attorneys for Defendant*
*Alpine Securities Corporation*

As to Interrogatory responses:      Alpine Securities Corporation


/s/ Nathan D. Simmons
General Counsel for Alpine Securities Corp.
(electronically signed with permission)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November 2017, I caused a true and correct copy of the **ALPINE SECURITIES CORPORATION'S RESPONSE TO SEC'S FIRST SET OF WRITTEN DISCOVERY** to be served via email to all parties listed on the Court's CM-ECF Notice list and via U.S. Mail, upon the following:

Zachary T. Carlyle
Terry R. Miller
United States Securities And
Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
*Attorneys for Plaintiff*

Mark Lee Smith
Smith Correll, LLP
*Via email only*

Maranda E. Fritz
Thompson Hine LLP (NYC)
*Via email only*

/s/ Brent R. Baker
*Attorneys for Defendant Alpine*