**EXHIBIT 19**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>          Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>**ALPINE SECURITIES CORPORATION'S RESPONSE TO SEC'S SECOND SET OF WRITTEN DISCOVERY** |

Defendant Alpine Securities Corporation ("**Alpine**"), by and through undersigned counsel, hereby responds to Plaintiff United States Securities and Exchange Commission's ("**SEC**") Second Set of Requests for Interrogatories and Requests for Production ("**Discovery Requests**") as hereafter set forth.

Alpine's responses and/or objections do not waive the attorney-client privilege or any immunity arising by way of these disclosures in response to the Discovery Requests. In answering all or a portion of any Discovery Request, Alpine does not acquiesce or concede the relevancy or materiality of any Discovery Request, the responses provided, or the subject matter to which any Discovery Request or response may refer. Alpine's responses are subject to, without waiving or intending to waive, the following:

(a)     objections as to competency, relevancy, proportionality, materiality, privilege, work product or admissibility of responses for any purpose, including any documents which may be referenced in the answers given, or the subject matter thereof, in any subsequent motion, proceeding or trial of this action or any other action;

1

(b) the right to object to other discovery proceedings involving or relating to the subject matter of the Discovery Requests responded to herein; and

(c) the right, at any time, to revise, correct, add to, or clarify any responses or objections set forth herein or documents referred to consistent with the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Alpine makes the following general objections to each Discovery Request.

(a) Alpine objects to any definition, instructions or comments of counsel made with regard to the Discovery Requests that would purport or attempt to place a greater burden upon Alpine in responding to the Discovery Requests than is otherwise placed upon Alpine by the Federal Rules of Civil Procedure, the Local Rules of this Court, Judge Cote's Individual Practices in Civil Cases, or rulings and orders entered in this case;

(b) Alpine objects to the Discovery Requests to the extent that they seek information that is unreasonably cumulative, overly burdensome, duplicative or obtainable from some other source that is more convenient, less burdensome or less expensive, or disproportionate to the SEC's need in this case;

(c) Alpine objects to the Discovery Requests to the extent that they seek information and/or documents already provided to the SEC, made available to the SEC for inspection, or are already in the SEC's custody or control, including, but not limited to, documents Alpine produced to the SEC in response to the SEC's investigative subpoenas or otherwise during the SEC's investigation in this case;

(d) Alpine objects to the Discovery Requests to the extent that they seek confidential business, financial or proprietary information with no evidentiary significance;

(e)     Alpine objects to the Discovery Requests to the extent that they contravene the applicable confidentiality and non-disclosure provisions of the BSA, including but not limited to 31 U.S.C. § 5318(g)(2), and its implementing regulations, including but not limited to, 31 C.F.R. § 1023.320(e).  These confidentiality and non-disclosure provisions create an unqualified and unwaivable discovery and evidentiary privilege against disclosure that precludes, *inter alia,* the presentation of evidence relating to a SAR and a review or consideration of the contents of a SAR in a court proceeding;

(f)     Alpine objects to the Discovery Requests to the extent that they seek information not in harmony with Local Civil Rule 33.3 which restricts what information can be sought through interrogatories at the commencement of discovery; and

(g)     Alpine further objects to the Discovery Requests to the extent that counsel for the SEC has admitted to the court that written discovery is not necessary to resolve its claim in this matter thereby rendering the Discovery Requests not "proportional to the needs of the case" as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 8:**  Identify the SARs listed in Tables A, C, D, and/or E which Alpine believed were required to be filed under the BSA and its implementing regulations, including 31 C.F.R. § 1023.320, at the time the SAR was filed.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is overbroad, unduly burdensome, and not proportional in that it calls for Alpine to make a legal determination and conclusion as to 3,514 SARs (total amount of SARs listed on Tables A, C, D, and E). Alpine further objects to this interrogatory on the basis that it calls for an ultimate legal conclusion or ultimate issue in this case, including legal arguments set forth in detail in both

parties' fully briefed dispositive motions filed in this case.  The SEC, not Alpine, has the burden to show what was required to be filed under the BSA.  Alpine further objects to this interrogatory to the extent it is not allowed pursuant to Local Rule 33.3(b).

**INTERROGATORY NO. 9:**  Identify by bates label each document Alpine contends is "supporting documentation" within the meaning of 31 C.F.R. § 1023.320(d) for each specific SAR listed in Table E.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it calls for a legal conclusion as to the legal meaning of the term "supporting documentation" under 31 C.F.R. § 1023.320(d).  Alpine further objects to this interrogatory to the extent that it seeks the production of documents or information that is protected by the work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure by asking Alpine to produce information gathered and created in the context of litigation.  Alpine produced to the SEC supporting documentation as separate files for each underlying transaction and then reproduced the supporting documents that relate specifically to Table E.  The SEC's interrogatory is also overbroad, unduly burdensome, and not proportional as the SEC already has all of the information to which it is entitled.

**INTERROGATORY NO. 10:**  For each document identified in response to Interrogatory No. 9, identify each date since May 2015, if any, on which Alpine produced the document to the Commission and describe the manner in which it was produced.

