

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**DENVER REGIONAL OFFICE**
**BYRON G. ROGERS FEDERAL BUILDING**
**1961 STOUT STREET, SUITE 1700**
**DENVER, COLORADO 80294-1961**

**DIVISION OF**
**ENFORCEMENT**

(303) 844-1041
millerte@sec.gov

July 13, 2018

Honorable Denise Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

  Re: *SEC v. Alpine Securities Corporation*
    Case No.*:* 1:17-CV-04179-DLC

Dear Judge Cote:

  Pursuant to the Court's Individual Practices 4.A and 3.D and the Court's Order dated July 12, 2018 ("Order"), Plaintiff the Securities and Exchange Commission ("Commission") submits this request to file sealed exhibits in support of its Motion for Summary Judgment on Liability ("Motion").

  The Commission requests permission to submit exhibits under seal, specifically exhibits numbered 1-14. The Commission requests permission to submit exhibits 1-12, and 14 under seal because they include a declaration (exhibit 1), expert report (exhibit 2), summary tables (exhibits 3-12), and a deposition transcript (exhibit 14), that contain information indicating the existence of SARs, describe the content of SARs, and/or contain identifying information regarding the subjects of SARs. The strict confidentiality provisions applicable to SARs under the Bank Secrecy Act and its implementing regulations generally preclude both "financial institutions" and governmental entities from disclosing "to any person involved in the transaction that the transaction has been reported." 31 U.S.C. § 5318(g)(2)(i)-(ii); *see also* 31 C.F.R. § 1023.320(e) ("A SAR, and any information that would reveal the existence of a SAR, are confidential . . . ."). The Commission requests to submit exhibit 13 under seal because it is a portion of a deposition transcript that was designated as SAR material pursuant to the Protective Order issued in this case. [Doc. 38]. The other exhibits listed above were derived from designated SAR materials and are also subject to the Protective Order.

The Commission will submit digital copies of these materials via email and deliver hard copies of the same materials directly to the Court's chambers.

Accordingly, the Commission requests that the Court permit the Commission to submit the sealed exhibits described above and submitted to the Court's chambers.

Sincerely,

*/s/ Terry R. Miller*
Zachary T. Carlyle (*pro hac vice*)
Terry R. Miller (*pro hac vice*)

cc: All counsel of record