# Exhibit 132

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

**SECURITIES EXCHANGE ACT OF 1934**
Release No. 82767 / February 23, 2018

**INVESTMENT ADVISERS ACT OF 1940**
Release No. 4858 / February 23, 2018

**ADMINISTRATIVE PROCEEDING**
File No. 3-18379

| | |
|---|---|
| **In the Matter of**<br><br>STEPHEN M. HICKS,<br><br>**Respondent.** | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b)(6) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940, MAKING FINDINGS, AND IMPOSING REMEDIAL SANCTIONS |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b)(6) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") against Stephen M. Hicks ("Respondent" or "Hicks").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings and the findings contained in paragraphs III.1 and III.2 below, which are admitted, Respondent consents to the entry of this Order Instituting Administrative Proceedings Pursuant to Section 15(b)(6) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions ("Order"), as set forth below.

**III.**

On the basis of this Order and Respondent's Offer, the Commission finds that:

RESPONDENT

     1.     Respondent was the Chief Executive Officer of Southridge Capital Management LLC ("Southridge Capital"), and Southridge Advisors LLC ("Southridge Advisors")(together, the "Southridge Entities").  Both Southridge Capital and Southridge Advisors are investment management firms located in Ridgefield, Connecticut.  Southridge Capital was registered with the Commission as an investment adviser until September 2006.  Both ran several private investment funds.  Respondent directed the activities of Southridge Capital and Southridge Advisors, and had primary responsibility for investment selection and deal structuring, portfolio monitoring, and investment liquidate for those private investment funds.  Respondent, 58 years old, is a resident of Ridgefield, Connecticut.

ENTRY OF THE INJUNCTION

     2.     On August 2, 2017, a partial final judgment was entered against Respondent, permanently enjoining him from future violations of Section 206 of the Advisers Act, in the civil action entitled *Securities and Exchange Commission v. Southridge Capital Management LLC, et al.,* Civil Action Number 3:10-cv-1685, in the United States District Court for the District of Connecticut.  On February 10, 2018, in the same case, a final judgment was entered by consent against Respondent, permanently enjoining him from future violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, Section 17(a) of the Securities Act of 1933, and Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

     3.     The Commission's complaint alleged that Hicks, Southridge Capital Management LLC, and Southridge Advisors LLC engaged in a series of fraudulent schemes while managing a group of five hedge funds.  The Commission sought partial summary judgment as to a scheme in which Hicks and the Southridge entities violated Sections 206(1) and 206(2) of the Advisers Act.  Hicks and the Southridge Entities fraudulently caused their two new hedge funds to pay legal expenses incurred by their three older hedge funds, in litigation to which they themselves were parties, and then by purporting to compensate the New Funds with illiquid securities rather than cash.  The complaint also alleges that a) Hicks and the Southridge Entities defrauded their investors by promising investors that at least 75% of their money would be invested in unrestricted shares, but failing to keep that promise and instead investing in so many illiquid securities that they were unable to satisfy redemption requests; and b) significantly overvaluing the largest investment of the funds they controlled, allowing them to accrue undeserved management fees.

     4.     On September 12, 2016, the District Court granted partial summary judgment in favor of the Commission on its claim regarding the misappropriation of investor funds for expenses.  On August 2, 2017, the District Court enjoined Respondent from violating, directly or indirectly, Section 206(4) of the Advisers Act.   The District Court also imposed a $5,000,000

2

penalty on Respondent and ordered Hicks and the Southridge Entities jointly and severally to pay disgorgment of $5,843,017 together with prejudgment interest thereon in the amount of $2,021,047.04 (for a total of $7,864,064.04).

### IV.

In view of the foregoing, the Commission deems it appropriate and in the public interest to impose the sanctions agreed to in Respondent Hicks's Offer.

Accordingly, it is hereby ORDERED, pursuant to Section 203(f) of the Advisers Act and Section 15(b)(6) of the Exchange Act, Respondent Hicks be, and hereby is barred from association with any investment adviser, broker, or dealer.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following:  (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

For the Commission, by its Secretary, pursuant to delegated authority.

Brent J. Fields
Secretary