# Exhibit 136

Press Release

# Penny Stock Financier Agrees to Pay $1.4 Million to Settle SEC Charges

**FOR IMMEDIATE RELEASE**
**2013-249**

*Washington D.C., Nov. 25, 2013* — The Securities and Exchange Commission today charged a New York-based penny stock financier and his firms with violating the federal securities laws when they purchased billions of shares in a pair of microcap companies and failed to register them before they were re-sold to investors for sizeable profits.

Curt Kramer and his firms Mazuma Corporation, Mazuma Funding Corporation, and Mazuma Holding Corporation agreed to disgorge those profits in paying a total of $1.4 million to settle the SEC's charges.

An SEC investigation found that Kramer and his firms obtained unregistered shares in penny stock issuers Laidlaw Energy Group and Bederra Corporation.  For the Laidlaw transactions, they claimed to rely on an exemption in Rule 504 of Regulation D that permits certain companies to offer and sell up to $1 million in unregistered shares.  However, the Mazuma firms' purchases of Laidlaw shares exceeded Rule 504's $1 million limit, so the shares were restricted and not exempt from the registration requirements of the securities laws when they were re-sold.  Mazuma Holding Corporation's acquisition and sale of more than one billion unregistered shares of Bederra that had been misappropriated from the issuer by its transfer agent also were not exempt from registration.

"Unless there is a valid exemption, shares can't be sold publicly without a registration statement that provides investors with the level of detail they deserve about the investment opportunity being offered," said Michael Paley, co-chair of the SEC Enforcement Division's Microcap Fraud Task Force that was created earlier this year to target abusive trading and fraudulent conduct in securities issued by microcap companies that often don't regularly report their financial results publicly.

"Billions of shares were not vetted through the registration process yet became publicly traded as a result of the violations by Kramer and his Mazuma firms, and the SEC will continue to punish non-compliance with the registration provisions of the securities laws to ensure the investing public is protected in these types of transactions," Mr. Paley added.

According to the SEC's order instituting settled administrative proceedings, Kramer and his firms purchased two billion Laidlaw shares, which amounted to 80 percent of Laidlaw's outstanding shares at the time.  They purchased these shares at a significant discount from prevailing market prices, making it highly likely they could immediately re-sell them publicly for a short-term profit.  Kramer and his firms purchased the shares in 35 tranches with no six-month gaps, thus quantifying the transactions as a single, integrated offering through which Laidlaw exceeded the $1 million limit under

Rule 504 by raising a total of $1,259,550.  No registration statement was filed for any shares that Laidlaw offered and sold to Kramer and his firms, nor was any registration statement filed for any shares that Kramer and his firms subsequently re-sold into the public market.  Despite exceeding the $1 million limit, Kramer and his firms continued to acquire and sell additional Laidlaw shares and profited by $126,963 from these transactions.

According to the SEC's order, Kramer and Mazuma Holding Corporation acquired more than one billion shares of Bederra in 2009 and 2010 through 21 separate transactions from the principal of Bederra's transfer agent, who had misappropriated the Bederra share certificates.  Again they purchased the shares at a significant discount from prevailing market prices.  Kramer and Mazuma Holding Corporation re-sold the misappropriated Bederra shares to the public without any registration statement for a profit of $934,404.

In the settlement, Kramer and his Great Neck, N.Y.-based Mazuma firms agreed to pay disgorgement totaling $1,061,367 plus prejudgment interest of $128,611 and penalties totaling $273,000.  Without admitting or denying the SEC's findings, Kramer and Mazuma consented to the entry of an order finding that they violated Sections 5(a) and 5(c) of the Securities Act of 1933.  The order requires them to cease and desist from committing violations of Sections 5(a) and 5(c) and not participate in any Rule 504 offerings.  Entry of the order will constitute a disqualifying event for Kramer and the Mazuma firms under the recently enacted bad actor disqualification provisions of Rule 506.

The SEC's investigation was conducted by staff in the New York and Denver offices, including Ian Karpel, Kim Greer, Haimavathi Marlier, Laura Yeu, Todd Brody, Christopher Ferrante, and Elzbieta Wraga with assistance from exam staff Terrence Bohan and Denis Koval.

###

### Related Materials

- SEC order
- SEC spotlight on microcap fraud