# Exhibit 204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION,<br><br>    Defendant. | Civil No. 1:17-CV-04179-DLC<br><br>Honorable Judge Denise L. Cote<br>Magistrate Judge Ronald L. Ellis |

### SUPPLEMENTAL DECLARATION OF ERIN GREEN

I, Erin Green, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. My name is Erin Green and I am a resident of Salt Lake County, Utah, am over 18 years of age, and make the statements herein based on my personal knowledge.

2. I am the Anti-Money Laundering ("AML") Officer at Alpine Securities Corporation ("Alpine"), the Defendant in the above-entitled matter.

3. I was hired at Alpine in March of 2012 as a customer cashier. Within the first month of my employment, I became a compliance analyst. Subsequently, I became an AML analyst in 2014 and then the AML Officer in 2016.

4. Accordingly, I have been involved in Alpine's AML program since 2012.

5. As the AML Officer, my primary responsibilities and duties are to implement and oversee Alpine's AML program, including filing of Suspicious Activity Reports ("SARs").

6. I am a certified Anti-Money Laundering Specialist ("CAMs") as designated by the Association of Certified Anti-Money Laundering Specialists.

7. In my capacity as the AML Officer, I have worked closely with Alpine's compliance analyst(s), legal counsel, Chief Compliance Officers ("CCO"), and other Alpine executives in order to effectively administer and implement Alpine's AML procedures.

8. I am familiar with and have worked closely with Alpine's other AML Officers, including Leia Farmer, Holly Peck, and Todd Groskreutz (none of whom are currently employed by Alpine).

9. I am familiar with AML rules, laws, regulations, and industry guidance.

10. I am familiar with Alpine's AML policies and procedures as specified in Alpine's Written Supervisory Procedures Manuals ("WSPs").

11. I am familiar with the above-entitled action and the Securities and Exchange Commission's ("SEC") allegations against Alpine regarding Alpine's AML program, including its AML policies and procedures regarding record keeping and reporting requirements in compliance with the BSA.

12. I have previously provided a Declaration and Deposition testimony in the above-entitled matter and supplement those statements with the statements herein.

13. When a stock deposit is sent to Alpine for clearing and settlement services from an introducing broker, Alpine receives a due diligence packet containing information regarding the customer and the transaction.

14. The AML review of a stock deposit can take up to a numbers of days to weeks to determine whether a SAR should or should not be filed, depending on the AML issues present, the facts and circumstances of the deposit, the timeframe and availability of personnel in the legal department or the AML Officer for escalation of issues, and general workflow issues of completing work. Certainly, there are times when the AML review of a stock deposit and the

decision of whether or not to file a SAR has started and been completed in one day as well.

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of August, 2018.

/s / *Erin Green*
Erin Green
*[electronically signed with permission]*