**THOMPSON HINE**   ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
CINCINNATI   COLUMBUS   NEW YORK


MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/2018
```

August 14, 2018

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

Re:   *SEC v. Alpine Securities Corp.*, Civil No. 1:17-cv-04176-DLC-RLE
Request for Overlength Memorandum

Dear Judge Cote:

By this letter, Defendant Alpine Securities Corporation ("Alpine") seeks an enlargement of the page limitation applicable to its memorandum in opposition to the SEC's Motion for Summary Judgment on Liability.

While Alpine has worked diligently to reduce the size of this brief, and has actually substantially reduced its length from initial drafts, we seek approval of this filing because we do not want to eliminate or further compress what we consider to be critical arguments. As the Court is aware, Alpine fully appreciates the potential consequences of this pending motion and, at the same time, is confronted with thousands of claims encompassing thousands of transactions over five years. In response to those claims, Alpine has compiled substantial evidence concerning its actual compliance activities and SAR filings. Consistent with the Court's prior decision, Alpine has provided the Court with examples and analysis of individual SARs in relation to both SAR filing and SAR narrative requirements. In many instances, we have included SAR narratives within the body of the brief for the Court's convenience. This brief also needed to address the lengthy expert reports and deposition, and discuss in detail our objections to Navigant's arguably deficient methodology and presentation. Analysis of the expert's presentation also required substantial discussion and description of the errors in method and in the charts on which the SEC asks the Court to rely. Finally, Alpine also had to address, and demonstrate the factual issues associated with the SEC's additional claims relating to liquidations, allegedly late-filed SARs, and document retention.

We note that, in connection with the far less complex motion for partial summary judgment, which involved only a handful of SARs, the SEC previously agreed, and the Court allowed, an overlength memorandum of an additional 15 pages. By contrast, this motion involves 1,594 SARs in Table A alone, in addition to hundreds of alleged late SARs, thousands of instances of liquidations, and claims concerning production of support files.

We also acknowledge that the SEC held to the Court's page limits, filing a brief that was only 22 pages. In our view, however, the SEC was able to do so only because it failed to offer any comprehensive discussion of the SAR filing requirements or the SARs themselves. The SEC did not

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966   mf

THOMPSON HINE LLP       335 Madison Avenue           www.ThompsonHine.com
ATTORNEYS AT LAW        12th Floor                   O: 212.344.5680
                        New York, New York 10017-4611   F: 212.344.6101

THOMPSON
HINE

Honorable Denise L. Cote
August 14, 2018
Page 2

address a single specific transaction or specific SAR, and provided only conclusory, single paragraph discussions with respect to each of the claimed categories of omissions.

For all of these reasons, Alpine requests that the Court approve an enlargement of the page limitation in the Court's Individual Practice 3.B to permit Alpine to file a Memoranda of law in Opposition to SEC's Motion for Summary Judgment of 67 pages in length.

Alpine has conferred with the SEC on this request and the SEC stated that it would object to any request over 10 additional pages.

Respectfully,

/s/Maranda Fritz

Maranda Fritz

cc: Counsel of Record (via CM/ECF)

*Granted.*

*Denise Cote*
*8/15/18*

{01384821-1}