GREGORY A. KASPER
kasperg@sec.gov
ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | 17-cv-4179-DLC |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
INITIAL DISCLOSURES UNDER RULE 26(a)(1) OF THE
<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

Plaintiff United States Securities and Exchange Commission ("Commission") hereby makes its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). These disclosures are based on information presently known and available to the Commission. The Commission reserves the right to supplement these disclosures as new or additional information becomes known. The Commission further incorporates by reference into these initial disclosures all information disclosed by Alpine Securities Corporation (hereinafter "Alpine" or "Defendant") pursuant to Rule 26(a)(1).

**EXHIBIT 7**

1

In providing these disclosures, the Commission does not waive its right to object on any ground including on the basis of privilege or work production protection.

A.     **Rule 26(a)(1)(A)(i)**

Below is a list of the names and, if known, the addresses and telephone numbers of the individuals likely to have discoverable information, along with the subjects of that information, that the Commission may use to support its claims or defenses:

   1.     Leia Farmer
          c/o Loren Washburn, Esq
          Washburn Law Group
          50 Broadway
          Salt Lake City UT 84101

Ms. Farmer was Alpine's Chief Compliance Officer from May 2012 through September 2015 and Alpine's AML Officer from July 2013 to January 2015. She is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and Suspicious Activity Report ("SAR") filings, Alpine's knowledge of the results of regulatory reviews of its SAR filings and regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

   2.     Todd Groskreutz
          c/o Erik Christiansen
          Parsons, Behle & Latimer
          201 Main St, Suite 1800
          Salt Lake City UT 84111
          Main: 801-532-1234

          and/or

          John "Rusty" Wing
          Lankler, Siffert & Wohl LLP
          500 Fifth Avenue, 34th flr
          New York, NY 10110
          212-921-8399

Mr. Groskreutz was Alpine's Chief Compliance Officer from May 2011 through May 2012. He is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and SAR filings, Alpine's knowledge of regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

    3.       Betsy Voter
             c/o David Jordan, Esq.
             Stoel Rives LLP
             201 South Main Street, Suite 1100
             Salt Lake City, UT 84111

Ms. Voter was Alpine's General Counsel from August 2012 to February 2014. She is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and SAR filings, Alpine's knowledge of the results of regulatory reviews of its SAR filings and regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

    4.       Randall Jones

Mr. Jones was Alpine's AML Officer from January 2012 through September 2012 and is currently an Alpine employee living and working in Maine. He is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and SAR filings, Alpine's late filing of certain SARs and the information contained in those SARs, Alpine's knowledge of the results of regulatory reviews of its SAR filings and regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

    5.       Doug Wawrzynski

Mr. Wawrzynski was Alpine's AML Officer from September 2012 to July 2013. He is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and SAR filings, Alpine's knowledge of the results of regulatory reviews of its SAR filings and regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

    6.       Erin Zipprich

Ms. Zipprich is the current AML Officer at Alpine. She is likely to have discoverable information regarding Alpine's AML/BSA compliance programs and SAR filings, Alpine's knowledge of the results of regulatory reviews of its SAR filings and regulatory guidance regarding SAR filings, and other matters related to the claim at issue.

    7.       Expert witnesses

Information regarding expert witnesses will be provided at a time and in a manner consistent with the Federal Rules of Civil Procedure and the Pretrial Scheduling Order.

    8.       Summary witness(es) pursuant to Fed. R. Evid. 1006.

    9.       Any witness identified by the Defendant.

    10.      Any witness made known during the discovery process.

    11.      Any witness necessary to identify or authenticate documents.

12. Any witness necessary for rebuttal.

**B.      Rule 26(a)(1)(A)(ii)**

Below is a description by category and location of documents, electronically stored information, and tangible things that the Commission has in its possession, custody, or control that it may use to support its claims or defenses, unless the use would be solely for impeachment.

| Description | Location |
|---|---|
| Alpine SARs | Alpine's corporate files; SEC |
| Alpine SAR support files | Alpine's corporate files; SEC |
| Alpine emails related to SARs and/or related customers or transactions | Alpine's corporate files; SEC |
| Documents related to Alpine's BSA Compliance Program including written supervisory procedures, templates, and formal and informal training materials related to SARs | Alpine's corporate files; SEC |
| Correspondence from regulators to Alpine notifying Alpine of regulators' findings regarding Alpine's deficient SARs | Alpine's corporate files; SEC |

As discussed at the September 15, 2017, conference, the SEC is in the process of preparing schedules to help Alpine identify the specific SARs and related documents referenced in the complaint.

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiff also discloses the following documents that it may use to support its claims:

- Any document identified by any expert witness
- Any document listed by the Defendant in its Rule 26(a) disclosures
- Any document made known during the discovery process
- Any document necessary for impeachment or rebuttal

**C.**     **Rule 26(a)(1)(A)(iii)**

The Commission is not seeking damages in this case. Rather, the Commission is seeking a permanent injunction against Alpine from future violations of the federal securities laws charged in the complaint. The Commission is also seeking civil penalties against Alpine pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] based on each of Alpine's violations. Finally, the Commission is seeking appropriate post-judgment interest on the civil penalty amount and such other relief as the Court may deem just or appropriate.

**D.**     **Rule 26(a)(1)(A)(iv)**

Not applicable.

Dated: September 22, 2017

/s/ *Zachary T. Carlyle* _
Gregory A. Kasper
Zachary T. Carlyle (pro hac)
Terry R. Miller (pro hac)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000