ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> - against - <br><br> ALPINE SECURITIES CORPORATION, <br><br> Defendant. | 17-cv-4179-DLC <br><br> ECF CASE |

**SUBMISSION OF A TABLE LISTING ALL DEFICIENT NARRATIVE SARs AS TO WHICH SUMMARY JUDGMENT WAS GRANTED**

Pursuant to the Court's order dated December 11, 2018 (Doc. No. 175), Plaintiff United States Securities and Exchange Commission (the "SEC") submits a table that it maintains is a "listing [of] the deficient-narrative SARs as to which summary judgment was granted," attached as **Exhibit 1**. Alpine states that it objects to this submission, as further described below.

The Court issued an Opinion and Order On December 11, 2018 (Doc. 174), that "largely granted the SEC's motion for summary judgment as to liability." (Doc. 175). The Court also ordered that "the parties shall submit a table listing the deficient-narrative SARs as to which summary judgment was granted by item number and SAR number." *Id*. The SEC views the Court's request for a table as a simple application of the Opinion and Order.

The SEC prepared the table contained in Exhibit 1 according to the Opinion and Order and with input from Alpine. On December 20, 2018, the SEC shared a draft table with Alpine.[1] The SEC prepared this initial draft table by starting with Exhibit 10 to the SEC's Motion, which lists all deficient-narrative SARs on which the SEC moved for summary judgment, and removed various citations in the table according to specific rulings in the Opinion and Order on the criminal history category, *id.* at 66-67, shell company category, *id.* at 67, stock promotion category, *id.* at 75, 22 SARs involving "Customer C" discussed at p. 88, and finally removed citations in the low trading volume category for SARs where the only deficiency was low trading volume but the ratio of the deposit-to-trading volume did not meet the threshold set forth in the

---

[1] The Court's Order (Doc. 175) required the parties to submit the table by January 4, 2018. On December 28, 2018, the SEC filed a motion to adjourn pending deadlines in light of the partial government shutdown. (Doc. 177). On January 2, 2019, the Court granted the SEC's motion. (Doc. 178). On February 8, 2019, the parties submitted a status report to the Court and requested new deadlines, including a deadline of February 15, 2019, for submission of the table listing deficient-narrative SARs as to which summary judgment was granted. (Doc. 181). On February 12, 2019, the Court issued an order setting various deadlines, including a deadline of February 15 for submission of the table.

Opinion and Order, *id.* at 82. In the final table, all citations in the low trading volume have been removed except for SARs where the only deficiency is low trading volume **and** the ratio exceeds the threshold. It is possible that SARs on the table due to other deficiencies also involve deposit-to-trading volume ratios that exceed the threshold, but it is not necessary to compute them.

Alpine responded on February 11, 2019, with written objections to items on the draft table and seven separate voluminous tables, the Commission understands, Alpine claims reflect SARs that were and were not ruled on as deficient by in Opinion and Order. The SEC analyzed these materials and made further adjustments to the table. Attached as **Exhibit 2** is a list of Alpine's written objections and the SEC's responses, which shows that the SEC agreed with some but not all of Alpine's objections and made corresponding adjustments in the table.

Alpine sent a new set of tables on the same day as this filing, February 15, 2019, which are attached here as Alpine Exhibits A and B-1 through B-7. The SEC has not had an opportunity to review these tables.

Accordingly, the table contained in **Exhibit 1** lists what the SEC believes are the deficient-narrative SARs as to which summary judgment was granted.

**Alpine's position is reproduced below:**

Alpine has provided spreadsheets reflecting its objections to the SEC's designations, and information concerning the basis for those objections.  Those charts listing Defendant's objections are attached as Exhibits B1: Shell or Derogatory Information; B2: Low Trading Volume; B3: Five Essential Elements; B4:  Related Criminal or Regulatory History; B5

2

Unverified Issuers with More Extensive Narratives; B6 Duplicate SARs; B7: SARs with More Extensive Narratives.[2]

Specifically, Alpine objected to certain SARs included the category of related litigation based on the Court's conclusion that litigation should be disclosed where it involves "the issuer or the customer." Alpine has identified and objects to inclusion of a series of those alleged violations where the record does not reflect litigation is "related" to the "issuer" or "customer," including instances in which the SEC's submission contains only a reference to a litigation involving a "third party."

With respect to shell companies, the Court ruled that "the SEC has not offered any argument or expert testimony addressed to the significance of an issuer's former status as a shell company, or attempted to explain for how long or in what circumstances such former shell status remains relevant to the SAR reporting regime," (Order, at 69-70) but then concluded that Alpine was required to include in the narrative any instance in which the support file indicated that the company had been a shell "within one year." Alpine objects to various SARs on the ground that the record does not contain undisputed evidence that the company was a shell "within one year." Alpine also notes, with respect to "derogatory information," that many of those issues arose years prior to the transaction and well beyond the Court's one year period in relation to shell status. The lack of any timeframe is particularly significant where the "derogatory" information is both remote in time and a less significant issue such as historical trading suspensions or a business license in default.

---

[2] Exhibits B6 and B7 are redacted to exclude SAR Confidential Information. Unredacted versions will be separately filed under seal.

With respect to low trading volume, the Court held that, if the amount of the transaction was greater than twenty times the average daily volume over a three month period, that information had to be included in the narrative. Alpine objected to numerous SARs on the ground that they did not fall within that ruling and the SEC has removed all but one of those SARs from its list of claimed violations.

Alpine also included in Exhibit B6 a listing of instances of duplicate SARs where one of the two should be removed from any finding of alleged violations.

Alpine also objects to the inclusion of certain SARs as claimed violations based on the Court's ruling that the existence of a violation could not be determined as a matter of law where the narrative is more expansive. Exhibits B5 and B7 contain information concerning those more expansive SARs.

Finally, Alpine has also submitted a Table, attached as Defendant's Exhibit A, identifying the SARs that it maintains fall within the scope of the Court's summary judgment decision.

Respectfully submitted this 15th day of February, 2019.

/s/ Terry R. Miller
Zachary T. Carlyle (*pro hac*)
Terry R. Miller (*pro hac*)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

## CERTIFICATE OF SERVICE

I certify that on February 15, 2019, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Scott Wesley*
　　　　　　　　　　　　　　　　　　　　　　Contract Paralegal