**SEC Exhibit 2**

**Alpine's Written Objections and Comments on Specific SARs**

The following shows Alpine's written objections to specific SARs on the initial table sent to Alpine ("Initial Table") and the SEC's responses.

1. **Alpine objections regarding unverified issuers:** "The Court granted summary judgment for 36 SARs (p. 77), however the Table shows 42 SARs with unverified issuers as the violation.  That amount needs to be lowered back down to 36 SARs"

**SEC Response:** The Initial Table inadvertently retained citations in the Unverified Issuer column for the SARs that the SEC withdrew in its reply papers. *See* Ex. 4 to SEC Reply and Opinion and Order at 77 n.6. The citations in the Unverified Issuers column for Items 438, 463, 464, 465, 1797, and 1897 have been removed.

2. **Alpine objections regarding Low Trading Volume:** "We understand that your calculation was preliminary.  We have calculated the LTV amount and highlighted in YELLOW which violations we believe are incorrect.  In the 'Note' column we outline the calculation for your review.  There are certain SARs where the only remaining violation was LTV, in those, the entire SAR should be removed from the Table.  For those situations, we have highlighted the SAR violation number in 'GREEN.'"

**SEC Response:** The Initial Table contains only 15 SARs for which the only listed deficiency is the omission of low trading volume. It is unnecessary to address the deposit-to-volume ratio in the other SARs on the list because they would remain even if the ratio did not meet the threshold of 20 set forth in the Opinion and Order. With respect to the 15 SARs for which the only listed deficiency is the omission of low trading volume, the following table

confirms that each of the 15 SARs report transactions that exceed the threshold of 20 set forth in the Opinion and Order:

| Item | Ratio of Deposit/Trading Volume | Calculation of Ratio in Alpine's Response |
|---|---|---|
| 4 | 23.35 | None stated |
| 224 | 22.77 | None stated |
| 325 | 31.49 | None stated |
| 363 | 21.69 | None stated |
| 813 | 140.33 | None Stated |
| 856 | 76.57 | None Stated |
| 865 | 46.57 | None Stated |
| 1771 | 20.31 | 12.19. The SEC and Alpine use the same trading volume, but Alpine uses 75 million shares for the deposit. The actual deposit is 125 million shares. *See* ALPINE00114360_00007. |
| 1792 | 240.00 | None stated |
| 1879 | 37.43 | None stated |
| 1911 | 262.19 | None stated |
| 1955 | Infinite/undefined; deposit is 337 million against a trading volume of 0. | None stated |
| 1959 | 269.29 | None stated |
| 1988 | 86.77 | None stated |
| 1994 | 420.75 | None stated |

3. **Alpine objections regarding Shell and Derogatory History:** "There are four [sic] SARs (197, 553, 1712, 1907 and 1047) wherein there is no evidence that the issuer was a shell within one year of the transaction. Accordingly, we marked these SARs in GREEN, meaning that we would like them removed from the grant of summary judgment."

**SEC Response:** After review of these five SARs, the Initial Table is adjusted as follows:

| Item | Shell Status |
|---|---|
| 197 | The issuer was a shell as late as 68 days prior to the SAR filing (SAR filed on 4/24/12; support file shows the issuer was reported as a shell in 2/16/12 10Q. *See* SEC-ALPINE-E-1690740). The citation in the shell column remains in the final table. |
| 553 | The support file has conflicting descriptions of shell status, but the |

2

| Item | Shell Status |
|---|---|
|  | citation is removed from the shell column in the final table to avoid dispute. |
| 1047 | Citation removed from shell column in the final table. |
| 1712 | The citation in the shell column remains in the final table because the support file indicates that the issuer is a shell and no evidence on summary judgment indicates when or if the shell status was cured (this SAR has two other deficiencies, including that it omitted a low trading volume with a deposit-to-trading volume ratio over 330). |
| 1907 | The citation in the shell column remains in the final table because the issuer was shell as late as 334 days prior to SAR filing (SAR filed on 1/11/12, Issuer report as shell on 2/11/11). |

4. **Alpine's objections regarding Related Litigation.** "For related litigation, the Court ruled: 'The SEC is thus entitled to summary judgment to the extent it shows that there is no question of fact as to the (1) presence of information about the litigation in the SAR support file, and (2) a connection between the litigation and the reported transaction. That connection is established where the litigation at issue concerns either the issuer of the securities in the transaction or the customer engaged in the transaction.' (p. 54). In the final column, we stated where the Court did not make that finding on specific SARs. We believe these SARs should not be included in the grant of summary judgment."

