Exhibit A

DEFENDANT'S SCHEDULE OF SARS AS TO WHICH
COURT GRANTED SUMMARY JUDGMENT

<u>Stock Promotion</u>

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file reflects stock promotion activity "within six months" not discussed in narrative: 196, 219, 225, 333, 360, 457, 566, 583, 1194, 1380, 1409, 1423, 1437, 1442, 1624, 1956 | "The SEC claims that the narratives in the fifty-five SARs listed in Table 4 were deficient for failing to include information that there was a history of stock promotion in connection with the LPS being deposited with Alpine." (Order at 71-72)<br><br>Alpine presented evidence that it considered stock promotions relevant if they were "ongoing" or occurred within 30 days of transaction. | "Neither the SEC nor Alpine has directly addressed when a history of stock promotion is stale for SAR reporting purposes." (Order at 74).<br><br>Court granted summary Judgment as to 41 of the 55 SARs wherein "the stock promotion occurred **within six months** of the deposit" and was not included in the SAR narrative. (Order at 72) (emphasis added). "While a fact finder must determine the outer limit, stock promotion activity that occurs within six months of these deposits constituted, as a matter of law, a red flag requiring disclosure in the SAR." (Order at 75). |

<u>Shell Companies and Derogatory Information</u>

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file indicates that company had been a shell "within one year" of transaction or contained any other "derogatory" information, regardless of date, not discussed in narrative: 194, 196, 198, 718, 823, 826, 961, 1032, 1119, 1124, 1126, 1132, 1133, 1137, 1138, 1140, 1142, 1150, 1153, 1156, 1170, 1175, 1177, 1189, 1207, 1208, 1214, 1216, 1219, 1220, 1221, 1222, 1225, 1226, 1227, 1228, 1230, 1236, 1241, 1247, 1248, 1256, 1259, 1260, 1261, 1262, 1271, 1283, 1285, 1287, 1293, 1297, 1300, 1309, 1310, 1313, 1315, 1316, 1324, 1325, 1326, 1332, 1341, 1358, 1360, 1364, 1366, 1391, 1394, 1396, 1398, 1404, 1411, 1419, 1432, 1434, 1446, 1448, 1451, 1457, 1458, 1459, 1460, 1465, 1468, 1492, 1504, 1523, 1539, 1543, 1551, 1555, 1557, 1564, 1621, 1641, 1659, 1669, 1689, 1693, | "The SEC claims that 241 SARs listed in Table 3 were deficient for failing to disclose derogatory information regarding the history of a stock, including that the issuer was a shell company or formerly a shell company. Other types of derogatory information [claimed by the SEC] include such things as the issuer's frequent name changes . . . "trading being suspended on an issuer's security, the issuer having a 'caveat emptor' designation, the issuer having sold unregistered shares, and the issuer having been delisted." (Order, at 67, 70.)<br><br>Alpine submitted evidence that it considered that kind of information and also considered information reflecting that company was an | Alpine was required to include information in the narrative if company was a shell "**within one year** preceding the transaction." (Order at 67-71) (emphasis added).<br><br>As a matter of law, Alpine also had a duty to include "derogatory information about the customer or issuer" in the SAR narrative, including whether the company's SEC filings were not current, "frequent" name changes and any trading suspensions. Court's ruling does not address staleness of derogatory information.<br><br>The Court also stated that "the SEC has not offered any argument or expert testimony addressed to the significance of an issuer's former status as a shell company, or attempted to explain for how long or in what circumstances such former shell status remains relevant to the |

1

| | | |
|---|---|---|
| 1701, 1702, 1709, 1713, 1720, 1725, 1726, 1730, 1733, 1734, 1740, 1802, 1841, 1861, 2003 | operating business with current filings, and was not a shell at the time of transaction. | SAR reporting regime." (Order, at 69-70). |

