ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ALPINE SECURITIES CORPORATION,<br><br>Defendant. | **17-cv-4179-DLC**<br><br>**ECF CASE** |

**MEMORANDUM IN SUPPORT OF THE SEC'S RESPONSES TO ALPINE'S OBJECTIONS**

Pursuant to the Court's order dated March 15, 2019 (Doc. No. 185 "Order"), Plaintiff United States Securities and Exchange Commission (the "SEC") submits this memorandum to describe certain of its responses to Alpine's objections set forth in the joint table requested in the Order that sets forth the parties' respective position on whether the Court granted summary judgment in the SEC's favor on certain SARs ("Objection Table"). Alpine is filing the Objection Table on behalf of the parties.

**BACKGROUND**

The SEC contends that the Court granted summary judgment in its favor on the 1514 SARs listed in Doc. No. 183-1 in the Court's Opinion and Order dated December 11, 2018 (Doc. No. 174, "Opinion"). Alpine agrees as to 1127 of these SARs. (Doc. No. 186). The parties dispute whether the Court granted summary judgment on the remaining 387 SARs, which are listed in the Objection Table.

Some of the SEC's responses set forth in the Objection Table do not warrant further explanation. This memorandum describes three of the SEC's responses to objections common to many of the disputed SARs. Two arguments asserted by Alpine cover the vast majority of SARs in the Objection Table : (1) Alpine misconstrues the Court's summary judgment Opinion to allow for yet another opportunity for Alpine to present supposed "fulsome narratives" that somehow cure what Alpine concedes are omissions of red flags identified by the Court; and (2) Alpine misconstrues the Opinion again by arguing that the Court did not actually consider and determine the existence of "related litigation" omitted from the 668 SARs expressly referenced in the Opinion as deficient for the omission of information about related litigation. In essence,

Alpine is not arguing about whether the plain language of the summary judgment order imposed liability for these deficient SARs, but whether it should have. These arguments should be denied.

**SEC's RESPONSES TO CERTAIN OBJECTIONS**

**1. Alpine's "Fulsome Narrative" Argument**

Alpine asserts the following "Fulsome Narrative" argument with respect to 282 SARs on the Objection Table:

> Notwithstanding that the SAR narrative omits a red flag identified by the SEC, Alpine objects to the grant of summary judgment on the basis that the SAR narrative is fulsome and details the circumstances and flags which caused Alpine to file the SAR, and thus creates a question of fact as to whether the SAR narrative is deficient as a matter of law.

In each instance, the SEC responded to this argument as follows:

> This "fulsome narrative" argument is untimely and akin to a motion to reconsider the Order because it asks the Court to consider evidence and argument that could have and should have been presented in opposition to either of the SEC's motions for summary judgment. In any event, the narrative is not fulsome because it omits one or more red flags identified by the Court (not just the SEC).

This objection is an attempt to re-litigate the sufficiency of hundreds of SAR narratives that the Court has already ruled are deficient. Alpine does not dispute that the Court decided in its Opinion that every SAR as to which Alpine makes this "fulsome narrative" objection was deficient because it omitted one or more red flags. Alpine had the opportunity to, and did, present evidence of the content of SAR narratives in response to the SEC's motion for summary judgment. This effort worked in some instances but not in others. As the Court noted, "except in rare instances Alpine has not shown that its SAR narratives contained sufficient information to create a question of fact." Opinion at 54. The Court further noted that "Alpine has had a full

opportunity to raise questions of fact in response and to submit SARs and support files where it takes issue with the SEC's assertions. This Opinion examines that evidence, and where appropriate, denies the SEC's summary judgment motion." Opinion at 43. Alpine's "fulsome narrative" objection and inclusion of SAR narrative language in the Objection Table[1] is an untimely and improper attempt to re-litigate the sufficiency of these SARs based on new evidence and argument or, to the extent it made similar arguments and presented evidence of the SAR narratives in its briefing on summary judgment,[2] an untimely motion for reconsideration.

In any event, the omission of a red flag results in a deficient SAR notwithstanding other detail provided in the narrative, and Alpine admits each of these SARs omitted one or more red flags. For all of these reasons, the Court should reject each of Alpine's "fulsome narrative" objections. The description here of the SEC's response is incorporated into the Objection Table by the citations to "SEC Response No. 1".

**2. Alpine's "Related Litigation" Argument**

Alpine asserts the following "Related Litigation" argument with respect to 179 SARs[3] on the Objection Table:

> The Court's Ruling did not address or determine whether any litigation was related to the reported transaction. This transaction is not part of Customers A, E, or D, as discussed by the Court. The SEC's Table only includes a reference to a bates number, which

[1] The SEC has not undertaken the burdensome task of verifying the accuracy of the hundreds of SAR narratives contained in the table by comparing them to the underlying SARs.

