```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SECURITIES & EXCHANGE COMMISSION,       :    17cv4179(DLC)
                                        :
                                        :         ORDER
                            Plaintiffs, :
                                        :
              -v-                       :
                                        :
ALPINE SECURITIES CORPORATION,          :
                                        :
                             Defendant. :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2019

DENISE COTE, District Judge:

On December 11, 2018, the Court ruled on the SEC's motion for summary judgment in this action. SEC v. Alpine Sec. Corp., 354 F. Supp. 3d 396 (S.D.N.Y. 2018) ("Opinion"). The SEC has decided not to proceed to trial on those aspects of this litigation on which it did not prevail on summary judgment. Its brief in support of its request for remedies is due May 3, 2019.

Through a series of applications, the parties have requested assistance in pinning down with precision the impact of the summary judgment rulings on individual suspicious activity reports ("SARs"). At a conference on April 12, the Court resolved all remaining issues but one, which is addressed in this Order.

The remaining dispute concerns SARs filed by Alpine that omitted basic customer information in the SAR narrative. Alpine asserted that it had no duty to file these SARs and therefore

that the deficiencies did not violate SAR regulations.  Id. at 439.  The Opinion found that Customers A and E had significant "related" litigation, and therefore the SEC had carried its burden of showing that Alpine had a duty to file the SARs reporting these customers' substantial deposits of low-priced securities ("LPS").  As for a third customer, Customer C, the Opinion found that Alpine had a duty to file those SARs if the SAR narrative reported that Alpine was filing the SAR "because of the potentially suspicious nature of depositing large volumes of shares involving a low-priced security."  Where the SAR narrative did not include a statement that Alpine itself considered the transaction suspicious, then summary judgment was denied.  Id. at 440.

It is now apparent that 495 SARs for Customer A were filed before the announcement of its "related" litigation, and that there were no other red flags identified by the SEC when it moved for summary judgment that would have required the filing of these SARs pursuant to the rulings in the Opinion.[1]  The SEC seeks to add these 495 SARs to those on which summary judgment

---

[1] After the Opinion was issued, the SEC calculated that the extraordinary size of the deposits for 20 of these SARs would have required their filing, if one applied the rulings made in the Opinion.  See Alpine, 354 F. Supp. 3d at 437-38.  This post-summary judgment calculation is untimely.  While the calculation might support a directed verdict at trial, the SEC has not been given permission to expand the scope of its summary judgment motion.

2

has been granted. Its application is denied.

The SEC argues that the frequency and high volume of the large deposits of LPS by Customer A were sufficient to create a duty to file these SARs. The Opinion did not grant summary judgment based on such an argument, and its terms will not be expanded now.

Accordingly, it is hereby

ORDERED that summary judgment is entered as to 1,010 SARs.

SO ORDERED:

Dated: New York, New York
April 30, 2019

                                              DENISE COTE
                                United States District Judge