**THOMPSON HINE**

ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
CINCINNATI   COLUMBUS   NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/2019
```

June 7, 2019

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

Re:   SEC v. Alpine Securities Corp., Civil No. 1:17-cv-04179-DLC

**MEMO ENDORSED**

Dear Judge Cote:

Defendant Alpine Securities Corporation ("Alpine") submits this letter-motion requesting leave to file an overlength Memorandum in Opposition to Plaintiff Securities & Exchange Commission's ("SEC") Motion for Remedies. Alpine is requesting an additional 35 pages of argument, resulting in a 60-page Memorandum in Opposition. As discussed below the additional pages are necessary to address the factual and legal issues raised by the SEC's Motion for Remedies.

First, to justify the massive penalty request of $22.7 million, the SEC has changed its long-held position that scienter is irrelevant in this Tier I, books-and-records case, and now alleges that Alpine acted willfully and recklessly in its preparation and filing of Suspicious Activity Reports ("SARs"). That discussion alone of the legal issues pertaining to scienter and the robust factual record that counters the SEC's allegation of willfulness or recklessness occupies the bulk of Alpine's presentation.

Second, Alpine requires additional pages to discuss the applicable precedent that demonstrates that the SEC's request is exponentially greater than any penalty imposed in a comparable case. Alpine is also providing for the Court a discussion of the penalty methodologies that have been applied in similar matters, and describing application of those alternative approaches.

Finally, as this Court is now aware, the SEC's penalty request is many times over a corporate death penalty for Alpine. Alpine requires additional pages to address the firms' current financial condition, to discuss the fatal impact on the firm of any multi-million dollar penalty, and to present its arguments that any such penalty would be, in the words of the courts, "unduly harsh and penalizing."

We contacted the SEC with respect to this request and they responded that the SEC "objects to the request for an enlargement of the response to 60 pages because it is disproportionate to the length of its memorandum in support of the Motion." I note, in response, that that Alpine's brief would arguably be "disproportionate" to the length of the SEC's memorandum because the SEC failed to address any of the record evidence on the issue of scienter, any of the comparable cases, or the authorities regarding well established applicable alternative methodologies. The length of the SEC's presentation is not, therefore, a basis on which to deny Alpine's request, particularly in light of the enormity and impact of the SEC's request.

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966                                                              mf

THOMPSON HINE LLP          335 Madison Avenue              www.ThompsonHine.com
ATTORNEYS AT LAW           12th Floor                     O: 212.344.5680
                           New York, New York 10017-4611   F: 212.344.6101



Honorable Denise L. Cote
June 7, 2019
Page 2

Accordingly, Alpine requests that the Court approve an enlargement of the page limitation in the Court's Individual Practice 3.B to permit Alpine to file a Memoranda in Opposition to SEC's Motion for Remedies up to 60 pages in length.

Respectfully,

Maranda Fritz

cc: Counsel of Record (via CM/ECF)

Granted.
Denise Cote
June 7, 2019