| | |
|---|---|
| **From:** | Miller, Terry |
| **To:** | Brent R. Baker; maranda.fritz@thompsonhine.com; Jonathan D. Bletzacker; Aaron Lebenta |
| **Cc:** | Carlyle, Zachary T.; Pinkston, Marla J. |
| **Subject:** | SEC v. Alpine - Depositions of Mr. Hurry and SEC |
| **Date:** | Friday, March 16, 2018 10:58:00 AM |



EXHIBIT 7

Hello Alpine counsel, thank you for hosting depositions this week.

I'm writing to confer about two noticed depositions: (1) deposition of John Hurry noticed by the SEC; and (2) the 30(b)(6) deposition of the SEC noticed by Alpine.

**John Hurry**.  There seem to be at least two issues about this deposition. The first is service. At the outset, we again request that you accept service of a Rule 45 subpoena on behalf of Mr. Hurry. Our understanding is that Ms. Fritz represents Mr. Hurry in his personal capacity but is not authorized to accept service of a subpoena. Contrary to your prior efforts to characterize our position, the SEC's position is that a Rule 45 subpoena is sufficient but not necessary to compel Mr. Hurry's attendance at a deposition. We have tried to serve him personally but it has been unsuccessful. It appears that he is not at his homes and has not been for some time. To avoid involving the Court in unnecessary disputes, we suggest that Mr. Hurry reconsider the authority of Alpine counsel to accept service of a Rule 45 subpoena.

The SEC also believes service of a notice under Rule 30(b)(1) is sufficient because Mr. Hurry is a managing agent of Alpine. We now understand that Mr. Hurry is no longer a director of Alpine. Nevertheless, despite his resignation of this official position as a director, he has continued as the beneficial owner of Alpine and as the de facto head of Alpine. Under Rules 32 and 37, Mr. Hurry is a managing agent of Alpine and therefore can be compelled to appear at a deposition by notice served on Alpine's counsel under Rule 30(b)(1). The current deposition notice is sufficient to compel his attendance at the deposition currently scheduled for March 20.

The second issue with this deposition is that Alpine has raised a relevance objection to Mr. Hurry's deposition. As we've explained, the SEC disagrees.

When we discussed the logistics of depositions of Mr. Hurry and Mr. Jones scheduled for March 20, Ms. Fritz stated that she did not want a failure of Mr. Hurry to appear at a deposition and we agreed to adjourn Mr. Hurry's deposition until Alpine and/or Mr. Hurry has an opportunity to address the Court. I agreed to this sequence with the understanding that there will be no objection to the timing of the deposition based on the current discovery deadline if a deposition of Mr. Hurry is allowed by the Court.

If I misunderstood and we do not have such an agreement, we will need to amend either Mr. Hurry's deposition notice or Mr. Jones's deposition notice so that they will take place at the same location on March 20, which will be the SEC's Salt Lake City office if you do not agree to host Mr. Hurry's deposition at Clyde Snow's office (the current location of Mr. Jones's deposition).

**SEC 30(b)(6).** This notice was served on March 13, and we discussed the notice during the depositions on March 13 and 14. As we've explained, the SEC objects to the notice because it seeks

the SEC's work product and privileged information. Alpine necessarily has the facts underlying the SEC's case because the entire case is built on Alpine's own records and information within its control. The SEC has no firsthand knowledge of any relevant information. Alpine also has the SEC's position on how those facts should be applied to the law through the SEC's motion for partial summary judgment and written discovery. Alpine will also have the opinions and bases for the opinions of the SEC's expert testimony in due course, which also will reveal the SEC's position on how facts in Alpine's possession apply to the law. Any information in the subject matters listed in the notice that is not protected by a privilege or the work product doctrine cannot be relevant or calculated to lead to discovery of admissible evidence. Ms. Fritz stated that she had a set of cases that supported the notice, but we have not received them.

We respect to timing, Alpine noticed the deposition without attempting to confer about available dates and scheduled the deposition for a date that it knew the SEC was unavailable and could not provide the SEC adequate time to prepare a witness.  To resolve these issues in an efficient manner, I believe that we agreed that the SEC would file a letter motion by the end of next week seeking a protective order to quash this notice, and that the date scheduled for the deposition (March 30) would be adjourned. Similar to the agreement concerning the timing of Mr. Hurry's deposition, we agreed that if the Court allowed a deposition of the SEC, the SEC would not argue that the deposition would occur after the discovery cutoff.

Please let me know your thoughts and confirm or correct my attempts to memorize our agreements.

Thanks very much for your professionalism and cooperation on these matters.

Terry R. Miller
Trial Counsel, Division of Enforcement
U.S. Securities & Exchange Commission
Denver Regional Office
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294-1961
Phone: 303-844-1041
Fax: 303-295-0538
millerte@sec.gov