N.Y.S.D. Case #
17-cv-4179(DLC)

18-2045-cv
*SEC v. Alpine Secs. Corp.*



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           PETER W. HALL,
                     *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 24 2019

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

       *Plaintiff-Appellee,*               18-2045-cv

       v.

ALPINE SECURITIES CORPORATION,

       *Defendant-Appellant.*

**FOR PLAINTIFF-APPELLEE:**   RACHEL M. MCKENZIE, Senior Counsel (Daniel Staroselsky and Michael A. Conley, *on the brief*), *for* Robert B. Stebbins, General Counsel, Securities and Exchange Commission, Washington, D.C.

**FOR DEFENDANT-APPELLANT:**   MARANDA FRITZ, Thompson Hine LLP, New York, N.Y.

Appeal from a July 11, 2018 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

MANDATE ISSUED ON 07/24/2019

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Alpine Securities Corporation ("Alpine") appeals an order of the District Court granting the motion of plaintiff-appellee United States Securities and Exchange Commission ("SEC") to enjoin Alpine from prosecuting a separate action in the District of Utah. The SEC filed the instant suit, a civil enforcement action, against Alpine on June 5, 2017. On June 22, 2018, after summary judgment proceedings in the case, Alpine and an affiliated entity, Scottsdale Capital Advisors ("Scottsdale"), filed a new lawsuit against the SEC in the District of Utah challenging the SEC's statutory authority to bring the type of civil enforcement action at issue in this case. The SEC moved in the instant case to enjoin Alpine and Scottsdale from litigating the Utah action. The District Court granted the motion. Alpine filed an interlocutory appeal, contending that the District Court erred in applying the "first-filed" rule. Scottsdale did not appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision to dismiss, stay, or enjoin the prosecution of duplicative proceedings for "abuse of discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A district court may enjoin the prosecution of a suit that is duplicative of an extant federal court suit "[a]s part of its general power to administer its docket." *Id.* With limited exceptions, the first-filed rule instructs that the first suit takes priority. *See Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008).

Alpine first contends that the District Court abused its discretion because the Utah action is not a duplicative proceeding subject to the first-filed rule. This argument is unavailing. In the instant action, the SEC moved for partial summary judgment, and Alpine cross-moved for summary judgment, contending that the SEC lacks statutory authority to bring the enforcement action. In its ruling on summary judgment, the District Court held that the SEC does have the authority to bring the enforcement action. *See United States Sec. & Exch. Comm'n v. Alpine Sec. Corp.*, 308 F. Supp. 3d 775, 781, *reconsideration denied*, 2018 WL 3198889 (S.D.N.Y. 2018). In the Utah action, Alpine and Scottsdale sued the SEC, contending that it lacks the statutory authority to bring the enforcement proceeding at issue in this case. Indeed, the Utah complaint discusses the New York action at length, *see* App. 912–14, 928–29, and the relief sought includes "the issuance of a preliminary and permanent injunction against the SEC's continued unlawful attempts to" engage in the precise civil enforcement action at issue here, *id.* at 932. The District Court did not abuse its discretion in concluding that "[t]he Utah action is a transparent attempt to relitigate rulings in this action unfavorable to Alpine" and applying the first-filed rule. *United States Sec. & Exch. Comm'n v. Alpine Sec. Corp.*, 2018 WL 3377152, at *1 (S.D.N.Y. 2018).

Alpine next contends that the District Court abused its discretion by failing to consider whether to depart from the first-filed rule based on the "balance of convenience" exception. This argument fails, as well. The District Court properly considered and rejected the contention that the balance of convenience favors prioritizing the Utah action, which was filed over a year after this suit and filed only after the District Court rejected Alpine's arguments at summary judgment.

Alpine further argues that even if the instant action should be prioritized under the first-filed rule, the District Court abused its discretion by enjoining the parties from prosecuting the Utah action instead of ordering the parties to transfer it to New York. But it is well established that a district court, in its discretion, may enjoin parties from prosecuting a later-filed action. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722–23 (2d Cir. 2010). We conclude that it was proper for the District Court to do so here, where Alpine had already litigated the issue of the SEC's enforcement authority.

Finally, Alpine contends that the District Court abused its discretion by enjoining Scottsdale, a non-party to the instant case, from litigating the Utah action. But Scottsdale did not appeal the injunction, even though it had the right to do so. *See NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 239 (2d Cir. 2013) (holding that a non-party may appeal an injunction by which it is bound). It is well-settled that "to have standing on appeal, a party must be aggrieved by the judicial action from which it appeals." *Kass v. City of New York*, 864 F.3d 200, 205 (2d Cir. 2017) (internal quotation marks omitted); *see also Penda Corp. v. United States*, 44 F.3d 967, 971 (Fed. Cir. 1994) ("[A] party is generally not aggrieved by, and thus lacks standing to appeal from, a judgment rendered against a co-party."). Alpine is, of course, aggrieved by the injunction because it prevents Alpine from prosecuting the Utah action. But Alpine has not demonstrated that it will suffer any separate cognizable injury stemming from Scottsdale's inability to do so. Accordingly, Alpine has not established Article III standing to challenge the injunction as to Scottsdale.

## CONCLUSION

We have reviewed all of the arguments raised by Alpine on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 11, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit