```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES SECURITIES AND EXCHANGE  :
COMMISSION,                            :
                                       :
                      Plaintiff,       :        17cv4179(DLC)
                                       :
              -v-                      :        OPINION AND ORDER
                                       :
ALPINE SECURITIES CORPORATION,         :
                                       :
                      Defendant.       :
                                       :
-------------------------------------- X
```

For the plaintiff:
Zachary T. Carlyle
Terry R. Miller
U.S. Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, CO 80294

For the defendant:
Maranda E. Fritz
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
Clyde Snow & Sessions
One Utah Center, 201 South Main Street, Suite 1300
Salt Lake City, Utah 84111

DENISE COTE, District Judge:

On July 3, 2019, defendant Alpine Securities Corp.

("Alpine") filed a motion for reconsideration of two Opinions of

March 30 and December 11, 2018 in light of the Supreme Court's

recent decision in Kisor v. Wilkie, 139 S. Ct. 2400 (2019).

<u>Kisor</u> reaffirmed the doctrine of <u>Auer</u> deference for an agency's interpretation of its own regulations.  The March and December Opinions are incorporated by reference and familiarity with them is assumed.  <u>See</u> <u>SEC v. Alpine Sec. Corp.</u>, 308 F. Supp. 3d 775 (S.D.N.Y. Mar. 30, 2018) ("March Opinion"); <u>SEC v. Alpine Sec. Corp.</u>, 354 F. Supp. 3d 396 (S.D.N.Y. Dec. 11, 2018) ("December Opinion").

Alpine argues that <u>Kisor</u> demonstrates that this Court's March and December Opinions deferred inappropriately to the SEC's views and failed to apply the limitations on <u>Auer</u> deference described in <u>Kisor</u>.  The motion was fully submitted on August 9.  For the reasons that follow, Alpine's July 3 motion for reconsideration is denied.

## **Discussion**

The standard for granting a motion for reconsideration is "strict."  <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  Reconsideration will generally be denied unless, as relevant here, the moving party "identifies an intervening change of controlling law." <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.</u>, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is not a vehicle "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a second bite at the apple." Analytical
Surveys, 684 F.3d at 52 (citation omitted).

Alpine argues that Kisor, which addressed the continued
viability of Auer deference, warrants reconsideration of the
March and December Opinions.[1]  The "only question presented" in
Kisor was whether the Supreme Court would overrule Auer v.
Robbins, 519 U.S. 452 (1997) and Bowles v. Seminole Rock & Sand
Co., 325 U.S. 410 (1945) and discard the deference those cases
give to agency interpretations of ambiguous regulations.  139 S.
Ct. at 2408.  The decision in Kisor "answer[ed] that question
no," affirming that "Auer deference retains an important role in
construing agency regulations."  Id.  To the extent the decision
in Kisor "reinforc[ed] some of the limits inherent in the Auer
doctrine," the Supreme Court's analysis did not change the law.
Id. at 2415.  Instead, the Supreme Court "t[ook] the opportunity
to restate, and somewhat expand upon those principals" that have
governed Auer deference, noting that while "[y]ou might view
this [discussion] as 'just background' because we have made many
of its points in prior decisions . . . , it is background that
matters."  Id. at 2410, 2414.  Because Kisor affirmed the

---

[1] Many of Alpine's arguments were also considered and rejected in
an Opinion of June 18, 2018, which denied Alpine's April 20,
2018 motion for reconsideration of the March Opinion.  See SEC
v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 3198889
(S.D.N.Y. June 18, 2018).

continued viability of Auer deference, it does not reflect a change in controlling law that would permit the filing of an otherwise untimely motion for reconsideration.[2]

Even assuming Kisor reflects a change of emphasis in the doctrine of Auer deference, Alpine's motion must be denied. Alpine's principal complaint in its motion for reconsideration is that the March and December Opinions erred by concluding that the Securities and Exchange Commission ("SEC") has the authority to bring this action pursuant to Section 17(a) of the Exchange Act.  Section 17(a) is, of course, a statute.  Therefore, it is the application of Chevron deference, and not Auer deference, that is potentially at issue in the construction of Section 17(a).[3]  See March Opinion, 308 F. Supp. 3d at 797-79; December Opinion, 354 F. Supp. 3d at 416-17.  Auer deference has no application where an agency is interpreting a federal statute rather than its own regulation.  See Halo v. Yale Health Plan, Director of Benefits & Records Yale University, 819 F.3d 42, 53 (2d Cir. 2016).

---

[2] To support its claim that Kisor marks a change in controlling law, Alpine principally cites to the concurring opinion of Justice Gorsuch.  The majority opinion notes that "[t]he proper understanding of the scope of limits of the Auer doctrine is, of course, not set out in any of the opinions that concur in the judgment."  Kisor, 139 S. Ct. at 2415 n.4.

