

RODNEY G. SNOW
STEVEN E. CLYDE
EDWIN C. BARNES
NEIL A. KAPLAN∗
D. BRENT ROSE
J. SCOTT HUNTER
PERRIN R. LOVE
DEAN C. ANDREASEN
ANNELI R. SMITH
WALTER A. ROMNEY, JR.
MATTHEW A. STEWARD
T. MICKELL JIMENEZ
CHRISTOPHER B. SNOW∗
BRENT R. BAKER⌀
AARON D. LEBENTA
WAYNE Z. BENNETT
BRIAN A. LEBRECHT¤
ROBERT D. ANDREASEN
TIMOTHY R. PACK
JAMES W. ANDERSON
DIANA L. TELFER
SHANNON K. ZOLLINGER
LISA A. MARCY
JONATHAN D. BLETZACKER

JONATHAN S. CLYDEΔ
VICTORIA B. FINLINSON
EMILY E. LEWIS•
JOHN S. PENNINGTON⌀
PARKER B. MORRILLΔ∗
SHAUNDA L. MCNEILL
LAURA D. JOHNSON
TRENTON L. LOWE

OF COUNSEL:
CLARK W. SESSIONS‡
REAGAN L.B. DESMONDΔ¤

EDWARD W. CLYDE (1917-1991)

‡ SENIOR COUNSEL
∗ ALSO ADMITTED IN DISTRICT OF COLUMBIA
⌀ ALSO ADMITTED IN NEW YORK
¤ ALSO ADMITTED IN CALIFORNIA
Δ ALSO ADMITTED IN OREGON
• ALSO ADMITTED IN WYOMING

ONE UTAH CENTER • THIRTEENTH FLOOR
201 SOUTH MAIN STREET
SALT LAKE CITY, UTAH 84111-2216
TEL 801.322.2516 • FAX 801.521.6280
www.clydesnow.com

September 20, 2019

Via CM/ECF

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *SEC v. Alpine Securities Corp.,* Civil No. 1:17-cv-04179-DLC
       Request for the September 12 Opinion and Order to Remain Under Seal

Dear Judge Cote:

In connection with the Securities and Exchange Commission's ("SEC") Motion for Remedies, both the SEC and Alpine Securities Corporation ("Alpine") requested to file certain exhibits under seal and redact portions of the memoranda. The Court granted those requests [Dkt. 225] and its Opinion and Order [Dkt. 226] redacts confidential financial information concerning Alpine's business and net capital calculations. The Court then issued an additional Order [Dkt. 230] requesting the parties to "file a letter stating their position on whether the redacted portions of the September 12 Opinion should remain under seal." Alpine respectfully requests that the redacted portions of the September 12 Opinion and Order remain under seal. The SEC confirmed to Alpine that it takes no position on the matter.

Alpine requests continued redaction of its financial information on the same basis in which it previously sought to seal such information and the Court granted the request. As Alpine explained to the Court during the telephonic conference on September 6, 2019, Alpine's financial information is confidential and culled from its non-public FOCUS Reports discussing the same.[1] Disclosure of Alpine's financial information, including its gross revenues and distributions, will result in a competitive disadvantage to Alpine. Sealing is therefore appropriate. *See Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 598 (1978) (court may deny access to records that are "sources of business information that might harm a litigant's competitive standing"); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (the Court granted request to seal "sensitive proprietary or financial information" and noted that the party "has

---

[1] Alpine assumes that its submitted FOCUS Reports and Annual Audited Report will remain under seal as the Court's most recent Order [Dkt. 230] asked the parties to address only the redacted information from the Court's September 12 Opinion.



September 20, 2019<br>Page 2 of 2

redacted only its confidential financial information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information" was held "justified"); *In re Borders Grp., Inc.*, 462 B.R. 42 (Bankr. S.D.N.Y. 2011) ("confidential financial information of corporation and purchaser, was properly redacted"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (holding that detailed product-specific financial information, including costs, sales and profits merited sealing as confidential information).

With respect to the financial data that was put forth by the SEC and included by the Court in the Opinion and Order, that information is also misleading. The Opinion includes aggregated figures from a period *after* the events at issue but well *before* the initiation of this case and dramatic changes in the processing of microcap securities. As demonstrated in our submission, those events render the historical figures irrelevant to the discussion of the relevant issue: Alpine's current financial condition. Thus, unsealing of that financial information would only serve to mislead the public and Alpine's customers. Further, as explained in detail to the Court, there are many broker-dealers who are using this case as an avenue to actively seek Alpine's current customers. Disclosure of Alpine's financial information will only help in undermining Alpine in the very competitive microcap marketplace.

Finally, and as previously discussed with the Court, disclosure of Alpine's net capital requirement is confidential, based on factors that have not been disclosed even to Alpine, and will also negatively impact Alpine's business.

Accordingly, Alpine's financial information should remain under seal as disclosure of the same will only result in further damage to Alpine's company and business. With the SEC taking no position on the matter, there is no public interest asserted that negates the damage flowing from disclosure of Alpine's confidential information.

Respectfully submitted,

*/s/ Jonathan D. Bletzacker*
Brent R. Baker (BB 8285)
Aaron D. Lebenta (*pro hac vice*)
Jonathan D. Bletzacker (*pro hac vice*)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone 801.322.2516
Facsimile 801.521.6280
Email: brb@clydesnow.com
adl@clydesnow.com
jdb@clydesnow.com

cc: Counsel of Record (via CM/ECF)