ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | 17-cv-4179-DLC |
| Plaintiff, | |
| - against - | ECF CASE |
| ALPINE SECURITIES CORPORATION, | |
| Defendant. | |

**SEC'S RESPONSE TO ALPINE'S OBJECTIONS TO THE PROPOSED PERMANENT INJUNCTION AND FINAL JUDGMENT**

Alpine objects to the proposed permanent injunction and final judgment filed by the SEC (Doc No. 238) on three grounds: (1) that it "is not a final judgment because it contains no language resolving or dismissing those violations alleged by the SEC but on which it did not receive summary judgment," Doc. No. 239 at 3 ("Objections"); (2) that the proposed injunction is insufficiently specific, *id*. at 4-8; and (3) that the court should not require payment of the $12 million penalty within 30 days of the entry of judgment, *id*. at 8.

Without taking a position as to Alpine's legal arguments, the SEC has attached as Exhibit A a revised proposed permanent injunction and final judgment that addresses Alpine's first two objections ("Revised Proposed Judgment"). As to Alpine's first objection, the Revised Proposed Judgment expressly states what was implicit: the alleged violations for which the SEC did not obtain summary judgment and has elected not to proceed to trial are dismissed.

As to Alpine's second objection, the Revised Proposed Judgment makes clear that Alpine is enjoined from violating Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a)(1), by violating Rule 17a-8, 17 C.F.R. § 240.17a-8. Alpine "does not object to the form of the injunction … which is limited to compliance with Rule 17a-8," Objections at 7, and which is consistent with Supreme Court and Second Circuit precedent. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191-92 (1949) (in a case where an injunction "directed respondents to obey the provisions of the [Fair Labor Standards Act] dealing with minimum wages, overtime, and the keeping of records," explaining that "[d]ecrees of that generality are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown," and holding that "[r]espondent's record of continuing and persistent violations of the Act would indicate that that kind of a decree was wholly warranted in this case"); *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103 (2d Cir. 1972) ("There can be no abuse of discretion in framing an injunction in terms of the specific statutory provision which the court concludes has been violated.").

Alpine's third objection about the requirement to pay the civil penalty within 30 days after the entry of final judgment is meritless. The 30-day time period is consistent with the presumptive time allowed for execution on a monetary judgment set forth in Federal Rule of Civil Procedure 62(a), which provides that "execution on a judgment and proceedings to enforce

it are stayed for 30 days after its entry, unless the court orders otherwise." The presumptive period of time also is consistent with the Court's orders, which did not specify a different time period for execution and in particular did not suggest that execution should be delayed for three years. In effect, Alpine is seeking a stay of execution on the judgment beyond the 30 days presumptively provided by Rule. But objecting to the form of the judgment is not the proper vehicle for Alpine to obtain such a stay. The SEC can execute on the monetary component of the judgment in this case when the automatic 30-day stay expires unless Alpine seeks and "obtain[s] a stay by providing a bond or other security" or by convincing the Court that that requirement should be waived. Fed. R. Civ. P. 62(b); *see In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015). Alpine has neither sought nor obtained such a stay and the question of its entitlement to one is in any event irrelevant to the proper form of the judgment.

    The SEC respectfully requests that the Court enter the attached revised proposed permanent injunction and final judgment.

    Respectfully submitted this 9th day of October, 2019.

                                              */s/ Terry R. Miller*
                                           Zachary T. Carlyle (*pro hac*)
                                        Terry R. Miller (*pro hac*)

## CERTIFICATE OF SERVICE

I certify that on October 9, 2019, a copy of the foregoing document was served via ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

/s/ Scott Wesley
Contract Paralegal