ZACHARY T. CARLYLE
carlylez@sec.gov
TERRY R. MILLER
millerte@sec.gov
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | **17-cv-4179-DLC** |
| Plaintiff, | |
| - against - | **ECF CASE** |
| ALPINE SECURITIES CORPORATION, | |
| Defendant. | |

### SEC'S RESPONSE TO ALPINE'S MEMORANDUM ON STAY CONDITIONS

Pursuant to the Court's Order dated November 21, 2019 (Doc. No. 246), the United States Securities and Exchange Commission submits this response regarding conditions to the stay of execution of the monetary portion of the final judgment entered in this case (Doc. No. 248 "Alpine Memo"). As discussed more fully below, in the SEC's view, the following conditions are appropriate to guard against the dissipation of assets, while allowing Alpine to continue operating during the pendency of the appeal:

1.     Alpine may pay ordinary and recurring business expenses incurred in the ordinary course of Alpine's business to individuals and entities other than Alpine's owners and

affiliates, including but not limited to payments of employees, vendors, and legal and accounting fees, and will disclose those payments to the Plaintiff prior to their payment.

    2.    Alpine may engage in distributions constituting return of capital in relation to any capital infusion or financing obtained by Alpine after issuance of this order, limited to the amount of capital contributed to the firm after the date of this order. Such transfers may be made only to the person or entity who made the corresponding contribution.

    3.    Alpine may not make distributions or other payments of any kind to owners or affiliates, or agents, direct or indirect owners, officers, servants, employees, and other persons in active concert or participation with Alpine's owners or affiliates, except that Alpine may continue to pay amounts for rent that it is currently obligated to pay.

    4.    In the event that Alpine seeks to make any other transfer of its assets, it will advise the SEC of the amount and purpose of the transfer and the parties will seek to reach an agreement regarding the payment. If the parties fail to agree, Alpine will seek approval from the Court and the SEC will have an opportunity to respond.

In addition, the SEC should be permitted to take asset discovery.

## PRELIMINARY STATEMENT

This Court has found that "it is easy to find that Alpine's misconduct was egregious. It has not just been found liable, it has been found liable for illegal conduct on a massive scale." (Doc. No. 226 at p. 20). This Court further held that a civil penalty of $12,000,000 is assessed against Alpine, which "reflects the seriousness of Alpine's violation and the need for a remedy that is adequate to punish and deter such violations." (*Id*. at pp.33-34). The scope of the order remanding this case is limited to determination of appropriate conditions to a stay of execution of

the monetary portion of the final judgment in this case "to ensure that [Alpine's] assets will not be dissipated during the pendency of the appeal while allowing it to remain in operation." (Doc. No. 68 in appeal). The ordinary condition to a stay is the posting of a bond sufficient to cover the judgment. *See, e.g., Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F.Supp. 130, 131 (S.D.N.Y. 1991) (discussing "customary practice of posting a supersedeas bond in the amount of the judgment, pending appeal…").

Alpine says that is has no assets to pledge in support of a bond, despite the fact that it represented just six months ago that it could pay an $800,000 penalty, and has directly or indirectly distributed at least $3.75 million to its owners and affiliates just this year. SEC Opp. To Mot. for Stay, 2d Cir. Doc. No. 47, at 19-20. Given the general risk of asset dissipation inherent in all appeals and the specific risk of dissipation posed by the lucrative distributions Alpine has made to its owners and its owners' affiliates, the SEC requests an order preserving Alpine's assets pending appeal with carve-outs that allow Alpine to transfer assets necessary to allow it to remain in operation. Such a restraint will fulfill the purposes of the remand order to ensure that Alpine dissipates no more assets than necessary to remain in operation and, given the short time period of the stay due to Alpine's request for an expedited appeal, the burden on Alpine of such a restraint is more than fair and commensurate with the extraordinary relief it seeks.

