**THOMPSON HINE**   ATLANTA   CLEVELAND   DAYTON   WASHINGTON, D.C.
CINCINNATI   COLUMBUS   NEW YORK

November 25, 2019

Honorable Denise L. Cote
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10017

      Re:  *United States Securities and Exchange Commission v. Alpine Securities Corp.*,
           Case No. 17 cv 4179 DLC

Dear Judge Cote:

      Pursuant to the Court's order of November 25, 2019, we are filing both a redlined and a clean version of the proposed order submitted by Plaintiff. While we generally agree with the language contained on the second page of the Plaintiff's proposed order, we have revised their submission in four respects.

      First, the order is corrected to reflect that, while the Plaintiff argued before the Second Circuit Court of Appeals that the stay should apply only to the monetary penalty, the Court of Appeals rejected that position and ruled that the "entire judgment" is stayed. The Plaintiff's draft is incorrect, and the revised version properly reflects the Court's ruling.

      Secondly, and related to that issue of a stay of the "entire" judgment, we have added a provision confirming that the stay operates also to stay regulators from seeking to take adverse action against the firm predicated on the fact or the content of the judgment. That issue was raised during the argument before the Court of Appeals and the Court suggested that Defendant could submit language on that point. Alpine's proposed language is consistent with that aspect of the remand and is also necessary to ensure its ability to continue to operate.

      In addition, the revised version removes Plaintiff's language regarding a "finding" that Alpine's assets will be dissipated. No such finding exists and the matter was not remanded for purpose of factual findings.

      Finally, Alpine has removed that portion of the Plaintiff's proposed order that provides of asset discovery. First, in Alpine's view, such a provision was never even requested by the Plaintiff. It was referenced in Plaintiff's initial filing as one of a series of provisions that had been employed *in another* case, but neither that filing, nor Plaintiff's supplemental filing, nor the argument before the Court of Appeals, ever included a requested for that discovery process.

      Discovery is, in addition, unnecessary: Alpine not only files FOCUS reports but also, at this point, provides daily reports of its financial condition to FINRA. If Plaintiff wants to monitor its financial condition, it undoubtedly has access to that information.

Maranda.Fritz@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3966      mf  4825-4654-3014.1

THOMPSON HINE LLP
ATTORNEYS AT LAW
335 Madison Avenue
12th Floor
New York, New York 10017-4611
www.ThompsonHine.com
O: 212.344.5680
F: 212.344.6101



Honorable Denise L. Cote
November 25, 2019
Page 2

Further, the process that Plaintiff proposes is inappropriate as a matter of law because it would constitute discovery pursuant to Fed.R.Civ.P. 69(a) in aid of execution *of a judgment that is stayed*.  The provision put forth by Plaintiff does not even purport to address dissipation of assets; it is plainly a search for assets to which Plaintiff is not yet entitled.  "Courts in this circuit have held that a stay applies to all proceedings to enforce the judgment, including the post-judgment discovery under Rule 69(a)(2)." *Smith v. Kansa Tech., L.L.C.*, No. CV 16-16597, 2019 WL 2122980, at *3 (E.D. La. May 15, 2019).  *See Smith v. Curtis Int'l Ltd.*, No. 3:15-CV-1685-M, 2016 WL 67771, at *2 (N.D. Tex. Jan. 6, 2016) ("Pursuant to Rule 69(a)(2), post-judgment discovery, as McKool Smith has sought here, is authorized '[i]n aid of the judgment or execution.' Fed. R. Civ. P. 69(a)(2). The Court has now stayed 'the judgment and all proceedings to enforce it.' Dkt. No. 58 at 1. The Court concludes, as the parties have now acknowledged, that the **stay extends to any post-judgment discovery** conducted pursuant to Rule 69(a)(2) …Where execution upon the judgment has been stayed, so too is discovery "in aid of … execution" under Rule 69(a)").  *See British Int'l Ins. Co. v. Seguros La Republica, S.A.,* No. 90CIV.2370(JFK)(FM), 2000 WL 713057, at *6 (S.D.N.Y. June 2, 2000) ("**Absent the entry of a stay,** however, ACIC would be entitled to conduct asset discovery during the pendency of that appeal.") (emphasis added); *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir.1978) ("The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings.").

The provision put forth by Plaintiff is also overbroad and seemingly in excess of the Court's jurisdiction.  It purports to require discovery not only from Alpine but from a host of other entities, without there being any basis in the record to support that demand.

Finally, the request is unduly burdensome.  Alpine has been directed to file a brief by January 6, 2020, and then a reply brief on February 25, 2020.  Alpine has a series of deadlines in a FINRA proceeding issues, all during the same time period.  The various demands and provisions sought by Plaintiff will have the effect, if not the purpose, of interfering with Alpine's ability to present its appeal.

For all of those reasons, we ask that the Court endorse the counter proposed judgment.

Respectfully,

/s/Maranda E. Fritz

Maranda E. Fritz

cc:  Counsel of Record (via ECF)