

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

DIVISION OF
ENFORCEMENT

(303) 844-1084
carlylez@sec.gov

January 31, 2022

Honorable Denise Cote
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *SEC v. Alpine Securities Corporation, 1:17-CV-04179-DLC*

Dear Judge Cote:

  Pursuant to Fed R. Civ. P. 26(c), Plaintiff United States Securities and Exchange Commission ("Commission" or "SEC") and Defendant Alpine Securities Corporation ("Alpine") submit this joint application for an order modifying the Protective Order Pursuant to Fed. R. Civ. P. 26(c) [ECF No. 38, ("Protective Order")] to permit the use of information protected by that order consistent with a protective order entered in a related administrative proceeding before the Commission ("AP Protective Order").

  The Protective Order states that it survives termination of this matter and that the Court retains jurisdiction over the order after termination of this matter. Protective Order ¶ 15. The order protects information that comprises, includes, or reflects the existence or non-existence of a Suspicious Activity Report ("SAR") filed with FinCEN, *id.* ¶ 3, and sets forth a specific list of permitted uses of "'Discovery Material' designated as a SAR," *id.* ¶ 5.

  Following the judgment in this case, the SEC's Division of Enforcement instituted an administrative proceeding against Alpine, alleging that this Court had entered a permanent injunction against Alpine and seeking a determination whether any remedial action was in the public interest. The administrative proceeding involves common issues and facts with this district court action.

  To permit the parties and the Commission to use confidential SAR material in the administrative proceeding, the Commission entered the AP Protective Order, which among other things, expressly recognizes that the Protective Order "remains binding on the parties" to this action and provides protections for the use of SAR material similar to those in the Protective Order. A copy of the AP Protective Order is attached to this letter.

The parties jointly request that the Court enter an order modifying Paragraph 5 of the Protective Order to permit the use of information designated "SAR" under that Order in the administrative proceeding consistent with the AP Protective Order attached to this letter. Good cause under Rule 26(c) exists for this request because the modification will allow the parties to the administrative proceeding and the Commission to efficiently use and exchange information protected by the Protective Order while safeguarding the confidentiality of that information in a manner consistent with the Protective Order.

Accordingly, the parties request an order that Paragraph 5 of the Protective Order at ECF 38 is modified to permit use of information designated under the Protective Order consistent with the AP Protective Order.

The parties are available to address this matter with the Court.

*Granted.*
*Denise Cote*
*6/22/22*

Sincerely,

*/s/ Zachary T. Carlyle*
Zachary T. Carlyle, Esq. (*pro hac vice*)
Terry R. Miller, Esq. (*pro hac vice*)
*Counsel for Plaintiff United States Securities and Exchange Commission*

*/s/ Aaron D. Lebenta*
Aaron D. Lebenta, Esq. (*pro hac vice*)
*Counsel for Defendant Alpine Securities Corporation*

cc: Counsel of Record