**RESPONSE:**  Alpine objects to this interrogatory on the basis that it is irrelevant.  The SEC's Complaint states that "A FinCEN rule under the BSA requires broker-dealers to maintain a copy of any SAR filed and the original or business record equivalent of any supporting documentation for a period of five years from the date of filing the SAR."  *See* SEC's Compl., at ¶ 42, Dkt. 1.  The SEC alleges against Alpine that "For as many as 1,000 SARs filed by Alpine

during the relevant period, the underlying files either never existed or were lost by Alpine." *Id*. at ¶ 43.  The SEC's Table E identifies the SARs that the SEC alleges the "either never existed or were lost by Alpine." *Id*.  Further, counsel for the SEC stated to the Court during a hearing in this matter on November 2, 2017 that if the supporting files for the SARs listed on Table E are produced during discovery it would "eliminate" the alleged violation "from [T]able E." (*See* Hearing Transc., November 2, 2017, at p. 20:2-17.)  Alpine has produced the underlying files of the SARs identified on Table E, and these alleged violations should be eliminated from the Complaint.  *See* Alpine_Lit000001 – 167366.  The SEC did not bring a claim that Alpine failed to produce any documents in response to its investigation.  Therefore, the dates of production during the SEC's investigation are irrelevant.  Thus, the SEC's interrogatory is disproportionate to the needs and the SEC's claim in this case.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 4:**  Produce all documents clawed back by Alpine for a privilege review in connection with the Commission's investigation and pursuant to the letters dated May 17, 2016 (a letter in which Alpine requested to claw back certain documents) and August 8, 2016 (a cover letter that described the documents returned to Alpine for a privilege review), both of which are attached to these requests.

**RESPONSE:**  Alpine objects to the foregoing request on the basis that the SEC inappropriately requests clawed back documents without establishing any relevance or proportionality to the needs of this case.  The SEC's request fails to comply with the scope of discovery as defined by Rule 26(b) by requesting documents without establishing the relevance and proportionality to the needs of this case.  The SEC's request also fails to comply with Rule 26(b) by requesting privileged documents which were already subject to a claw back.  *See e.g.* In

re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig., 2012 WL 2601880, at *8 (S.D.W. Va. July 5, 2012) ("The purpose of a clawback provision is to place the parties in the positions they would have been in, but for the inadvertent or mistaken production of a document subject to a claim of privilege. It makes no sense to require AMS to produce documents as to which it claims a privilege and then attempt to claw them back again."). Accordingly, Alpine objects to this request.

**REQUEST FOR PRODUCTION NO. 5:** Produce all records, including internal or external correspondence and cover letters that evidence or relate to any production by Alpine of any of the documents labeled Alpine_Lit000001 – 169299 to the Commission prior to January 18, 2018.

**RESPONSE:** Alpine objects to this request on the basis and objections set forth in its response to Interrogatory No. 10 above.

**REQUEST FOR PRODUCTION NO. 6:** Produce records sufficient to show Alpine's operating budget, expenses, and revenue for the years 2011-2015, including records with detail sufficient to show the total amount of Alpine's expenses, the total amount of expenses related to Alpine's AML Program, the total amount of Alpine's revenue, and the total amount of Alpine's gross profits, net profits, and any distributions to Alpine's owners.

**RESPONSE:** Alpine objects to this request on the basis that the SEC has in its possession, custody, or control responsive documents, and therefore this request does not satisfy the proportionality requirements of Rule 26(b) of the Federal Rules of Civil Procedure. Alpine has filed with the SEC, during 2011 to 2015, FOCUS reports and Annual Audited Reports, which include a Statement of Financial Condition and constitute records sufficient to show Alpine's operating budget, expenses and revenue for the years 2011-2015. Alpine further

objects to this request on the basis that it does not have responsive documents specifically delineating, segregating or tracking "expenses related to Alpine's AML Program," as such documents are not kept in Alpine's ordinary course of business. Alpine objects to the request for records showing "any distribution to Alpine's owners" as irrelevant to the SEC's claim in this matter and not proportional to the needs of this case. There are no individuals named as parties to this action and thus the SEC's request for information or records regarding any distributions of profits to "Alpine's owners" is irrelevant and disproportionate to the needs and issues of this case. Alpine further objects to this requests as premature, in that the SEC has not stated the amount of civil monetary penalties it is seeking in this case and liability has not been found. Without waiving any of its specific or general objections, *see* Alpine_Lit 169300-169459, which includes Alpine's publically filed Annual Audited Reports for the requested time period, downloaded from the SEC's website.

DATED this 28th day of March, 2018.

/s/ Brent R. Baker
Brent R. Baker (BB 8285)
Aaron D. Lebenta (*Pro Hac Vice*)
Jonathan D. Bletzacker (*Pro Hac Vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email: brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

Maranda E. Fritz
**THOMPSON HINE**
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. 212.344.5680
Fax 212.344.6101
Email:  Maranda.Fritz@thompsonhine.com

*Attorneys for Defendant*
*Alpine Securities Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March 2018, I caused a true and correct copy of the **ALPINE SECURITIES CORPORATION'S RESPONSE TO SEC'S SECOND SET OF WRITTEN DISCOVERY** to be served via email to all parties listed on the Court's CM-ECF Notice list and via U.S. Mail, upon the following:

Zachary T. Carlyle
Terry R. Miller
United States Securities And
Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
*Attorneys for Plaintiff*

Mark Lee Smith
Smith Correll, LLP
*Via email only*

Maranda E. Fritz
Thompson Hine LLP (NYC)
*Via email only*

/s/ Brent R. Baker
*Attorneys for Defendant Alpine*