**SEC Response:** This objection does not accurately characterize the Opinion and Order, which states: "the SEC contends that 675 SARs omit a description of 'related' litigation from the SAR's narratives." Opinion and Order at 54. The Opinion and Order then concludes that "[t]he SEC is entitled to summary judgment as to 668 [of these] SARs" and that "Alpine has identified a question of material fact as to the following seven SARs, as to which the SEC's motion is denied: SARs 515, 612, 703, 748, 859, 904, and 1222." Opinion and Order at 66-67. The SEC had removed citations in the criminal history column for these seven SARs from the Initial Table sent for Alpine's review.

3

The objection here is inconsistent with the plain language of the Opinion and Order which clearly states that "[t]he SEC is entitled to summary judgment as to 668 SARs" due to the omission of information contained in Alpine's support files regarding "related litigation." Opinion and Order at 66. Rather than address the SEC's application of the Opinion and Order (which expressly grants summary judgment as to 668 SARs in this category) this objection challenges the Opinion and Order itself—akin to a motion for reconsideration. The SEC does not view the Court's request for a table in Doc. No. 175 as an invitation to relitigate summary judgment or to address the merits of the Opinion and Order.

    5.    **Alpine objections regarding "5Ws":** "On the 5Ws, we removed violations as to Customer 'C' of which the Court denied summary judgment. (p. 88)."

**SEC Response:** This objection does not accurately characterize the Opinion and Order, which states that summary judgment is denied unless the narrative of these SARs reported that Alpine was filing the SAR "because of the potentially suspicious nature of depositing large volumes of shares involving a low-priced security" or "its equivalent[.]" Opinion and Order at 88. The narratives of each of the 22 "Customer C" SARs[1] are identical and take the form of the narrative in "SAR C" that is set forth in the March 30, 2018, Order granting partial summary judgment (Doc. No. 101 at 8-9):

> [Customer C] is a client of [SCA], a firm for which Alpine Securities provides securities clearing services. Due to the activity within this account, it has been placed on a Heightened Supervisory list. It is policy of Alpine to file a SARs [sic] related to each deposit of securities into it's [sic] account. On or around [date, Customer C] deposited a large quantity (5,---,--- shares) of [issuer], a low-priced ($0.019/share) security. This transaction amounted to approximately $1--,---.--.

---

[1] Specifically, in Exhibit 10 to the SEC's Motion, these SARs are listed as Item Nos. 1592, 1593, 1614, 1628, 1631, 1636, 1644, 1651, 1665, 1667, 1671, 1679, 1684, 1691, 1692, 1731, 1737, 1741, 1742, 1935, 1950, 2002.

The SEC believes this narrative is equivalent to the language described in the Opinion and Order but, in the interests of efficiency, the SEC had already removed these 22 SARs from the Initial Table sent for Alpine's review.

Alpine also highlighted a number of SARs in a table titled "5Ws" with what the SEC believes are objections related to the customers other than Customers A and E referenced in the Opinion and Order. This issue concerns whether the Court held that, where none of the six types of red flags were present, the SARs were "mandatory" where the transaction involved particular customers or the narrative itself indicated that the SAR was not voluntary. *See, e.g.*, Opinion and Order at 88. Many of the SARs highlighted by Alpine in its "5Ws" table involved one or more red flags other than low trading volume. Because the SEC need not rely on the identity of the customer to obtain summary judgment on these SARs, they are not addressed in this section. Below is the SEC's analysis of the SARs highlighted in the 5Ws table which (i) did not involve Customers A or E, and (ii) had only the 5Ws deficiency or only the 5Ws deficiency and a reported low trading volume ("LTV").