### Related "Criminal or Regulatory" Litigation

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file reflects that the president of Customer A is also the president of another company that was involved in a settled SEC action which was not discussed in narrative: 823-826, 828, 834, 835, 838, 839, 846, 849-852, 855, 857, 858, 860-862, 864, 866-870, 872, 874, 878-880, 883, 884, 937, 948, 951, 960, 982, 1021, 1090, 1098, 1107, 1111, 1114, 1119, 1124, 1162, 1179, 1194, 1197, 1218-1220, 1225, 1226, 1230, 1236, 1237, 1241, 1243, 1247-1249, 1251, 1271, 1274, 1277-1279, 1366, 1369, 1379, 1380, 1383, 1388, 1396, 1404, 1409, 1411, 1423, 1432, 1434, 1437, 1442, 1450, 1452, 1459, 1493, 1539, 1551 | "The SEC contends that 675 SARs omit a description of 'related litigation from the SARs narratives." (Order at 54.)<br><br>Alpine maintained that it considered whether information was "related" to the transaction that was the subject of the SAR; whether other information had been provided by the customer; whether litigation was remote in time, and whether the litigation had been resolved or was still pending. | "The SEC is thus entitled to summary judgment to the extent it shows that there is no question of fact as to …a connection between the litigation and the reported transaction. That connection is established where the litigation at issue concerns either **the issuer of the securities in the transaction or the customer engaged in the transaction**." (Order at 54-55) (emphasis added).<br><br>Customer "A".  In November 2013, SEC settled an action relating to Rule 504 with an entity of which the president of Customer A was also the president. (Order at 60-61). |
| Support file reflects a consent decree involving  entity of another company in which president of Customer D was also president, which was not discussed in narrative: 73, 80, 81, 86, 87, 89, 93, 94, 100, 108, 110, 114, 115, 119, 121, 124, 143, 144, 145, 147, 150, 160, 163, 164, 168, 169, 170, 172, 178, 180, 182, 185, 188, 190 | "The SEC contends that 675 SARs omit a description of 'related litigation from the SARs narratives." (Order at 54.)<br><br>Alpine maintained that it considered whether information was "related" to the transaction that was the subject of the SAR; whether other information had been provided by the customer; whether the action was remote in time, and whether the litigation had been resolved or was pending. | "The SEC is thus entitled to summary judgment to the extent it shows that there is no question of fact as to ….) a connection between the litigation and the reported transaction. That connection is established where the litigation at issue concerns either the issuer of the securities in the transaction or the customer engaged in the transaction." (Order at 54-55).<br><br>Customer "D".  Alpine's support files included information regarding a settlement in a mortgage fraud action in 2010 involving a separate entity that was owned by Customer D's president. The Court stated, "the settlement was not so distant in time that the highly pertinent information about fraudulent scheme in which Customer D's president participated had become irrelevant when these transactions occurred." (Order at 62-63). |
| Support file reflects SEC litigation involving Customer E not discussed in narrative: 379-385, 387, 388, 390-392, 395-399, 402, 404-407, 409-411, 413, 414, 417, 418, | "T]he SEC contends that 675 SARs omit a description of 'related litigation from the SARs narratives." (Order at 54.) | "The SEC is thus entitled to summary judgment to the extent it shows that there is no question of fact as to … a connection between the litigation and the reported transaction. That |