[2] The SEC has not undertaken the burdensome task of verifying whether evidence of any of these hundreds of SAR narratives were submitted by Alpine in connection with its briefing on the SEC's summary judgment motion.

[3] The combined number of objections exceeds 387 (the total number of disputed SARs) because Alpine asserted multiple objections to the same SAR many times.

> actual document is not in the record. Thus, the evidentiary record is devoid of undisputed evidence of litigation that is related to the reported transaction.

In each instance, the SEC responded to this argument as follows:

> This "related litigation" argument mischaracterizes the Order (at p. 66), which expressly granted summary judgment as to 668 SARs, including this SAR. See SEC Response Memoranda at Response No. 2. The Bates Numbers referenced here are part of the summary judgment record because they are cited in the summary tables discussed at pages 36-43.

This argument does not accurately characterize the Opinion, which states: "the SEC contends that 675 SARs omit a description of 'related' litigation from the SAR's narratives." Opinion at 54. The Opinion then concludes that "[t]he SEC is entitled to summary judgment as to 668 [of these] SARs" and that "Alpine has identified a question of material fact as to the following seven SARs, as to which the SEC's motion is denied: SARs 515, 612, 703, 748, 859, 904, and 1222." Opinion at 66-67. Alpine does not dispute that the 179 SARs to which Alpine asserted its "related litigation" argument are among the 668 SARs as to which the Court stated that the SEC is entitled to summary judgment. Accordingly, this objection is akin to an improper and untimely motion for reconsideration.

Moreover, Alpine's objection to the sufficiency of the evidence presented in the SEC's summary tables submitted in support of its motion for summary judgment was considered by the Court and rejected in its Opinion. Opinion at 43 ("Alpine contends that the SEC has failed to carry its burden of proof by relying exclusively on the tables without also offering each of the SARs and support files to which the tables refer. That objection is not well founded.") The Court further pointed out, with respect to the summary tables generally, that "Alpine has had a full opportunity to raise questions of fact in response and to submit SARs and support files where it

takes issue with the SEC's assertions. This Opinion examines that evidence, and where appropriate, denies the SEC's summary judgment motion." Opinion at 43. The Court specifically stated as to SARs that omitted information about related litigation, "[t]o the extent that Alpine has raised a question of fact now as to whether the omitted information identified by the SEC in Table 2 for any particular SAR was in fact 'related' litigation or did not for some other reason need to be disclosed, then those assertions are addressed next." Opinion at 57-58. Alpine argued in its response to the SEC's motion for summary judgment that it had no duty to include "related litigation" information in the narratives for all SARs related to three customers, as well as ten additional SARs. Opinion at 58-67. The Court denied summary judgment as to seven of the SARs. *Id*.

Alpine had a full opportunity to present any evidence or argument sufficient to raise a question of fact as to the deficiency of other SARs in the SEC's summary table in its response to the SEC's motion, but it failed to do so for any of the SARs to which it now objects. The argument should be denied. The description here of the SEC's response is incorporated into the Objection Table by the citations to "SEC Response No. 2".

**3. Alpine's Duplicate SARs Objections**

In some instances, Alpine filed a deficient SAR to report a transaction on which Alpine had already filed a separate, deficient, SAR. With respect to 17 SARs on the Objection Table, Alpine argues that only one SAR of these pairs should be included in the summary judgment order. However, each time Alpine filed these SARs it had the obligation and opportunity to file an adequate SAR and each time it failed to do so, which further obscured suspicious activity. In addition, Alpine often asserted this objection to both SARs in a pair; Item Nos. 1595 and 1698

for example. At a minimum, at least one SAR in each pair should be included in the summary judgment order.

**CONCLUSION**

Although the vast majority of objections and responses in the table fall into these three categories, the Objection Table also includes a handful of other SEC responses, which are intended to be self-sufficient and do not require further explanation. For the reasons above and those asserted by the SEC in the Objection Table, the Court granted summary judgment on all 1514 SARs listed in Doc. No. 183-1, and the arguments and objections asserted by Alpine as to the 387 SARs in the Objection Table should be denied.

Respectfully submitted this 4th day of April, 2019.

*/s/ Zachary T. Carlyle*
Zachary T. Carlyle (*pro hac*)
Terry R. Miller (*pro hac*)
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

**CERTIFICATE OF SERVICE**

I certify that on April 4, 2019, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

*/s/ Zachary T. Carlyle*