[3] The March Opinion did not require the application of Chevron deference to conclude that the SEC had authority to bring this suit.  See March Opinion, 308 F. Supp. 3d at 797-97.

Alpine also argues that <u>Kisor</u> requires reconsideration of this Court's interpretation of Rule 17a-8, specifically the holding that the rule encompasses the duty to file a suspicious activity report ("SAR") even though SAR regulations were not enacted for another two decades.  17 C.F.R. § 240.17a-8.  This argument is correctly addressed to the interpretation of a regulation rather than a statute, but Alpine largely uses this motion to rehash old arguments that were considered and rejected in the March and December Opinions and not to suggest that those decisions incorrectly applied <u>Auer</u> deference.  For several reasons, <u>Kisor</u> has limited relevance to the Court's application of Rule 17a-8 to this action.

First, the conclusion that Rule 17a-8 authorizes the SEC to enforce the SAR obligations described in 31 C.F.R. § 1023.320 ("Section 1023.320") did not turn on the application of <u>Auer</u> deference.  It was and remains principally based on the plain text of Rule 17a-8, which "simply incorporates the entirety of 'chapter X of title 31 of the Code of Federal Regulations.'" March Opinion, 308 F. Supp. 3d at 797 (quoting 17 C.F.R. § 240.17a-8).  As the March Opinion explained, "the text of the regulation itself, as well as the SEC's 1981 notice of final rule, unambiguously demonstrate the SEC's intent for the nature of the Rule 17a-8 reporting obligation to evolve over time

through the Treasury's regulations." Id.[4]

Second, to the extent the March Opinion confirmed this reading of Rule 17a-8 by reviewing interpretations of Rule 17a-8 by the Financial Crimes Enforcement Network ("FinCEN") and the SEC,[5] Alpine fails to address the most important aspects of that review.  Cf. SEC v. Alpine Sec. Corp., No. 17cv4179(DLC), 2018 WL 3198889, at *2 (S.D.N.Y. June 18, 2018) (denying motion for reconsideration of the March Opinion).  Alpine does not address, for example, FinCEN's acknowledgement that the SEC would be able to bring actions such as this pursuant to Rule 17a-8.  See March Opinion, 308 F. Supp. 3d at 797.

Alpine's final contentions -- which do concern this Court's application of Auer deference -- fare no better.  Alpine appears to argue that the March and December Opinions inappropriately deferred to "the positions advanced by the SEC," as opposed to "'[a]uthoritative' statements of FinCEN," when determining what

---

[4] The SEC's 1981 notice of final rule states that Rule 17a-8 "does not specify the required reports and records so as to allow for any revisions the Treasury may adopt in the future." SEC, Recordkeeping by Brokers and Dealers, 46 Fed. Reg. 61,455 (Dec. 17, 1981).  Moreover, in 2011, Rule 17a-8 was amended to specifically refer to regulations of the Bank Secrecy Act ("BSA").  See 76 Fed. Reg. 11,327-28 (Mar. 2, 2011).

[5] After finding the text of Rule 17a-8 unambiguous, the March Opinion reviewed a notice of final rule issued by FinCEN for the original version of 31 C.F.R. § 1023.320 as well as a formal adjudication and several settled orders issued by the SEC.  See March Opinion, 308 F. Supp. 3d at 797.

information must be included in the narrative portion of a SAR filed pursuant to Section 1023.320.  Alpine is incorrect.  As explained in the December Opinion, this Court "principally relie[d] on the instructions in the 2002 SAR Form, the 2012 SAR Instructions, and the SAR Narrative Guidance issued [by FinCEN] in 2003" to interpret the scope of Section 1023.320.  December Opinion, 354 F. Supp. 3d at 414.

The December Opinion explained that the SAR Forms themselves were of principal importance in its findings.  It explained that,

> while FinCEN guidance is informative and useful, its role in this action can be overstated.  The violations that the SEC asserts occurred here arose from Alpine's failure to comply with Section 1023.320's mandates and the SAR Form's instructions, including the requirement that it provide in its SARs' narratives a "clear, complete and chronological description [of] what is unusual, irregular or suspicious about the transaction(s)."  These instructions have the force of law, having been issued as FinCEN regulations following a notice and comment period.

Id. at 417 (quoting 2002 SAR Form at 3) (citation omitted).  The FinCEN guidance documents cited by the SEC "respond[] to the broad legal requirement contained in Section 1023.320 [and] give content to a broker-dealer's obligation to file SARs."  Id. at 418.  Alpine has failed to show that Kisor warrants reconsideration of this Court's reliance on those documents.

## Conclusion

Alpine's July 3 motion for reconsideration is denied.


Dated:    New York, New York
          August 29, 2019

_____
              DENISE COTE
        United States District Judge