## ARGUMENT

**I.    THE COURT SHOULD IMPOSE CONDITIONS THAT PREVENT ALPINE FROM DISSIPATING ASSETS, WHILE PERMITTING ALPINE TO MAKE TRANSFERS NECESSARY FOR IT TO REMAIN IN OPERATION.**

The SEC requests an order that would prevent Alpine from dissipating assets with exceptions for transfers necessary to allow Alpine to remain in operation. A proposed order is attached to this memorandum ("Proposed Order"). The proposed order is consistent with the remand from the Second Circuit to this Court "for consideration of appropriate conditions to the stay to ensure that Appellant's assets will not be dissipated during the pendency of the appeal while allowing it to remain in operation" and precedent. Doc. No. 245; *Palazzetti Import/Export, Inc. v. Morson*, No. 98-722, 2002 WL 562654, at *4 (S.D.N.Y. April 16, 2002) (granting a stay of enforcement of judgment subject to "the Defendants [making] no transfers except in the ordinary course of business and for fair value," placing "any profits derived from the operation [of the company]…in a special interest bearing account which shall be applied against the judgment…", and other conditions.).

For several reasons the Proposed Order best accomplishes the direction of the remand order to allow Alpine to remain in operation, but to ensure Alpine's assets will not be dissipated during the pendency of the appeal so that, at the conclusion of the appeal, the SEC will be able to collect against Alpine if it prevails on appeal.

First, the Proposed Order achieves the purpose of the remand order. It prevents dissipation of Alpine assets pending appeal other than payments necessary for it to continue in operation. The Proposed Order also sets forth specific permitted transfers that allow Alpine to remain in operation that were crafted with the input of Alpine counsel. The Proposed Order also has a provision to handle unexpected expenditures Alpine may deem necessary for continued operations while the appeal is pending. The Proposed Order therefore addresses the SEC's

interest in limiting dissipation of assets and Alpine's interest in remaining in operation in a manner that provides clear notice to all interested parties of what transfers are permitted.

Second, the Proposed Order is the most efficient way to accomplish the purpose of the remand order. Courts commonly employ such orders to prevent dissipation of assets—the very purpose of the remand order—and relatedly, Courts commonly enforce conditional stay orders. There is a large body of precedent that makes application of the Proposed Order predictable to the Court and all parties who may be involved in Alpine's assets.

The proposed order is also crafted in the only feasible way to ensure no more assets than necessary are dissipated during appeal. The nature and extent of transfers Alpine is capable of making are infinite and cannot be reasonably anticipated or articulated by the SEC or the Court. Nor should the SEC or the Court be required to anticipate and articulate prohibitions on all specific types of transfers Alpine might make because the burden on Alpine to identify specific types of transfers necessary for it to remain in operation should be negligible. Alpine knows what transfers are necessary for it to remain in operation over the next few months. Accordingly, the structure of the proposed order is predictable and efficiently accomplishes the purpose of the remand order.

## II.   ALPINE'S ARGUMENTS CONTRARY TO THE PROPOSED ORDER SHOULD BE REJECTED.

In large part Alpine does not dispute the result the Proposed Order would achieve. Alpine recognizes that the conditions imposed by the Court on the stay should allow it to remain in business but prevent all other transfers of Alpine's assets. Where Alpine asserts arguments contrary to the Proposed Order, they should be rejected for the following reasons.

First, the Court should not accept Alpine's request that the Court modify the scope of the remand order in any way based upon the oral argument transcript. The Court of Appeals reserved its decision at the end of that argument and then set forth the scope of remand in clear terms. The Second Circuit's remand order directs the Court to "consider[ ] … appropriate conditions to the stay to ensure that Appellant's assets will not be dissipated during the pendency of the appeal while allowing it to remain in operation."  Second Circuit Order at 1-2. It does not place any limits on the potential "appropriate conditions" the Court may consider.

Second, with respect to rent payments, the SEC does not understand why Alpine continues to characterize rent payments as "capital distributions." (Doc. No. 226, Alpine Memo, at p. 4). Even if rent is paid to an owner or affiliate, the common understanding of rent is a business expense paid in exchange for something of equivalent value. In any event, transfers of Alpine assets to pay rent are apparently necessary to allow Alpine to remain in operation and, therefore, the Proposed Order contains a specific provision that permits these transfers. The SEC notes, however, that Alpine is in active litigation with FINRA that includes allegations that Alpine "has been looting the firm" through "two types of sham 'expenses' payments to affiliates" including a $600,000 payment to its affiliate landlord for "so-called 'common area maintenance' ('CAMs') charges, in addition to Alpine's usual monthly rent of approximately $50,000 and monthly CAMs and insurance expenses of approximately $5,000" as well as a "$400,000 'monthly fee," and 120% interest on amounts borrowed" for a line of credit extended by Alpine Holdings. Dept. of Enf. v. Alpine Securities Corp., First Amended Complaint, p. 3, Disc. Proc. No. 20190611232601. Accordingly, the SEC is wary of Alpine's characterization of ordinary business expenses, including rent, especially when they involve payments to owners or

affiliates of Alpine, which is one of the reasons that the provisions for asset discovery contained in the Proposed Order are necessary.