| Item | Customer | Deficiencies on Ex. 10 | Status on Final Table |
|---|---|---|---|
| 1 | Other | 5Ws | Removed from final table |
| 207 | Other | 5Ws | Removed from final table |
| 297 | Other | 5Ws | Removed from final table |
| 302 | Other | 5Ws; LTV | Removed from final table (LTV ratio is 4.17) |
| 1662 | Customer C | 5Ws; LTV | Removed from table – initial analysis based on support file mislabeled by Alpine |
| 1681 | Customer C | 5Ws; LTV | Removed from final table (LTV ratio is 3.07) |
| 1721 | Customer C | 5Ws; LTV | Removed from final table (LTV ratio is 16.00) |
| 1792 | Customer F | 5Ws; LTV | Remains on final table due to LTV ratio of 240.00 |
| 1957 | Other | 5Ws; LTV | Removed from final table (LTV ratio is 3.47) |
| 1958 | Other | 5Ws; LTV | Removed from final table (LTV ratio is 4.44) |

6. **<u>Alpine objections related to "Fulsome Narratives":</u>** "In addition, you'll notice that we included many of the SAR narratives on various SAR violations throughout all the Tables. Judge Cote wrote the following on pages 53-54 of her Order: 'Alpine repeatedly used template narrative that failed to include any details, positive or negative, about the transactions. **<u>While a fulsome SAR narrative could present a question of fact as to whether the narrative could present a question of fact as to whether the narrative was deficient,</u>** [sic] except in rare instances Alpine has not shown that its SAR narratives contained sufficient information to create a question of fact.' (emphasis added). The narratives included in the Table are ones we believe fit the 'fulsome' language described in the Ruling and were not intended to be included in the grant of summary judgment. These narratives are not 'templates' but include a citation to one or multiple 'red flags' as described in this action. Because the narrative is not a template and does describe the defined red flags, we have marked the SAR violation in 'GREEN' meaning that we request that it be removed from the list."

**SEC Response:** This objection is not an attempt to apply the Opinion and Order. Instead this objection attempts to re-litigate the sufficiency of dozens of SAR narratives that the Court has already ruled are deficient. Alpine had the opportunity to, and did, present evidence of the content of SAR narratives in response to the SEC's motion for summary judgment. This effort worked in some instances but not in others. As the Court noted, "except in rare instances Alpine has not shown that its SAR narratives contained sufficient information to create a question of fact." Opinion and Order at 54. This objection now claims that the Court did not, or did not "intend" to, grant summary judgment as to scores of SARs despite the fact that the Opinion and Order plainly states that summary judgment was granted as to the SARs. For example, the Order states that "[s]ummary judgment is therefore granted on forty-one of the fifty-five SARs" that the

6

SEC contends contain narratives that are deficient for failing to include information regarding a history of stock promotion. Opinion and Order at 72. Yet Alpine has requested that the SEC remove 25 of the 41 SARs from the table because it argues they contain narratives that create an issue of fact. The Court has already considered and rejected Alpine's arguments. Accordingly, the Commission did not remove any SARs from the table based on purportedly "fulsome" narratives.

7. **Alpine objections about duplicates:** "There are 13 duplicate Table A SARs. We ask that one of each of the duplicates be removed. The following are the duplicate SAR violation numbers:…"

**SEC Response:** These 13 pairs are the result of two separate acts by Alpine. Some of the pairs are the result of Alpine simply producing the same SAR twice with different bates labels. The other pairs are the result of Alpine filing separate SARs on separate dates that described the same transaction—the multiple filings are evident by the different filing dates on each SAR. As shown below, the SEC removed one SAR from each pair where the SARs appear to be the same SAR produced twice. The SEC retained the SARs from pairs that resulted from multiple SAR filings because each separate filing constitutes a separate deficient SAR.

| Pair Identified by Alpine | Status on Final Table |
|---|---|
| Items 272 and 1002 | Removed Item 272 |
| Items 335 and 1787 | Removed Item 335 |
| Items 351 and 1816 | Removed Item 351 |
| Items 1585 and 1663 | Both remain on table; different SARs |
| Items 1595 and 1698 | Both remain on table; different SARs |
| Items 1617 and 1658 | Both remain on table; different SARs |
| Items 1625 and 1659 | Both remain on table; different SARs |
| 1682 and 1727 | Both remain on table; different SARs |
| 1826 and 1827 | Both remain on table; different SARs |
| 1934 and 1612 | Both remain on table; different SARs |
| 1936 and 1728 | Both remain on table; different SARs |
| 2003 and 1693 | Removed Item 1693 |
| 1735 and 1607 | Both remain on table; different SARs |