2

| | | |
|---|---|---|
| 420, 421, 423-429, 431-433, 435-446, 448, 449, 452-466, 468-472, 475, 476, 479, 481, 482, 484, 486-492, 494-496, 498-500, 502- 510, 512-514, 516-522, 524-542, 545, 547-553, 555, 557-561, 563-566, 569-580, 583, 584, 586-589, 592, 594, 596, 597, 599-601, 606, 607, 609, 610, 613-624, 627-636, 638, 639, 641, 642, 644, 646, 648-658, 661-663, 666-675, 677, 679-689, 691-693, 695-698, 704, 706-709, 711, 712, 714, 716, 718-721, 724, 725, 727-729, 731, 733, 735, 736, 738, 739, 742, 744, 746, 747, 750, 752, 754-757, 759, 760, 762-765, 768-777, 779-782, 784-786, 788, 791, 792, 793, 797, 798, 799, 801-803, 805, 807, 808, 809, 812, 814, 815, 816, 819, 820, 821, 1825-1830, 1832, 1835, 1836, 1837, 1839-1843, 1845, 1846, 1849, 1853, 1856-1858, 1861, 1863-1867, 1871-1874, 1877 | Alpine maintained that it considered whether information was "related" to the transaction that was the subject of the SAR; whether other information had been provided by the customer; whether the litigation was remote in time, and whether the litigation had been resolved or was pending. | connection is established where the litigation at issue concerns either the issuer of the securities in the transaction or the customer engaged in the transaction." (pp. 54-55).<br><br>Customer "E".  In October, 2010, SEC sued Customer E, its former manager and CEO for "overvaluing Customer E's largest holdings, (b) making material misrepresentations to investors, and (c) misusing investor funds." (Order at 58). 3. The Court concludes that "duty to report related litigation extends not just to litigation that has been resolved, but also to ongoing litigation." (Order at 59). |
| 1970, 1971 | "[T]he SEC contends that 675 SARs omit a description of 'related litigation from the SARs narratives." (Order at 54.) | The SEC did not respond to Alpine's argument regarding ten specified SARs, "except to say that private litigation and civil litigation *can be* related litigation." (Order at 63).<br><br>"The securities fraud action against two officers of the issuer was litigation related to the large deposit of the issuer's LPS, and as a matter of law Alpine had a duty to disclose it." (Order at 64).<br><br>"[S]ummary judgment is granted to the SEC as to SARs 701, 1970 and 1971, and denied as the remaining SARs to the extent the SEC relies on the omission of related litigation listed in Table 2." |
| 701 | "[T]he SEC contends that 675 SARs omit a description of 'related litigation from the SARs narratives." (Order at 54.) | "The SEC did not respond to Alpine's argument regarding ten specified SARs, "except to say that private litigation and civil litigation *can be* related litigation." (Order at 63).<br>"[S]ummary judgment is granted to the SEC as to SARs 701, 1970 and 1971, and denied as the remaining SARs to the extent the SEC relies on the |

3

|  |  | omission of related litigation listed in Table 2." |
|---|---|---|

## Low Trading Volume

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file reflects that transaction reported in the SAR was "twenty times average daily trading volume over prior three months" and that information was not discussed in narrative: 4, 224, 325, 363, 813, 856, 865, 1792, 1879, 1911, 1955, 1959, 1988, 1994 | "[T]he SEC claims that 700 SARs listed in Table 6 were deficient for failing to disclose the comparatively low trading volume in the LPS that these SARs reported were being deposited with Alpine," where "the number of deposited shares [of the LPS] . . . represented at least three times the average daily trading volume of the stock, measured over the three months preceding the deposit." (Order at 80).<br><br>Alpine maintained that low trading volume is a characteristic of microcap stocks, not a red flag, and does not been to be discussed in the narrative. | Summary judgment granted as to SARs wherein Alpine failed to include in the narrative the trading volume **"when the deposit was greater than twenty times the average daily trading volume, measured over the three months prior to the deposit."** (Order at 82). Trial will be necessary to address the precise ratio beyond the twenty times amount. |

## Foreign Involvement

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file reflects any foreign involvement, and that information was not discussed in the narrative: 11, 193, 194, 195, 196, 197, 198, 283, 284, 316, 319, 320, 321, 329, 333, 335, 337, 339, 344, 345, 346, 347, 351, 352, 353, 354, 786, 969, 996, 998, 1027, 1029, 1030, 1039, 1126, 1133, 1224, 1237, 1246, 1252, 1262, 1265, 1267, 1292, 1294, 1297, 1307, 1309, 1310, 1318, 1344, 1350, 1382, 1388, 1400, 1419, 1429, 1449, 1453, 1462, 1468, 1472, 1497, 1543, 1564, 1569, 1585, 1586, 1587, 1589, 1590, 1594, 1595, 1596, 1598, 1599, 1600, 1601, 1602, 1604, 1608, 1611, 1612, 1613, 1615, 1616, 1617, 1620, 1621, 1623, 1624, 1625, 1626, 1629, 1632, 1634, 1635, 1640, 1641, 1642, 1643, 1646, 1647, 1648, 1649, 1652, | "The SEC claims that the "289 SARs" on Table 7 were deficient "where a foreign entity or individual was involved in the transaction reported by Alpine in its SAR, but Alpine did not disclose that foreign involvement in the SAR narrative." (Order at 83).<br><br>Alpine established that it disclosed foreign location of customer in the SAR, and was not required to repeat in the narrative any foreign "involvement" such as identity or location of the individual from whom customer had acquired stock. | Court granted summary judgment as to 289 SARs where any "foreign entity or individual **was involved in** the transaction" but Alpine did not disclose that foreign involvement in the SAR narrative." (Order at 83). The Court held that the fact that the foreign jurisdiction, and address, was disclosed in other parts of the SAR form was irrelevant, ruling that it must be repeated in the narrative section. (Order at 85-86). |