Third, Alpine requests permission to distribute capital so that other persons or entities will be incentivized to infuse capital if necessary. The purpose served by such a modification to the proposed order arguably is necessary to allow Alpine to remain in business, but only if the distributions of capital are limited to the amount contributed while the order is in place and are made only to the person or entity that made the contribution. The SEC notes that Alpine has indicated that the anticipated source of these transfers is not an arms-length third party who needs to be "incentivized" to provide money to Alpine based on market terms, but Alpine's ownership. In any event, the Proposed Order contains a provision that allows such limited distributions. Any other distributions require leave of the Court under the Proposed Order.

Fourth, Alpine requests advance permission to distribute profits to owners to cover their tax liabilities. Alpine Memo. at 4. Alpine can continue to operate for the few months during the pendency of the expedited appeal without these distributions. The request should be denied because these distributions are not necessary to allow Alpine to remain in operation.

Fifth, Alpine's argument that it should not be required to verify its compliance with the Court's conditions on the stay should be rejected because the burden on Alpine to disclose its expenditures is low and common in these situations. Alpine Memo. at 5. Alpine's argument that the scope of remand is limited to capital distributions also is wrong because the remand order clearly refers to dissipation of "Appellant's assets" and makes no mention of "capital" or otherwise purports to limit the common understanding of the word "assets." (Doc. No. 68 in Appeal). The Proposed Order includes reasonable provisions that require Alpine to disclose its

transfers of assets and allow for asset discovery if necessary. Given the low burden on Alpine to disclose its expenditures and, when weighed against the extraordinary relief Alpine seeks—avoiding execution of the judgment without posting a bond—the burden is reasonable and fair.

Sixth, Alpine contends that asset discovery is unnecessary because it "not only files its FOCUS reports with the SEC each month but also now provides daily reports of its financial condition to FINRA." Alpine Memo. at 5 n.2. As noted above (at pp. 6-7), the Commission has reason to be concerned about the accuracy of Alpine's financial reports and accordingly needs the ability to look behind Alpine's reported numbers. Alpine also complains that "the aggressive briefing schedule" set by the Second Circuit would prevent it from complying with asset discovery. Alpine Memo at 5 n. 2. Alpine filed its notice of appeal on October 10, 2019, and the Second Circuit ordered that its brief is due on January 6, 2020. Alpine will have had 88 days to file its brief in support of its appeal. Alpine can comply with any discovery requests required by this Court's order.

Finally, although Alpine contends that the scope of remand is limited to "capital distributions," it also asks the Court to enter an unspecified order that would expressly bind non-party agencies from acting on the judgment. Alpine Memo. at 5-6. This matter is outside the scope of the remand order, which is limited to "consideration of appropriate conditions to the stay to ensure that Appellant's assets will not be dissipated during the pendency of the appeal while allowing it to remain in operation." Second Circuit Order at 1-2. The request by Alpine is also unnecessary, as Alpine itself acknowledges. Alpine Memo at 2, n.1. For both reasons it should be rejected.

**<u>CONCLUSION</u>**

For the reasons above, the Court should enter the Proposed Order to accomplish the limited purpose of remand from the Court of Appeals.

Respectfully submitted this 25th day of November, 2019.

<u>/s/Zachary T. Carlyle</u>
Zachary T. Carlyle (*pro hac*)
Terry R. Miller (*pro hac*)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 25, 2019, a copy of the foregoing document was served via

ECF upon the following:

Brent R. Baker
Aaron D. Lebenta
Jonathan D. Bletzacker
CLYDE SNOW & SESSIONS
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216

Maranda E. Fritz
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017

*Counsel for Alpine Securities Corporation*

/s/Zachary T. Carlyle _____