| | | |
|---|---|---|
| 1653, 1654, 1655, 1658, 1659, 1660, 1663, 1664, 1666, 1668, 1670, 1675, 1677, 1680, 1682, 1683, 1685, 1687, 1690, 1694, 1695, 1696, 1698, 1700, 1701, 1703, 1704 ,1705, 1707, 1708, 1709, 1710, 1711, 1713, 1714, 1715, 1716, 1718, 1719, 1720, 1722, 1723, 1724, 1726, 1727, 1728, 1729, 1730, 1733, 1734, 1735, 1736, 1738, 1740, 1743, 1744, 1755, 1756, 1758, 1759, 1760, 1761, 1765, 1767, 1772, 1775, 1776, 1778, 1780, 1786, 1787, 1789, 1794, 1795, 1797, 1798, 1800, 1801, 1802, 1803, 1806, 1808, 1811, 1812, 1813, 1815, 1816, 1817, 1818, 1820, 1821, 1822, 1884, 1885, 1907, 1909, 1910, 1934, 1936, 1949, 1978, 1979, 1983, 1984, 1989, 1990, 1998, 2000, 2004 | | |

<u>5 Essential Elements</u>

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| 1, 193, 195-198, 208, 209, 211, 213, 214, 217, 221, 223, 226, 235, 236, 238, 239, 248, 252, 254, 256, 258, 261, 262, 272, 273, 281, 283, 284, 291-293, 295, 298, 307, 310, 351, 373, 374-378, 383, 388, 392, 398, 402, 414, 420, 424, 426,  427, 431, 436-438, 441, 444, 445, 448, 452, 456, 458, 459, 479, 484, 485, 487, 488-491, 494, 495, 499, 502, 504, 505, 507, 509, 512, 516, 518, 520, 527, 529, 535, 536-538, 540-542, 545, 549, 559, 560, 569, 570-572, 575, 576, 578, 581, 582, 594, 599, 600, 605-608, 615, 617, 620, 621-624, 628, 634, 638, 641, 644, 648, 651, 653, 655, 656, 662, 663, 667, 670, 672, 677, 680, 685, 686, 692,695, 698, 707, 710-712, 714, 718, 724, 727, 728, 729, 733, 734, 736, 739, 742, 744, 749, 754, 756, 759, 763, 764, 765, 769, 773, 774, 782, | "[T]he SEC asserts that [1,015] SARs listed on Table 1 were deficient because they omitted from their narratives information known as the Five Essential Elements." (Order at 86, at fn. 75).[1]<br><br>Alpine contended that SEC had failed to established that "template" SARs, or those which stated that the SAR was being filed based on Alpine's policy, were required filings, and presented evidence from its expert that the "template" SARs did include the essential elements. | Court held that SARS were required as a matter of law based on either presence of red flag, volume of filings relating to a particular customer, and/or Alpine's failure to expressly state that SARs were voluntary.<br><br>"Out of 1,105 SARs where there is an allegation of a deficient narrative for lack of information known as the five essential elements, only 295 of those SARs did not include an allegation of a red flag deficiency. The 295 SARs involve transactions from Customers "A", "C", and "E." Summary judgment is granted as to Customers "A" and "E" based on related litigation discussed in other parts of the Order.  Summary judgment is not granted as to Customer "C" because of factual question." |

---

[1] The Order references "1,105" SARs on Table 1.  (*See id.*) However, the SEC's Table 1 only lists 1,015 SARs, as acknowledged by the SEC at Fact 35 of the SEC's Rule 56.1 Statement of Material Facts in Support of its Motion for Summary Judgment on Liability.  The reference to "1,105" comes from a typographical error in the SEC's Memorandum of Law in Support of its Motion for Summary Judgment on Liability, page 13, which is not supported by the cited source (SEC Fact 35).

5

| | | |
|---|---|---|
| 783, 784, 791, 798, 799, 803, 815, 817, 819, 885, 886, 887, 888-895, 897, 898, 899, 900, 901-931, 933-946, 948-964, 966-985, 987, 989-991, 993-1004, 1006, 1007, 1009, 1010, 1012-1016, 1018, 1020-1035, 1037-1044, 1047-1068, 1070-1077, 1079-1096, 1098-1108, 1110-1121, 1123-1145, 1147-1171, 1173, 1175, 1177-1180, 1182-1197, 1199, 1200, 1202, 1203, 1206-1210, 1212-1217, 1219-1305, 1307, 1309-1311, 1313-1322, 1324-1330, 1332-1351, 1353-1362, 1364-1386, 1388-1400, 1402, 1404-1413, 1415-1425, 1427-1429, 1432-1437, 1439-1450, 1452-1460, 1462-1470, 1472-1474, 1477-1486, 1488, 1490-1493, 1495-1497, 1499-1514, 1516-1529, 1531, 1533-1551, 1553-1558, 1560-1570, 1574, 1576-1578, 1580-1584, 1746, 1755, 1756, 1758-1761, 1765, 1775, 1776, 1780, 1786, 1787, 1789, 1794, 1797, 1798, 1801-1803, 1806, 1811-1813, 1815-1818, 1822, 1826, 1827, 1832, 1835, 1839, 1841, 1843, 1845, 1849, 1853, 1854, 1857, 1863, 1864, 1866, 1871, 1873, 1877, 1880, 1899, 1907, 1909, 1910, 2003, 1585, 1587, 1589, 1590, 1591, 1594, 1595, 1596, 1598, 1600, 1601, 1602, 1604, 1607, 1608, 1611, 1612, 1615-1620, 1623-1626, 1629, 1632, 1634, 1640-1643, 1646-1649, 1652, 1654, 1655, 1657-1659, 1663, 1664, 1666, 1668, 1669, 1672, 1677, 1680, 1682, 1683, 1685, 1687, 1688, 1689, 1690, 1693-1696, 1698, 1700-1705, 1707-1716,  1818-1720, 1722, 1725, 1726, 1727, 1728, 1729, 1730, 1733, 1734, 1735, 1736, 1738, 1740, 1744, 1934, 1936, 1949 | | |

## Unverified Issuers

| Violation Numbers | Contentions | Court's Ruling |
|---|---|---|
| Support file contains reference to negative information concerning issuer: 385, 438, 464, 465, 492, 587, 658, 693, 716, 779, 805, 1607, 1722, 1735, 1797, 1828, 1836, 1840, 1842, 1856, 1861, 1865, 1867, 1874, 1899, 1903 | "[T]he SEC claims that thirty-six SARs listed in Table 5 were deficient for failing to disclose in their narratives . . . that the issuer had an expired business license, a nonfunctioning website, or no current SEC filings." (Order at 77)<br><br>Alpine maintained that it did consider that information but also considered information confirming that issuer was active and operating business, that items of information were remote, and that failure to include a particular item in a SAR narrative does not render a filed SAR a violation of the BSA. | Court held that the SARs constituted a violation because they failed to include particular items of information. Court did not address staleness of information.<br><br>Court also stated that summary judgment would not be appropriate where the narrative was "more fulsome." (Order at 53-54). |

## Duplicate SARs

| Violation Numbers | Contentions |
|---|---|
| 1585 and 1663<br>1595 and 1698<br>1617 and 1658<br>1625 and 1659<br>1682 and 1727<br>1826 and 1827<br>1934 and 1612<br>1936 and 1728<br>1735 and 1607 | There are 9 sets of duplicate SARs submitted by the SEC. Thus, 13 violations should be removed from the total amount of SARs granted on summary judgment. |